Exhibit #3

U.S.

Right of Way Authority

Reading Company Chief of Police

In Private e Citizen Right

v.

Pennsylvania Court of Common Pleas at Montgomery County

Judge: William R. Carpenter

Prosecutor: Tomas E. Carluccio

Pennsylvania Common Pleas Court at Philadelphia

Pennsylvania Common Pleas Court at Lebanon

A Direct response to Quo Warranto Action pursuant to Rule 3307 of the Pennsylvania Rules of Appellate procedure, the Supreme Court Has original Jurisdiction over the Action

Represented:

① Pennsylvania, Attorney General Kathleen Kane Case No. # MD 1424 – 2014

And other Related Cases

2. U. S. Right Of Way Authority Ibrahim Aly Case No. CP–51–CR 0006077–2013
2856 EDA 2013

3 Rebecca Runkel   Case No. CP–38–JV 0000190 – 2000

4 – Patric Rocco Reese 2015–1173

U.S.

Right of Way Authority

Reading Company Chief of Police

In Equity


V.

Fraud and False Claim to Equity and Title of land to United States of America and to Private Corporation


1-Queen of England

2-Government of Canada

3-london Holding

4- American Premier Underwriters, Inc.

5- Reading International, Inc.

6- Hudson's Bay Company - North West Company – Columbia Department and other Associated

Other Corporation Name will be l summited to the Court in accordance to case jurisdiction, due to ongoing investigation.


Court of Common Pleas Mc-51-cr-0022954-2012,

U.S. Federal District Court of Appeal, United States Department of Transportation FI-2014-033 April 1, 2014

U.S Right of Way Authority represented United States Federal Government, Commission by United States of America U.S Congress Act S.4017

Railroad Charter Chief of Police, a Peace Officer, Represented Reading Company a Private Corporation, register in States of Pennsylvania and States of Delaware, owner of the United States Charter Land for the original 13 States and the Federal Purchas under the registry of Reading Company Land & Title of North America, a Contracting corporation by Pervasion of Secure and Enforcement of mortgagee Licensing Act of 2008 S.S.F.E. ( 12 United States Code, Section 5100. Et seq.) And Reading Company Audit Master for the Recovery of Debits Public and or Private.

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:                                    : MD 1424-2014

THE STATEWIDE                             :
                                          : MONTGOMERY COUNTY COMMON PLEAS
INVESTIGATING GRAND JURIES                :
                                          :
                                          :
                                          :  In Re: Powers and Responsibilities of
                                          :  Special Prosecutor Exercising
                                          :  Extraordinary Jurisdiction; on Allegations that
                                          :  Secret Grand Jury or Related Information was
                                          :  Unlawfully and/or Negligently
                                          :  Accessed/Released/Compromised

**SEALING ORDER**

AND NOW, this 29th day of May, 2014, it is hereby ORDERED, that the attached

Order of May 29, 2014 be filed under seal with the Clerk of Courts of Montgomery

County until further Order of this Court.

**BY THE COURT:**

**WILLIAM R. CARPENTER,**                 **J.**
**Supervising Judge**

True and correct Copy
Certified from the record
This 29 Day of MAY A.D. 20 14

*Ana Thornburg Weis,*
Clerk of Courts

a direct Response to Quo Warranto Action

Pursuant to Rule 3307 of the Pennsylvaina Rules of Appellate Procedure, the Supreme Court has original Jurdiction over the Action:

A-  Challenging the order Entered on may 29, 2014 by the Honorable William R. Carpenter, Supervising Judge of the Thirty-Fifth Statewide Investigating Grand Jury,  extended His Invesatigation to Previous 29  Statewide Invesatigation Grand Jury which involved with the Mondesire matter six years ago, dated  " 2009 ."

B-  Challenging the Right for Judge Carpenter Persiding as the Supervising Judge of the Thirty Fifth Statewide Investigating Grand Jury due to lack of Jurdiction for Procceding  becuse his term had Expire on Date of June, 2014 See Id. See Id #

C- Challenging Judge Carpenter Order in Grand Jury Invesatigation Presentement # 60  for Violatioin to Superme Court  order Parameter's as Set forth by Supreme Court Justice in part  4, 5, 6, 7 See Id Parameter's

where Carpenter demand that the Supervising Judge must have inherent authority to investigate a grand jury leak, when there is a conflict of interest as there is here . "Clearly" Attorney General Kane could not investigate herself.  Other wise judge Carpenter claim that there will be a potentially of serious violation to grand jury secrecy could go unaddressed.

Court Case File No. # MD  1424 - 2014
undersigned by Fraud based on Fulse Allegation that Secret Grand Jury or Related Information was Unlawfully and or Negligently Accessed / Released / Compromised.

Court Inhartance  by :   Judge  William R.  Carpenter

the Supervising Judge Who :

 Maintains the legal  Judgment  authority  in Montgomery Common Pleas Court.

Maintains the Leglal Judgment Authoirity as Supervising Judge

oversee the proceeding of the Thirty-fifth Invesatigating Grand Jury.

Empanel Grand Jury  35 Invesatigation Grand Jury

Empanel  Three Judge from Montgomery County Judge William J. Furber Jr, ② Richard Haaz ③ william T Nicholas

Appointing Magistrate  Judge of Montgomery County : Cathleen  Kelly  Rebar

Challenging judge carpenter Court Orifi

Appointing Special Proscecutor:   Thomas E. Carluccio

Appointing District Attornerny  Risa Vetri Ferman

Appointing Police Detactive:   Paul M. Bradbury

Appointing Montegomery County Bureue of Police Detactive to invesatigate the office of Attorny General

Issueing a Warrant of Arrest

issue protective Order pursuant to section 4954


Secound Challenging the  Appointing Thomas E. Carluccio, Esquire as Special Prosecutor


Challenging Judge Carpenter Order by the Court  that the Special Procecutor :

1.   Shall use any currently empaneled Grand Jury to Invesatigate any suspected violatioin or cecrecy .

2.   Shall have immunit right for the Attorney General

3.   shall have the right to employee staff

4.   shall have  indendance and be free

5.   shall be permited to invesatigate the past and present  member of the Office of Attoreny General

6.   shall be impowered, and have Authoirity to invesatigate  and procecute crimes

7.   shall comply with relevant statutory and case law as well as applicable canon of ethics

8.   shall be remeoved from the special perscutor postion by the Judge and or Pa. Supreme Court

9.   Shall be appointed for a period not to exceed six month for date of May 29, 2014

10.   shall be Compensated and paid by the Commonwealth of Pennsylvaina

11.   Shall provide the Judge with any periodic smmaries of any progress

12.   shall submit a report addresd to the  Pennsylvaina Suprme Court and to Supervising  Judge

==  History

On August 28, 2012, Acting Pennsylvania Attorney General Linda L. Kelly filed an application pursuant to the Investigating Grand Jury Act, 42 Pa. C.S.   4541, 4543, 4544, and 4547 et seq.  because of organized or public corruption or both involving more than one country of the Commonwealth.

\*\*  "the ability of the grand jury to compel the attendance of witnesses and to compel their testimony and oath is needed and to take testimony and oath is also needed in order to preserve the testimony of these witnesses for later evidentiary use in the event the witnesses testify differently at trial "

\*\*  the power of the grand jury to compel the production of this documentary evidence is also required in order to conduct a full and adequate investigation

\*\*  Attorney General Kelly designate Montgomery County location because it is accessible to persons having business with the grand jury due to available transportation facilities Buses and Railroad

\*\*  Attorney General Kelly requesting an order convening an additional multicounty investigating grand jury having statewide jurisdiction  the Supreme Court of State of Pennsylvania

The power of the grand jury to compel the production of this documentary evidence is also required in order to conduct a full and adequate investigation.

( see EXHIBIT --- LINDA KELLY)

Commonwelth of Pennsylvania, Investigating Grank Jury Act, 42 Pa. C. S.  4543 instated that:

convening County Investingting Grand Jury (b) underr whitin ten days of reciep of such application .

the Supreme Court Order No. 176    Misc. DOCKET 2012 MD 2644 – 201
 on the Date of October 4 , 2012 Supreme Court Judge Castille Granted the Convened of the Thirty-Fifth Statewide Investigating Grand Jury

ORDER OF COURT

AND NOW, this 4th day of October, 2012, upon consideration of the application of Linda L. Kelly, Attorney General of the Commonwealth of Pennsylvania, and it appearing to the Court that the granting of the application is appropriate under the Investigating Grand Jury Act, 42 § 4541 et seq., it is hereby ORDERED as follows:

1 -   Judge Castille desgnated  Montgomery County , Court of Common Pleas, 38 Judicial District,  as designated  Location and  Judge William R. Carpenter as Supervised Judge have jurisdiction over all counties in the Commonwealth of Pennsylvania

2-    Judge Carpenter may temporarily designate another Judge who have been appointed by the Supreme Court as Supervising Judge to act as Acting Supervise Judge when he is absent or otherwise unavailable

3-    Montgomery County is designated as the location for the Thirty- Fifth Statewide Investigating Grand Jury proceedings.

4-    The Court Administrator of Pennsylvania is Directed to draw six counties plus Montgomery County for the Supply of Jurors for the Thirty- Fifth Statewide Investigating Grand Jury.

5- The Court Administrator of Pennsylvania is directed to obtain the names and addresses of persons residing in the aforesaid counties who are eligible to serve as grand Jurors Pursuant to Rule 241(a) 2

6- the total of such names of prospective Juror to be collected shall be 200, of which 50 shall be selected at random and summoned by the Court Administration to Montgomery and the Supervising Judge shall impanel the investigating grand jury form this panel of 50 prospective Jurors and For Additional Jurors the Supervising Judge Can summoned the remaining of the 150 prospective Jurors.

7- the Thirty-Fifth Investigating Grand Jury will remain in session for not more than 18 months

8- the Attorney General or Her designee in charge of the Thirty-Fifth Statewide Investigating Grand Jury , may apply to the Supervising Judge for an extension of the term of investigation Grand Jury for an additional period of up to six months finally the the investigating Grand Jury's term including any extension thereof shall not exceed 24 months from the date it was originally impaneled .

Chief Justice Castille's October 4, 2012 order outlined the parameters of Judge Carpenter's Jurisdiction and authority as is customary for an Order of a Chief Justice of the Pennsylvania Supreme Court designating a Judge of the commonwealth as the supervising Judge of an investigative grand Jury ( See EXHIBIT 4 ,5 ,6 & 7 Parameter's.

In Regard Castille's as Order of outline Parameters of Judge Carpenter's :

A- Jurisdiction as set by the Order of the Supreme Court shall be over all counties in Commonwealth

B- Authority  as set by the Order of the Supreme Court Judge Castille outlining Judge Carpenter Parameter's

Chief Justice Castille's October 4, 2012 order outlined the parameters of Judge Carpenter's Jurisdiction and authority as is customary for an Order of a Chief Justice of the Pennsylvania Supreme Court designating a Judge of the commonwealth as the supervising Judge of an investigative grand Jury ( See EXHIBIT by the Supreme Court Order No. 176   Misc. DOCKET 2012 MD 2644 - 201 on the Date of October 4, 2012 ) It's all kosher. No one is out to get her," Castille said.

Supreme Court Chife Justice Judge  Castille's  Order of outline Parameters to Judge Carpenter's Jurisdiction and Authoriy, as coustomary for an Order og Chief Justice of the Pennsylvania Supreme Court designated a Judge of the Commonwealth as the supervising judge of an investigative grand jury

Chief jushtic Castille's order  October 4, 2012

a Parameters  order requirment by the Supreme Court Chief Justice Ronald D. Castille as the Chief Author for State Wide Investegating grand jury Parameter's in accrdance to pennsylvania State Law " Supreme Law" , and Statue,  United States  Citizen Right Inforced by Voting Right and Civil Right Act in Particulars Write are Set by Pennylvania General Assambly, the Elective Authorities by Pennsylvania State Assembly is the Law maker and the only legislation Authorities t  to  legislated law Statue  for Pennsylvania for protection to its Civil Society.

chief Justice Castile's  Author of the Invesatigating Grand Jury  Parameter's by outline the Authoirity of Supervising Grand Jury  Invesatigating Judge  setup the Time of Invesatigation from the Start to End in  a System by define the scope of each and every seting each particulars activities for Supervising Judge in Grand Jury Invesatigating Must be followed  . the Inforcement of the  law is Regulated by a regulation to inforce the mandated writ of  Pennsylvaina  States Constitution and General Assembly law Statue as Regester furthermor the interpatation to Law Statue by Judge Caprpenter never Perminted Him to Challenging nor to Superseded  the Authoirity of Supreme Court nor the Authority of General Assembly.

the supreme law of the land is the  United Staes of America Federal Constitution, law incorfement by the U. S. Right of Way Authoirity Police Force, and by Reading Company Railroad,  Charters Police to the land  Federal, States, and County level with its Muncibility . Right of Way Authoirity is  a privat citizen, who defend the 50 Stars Federal Flag, the Flage  of the Union land,     the law of the Union as mandated by the Supreme Law of the Union Land,  including the State of Hawaii in which Englandl in  violation  to United States Federal Constitution Supreme law of the Land for unathorised Flage on United State Land and to end the Civil  War Eara for the secound  time in United States History by Ending England Family fulse Claim to United States Railroad  Charters land In Whshington, the  Federal Capital Land includeing the Right of Way  on which the  England Family   Flag " kwon as District of Columbia Flag is  Sized by U.S Right of Way Authority the Trustor of Federal Union Capital  Washington , the Fifty Stars flag, North America, the  Federal Union Land thereafter, the owner of  Washington D.C.  Union Station is  Reading Company the Owner of Charter land  of  " Philly & Reading"  " Revelation====="    Under a Fderal Mandated Law of Land & Title  since 2008,  a Federal Invesating Law Inforcement Officer to inforced United States Congess Act, the Fedral Law of  the United States of America Constitution to its Capital as Articailated  and the Bill of Rights, Voting Right Act  is protected and inforcement by Local, States, and Fedreal law  " no one above the Law "  and Finly the Matter of Eqiuty are inforcement aginst any violatioin in Equity to Reading Company Corporation, the Owner to the Originally 13 State and Private Railroad ChartersLand to North  America is Sized To the owner of the Land will be set and met. ( in other term "  the oborator for a contract must set the termes and condition to all party agree, sigin and be regester as Evidentiary by law.  Furthermor the States of Virignia Violatioin to Suprme Court  Clused, United States Prescedent Exactive Order and to United States Congess Act for Claim the 31 Sq. Miles of Union Federal Land ( Alexandria part, Arlington Part , and Landwin County a Part in Which No Right to Claim Federal Capital Land ) No Right ever Granted to Union Capital Land  to be Part of State of Virginia nor to be a County  in State of  Virignia ) all Land are Size to Federal Capital by U.S Right of Way Authoirity Land & Title.

Judge Carpenter Letter May 29, 2014 send to Castille the Chief Justice of Pennsylvania Supreme Court as instated as to Enclosed Carpenter's Order to appointing a Special Prosecutor to investigate an allegation that secret Grand Jury information from a prior Grand Jury was released by someone in the Attorney General's Office and Carpenter's ask Supreme Court Judge Castille to Call him if he would like to discuss this matter further and also Ask Honorable Castille to advise Carpenter if he in error or have exceeded his authority as the Supervising Grand Jury Judge------------------ ( see EXHIBIT No. ======

where Carpenter demand that the Supervising Judge must have inherent authority to investigate a grand jury leak, when there is a conflict of interest as there is here . "Clearly" Attorney General Kane

could not investigate herself.  Other wise Carpenter claim that there will be a potentially of serious violation to grand jury secrecy could go unaddressed.  the issue is within the frame to the administrative Conduct law and its Regulation as explain in Pennsylvania Supreme Court order No. 176 Misc Docket 2012 - 201 which  instated that the 35 Statewide investegation Grand jury should end after 18 month from the time of impaneled, " the 35 Statewide investegating Grand Jury was impaneled on Junury, 2013 " See Id. 176 Misc Docket 2012 .

in Accordance to Supreme Court Order Judge Carpenter Last Day to act as disegnated  Supervised Judge Should be June, 2014
Supreme Court Order stated that; "unless the the Attorney General or Her designee in Charge of the 35 Statewide investegation Grand Jury apply to the Supervised Judge for extension to the term of the 35 Statewide Investegaation Grand Jury, then the ending of His term for acting as desginated Supervised Judge must be June, 2014 that was the Suprme Court Order Paramiter Requirement in which Judge Carpenter Violated becuse their wasn't any Court doucment on file founded to proved that Judge Carpenter ever Granted a "permition and or aproval " by the Attorney General Kathleen Kane or Her desegnee to Act as Supervising Judge after June, 2014
Judge Carpenter Unlawfully Acting as Supervised Judge after the His term had been expiere on June, 2014 by Order of Supreme Court Mandated Parameter's,  thereafter any Court Order issued by Judge Carpenter after his Job had been Terminated by Supreme Court Order should be void thereafter Judge Carpenter, the Supervising Judge  doesn't havn't any Right to isuue an Opnion and or to inforced Court Order after his Job has terminated on June, 2014.
see Td.  No. 8 -  Supreme Court Order No. 176 Misc. Docket 2012 MD 2644- 201

Supreme Court Order istated that Judge Carpenter is to Supervised 35 Statewide Grand Jury Investegation, However Judge carpenter Violation for interferance to inforced  His Opnion on the Supreme Court  when he Order that  the Removal of the  Special Procurator be done by the  " Supreme Court Order " furthermor the  Supreme Court Never demand of Hairring a Special Procurator Nor Have any Right to make a cesstion to Judge Carpenter by Folw His wrong Order of Law Interpretations and inforcement of His Opnion on Supreme Court .
dated to 19 December 2014 in which Judge Carpenter been Terminated to Act  as Desginated Supervised Judge after His Term Had been Expierd on June 2014 thereafter his Court Order Lack the due Pross of inforcement and Lack any new right to issue Order by Judge Carpenter, thereafter Montgomery County Common Pleas Court  proceeding by Judge Carpenter Lack Mirrite to issue Court Order to his Special Procurator Thomaas E. CarlucThomas E. Carlucciocio, who lack the Authorities to investegat becuse He had been Hair by Unlawfully Supervised Judge Carpenter, who Lack Authorities to issue  and Inforce Court Order due to  Violation of Pennsylvaina Supreme Court Order parameter's to His term should be Expired on June 2014.
See Id # 8

Supreme Court Order No. 176 Misc. Docket 2012 MD 2644- 201 Td.# 4,5,6

4. The Court Administrator of Pennsylvania is directed to draw six counties at randorn from the eastern district of Pennsylvania, pursuant to the provisions of Rule 241(a)(1) of the Pennsylvania Rules of Criminal Procedure, Pa. R. Crim. P. 241(a)(1), and that these

sixcounties, plus Montgomery County, shall together supply jurors for the Thirty-Fifth Statewide Investigating Grand Jury.

5. The Court Administrator of Pennsylvania is directed to obtain the names and addresses of persons residing in the aforesaid counties who are eligible by law to serve as grand jurors, pursuant to the provisions of Rule 241(a)(2) of the Pennsylvania Rules of Criminal Procedure, Pa. R. Crim. P. 241(a)(2).

6. The total of such narnes of prospecti'Ye jurors to be collected shall be 200, of which 50 shall be selected at random and summoned by the Court Administrator of Pennsylvania to Montgomery County. The Supervising Judge shall impanel the investigating grand jury from this panel of 50 prospective jurors. If it becomes necessary, additional prospective jurors shall be summoned by the Supervising Judge from among the remaining 150 prospective jurors.

No judge ever Granted any Right to use the Court System to His or Her own idolgy without regarding to the Rule of Law as instated by Pennsylvania Supreme Court . furthermore Judge Carpenter never Comply with Pennsylvania basic General Law and his action violated to all applicable Canons of ethics for what He case by his unlawfully action to Moc State of Pennsylvaina Justice System See Id. 5, 6, See Id # 12 Montgomery County Common Pleas Court Order By Judge Carpenter on the 29 of May, 2014.
Judge Carpenter violated the Grand jury integrity becuse their wasn't any Grand Jury inpanaleing as setforth by Supreme Court Order that; All applications and motions relating to the work of the Thirty-FifthStatewide Investigating Grand Jury—including motions for disclosure of grand. jury transcripts and evidence.

4541 et seq., for the creation of an additional multicounty investigating grand jury having statewide jurisdiction, and in support-thereof avers as follows:

GRAND JURY ACT
4531- issance of court order for jurors, Court orders derecting the jury selction Commission to select an array of jurrors shall be issued in the form prescribed by General rules or rul of court.

Commonwelth of Pennsylvania, Investigating Grand Jury Act, 42 Pa. C. S.  4543 instated that:convening County Investingting Grand Jury: Judge shall impanel the investigating grand jury form this panel of 50 prospective Jurors and For Additional Jurors the Supervising Judge Can summoned the remaining othe 150 prospective Jurors. Court Record showed no call by the Court  Administration for Jury  to proceeding in Kane Case.


ORDER ACCEPTING PRESENTMENT NO # 60

Judge William R. Carpenter statment on Opnion in which stated that

A . the Court finds Presentment No. # 60

   . of the Thirty - F ifth Statewide invesatigating Grand jury is within the authority of said Grand Jury

   . is in accordance with the Pervisions of this Invesatigating Grand Jury Act , 42 Pa. C.S. # 4541 et seq.

   .Probalble Cause and established a Prima Facie case aginst Attorney General Kathleen Kane

   .this Presement is accebted by the Court

B.  the County conducting the trail of charges pursuant to Presentment shall be Montegomery County .

C  . the  District Attorney of Montegomery County or here designee is authorised to as Recomanded in the Presement by instituting  appropriate crminal  proceeding in aforesaid county

   . SO ORDERED this 19 day of December, 2014

*the Thirty - F ifth Statewide invesatigating Grand jury is within the authority of said Grand Jury*

*their was no Grand Jury thereafter no Authoirity by the Grand Jury thierfor Judge Carpenter Lie Under Auth theirafter will be Charge with ===============*

Carpenter notice on December 18, 2014, for the Thirty-Fifth Statewide Investigating Grand Jury issued Presentment No. 60  in which their were reasonable grounds that Attorney General Kane was involved in violation of criminal law of our Commonwealth.     write from page  3 of 27 Exhibit

 Judge Carpenter not permited to Act as Supervised Judge of  35  Statewide Invesatigation Grand Jury after his Job had been terminated on the date of June, 2014  thereafter Judge Carpenter , who have no Legal Authoirity to file a Court Case in Montegomery County for lacking a Jurdiction and lacking to Act as Supervising  Judge on Date of December 18, 2014  thereafter Judge Carpenter Order of accpting Presentment No. 60  is Moot and Void.

Judge Carpenter also violated Supreme Court Order Requirement to inplmenting a Grand Jury in which the  Supreme Court Order mandatory to inpanaleing a Grand Jury by the TheCourt Administrator of Pennsylvania in which  Judge Carpenter had accpted Prescedent No. # 60 and in violatioin to Tnvesatigating Grand Jury theirfore the District Attorney of Montegomery County Lack a Merit for Procecution Attorny General case in the Court of Common pleas Montegomery County Pennsylvaina

See Id.  Parameter's issue by Supreme Court Order   No. 171  M.D.  MISC  DKT.  2012

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:                              : SUPREME COURT OF PENNSYLVANIA
                                    : NO. 197 MM 2014
THE THIRTY-FIVE STATEWIDE           :
                                    : MONTGOMERY COUNTY COMMON PLEAS
INVESTIGATING GRAND JURY            : M.D. 2644-2012
                                    :
                                    : NOTICE NO. 123

## CERTIFICATE OF SERVICE

I, William R. Carpenter, Supervising Judge of the 35th Statewide Investigating Grand Jury, certify that a true and correct copy of the attached Opinion was forwarded to the persons set forth below via First Class Mail on December 30, 2014.

WILLIAM R. CARPENTER,          J.
Supervising Judge
Montgomery County Court of Common Pleas
P.O. Box 311
Norristown, PA 19404

no right for Judge Carpenter to issue any Court Order for Laking of Jurdiction due to His Term terminated as Acting as a Supervising Judge on June, 2014 theirafter no Right Granted to issue a Cerificate of serivce to Special Procecutor to invesatigating of improper disclosure of information and documention properly protected under grand jury SECRECY , a Documentation subjuct to Grand Jury secrecy procecution improperly released to the public news media Information Under Seal

Judge Caprpenter agree with the Special Prosecutor request that certain materials be unsealed or at a minimum disclosed to the Pennsylvaina Supreme Court prior th aruiment on March 11, 2015 the disclosure of the information and materials comes form the Office of Attorney General

Moreover and of coswquence, the Thirty- Fifth Invesatigating Grand Jury was Indeed empanel and supervised in accordance with the requirments of 42# 4544 (a), notably under Application for and Order Directing that a Multicounty Grand Jury be Convened by the then Attornerny Linda Kelly , by the Order of Spreme Court on the Date of 1o/4/2012 the Thrity- Fifth Invesatigating Grand Jury empanel and supervised in Accordance with the Requriment of 42 Grand Jury Act S.C. # 4544 notablly under Application for an Order Dircting that a Multicounty Grand Jury be Convened by then the Attoreny General Linda Kelly. in which Judge Carpenter Violated

See Id.  pennsylvaina Supreme Court issue Order --- on date of _10/4/2012_

Note that : the Grand Jury never inpanale as Mandated by Suprme Court Order

that there were reasonable grounds that Attorney General Kane was involved in violations of criminal law of our Commonwealth.   See, Exhibit "B", Presentment No. #60, dated December 18, 2014; specifically, Perjury, 18 Pa.C.S.A. §4902, False Swearing, 18 Pa.C.S.A. §4903, Official Oppression, 18 Pa.C.S.A. §5301 and Obstruction Administration of Law or Other Governmental Function, 18 Pa.C.S.A. §5101. Subsequently, on December 19, 2014, I entered an Order Accepting Presentment No. #60. See, Exhibit "C", Order Accepting Presentment No. #60, dated December 19, 2014. Furthermore, I referred the entire matter to the District Attorney of Montgomery County for any prosecution. Therefore, this Quo Warranto Action has been rendered moot.

        Finally, the Attorney General has requested to "unseal this filing" See, Attorney General Kane's Memorandum of Law in Support of Quo Warranto Action, December 17, 2014, p. 2, n. 1. If her filing is unsealed then, in fairness to the public, the members of the Grand Jury, and members of The Office of Attorney General, my Opinion and Exhibits should also be unsealed.

CONCLUSION

        I respectfully submit that Attorney General Kane's Quo Warranto Action lacks merit and should be denied. In addition, it has been rendered moot.

                                BY THE COURT:

                                _____
                                **WILLIAM R. CARPENTER**          **J.**
                                SUPERVISING JUDGE OF THE THIRTY-
                                FIFTH STATEWIDE INVESTIGATING
                                GRAND JURY

### IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PA

| | |
|---|---|
| IN RE: | SUPREME COURT OF PENNSYLVANIA<br>NO. 176 M.D.D MISC. KT 2012 |
| THE THIRTY-FIFTH STATEWIDE<br>INVESTIGATING GRAND JURY | |
| | MONTGOMERY COUNTY COMMON PLEAS<br>M.D. 2644-2012 |

## CERTIFICATE OF SERVICE

I, Thomas E. Carluccio, Esquire do hereby certify that a true and correct copy of the *Answer of Special Prosecutor to the Motion to File under Seal the Quo Warranto Action* has been filed of record with the Pennsylvania Supreme Court , and a copy of which has been directed on the 7th day of January, 2015 by first class U.S. Mail, postage prepaid, to all parties in interest, as follows:

| Amil M. Minora, Esq.<br>700 Vine Street<br>Scranton, PA 18510 | Gerald L. Shargel, Esq.<br>200 Park Avenue<br>New York, NY 10166 | The Hon. William R. Carpenter<br>Court of Common Pleas of Montgomery<br>County<br>P.O. Box 311<br>Norristown, PA 19404-0311 |
|---|---|---|

Thomas E. Carluccio, Esquire
Attorney I.D. No. # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
*Special Prosecutor of Investigating Grand Jury No. #35*

no Right granted to Special Procecutor to invesatigate Attorney General Kane nor the Emplyee at the Office of Attorny General

1- Judge Caprpenter Violatioin to Supreme Court Parameter's requirement for a proved Permiseion From Attorney General Or Her Deszegnee in which Judge Caprpenter countinued to act as Supersing Judge without permiseion, and He is in violatioin to Supreme Court order parameter's.

2- Judge Carpenter violation for net inpanaleing the Grand Jury as set force by the Court Administrationat by the Order of the Supreme Court

3- Judge Carpenter Commet Perjury by Issue Presmtmen # 60 insted of the Grand Jury

4- Judge Carpenter false Swearing 18 Pa. C.S.S. $ 4903 in singnig a Court Statment Under Auth, Covering the Fact that their wasn't any Grand Jury Prescedent to issue Presmtment # 60 on Dec. 18, 2014

Memorandum in support of the answer by special prosecutor Thomas E. Carluccio Esq." affanta"

to Quo warranto action of Attorney General Kathleen G. Kand Indiv.

* Thomas E. Carluccio violation in Fuslse Perscuting Attorney General Kathleen G. Kand as Indiv., the Allegation is related to Attorny General Kane working, Attorney General Granted full Authority to Proscecute and Granted Full Protection to ===, inforcement by the law of the Land Constitutition, Federal and State theirafter her Individual as Private Citizen also protected in which she never violated the Law of the Land under the United States of America 50 Stars Flag, never allow the Binch Warrant Judg by Her Majsty the British Queen Order not Permited on North America Land after July 4, 2015 thereafter U. S. Right of Way Authority Inforced July 4, 1776 the Artical of Independent . However no intrest in Judicial Economy Exept by full lenth leagl discussion to Preserve the Intrergrity of the Grand Jury System  in which the Judge Carpenter in Violation of interpetion to Pennsylvaina Law of Grand Jury in not Inpanaleing Grand Jury as set forth by Suprme Court Order.        See Id =====

 AFFIDAVITE by Thomas E. Carluccio AS SWORN TO AND SUBSCRIBED One N DATE OF  17, OCTOBER, 2014

AffiDAVITE  by No.

(2)   Memorandum prepered by William Davis Esq. Deputy Attorney General and assigned Procecutor to the  29 th Investigating Grand Jury in which the Memorandum was subswqently reviewed and delivered to unauthorized persons, including members of the Press

(3)   Recorded and Transcribed Statment of Special Agent Michael Miletto Pertaining to his activities and knowledge of particulars associated with Subject Matter of the 29 th Invesatigating Grand Jury was subsequntly Reviwed and delivered to an unuthorized Person including member of the press.

(4)   for purposes of this Affidavit i thomas E. Carluccio define the aforesaid Memorandum, and Recorded and Statment to be collecctively referanced herinafter as " Confidential Records " and are Subject to prohibitions on their singular and collecctively disclosure to third persons by operation of 42 Pa. C.S. # 4549(b)

(5)   the Confidential records contain information which clearly  identifies facts , witnessses ans wvents whcich are prart of the 29th invesatigating Grand Jury, all of whcich deemed part of the sealed record of such Grand Jury , and as suh is secret and confidentail, subjuct disclosure upon application to the appropriate overseeing court.

(6)   any disclosure of Confidentail Records or information thereto to unau person may represent criminal act (s) under 42 pa C. S. # 4549 (b) and or  18 Pa . C.S. # 5101.

(9)   the purpose in seeking the testemony of Attorney General kane unde the subpoena is to determine if  Attorney General Kane maintinas direct of inferential information on matters pertaining to the unauthorized disclosure of the existence and  contents of the Confidentail Information to unauthorized third person " press or General public "

( 12) the long Affiant herby states that the service of suvpoena upon Attorney General Kane for her testimony is warranted under the circumstances, represents a good luck for Judge Carpenter Arristing officer

on the  Date of 17, October 2014 - Judge William R. Carpenter Lack a Jurydiction to Act as Supervising Judge becuse His Term was Terminated on Date of June, 2014 thereafter   AFFIDAVITE  by Thomas E. Carluccio AS SWORN TO AND SUBSCRIBED On  the DATE OF  17, OCTOBER,  2014 is Void and denied

the Commonwealth VS. Partick R. Reese

Police Case Complainat / Incident No. #  2015 -  1173

**D-  Challenging Judge Carpentert Court Order after His term as Acting Superseded Judge was Terminated  by Supreme Court Order :**

to establishment of a multicounty invesatigating grand jury to investigate into :

.    Attorney General Kathleen Kane Individually

.    Attorney General Office  legle counsel

.    the internal administration affairs of  Office of the Attornerny General

.   the Office of Attorney General, Computer  Program System that use to store State Record Information.


Affidavite of  Provable Cause : for issue warrant of Arrist  ;

" judge Carpenter Stated that : last year, the Thirty-  Fifth Statewide Invesatigating Grand Jury,

Notice #: 123 Examined the improper release of secret grand Jury Information from a Prior 2009 State wide Invesatigating Grand Jury Invesatigation theirafter The Hanorable William R. Carpenter, presiding

as the Supervising Judge of the Thirty-Fifth Statewide Invesatigating Grand Jury. appointed a Special Proscuutor, Thomas E, Carluccio, Esquire.

 Challenging the order Entered on may 29, 2014 by the Honorable William R. Carpenter, Supervising Judge of the Thirty-Fifth Statewide Investigating Grand Jury,  extended His Invesatigation to Previous 29  Statewide Invesatigation Grand Jury which involved with the Mondesire matter six years ago, dated to  " 2009 ."


J- 17- 2015 In the Supreme Court of Pennsylvaina Middle District

By     Saylor, C.J, Eakin , Baer, Todd, Stevens, JJ.

In Re: the Thirty - F ifth Statewide Invesatigating Grand Jury No. 197 MM 2014

Petition of " Attornerny General Kathleen G. Kane          Argued :  March 11,  2015

Opinion Announcing the Judgment of the Court,  Mr. Chife Justice Saylor    Decided:  March 31,  2015

*  accordance to the Special Perscutor  [  the implication for Countinued government  corruption or serious breaches of grand jury secrcy ]

*  It is respectfuly asserted that the conflicts of interest so clearly associated with the [ Office of Attornerny General conducting an invesatigation of itself on Matters pertaining to violatioins of grand jury secrecy represent a position which is irrelevant ]

Finally, We differ with Attorney General Kane's position that a distinction should be made between current, prescedent breaches  and historical breaches of grand jury secrecy both are equally afforts to the dominant and ongoing requirement of confidentialy which supervising judges are charged with enforcing.

GRAND JURY INVESATIGATIN INFORMATION RECORD

A-  *CURRENT* - PRESCEDENT  INFORMATION RECORD

B-  *HISTORICAL*  INFORMATION RECORD

```
referance Supreme Court Copy:    Copy attachment # 1101
*** prior Court cases Referanced from pierior Court Opnion
should taken in Concedation that when the Law Perviosion Had
been Expire theirfor the Judge should not relied on Expire Law
Statue's referanced in Court procceding, Judge Opnion and Oreder
will be inforced by law incorment Officer which lead to
Demenesh Citizen Right, Judge Opnion and Order needed to be
infoced based on a law Staue   as the Court Used the Querter
sestion Court and its Special Master no Longer Exist after North
```

America Declaration of Indendance from England ( Britain)in july
4, 2015.   See Id. Attachment Liberty Train.
the Due Process of law by Judge Opnion, inforced into Order by
the Court in Pennsylvaina must be Beased on Court Juridiction,
where the Crime had taken Place in the State of Pennsylvaina,
the Juridiction is inforcement by the Law Statue Authorised
[O]nly by Pennsylvaina elective General Assembly, whom Granted
Authoirity to Autor all inacting Law Statue, shall saved into
State Regestary Systeme Perviosion by pervision , theirfore the
rfeferance to law Statue interpatation from other State than
Pennsylvaina or the Referanced to law Opnion From a Court Judge
in other State rauther than Pennsylvaina State law Statue is
Violatioin to Pennsylvaina Constitution Law which Stated that
the Pennsylvaina General Assembly is the only Author of Law in
State of Pennsylvaina but not from other States Author
,theirafter, Supreme Court Opnion when it depended on other
State Law Author than Pennsylvaina State is violatioin to :
Pennsylvaina State Constitution V Section 2
Pennsylvaina State General assembly Aritcle II
Pennsylvaina Attorney General Act Article IV section 4.1 & 205
Pennsylvaina Invesatigating Grand Jury Act P.L 1148 No 271
Pennsylvaina Criminal Information Record Act. section 208,&Chria
Pennsylvaina political Powers Artical 1 section 2

              See Id attachment # 333

" the work of Special Prosecutor Culminated in a Grand Jury
Presentement recomanding the filing of criminal charges afainst
Attorney Genral Kane "   See Id [ J -17-2015] Supreme Court
Opnion Decided March 31, 2015
1- Grand Jury never inpanaleing as Order from the Supreme Court
under its Parameter's Must be done by the Court Administration.
2-  Grand Jury Presentement is done by the Special Proscecutor
rather than Grand Jury violatioin to Supreme Court Order
parameter's Order in Which no Grand jury inpanaleing found in
file in Court record.
3- see other violatioin
********
in a 4-1 desision, the ourt Opnion judges have full legal
authority to appionted special prosecutors to invesatigate leaks
from grand Jures Evern a Historical Information.
*See Id [ J -17-2015] Supreme Court Opnion Decided March 31,2015

Supereme Court Desision in upholding Judge Carpenter Court Order
to appinted a  special prosecutors to invesatigate leaks from
grand Jures Evern a Historical Information had Violatioin to
Pennsylvaina State Constitution, in Contrary and ilRelevant to

Pennsylvaina Law Statue as explaning :
Judge Carpenter Opnion and Supreme Court Opnion  violation to
Pennsylvaina Statue of the Criminal History Records Information
Act ("CHRIA") Unit to perform the duties legislated by the Act
and delegated to the Attorney General by Chapter 91 in which
Judge Carpenter Object to inforced and Supreme Court unlawfully
Uphold Judge Carpenter Opnion.

"protected information." The Regulatory Compliance and Intelligence Section of the Office of Attorney
General has specific authority through the Criminal History Records Information Act ("CHRIA") Unit to
perform the duties legislated by the Act and delegated to the Attorney General by Chapter 91

Administration of Criminal Justice BY the collection, storage, dissemination or

usage of criminal history record information INCLUDING:

Audit -The process of reviewing compliance with applicable Federal and State laws and regulations
related to the privacy and security of Criminal History Record Information - Information collected


Judge Carpenter Opnion and Supreme Court Opnion  violation and unlwful exercise Authoirity  in Court
Opnion without Concederation  to Pennsylvaina Statue  :

1.4 What is Criminal History Record Information (18 Pa. C.S.A. §9102)

Criminal History Record Information is information collected by criminal justice agencies concerning
individuals at the initiation of a criminal proceeding and at the Final Disposition - Information indicating
that criminal proceedings have been concluded,

- including information disclosing that police have elected not to refer a matter for prosecution,

- that a prosecuting authority has elected not to commence criminal proceedings

 - or that a grand jury has failed to indict and disclosing the nature of the termination of the
proceedings.

the Historic  Invesatigating  Grand Jury information of 2009  " Mondesire Case" Ali Matter "  are
procceding in accordance to Criminal History Information Record Act  " CHRIA "  under the Jurydiction of
the attorney General Kathleen Kane  and the Office of Attorney General Employee had inforcabilty to
inforced the Act and its perviosion as  inacted by Pennsylvaina General Assembly in which Judge
Carpenter  and  Supreme Court Opnion had invoked .

See Id.     Presntment ( 35 Grand Jury ) Page # 6 of 27

Deputy Attorney General Beemer, Who testified he reviewed the 2009 Memorandum and the
Information during the meeting, He  determined that the conderns of Agent Miletto wre not wothy of
attention, He acknowledged that there was no ongion criminal investegation of Mondesire, as
warranted by the concederation reached by the 2009 Grand Jury, and there were issues with bringing
chareges aginst Mondesire due to the applicable statute of limitions. i will caled a " dead case " i mean,

it was a grand jury invesatigation that as i understood it for whad led to one arrest , the individual this
<u>Jerome Mondesire, had not been charged with anything.</u>


PROTECTED INFORMATION

2.1 Protected Information (18 Pa. C.S.A. §9106)

Section 9106 of the Act pertains to protected information and automated systems.

While this information may be compiled in conjunction with the investigation and prosecution of

individuals engaged in criminal activity, the method of collection and dissemination is distinct

from the collection and dissemination of criminal history record information.Protected information,
compiled in and out of automated systems, is the general description of specific categories of
information, namely intelligence, investigative and treatment information.


* As a general rule, intelligence, <u>investigative</u> and treatment <u>information should not be collected in the</u>
<u>central repository because this type of information is considered protected</u>. The prohibition does note
preclude the collection in the central repository of names, words, numbers, phrases or other similar
index keys to serve as indices to investigative reports.


<u>Protected information is basid on the  law perviosion No.   2.3 Dissemination of Protected Information</u>
<u>(18 P.S. §9106) in whcih Judge Carpenter and His Spencial Proscecutor  Thomas E. Carluccio never</u>
<u>inplmenting  and fraudly accusing the attorney General and Her Office as explaining :</u>

2.3 Dissemination of Protected Information (18 P.S. §9106)

Dissemination of protected information is permitted when:

1. An authorized intelligence officer determines that the information is reliable

.2. The requesting agency has policies and procedures reviewed or adopted by the Office of Attorney
General in consultation with the Pennsylvania State Police. (See Attachment 1, Sample Policy and
Procedures for Dissemination of Protected Information).

<u>a. The agency must appoint an intelligence officer.</u>

b. The agency must adopt technical and physical safeguards, including an audit trail for tracking the
disseminated information.

c. The agency must label information to indicate level of sensitivity and confidence.

3. The information must be requested in connection with the agency's duties and based on an
identifying characteristic. (See Chart 4, Dissemination of Protected Information).

If an intelligence officer is notified that previously disseminated intelligence information is misleading or unreliable, the information must be corrected and the recipient(s) must be notified of the change in either automated or manual systems.

3.2 Disposition and Criminal History Record Information

(18 Pa. C.S.A. §9113)

All criminal justice agencies must submit to the central repository reports of dispositions occurring within their agencies for criminal history record

information. This must be done within ninety (90) days of disposition as outlined in Section 9113 of the Act and as shown on Chart 7, Final Disposition.

4.1 General Regulations (18 Pa. C.S.A. §9121)

* The Act only obligates criminal justice agencies to disseminate criminal history record information contained in their own files, and this fact should be included in the Notice of Dissemination. (See Attachment 4, Sample Criminal History Record Information Notice of Dissemination).

All criminal justice agency repositories of criminal history record information must inform the public and post a notice in a public place of the existence, purpose, use, and accessibility of the criminal history record information they maintain. The notice shall also state the agency's identification

Judge Carpnter Opnion violated law Perviosion No. 4.1 General Regulations (18 Pa. C.S.A. §9121) and unlawfully accusation to Kane and  the Office of Attorney General Empolyee as explaining above.

**4.2 Expungements (18 Pa. C.S.A. §9122)

Expungement of criminal records is covered by Section 9122 of the Act (see Chart 9, Expungements). Most of the confusion arises as a result of the variety of interpretations given to the meaning of an expungement order and the execution of that order by the appropriate agency(ies).

Rule 9017 of Title 234 - Rules of Criminal Procedure - outlines those points to be covered in an expungement order

* Criminal history record information shall be expunged in a specific criminal proceeding when:

1. No disposition has been received or, upon request for criminal history record information,

 2. No disposition has been recorded in the repository within eighteen (18) months after date of arrest. The court of proper jurisdiction must certify to the Director of the repository that no disposition is available and no action is pending.

all the Procceding are done by Attorney General Kane and Office of Attorney General  in accordance to law Perviosion No,  4.2 Expungements (18 Pa. C.S.A. §9122)

in which Deputy Attorney General Beemer, Who testified to the Special Proscecutor Thomas Carluccio but Thomas Caruccio Lack understanding to interpatation of Law and he performs his own wrong conclusion, contrary to law perviosion and violatioin to Peace and dignty of Pennsylvaina General Assembly.

See Id.     Presntment ( 35 Grand Jury ) Page # 6 of 27

**\*\* 7.1 Right of Access and Review (18 Pa. C.S.A. §9151)**

Any individual or his legal representative has the right to review, challenge, correct and appeal the accuracy and completeness of his criminal history record information.

Judge Carpenter violatioin to  7.1 Right of Access and Review (18 Pa. C.S.A. §9151) by not inplmenting its perviosion as inacted.

**\*\* 7.4 Challenge to Accuracy (18 Pa. C.S.A. §9152)**

The individual may challenge the accuracy of his or her criminal history record information by specifying which portion of the record is incorrect and what the correct version should be

**7.5 Review of Challenge (18 P.S. §9152)**

All criminal justice agencies have sixty (60) days to conduct a review of any challenge and shall have the burden of proving the accuracy of the record. If  the challenge is valid, the appropriate officials must ensure that:

Judge Carpenter violatioin  to  law statue Perviosion 7.5 Review of Challenge (18 P.S. §9152) for not inpanaleing insted he unlawfully isue a court Order and fraudly accusation to Attorney Genral Kand and fulse Arrest Court Order to Her Chife of Police protection Patric Rocco Reese in which Judge Carpenter doesn' t have any Right to Act as Superving Judge or issue a Court order after his job as Acting Superving judge had been Terminated by Order of Supreme Court Parameter's

**7.6 Appeals (18 Pa. C.S.A. §9152)**

(1) If the challenge is ruled invalid, an individual has the right to appeal the decision to the Attorney General within thirty (30) days of notification of

the decision by the criminal justice agency.

(2) The Attorney General has the authority to conduct administrative appeal hearings in accordance with the Administrative Agency Law.

(3) The decision of the Attorney General may be appealed to the Commonwealth Court by an aggrieved individual.

," implementing the addition of section 4.1 to Article IV of the Constitution of

Pennsylvania; establishing the Office of Attorney Generalelected by the citizens and setting forth powers and dutiesof the Attorney General; creating an Office of GeneralCounsel and providing for legal services for Commonwealth agencies

(3) It shall be the duty of the Attorney General to uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction.

Section 205. Criminal prosecutions.

(7) Indictments returned by an investigating grand jury obtained by the Attorney General.the Commonwealth. Section 206. Law enforcement and criminal investigations; investigating grand juries.

(b) Investigating grand juries.--The Attorney General shall convene and conduct investigating grand juries as provided in the act of November 22, 1978 (P.L.1148, No.271), known as the "Investigating Grand Jury Act."


CHAPTER 3

OFFICE OF GENERAL COUNSEL

Section 301. General Counsel.

There is hereby established the Office of General Counsel which shall be headed by a General Counsel appointed by the Governor who shall be the legal advisor to the Governor.

Section 303. Supersession and intervention.

(a) Representation of agency by General Counsel.--Whenever any action is brought by or against any executive branch agency, the Governor or other executive branch official, the Governor may request in writing, setting forth his reasons,

the Attorney General to authorize the General Counsel to supersede the

Attorney General and represent the agency, the Governor or other executive branch official.

The Attorney General shall at all times continue to represent the Commonwealth.

even if the Supreme Court is Suspended Attorney Generla Kane,   The Attorney General shall at all times continue to represent the Commonwealth.

No Right Granted to General Assembly to Inpeech Attorney General  other wis, the Attorney General be under the inperation of a Certen  political Party in which the Magorty Can challenging the case law  in sted of Law and Order  in accordance to Pennsylvaina Constitution as Articailated ,  no Longer Grandted the Right to  issue Sopina,  to future Attorney General only thorght writnen and  only by Supreme Court file and permiseion, no Right Granted to Common Please Court to issue rite to inforced on the Highest Law Authoriry in Pennsylvaina and the Protector to Law due to Her Imunity By Law and Order .

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

-on December 19, 2014, this Court made an invesatigative referral to Montegomery County District Attornerny Risa Vitri Ferman includeing Grand Jury's Recommendation that criminal chareges be filed against Attorney General Kathleen G. Kane

Violatioin no Right for Judge Carpenter to issue any Court Order after His Acting as Grand Jury Superseded Judge had been terminated by Supreme Court on Date of June,2014 theirafter any Court Order By Judge Carpenter is Dinaid and Void.

Judge Carpenter issued Disclosure order permiting District Attorny Risa Vetri Ferman to use information Gathered in 35 Grand Jury Notice # 123

Judge Carpenter violatioin to Supreme Court Parameter 's See I d # for inpanaleing the 35 Grand Jury, since thier wasn't any Grand Jury inpanaleing then where notice # 123 Come From ! if their no Grand Jury then Judge Carpenter issue to Notice # 123 by Himself in Violatioin to Grand Jury Act 42== and to Supreme Court Order furthermor Judge Caprpenter fulse, and Furad inpanaleing to Grand Jury ===

thereafter no Right Granted to Judge Carpenter for issued Disclosure order permiting District Attorny Risa Vetri Ferman is Void and Denid

Pursuant to a sealed search warant serced upon the Office of Attorney General issued by Judge Carpenter in Violatioin to Suprmer Court Order parameter's for his term to Act as Superseded Judge to 35 Invesatigation Grand Jury had been Terminated on June, 2014 thereafter no Right Granted to Judge Caprpenter to issue Seach Warant upon the Office of Attorney General is Fulse and Denid.violatioin by Judige Carpenter who Lack a Jurydiction due to to His job termmination on June, 2014 theirafter no Right to issue of Arrest warant on Partick R. Reese for lack of Jurdiction after Carpenter Job had been Terminated on June, 2014

attachment ( A)

On August 27, 2014 Judge william Carpenter issued a protective order under 18 Pa. C. S. # A4954.

is Denid based on Judge Carpenter Termintion to Act as Supervising Judge after June, 2014 .

he Thirty - Fifth Statwide Invesatigating Grand Jury

Pursanunt to 18 Pa. C.S. ろ 4549 ( relating to protictive oreders )

order No. 3. no copy to Grand Jury Testimony shall be be given to the Attorney Generral Office.

violatioin to Pennsylvaina Criminal Information Record Act " CHRIA "

order no. 7 the Contents of this Order are sealed , and shall not be discloced ( either verbally or in writing ) by the Office of the Attorney General

Violatioin Explaining in Details See Attachment #

SEALING ORDER

attachment Order of August  27,  2014  be filed under seal with the clerk of Court of Montegomery
Countyl

Violatioin No right to filed Order under seal or over seal due to Judge Caprpenter Lack Autorities to
Filedi Court Order in Montegomery County Common Pleas Court  as acting Supersing judge due to
termination of his Job on June, 2014

until further Order of this Court by William R. Carpenter' Supervising  Judge. no Right Granted to issue a
Court Order after His Job as Acting Supervised job had been terminated on june, 2014

Judge Carpenter Letter May 29, 2014 send to Castille the Chief Justice of Pennsylvania Supreme Court,
instated that Enclosed  Judge Carpenter's Order to appointing a Special Prosecutor to investigate an
allegation that secret Grand Jury information from a prior Grand Jury was released by someone in the
Attorney General's Office and Carpenter's ask Supreme Court Judge Castille to Call him if he would like
to discuss this matter further and also Ask Honorable Castille to advise Carpenter if he in error or have
exceeded his authority as the Supervising Grand Jury Judge------------------ ( see EXHIBIT  Letter May 29,
2014 )

VIOLATION

no Right permited in Unauthorized open Chanel of Comunication bettween Common Pleas Court  Judge
" Carpenter " and  Supreme Court Judge in Procceding the Attorney General Case and also there is no
meassage, phone, letter  allow. Supreme Court Parameter's was toOpen Invesatigation Montor by
Justice Judge aginst Law violatioin, in which Judge Carpenter violated the Law insted of Save Garded.

Judge Carpenter violated the Unified Court System in Seperation of Order between  Judge's in each
Court  Level within Pennsylvaina Court System.   Furthermor  judge Carpnter violatioin to law of apeal
for imporipier contact and Comunication with Supreme Court  Judge, in which the  case and allegation
finaly will be tray by the Supreme Court thereafter No Right Granted to Judge  Carpenter to  Take about
a a Case law while still pending in Court.

-----------------------------------------------------------------------------------------------

the Letter Send to Judge Carpenter by  E. Marc Costanzo Chef assistant District Attorney, Frand G. Fina
Assistant District Attorney  from the Office  Of Philadelphia District Attornerny is unlawfully without the
knowledge and  Aprobal by the District Attornerny R. Seth William First, No Right of open Chanel of
Governmenter Comunication bettween Participante without the permiseion for Call Number  and
Referanced to file aproved by the Head Officer in Charge and Must be Recorded .

-----------------------------------------------------------------------------------------------------------------------

but Carpenter Opinion December 30, 2014 in the Supreme Court of Pennsylvania Middle District Stated that :

in re Dauphin County, 19A. 3d ar 504. A preliminary review by the common pleas court judge verified only the existence of the emails that were exchanged between the reporter and a member of the District Attorney's office <u>during the time the grand jury was conducting the relevant investigation</u>. it was based upon this review that the common pleas court Judge appointed a special prosecutor to investigate the allegations of grand Jury leak. Id ( see EXHIBIT---- PAGE 3)

### IN THE COURT OF COMMON PLEAS
### MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | SUPREME COURT OF PENNSYLVANIA |
| | : | NO. 171 M.D.D MISC. KT 2012 |
| THE THIRTY-FIFTH STATEWIDE | : | |
| | : | MONTGOMERY COUNTY COMMON PLEAS |
| INVESTIGATING GRAND JURY | : | M.D. 2644-2012 |
| | : | |
| | : | NOTICE No # 123 |
| | : | |

### TO THE HONORABLE WILLIAM R. CARPENTER, SUPERVISING JUDGE:

### PRESENTMENT No. # *60*

if no Grand jury ever inpanaleing as Mandated by Supreme Court Order, then the Issue is with Presentment No # 60 Who Addresed to Judge Caprpenter as been writen

" To the Honorable William R. Carpenter, superving Judge." Who Send the Presentment , and who Sing the Presentement theirafter !

Judge Carpenter need to Answer this Question to the Attorny General Kane and to the Supreme Court Justice too .

We, the Thirty-Fifth Statewide Investigating Grand Jury, duly charged to inquire into offenses against the criminal laws of the Commonwealth, have obtained knowledge of such matters from witnesses sworn by the Court and testifying before us. We find reasonable grounds to believe that various violations of the criminal laws have occurred. So finding with no fewer than twelve concurring, we do hereby make this Presentment to the Court.

_____
Foreperson – The Thirty-Fifth Statewide
Investigating Grand Jury

DATED: The 18 day of December, 2014

WE, the Thirty-Fifth Statewide Investegaating Grand Jury if ther is no Grand jury then;

" by whom was the word " We" refering to in the thirty- Fife Statewide Invesatigating Grand Jury if no Grand Jury was inpanaleing and Which witnesses sworn by the Court and Testifying berore the Grand jury ! if their is no Grand jury, the Court under Judge Carpenter is a Fulse Court of Record and Fruad Singing by Judge Carpnter Order becuse their was no Grand Jury ever inpanaleing as Supreme Court Directed in Parameter's for the Court Administration to Provid for the Jury thereafter Judge Carpenter is;

Commting Perjury, 18 Pa C.S.A. $ ===

False Swearig 18 Pa C.S.A. $ 4903

Secound Judge Carpenter Authority is for overseeing Invesatigating Grand in gathering infrmation under Jurydiction of Supreme Court Order in a mandaatory Order requesting that the Grand Jury be Choosen in a Certin Number under the Authorised of Court Administration, Directing to overseeing the inpanaleing of the Grand Jury as stated in Suprme Court Order Parameter's , in which Judge Carpenter Had violatioin by not permited the Court Administration to Call and Provied for the Grand Jury .

In the Court of Common Pleas Montegomery County, Pennsylvania CP- 46 - MD - 0000926- 2012 for the Order undersingned Panel by Juge William R Carpenter, Judge Richard P. Haaz, and Judge Willam T. Nicholas from RE: the thirty - five Statewide Investegating Grand Jury on DATE of April 27, 2015

Judge Carpenter violatioin to Supreme Court parameter's  which not perminted Judge Carpenter to have have any legale Authority to Inpanel Three Judges,  Judge Carpenter violation to Supreme Court Order as mandated on ( 2 ) second requirment  by Parameter Juridiction Granted  for  Judge Carpenter may temporarily designate another Judge who have been appointed by the Supreme Court as Supervising Judge to act as Acting Supervise Judge when he is absent or otherwise unavailable thereafter Judge caprpenter had Violatioin to Superme Court Order in inpanaleing All Montegomery County Public Government includeing the Three Judge's not Permited and Denid.

in the Supreme Court  of Pennsylvaina

Middle District

in Re: the Thitry- Fifth Statewide              :   No. 197 MM 2014

investegantion Grand Jury

Petition of : Attorney General

kathleen G. Kane

Opnion

Carpenter                                                        : March   4, 2015


i agree with the Special Proscecutor requesus t that certain materials be nsealed or at a mininum disclosued to the Pennsylvaina Superme Court prior to argument on March 11, 2015

Disclosure is nexessary in order to rebut certon  arguments which are not founded on the true facts disclosure is necessry out of the fundamental necessity for a fair argument.

by the Court :

William R. Carpenter

Supervising judge of the thierty - fifth statewide invesatigating Grand Jury

*Judge Carpenter Violatioin to [ l]ssue Court Order on March 4, 2015 after His Term is Terminated as Acting Supervsing Judge to Grand Jury on June, 2014 theirafter his Opnion is Void and Denid*

*also Judge Carpnter Can't  inforced not to Disclosued or to disclosued or put limitation on disclosued information to Superme Court, Furthermor all Court disclosure are set by State of Pennsylvaina Criminal History Record  Information Act Chapter 91 of the Crimes Code of Pennsylvaina and 18 pa. C.S. A. 1901 et. seq., 1980 Cite as:    " Chira "*

*************************************************************************

in the Supreme Court  of Pennsylvaina

Middle District

in Re: the Thitry- Fifth Statewide                    :   No. 197 MM 2014

investegantion Grand Jury

SEALING ORDER

AND NOW, this 4th day of March, 2015 it is Hereby ORDERED that the attached Opinion be filed under seal with the Supreme Court of Pennsylvaina until further Order of this Court .

by the Court

William R. Carpenter

Supervising Jury

Violatioin no Right for judge carpenter Jurdiction to issue a Court Order after His term to Act Supervising Had expired by Order of Supreme Court on June, 2014 thereafter His Order is Void and Denied.

*********************************************************************************

IN THE COURT OF COMMON PLEAS MONTEGOMERY COUNTY, PA

IN RE:                                    Supreme Court of  Pennsylvaina

                                               No. 197 M.D.DV MISC.  KT. 2012 the

THE THIRTY-FIFTH STAATEWIDE        Montegomery County Common pleas

INVESATIGATING GRAND JURY          M.D.   2644 - 2012


ANSWER OF SPECIAL PROMSECUTOR

TO THE MOTION TO FILE UNDER SEAL THE QUO WARRANTO ACTION

of Attorney General Kathleen G.  Kane ,  INDV.

2- it is admitted that all proceedings associated with

the Thirty- Fifth Statewide Investegating  Grand  Jury together with pleadings presented to

both the court of Common pleas, Montegomery County, Pennsylvaina

and this Honorable Court " the Superme Court "

Investigating Grand Jury are under Seal - i t is denied that in the public interest all such pleadings should be under seal

Special prosecutor advocates that such pleading be made available to the pbulic

Whererfor, the Special Procecutor advocates that the Montion to File under Seal the Quo Warranto action

Violatioin to Suprme Court parameter's in Which no Grand Jury ever inpanaleing by Court Administration theiraftter the Motion by Judge Carpenter is Void and Denid. furthermor any Court order issue by Judge Carpenter after  His term is end on Date of June, 2014 is Void and Denid .

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
** Thomes Carluccio, Special Perscutor Instated in His Court
Statment that:
The Thirty- Fith Satewide Investigating Grand Jury thereafter
proceeded in conducting Investigations pursuant to submission
from the OAG.after the grand jury had been in session for more
than one year.
Fulse and Fraud by the Special Proscutor, Attorney General
Kathleen Kane Nor Her Desginated ever Grant a Submission to
Procceding after the Term of 35 Grand Jury Invesatigation Had
been expire.          No Court Ducouments on File founded to
Support Thomas Carluccio Claim.      See Id. # =======

Charges aginst Thomes Carluccio, Special Perscutor :
1-   Perjury - 18 Pa.C.S. $ 4902
"if in any official procceding he makes a false statement under
oath believe not to be true "
2-    False Swearing - 18 Pa.C.S.A $ 4903

Thomes Carluccio commited the crime of lalse swearing when he
makes a false statement under oath in writen and signture on a
Court record file .

3-    Obstructing the Administration of Law or other government
Function -  51  Pa.C.S.A $ 5101

A person commits a crime if they intetionaly obstruct, impair
or pervert the administration of Government.
```

\*\* Thomas E. Carluccio, Esq. as Special Prosecutor to the Invesatigating Grand Jury No. 35 appointed  by the Pennsylvaina Supreme Court.   violatioin  Suprmen Court never Appointed  Thomats E. Carluccio as

Special Procecutor, thier is No Court file found to Suppot Claim by Thomas E. Carluccio, Esq. as Special Prosecutor.

Charges : Fraud and Fulse Claim

EHXIBIT #  1-7-2015

**********************************

Police Criminal Complaint incudent number 2015- 1173 dated filed  08/06/2015 by Montgmery judge William R. Carpenter, Pennsylvania Common Pleas court 38-1 in Commonwealth of Pennsylvania V. Patrick Rocco Reese  for violatioof n Protectiveorder issuede on 27 day of August, 2014 in instractions for employees of the office of the Attorny General shall no have axxess to trascripts of proceeding before the grand jury or Supervising Judge , exhibits  or other information pertaining to the special prosucutor

Judge Carpenter issued a Protective orkder under 18 Pa. C.S.A. $ 4954 " Protective order"

on December 19, 2014, theis court made an investgation referrql to Montgomery County District Attornerny Risa Veri the feferral involved the Thirty – Fifth Statewide  Investgation Grand Jury's Recommendation that criminal charges  be filed against Attornerny General Kathleen G.Kane/ for violation to Grand Jury's seceracy and other crime that occurred in Montgomery County.

The Date for Police Criminal Complainat file August 6, 2015

 Examples of search query to gather infrmation including pricate email adress for Special Proseduter Thomas Carluccio and also to his Hon. Carolyn Carluccio, Judge of the court of Common Plea Montgomery County, the wife of the Special Procutor Tomas Carluccio

also Reese attempet to gather information on then Pennsylvania Supereme  Court Jugde Chif Justice Ronald D. Castille, " Who Supervised all Statewide Investegaeing Grand Jury incliding the Thirty-fife

Affidavite of Proble Cause

Attornerny General ; the office of the Attorny General was acquiring transcript of grand jury witness testimony ; and witnesses had been condronted as they arriced to testify and subject to intimidating conduct.

Among the frmation obtained by the Thirty- Fithth Statwide Ivestegation Grand Jury is the audit of notice 123 were Audit result from the Symantec Enterprise system ("Evault') and how the due Attornerny General Used the Coumputer prgram system, what is the system, who have access to use the suystem

and every one job disction on the Attorny General Office and theirafter job function on the  cumputer system

 Commonwealth vs. Patrick R. Reese

Vetri Ferman to use information gathered in the Thirty- Fifth Staewide Investigation Grand Jury, Notice # 123 to investegae the matter

the search of which they deemed to be suspicious du to the email subject lines anludded in this list is the audit date on which viwed and the contents of the email

Based on the abobe, investegaeion blieve that Reese repeatedly Violated Judge Carpenter's order stated that emplyees of the Office of the Attorney General shall not habe access to transcripts of proceeding before the Grand Jury or the Supervising Judge , exhibits, or tother information pertaining to the Special Prosecutor's investegation ( order, dated Aug. 27th, Attachment "A" ORDER"     Ali Investigation"

Attornerny General Kane had secretly shoutdown Undercover sting Ivestegation
the Special Prosecutor has issued several subpoenas to Kand Ind-
and to Her Office for expolre how secret records become public
the Panel conclude that Kane violated Grand - Jury Secrecy Rules
by leaking Invesatigative Material Furthermor the StatesGrand
Jury Chares Perjury and Contempt of Court order for a Person who
violated Grand Jury Cecrecy Rules


Pursuant to Pennsylvaina Constitution;
- declaratory judgment to defend the Constitutionality of
Pennsylvaina Admistrative Law as law body that govern all
government dministration agencies and activities in action that
includ Rule's making, adjuction or the inforcement of a Specific
Regulatory aginda for the  Three Branch's in the Government.

Legisltative     Pennsylvaina General Assembly who Autor the writ
                 of law in accordance to State Constitution
Excutive         Carries out the inforcement of law Statue
                 by inforcabilty of its Regulation
Judicial         Iterpetts Pa. Legislative Statue and Mandaatory
                 applies its Pervisions to individual case based
                 on fact of Rules of law as inacted.

**in accordance to brief he filed in February,
Montegomery County Judge Carpenter, Argued his appontment of
carluccio was completely appropriates and necssary when there is
a conflict of interest with the Attornerny General Office or the
Attornery General Herself
** Supreme Court Chief Justice Writen that Carpenter Acted with
in his Authoirity. " there's a lot of Authoirity for Judge
William Carpenter to do what he did "

Supreme Court Chief Justice Honarbal Judge Tom Saylor told the
Pennsylvaina press club luncheon earlier dated to Sept. 28- 2014
" Communication between State Prosecutors and Judges that appear
too Cozy can be traubling and could damage the public's
perecption of Justice System "
Perjary " Knolewdge to false Material declared in statment under
outh in Proceeding berore the Court. in Which Judge Carpenter
Declared in his Acting as Supervising Judge by Fourth after His
Term had Expire in violatioin to Suprme Court Order.
*** in fact, Saylor wrote Crpenter acted with his authoirity
prerogative in apponting the Special procecutor.

" in an interfiew, Ronal Castille, the Former Chife Justice who
Said:  If you can't win on the facts and the law, We may run on
the Republican ticket, but nobody is out to get her " form
Poltic and politico and case information related to Meadia Story
and law Order. in beliving in Media, what Media point of View
and Media Reportor under which the news Reader's learn from a
Bad Resorses without the Knoledgge of Topping and or how fare
the writer meant to deluded his redear, however It's all kosher. No one is
out to get her," Castille said. but the Inquirer in an Aug. 31 Story write that ;

Judge Castille who approved the frequest by Common Pleas Court
Judge William Carpenter for a Special prosucutor to look into
the issue.  in wining on the facts and the law, Supreme Court
Chife Justice never approved or rite any Court Order to approved
the Special Prosucutor theirafter the Midea and the Story is a
Lie and no one is lible to its lie in Media. See attachment No.
# 555

Presintment ( 35 grand jury) page # 9 of 27
on 3/24/14, the documentes requested sought information
pertaining to the Mondesire Invesatigation, and there are legle
and ethical prohibitions to releasing invesatigative documentes
of the Office the Criminal devision, and speciliealy referanced
the imporoierty of sisclosing doccumnts developed in the
Mondesire invesatigation.
**former First Assistant King where he viced his concers that
Mondesire information could not be disclosed out side the office
due to grand jury secrecy limitation.
** in his testemony Chef Deputy Attornerny General in charge of
Appeal and Legal Services James Baker immediatley concluded that
the ducouments that wre leaked to the press wre grand jury
information subjucts to secrecy protection
Chef Deputy A.G Baker conclusion whin he testified " i concluded
based upon my reading that grand Jury information had been
disclsed .

Presintment ( 35 grand jury) page #  14 of 27
She never made an attempt to determine how a leak of Grnd Jury
information occurred on  the Office of the Attorney General , a
Government Authoirity she has sworn to operate under the law

Pennsylvaina State Suprme Court Order to suspended the law
licnse of Pennsylvaina elected official : Attorny General
Kathleen Kane is consder as inforcement to remoning elected
official
"Fact and Law 2016 " even under the Suprme Court Order , the
Attorney General shall at all times continue to reprent the
Commonwealth until the end of Case See Id.  Chapter 3 Office of
General Section 303 Supersession and intervention.

- a potential braeach of grand jury secrecy protected by the law
the Special Procecutor to oversee an ivestigation of any offense
realted to and illegal disclosure of information protedted by
the law.

On December 18, 2014 the Thirty- Fifth Investigting Grand Jury
issued Presentment # 60 finding resonalble grounds to believe
that Attorney General Kane was invloved in violatioin of crminal
law of our Commonwealth.

On December 19, 2014, Judge Carpenter entered an order
acssepting Presentment # 60 Finding that the determination of
the Thirty - Fifth Statwide Invesatigating Grand Jury is
supported by Probale Cause and establishes a prima facie cas
aginst Attorney General Kathleen Kane

** On Desember 30, 2014 Judge Carpenter issued an opnion
responding to Attornerny General Kane Quo Warranto Action and
explaining that His Honor's authority to appoit a special
prosector derived from this Court's interpetation and
application of pertinent statues. IN WHICH JUDGE CARPENTER
VIOLATED EACH AND ALL COURT ORDER AS EXPLAINING.

** jUDGE CARPNTER SAID: DICUSSION FOR THE APPOINTMENT  of
Special Prosecutor was proper, My authoirity for the appointment
of a special prosecutor is based upon the case of In re Dauphin
County Fourt invetigating Grand Jury 610 Pa. 296, 19A, 3d 491 (
2014)
violation the Dauphin County case was during the time the Grand
Jury was Condronting the Relevant investigation indected that
the alleged investegaation is leaks and the Judge granted to
Perscuted the  , but not after the Investegation Grand Jury is
ended ,the case is  close  and  was save to file system then the

order given for published to inform the Public in accrdance to
Pennsylvaina State law of Crminal Infrmation Recor Act " CHRIA "

Bruce Ledgwitz Duquesne University Law Professor and Constitutunal Law expert Who Said

" ther's is no right to lie , even if the government body is improprly cinsututed"

the Answer to Your Quation How the perosecutor be Inhibited in Kane Case is based on Perjery by Judge Carpenter, who Lack of understaning the basic stracter of the court system and Law procceding ,

you can not accuse the attory General and or prejudge her if you lack the proper information.

U.S Right of Way Authoirity not Agree with Mr. Bruce Ledgwitz becuse in United States Court  to prove what  Bruce Said : Must Have prove, Evedence and Witnessses plus understanding the  basic Law.

2/2/ 2016

Chris Borick a Muhlenberg College Political science Professor  Said that " discretion also means Ferman will be under tremendous pressure from the media and Republican leadership" "Political calculus seems to favor Ferman's pursuit of charges" " I don't think she wants to be , as  a Republican, left with claim that she was soft of Kane"

my Massage to Mr. Chris Borick ,  first  thier is a Deferance between Poltic  and  the Right of Choise is Granted by the United State Constitution since the Declaration of Independent from Britain July, 4  1776 all Seeing eye, all seeing law, all Seeing Justice 2016  in Number from the Start to the End  01 Computer !

   PREAMBLE;

                          " In God We Trust "

WE, the people of the Commonwealth  of Pennsylvaina, grateful to Almighty God for the blessing of civil and religous Libery, and humbly invoking His guidance, do ordain and established this Constitution.

Voting Right Act singed into law by United States; President Lyndon Johnson ( 1908- 73 ) on August 6, 1965 aimed to over come leagl barriers at the state and local level that prevented african American from exersismg their right to vot under the 14 & 15 Amendment( 1870) to the United States Constitution and voting Right act  Granted in 1964  to United States Citizen Marten Luther King is inforced by Federal Law Authority.

what Mr. Borick Said in Politico doesn't have any whight  and  or Gravity in Law  Order and or Law inforcment,  the Right of Choise of a poltical party is Granted by election, after that no Right to political Party in Court House, theirafter I Recomanded to have a lawyer who understaning the Law .

Lanny Davis Kane's Attorney said  in Regard to ;

" the constitutunal argument that a member of the judiciary cannot appointed a procecutor"

we agree with Davis defens that Judge Carpenter declared an accused guilty not only before trail but before indictment and  He unlawfully exercise of Authoirity and His Opnion Contrary to Supreme Court Order which He violated and never Obey .

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

carpneter charges,

§4911. Tampering with Public Records or Information.

a) Offense defined. -A person commits an offense if he:

(1) knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for

information or record, or required by law to be kept by others for information of the government;


§5101. Obstructing Administration of Law or Other Governmental Functions.

A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental

function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act,

** Presentment is a Declaration of document issued by Grand Jury on its ownnitiative making accusation.
the Criminal Insanity is Related to Mental Condition in Which renders for a person unable to determined Right from Wrong.


COMMONWEALTH OF PENNSYLVANIA

COUNTY OF MONTGOMERY

BEFORE ME, the undersigned, personally appeared Thomas E. Carluccio, Esq. ("Affiant"),

who upon first being duly sworn by rne, deposed upon her/his oath and stated as follows:

1. I, Thomas E. Carluccio, Esquire, am the Special Prosecutor to the 35th Statewide Grand Jury

("35th Investigating Grand Jury"), and the Affiant hereunder.

2. Memorandum prepared by William Davis, Esq. Deputy Attorney General and assigned

Prosecutor to the 291h Investigating Grand Jury- I hereby state that the 35th Investigating

Grand Jury received testimony from one or more witnesses that a Memorandum prepared by

*[handwritten:] Judge carpe or Assigne for 35 Inv only.*

*[handwritten:] need a permission for 29 Generl AS/Supreme Court aproval only from Attorney*

William Davis, Esq. Deputy Attorney General and assigned Prosecutor to the 29th Investigating

Grand Jury was made available within an office environment to staff and/or others, where the

Memorandum was subsequently reviewed and delivered to unauthorized persons, including

mernbers of the press

3. Recorded and Transcribed Statement of Special Agent Michael Miletto - Moreover, I hereby

state that 351h Investigating Grand Jury received testimony from one or rnore witnesses that a

recorded and transcribed statement of Special Agent Michael Miletto pertaining to his activities

and knowledge of particulars associated with the subject matter of the 29th Investigating Grand

Jury was procured by one or more persons who did not participate in the said the 29th

Investigating Grand Jury, and was subsequently reviewed and delivered to unauthorized persons,

including rnernbers of the press.

4. For purposes of this Affidavit, I define the aforesaid Memorandum, and Recorded and Statement

to be collectively referenced hereinafter as "Confidential Records" and are subject to prohibitions

on their singular and collective disclosure to third persons by operation of 42 Pa.C.S. §4549(b).

5. The Confidential Records contain information which clearly identifies facts, witnesses and events

which are part of the 29th Investigating Grand Jury, all of which is deerned part of the sealed

• record of such Grand Jury, and as such is secret and confidential, subject to disclosure upon

application to the appropriate overseeing court.

6. Any disclosure of the Confidential. Recordv or information thereto to unauthorized persons may

represent criminal act(s) under 42 Pa.C.S. §4549(b). and/or 18 Pa.C.S. -§5101.

• 7 . It was disclosed to the 35th Investi atin

8. Further,

9. The purpose in seeking the testimony of Attorney General Kane under the subject subpoena, is to

determine if Attorney Kane maintains direct or inferential information on matters pertaining to

the unauthorized disclosure of the existence and contents of the Confidential Information

including without limitation: (a) what persons were present at the subject staff meetings and/or conferences; (b) whether she or others were aware of the presence of the Confidential Information at such staff meetings and/or conferences; (c) whether she or others were aware that the Confidential Information was at all times deemed private and confidential due its inclusion into the evidence of the 291h Investigating Grand Jury; (d) to explore whether Attorney General Kane maintains information to assist the Grand Jury in determining if the Confidential Information was reviewed, copied, possessed, discussed and/or distributed among one or more unauthorized third persons; and (e) the identity of those person(s) who impermissibly disclosed the Confidential Information to members of the press or the general public.

10. Upon reasonable information and belief, the Affiant hereby asserts that Attorney General Kane be compelled to testify and subject herself through the issued subpoena to a reasonable line of questioning on those issues as aforementioned, together with questions on concerns that may arise in the development of her testimony and such testimony is proper and warranted under the circumstances.

11. The Affiant hereby certifies that the testimony of Attorn7 General Kane is either: directly relevant and material to the investigation undertaken by 35" Investigating Grand Jury; or upon information and reasonable belief will lead to relevant and material information relating to the unauthorized disclosure of the Confidential Information.

12. The Affiant hereby states that the service of a subpoena upon Attorney General Kane for her testimony is warranted under the circumstances, represents a good-faith basis for compelling such testimony, and that Affiant seeks such testimony for no other inappropriate basis.

13. Affiant herein verifies that the statements in this Affidavit are both truthful and correct to the best of his knowledge, information and belief. Further, Affiant acknowledges that the statements made herein may be subject to the,penalties of 18 Pa. C.S.A. 4904 relating to the falsification to authorities.

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 1 DAY

OF OCT,2014

Thomas E. Carluccio, Esquire - Affiant

Special Prosecutor for the 35 Statewide Grand Jury

The Hon. William R. Carpenter

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Police Criminal Complaint incudent number 2015- 1173 dated filed  08/06/2015 by Montgmery judge William R. Carpenter, Pennsylvania Common Pleas court 38-1 in Commonwealth of Pennsylvania V. Patrick Rocco Reese  for violation Protectiveorder issuede on 27 day of August, 2014 in instractions for employees of the office of the Attorny General shall no have axxess to trascripts of proceeding before the grand jury or Supervising Judge , exhibits  or other information pertaining to the special prosucutor

Judge Carpenter issued a Protective orkder under 18 Pa. C.S.A. $ 4954 " Protective order"

on December 19, 2014, theis court made an investgation referrql to Montgomery County District Attornerny Risa Veri the feferral involved the Thirty – Fifth Statewide  Investgation Grand Jury's Recommendation that criminal charges  be filed against Attornerny General Kathleen G.Kane/ for violation to Grand Jury's seceracy and other crime that occurred in Montgomery County.

The Date for Police Criminal Complainat file August 6, 2015

 Examples of search query to gather infrmation including pricate email adress for Special Proseduter Thomas Carluccio and also to his Hon. Carolyn Carluccio, Judge of the court of Common Plea Montgomery County, the wife of the Special Procutor Tomas Carluccio

also Reese attempet to gather information on then Pennsylvania Supereme  Court Jugde Chif Justice Ronald D. Castille, " Who Supervised all Statewide Investegaeing Grand Jury incliding the Thirty-fife

Affidavite of Proble Cause

Attornerny General ; the office of the Attorny General was acquiring transcript of grand jury witness testimony ; and witnesses had been condronted as they arriced to testify and subject to intimidating conduct.  Among the frmation obtained by the Thirty- Fithth Statwide Ivestegation Grand Jury is the audit of notice 123 were Audit result from the Symantec Enterprise system ("Evault') and how the due Attornerny General Used the Coumputer prgram system, what is the system, who have access to use the suystemand every one job discition on the Attorny General Office and theirafter job function on the cumputer system

Commonwealth vs. Patrick R. Reese

Based on the abobe, investegaeion blieve that Reese repeatedly Violated Judge Carpenter's order stated that emplyees of the Office of the Attorney General shall not habe access to transcripts of proceeding before the Grand Jury or the Supervising Judge , exhibits, or tother information pertaining to the Special Prosecutor's investegation ( order, dated Aug. 27th,  Attachment "A" ORDER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Article V

THE JUDICIARY

Unified Judicial System Section 1.

The judicial power of the Commonwealth shall be vested in a unified judicial system


Supreme Court Section 2.

The Supreme Court

(a) shall be the highest court of the Commonwealth and in this court shall be reposed the supreme

judicial power of the Commonwealth;


Right of Appeal Section 9.


Prohibited Activities Section 17.

(b) Justices and judges shall not engage in any activity prohibited by law and shall not violate

any canon of legal or judicial ethics prescribed by the Supreme Court. Justices of the peace

shall be governed by rules or canons which shall be prescribed by the Supreme Court.


(d) * nor "Judges" shall any of them exercise any power of appointment except as provided in this

Constitution.

*[handwritten annotations throughout the page]*

here is no Re
te istablished tio
istory of Applicatio
the AttorNey GO
or the Re
Must be AGO

B

it is only
exist under old
court order

I'll
the Approval First from previse

is Right to
ppinted with out approval First

No write A3
for Re
without the
Approval First
From the elected
Attorney General
Kane

FILED
2/18/2015
Supreme Court
Middle District

+ under the
+ seal of

197

Criminal
Record
History Act
42 Pa. C.S.A. §9106 (CHRIA)

Attorney General
C.S Group.
Extrawide
and FoR 35c

**IN THE SUPREME COURT OF PENNSYLVANIA**

DOCKET NO. #197 MM 2014

IN RE: THE 35TH STATEWIDE INVESTIGATING GRAND JURY

(PETITION OF ATTORNEY GENERAL KATHLEEN G. KANE

**BRIEF OF SPECIAL PROSECUTOR**

**in Opposition to the Quo Warranto Action
of Attorney General Kathleen G. Kane**

42 Pa
323
4548

A Direct Appeal from the Order Entered on May 29, 2014 by the Honorable William R.
Carpenter, Supervising Judge of the Thirty-Fifth Statewide Investigating Grand Jury, Appointing
Thomas E. Carluccio, Esquire as Special Prosecutor

Judge don't Have any write to write appeal of the

there is No Title by the Name of supervising judge

ever granted to
the judge carpenter
from the Unified
court system
judge carpenter can't Asume any Title
UNLESS it is Authorized by Law

Thomas E. Carluccio, Esquire
Attorney I.D. No. # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
*Special Prosecutor of Investigating
Grand Jury No. #35*

on the Moon

Dated: February 18, 2015

Violation
No Right
Void

Received in Supreme Court
FEB 1 8 2015
**Middle**
order
3-16-2015



# IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:

**THE STATEWIDE**

**INVESTIGATING GRAND JURIES**

MD 1424 - 2014

**MONTGOMERY COUNTY COMMON PLEAS**

In Re: Powers and Responsibilities of
Special Prosecutor Exercising
Extraordinary Jurisdiction; on Allegations that
Secret Grand Jury or Related Information was
Unlawfully and/or Negligently
Accessed/Released/Compromised

## SEALING ORDER

AND NOW, this 29th day of May, 2014, it is hereby ORDERED, that the attached

Order of May 29, 2014 be filed under seal with the Clerk of Courts of Montgomery

County until further Order of this Court.

**BY THE COURT:**

**WILLIAM R. CARPENTER,**      J.
**Supervising Judge**

True and correct Copy
Certified from the record
This 29 Day of MAY A.D. 20 14

Clerk of Courts

*(handwritten annotations throughout, including: "MD1424 2012 2014 violation", "Violation Date Expire 18 Month", "There was No supervising Judge on that date", "have any order not Letter between two Judges violation must be between first General Attorney to send super court supreme Judge", "2014 MAY 29 AM 8:53 Clerk of Courts Office Montgomery County Penna.")*

*in Media every one is intital to Hrs or Her opnio.*
*in Court only the Law Stand beased on fact 2016*

The leak inquiry was prompted by a Philadelphia Daily News article in June that
drew heavily upon a 2009 internal memo prepared as part of a grand jury
investigation that summarized the status of the Mondesire probe.

The newspaper story questioned whether top prosecutors in the office at the time,
including then-Chief Deputy Attorney General Frank G. Fina, had pursued the
Mondesire probe aggressively.

On March 21, five days after the Inquirer article was published, special agent
Michael Miletto gave one of Kane's supervisors a taped interview about his
involvement in that investigation, court records show.

A transcript of Miletto's interview, as well as a 2009 memo written by then-Deputy
Attorney General William Davis Jr., then were given to a Philadelphia Daily News
reporter.

"It's all kosher. No one is out to get her," Castille said.

Castille, a Republican who just retired after 21 years on the high court, said
grand jury probes must remain secret so people investigated but never charged are
not unfairly tarred, a rule he said was violated by a leak from Kane's office.

Kane has acknowledged that she knew material from her office was given to the
newspaper, but she said her conduct was lawful and not an illegal leak.  Kane
claimed she dropped the sting case because it was poorly run and tainted by race.
She claimed Fina, who is white, and another agent, who is black, had targeted black
lawmakers

On March 21, five days after the Inquirer article was published, special agent
Michael Miletto gave one of Kane's supervisors a taped interview about his
involvement in that investigation, court records show.

A transcript of Miletto's interview, as well as a 2009 memo written by then-Deputy
Attorney General William Davis Jr., then were given to a Philadelphia Daily News
reporter.

**In an Aug. 31 story, the Inquirer revealed the grand jury involving Kane.**

On Oct. 17, Carluccio filed an affidavit seeking Kane's testimony about two leaked
"confidential records." The affidavit, made public last week, listed them as a
William Davis memo and as Miletto's interview transcript.

Kane testified Nov. 17 in Montgomery County. Before entering the grand jury room,
she told reporters she knew about the leak of Miletto's interview transcript, but
not the alleged leak of the 2009 memo.
In February 2013, Kane announced she could not release her Sandusky review until a
judge approved its contents.

*Attachme 5 5 5*

**Castille, who approved the request by Common Pleas Court Judge William Carpenter
for a special prosecutor to look into the issue**

**Chief Justice Ronald D. Castille at the request of William R. Carpenter, a
Montgomery County Court judge.**

Carpenter, a former prosecutor, presides over a statewide investigative grand jury
- one that looks into matters involving Philadelphia and surrounding counties -
that is the successor jury to the one involved with the Mondesire matter six years

*in Media every one is intital to Hrs or Her opnio in Court only the Law Stand beased on fact 2016* — handwritten marginalia: *writer are Authorized by Law - in Court Justice cas it is (ever intertregt stand or it is not to be write)* ; *not Justice cas it* ; *corraption*



reports, and all other proper activities of the Thirty-Fifth Statewide Investigating Grand Jury, Judge William R. Carpenter, as supervising Judge, shall have jurisdiction over all counties throughout the Commonwealth of Pennsylvania. (*See* **Exhibit E** at ¶ 2.)

The Thirty-Fifth Statewide Investigating Grand Jury was impaneled in January 2013. The Thirty-Fifth Statewide Investigating Grand Jury thereafter proceeded in conducting investigations pursuant to submissions from the OAG. After the Grand Jury had been in session for more than one year, Judge Carpenter became aware of circumstances indicating that secret information related to a previous statewide investigating grand jury had been leaked. Supervising Judge Carpenter was informed, by a correspondence from former Office of the Attorney General (OAG) prosecutors, of a potential breach of grand jury secrecy. (*See* letter dated May 8, 2014 from former prosecutors of the OAG to the Supervising Judge, **Exhibit F**.) In response, Judge Carpenter conducted an *in camera* hearing on May 12, 2014. At such time, no events known by the Supervising Judge, nor other information before the Supervising Judge warranted more than what would be recognized as a straightforward investigation for contempt of court as recognized under The Investigating Grand Jury Act of 1978, 42 Pa.C.S. §4541, *et seq.*

In view of information obtained in the *in camera* hearing, Judge Carpenter was unable to determine the counties from which the source or sources operated in the unlawful disclosure of grand jury materials afforded secrecy protection. As such, assignment for investigation of the breach to a given county district attorney

*obvious*
*What the Law grant by its grantor and the Author of Law, the Congress and the sent*



was untenable under the circumstances.[1]

*these was NO*

What was clear from such Hearing was that the breach of grand jury secrecy included publication of certain documentation relating to grand jury proceedings,

*2015*

and that such documentation was believed to be in the exclusive control of the

*2015*
*Treaty*

OAG.  Clearly, there was no reasonable option available to Judge Carpenter to seek assistance of the Attorney General in undertaking an investigation into the breach.  The conflict of interest in having the OAG undertake an investigation into its own internal affairs, and members of its staff was patently obvious.

*3 based on only D.A but not OAG.*

*taking the matter in His own hand open His own Special Count*

Accordingly, it is clear that in good-faith, Judge Carpenter embarked upon appointing a Special Prosecutor for the limited purpose of investigating offenses related to an alleged disclosure of information protected by law arising from violations of Grand Jury secrecy.  In furtherance of such charge, the Special Prosecutor was afforded the necessary, but limited, authority to subpoena

*what about Law*

witnesses.  (*See* **Exhibit A**.)  The appointment was made within refined and well-focused parameters, and the appointed Special Prosecutor was not authorized by the Order to pursue investigation of other matters, in an indiscriminate manner, or for an indeterminate time period.  Attorney General Kane in her Supplemental Brief suggests to the contrary, and thereby provides the unwarranted

---

1 The Supervising Judge would also have to consider with the appointment of a District Attorney issues beyond simple jurisdiction, including, but not limited to, maintaining oversight, secrecy, and conflicts of interest.

*This subpoena's Attach page 7*

mischaracterization that the appointed Special Prosecutor was authorized to conduct himself in an unconstrained fashion.

As a result, following "an *in camera* proceeding which established that there was a leak of secret Grand Jury information," on May 29, 2014, Judge Carpenter "found that there was 'reasonable grounds to believe that a further more substantive investigation' into allegations that statewide Grand Jury secrecy may have been compromised was warranted, and on that date [Supervising Judge Carpenter] appointed Thomas E. Carluccio, Esquire as Special Prosecutor." (*See* Judge Carpenter's Opinion dated December 30, 2014, **Exhibit B**.)

Judge Carpenter explained in his Order appointing Carluccio as Special Prosecutor that he did so pursuant to the Grand Jury Act of 1978, 42 Pa.C.S. § 4541 *et seq.* and the corresponding Pennsylvania Rules of Criminal Procedure, as well as multiple precedents from this Honorable Court related to supervising judges' appointments of special prosecutors to oversee investigations of leaks of secret grand jury information. (*See* Supervising Judge Carpenter's May 29, 2014 Order appointing Carluccio as Special Prosecutor, **Exhibit A**.) The Order specified that Carluccio was appointed Special Prosecutor for the limited purpose of overseeing the Grand Jury's investigation into a leak of secret grand jury information. (*See* **Exhibit A**.) A copy of the May 29, 2014 Order was served on the Attorney General. *Id.* Throughout Carluccio's service as special prosecutor, the

-9-

*she Have the Right*

Kane, reports in news media quoting sources within her inner circle familiar with the matter, and later confirmed by Attorney General Kane herself. Indeed, on page 7 of her Supplemental Brief, Attorney General Kane asserts that she answered truthfully all questions of the Special Prosecutor, and admitted she allegedly authorized the release of a 2014 Memorandum, because she believed it did not contain confidential grand jury information.

The subject 2014 Memorandum effectively represented an interview transcript of a special agent within the OAG who is questioned at Attorney General Kane's direction about a 2009 grand jury investigation undertaken by prior staff attorneys within the OAG. This transcript, alone, includes grand jury information. In addition, there was a 2009 Memorandum detailing grand jury testimony and evidence that was publicly disclosed along with the 2014 transcript. Attorney General Kane has advanced the assertion that she was free to release the 2014 Memorandum, because she was not an interested party to the subject grand jury investigation due to her being a stay at home mother at the time of the 2009 grand jury, and additionally that she did not sign an Oath of Secrecy pertaining to the subject grand jury, and thus had not contractually imposed upon herself an

*New GSTA Directed by Actor in charge of Acting as Chair Made by Carpenter*

*Case is Close*
*Right to Sun Shine Law*

*& the Law of future Contract befor Make any chair of wood by Carpenter, a 25 deposit Must be Deposit befor any ABroval by owes order*

# Pennsylvania General Assembly

http://www.legis.state.pa.us/cfdocs/legis/LI/consCheck.cfm?txtType=HTM&ttl=42&div=0&chpt=3&sctn=23&subsctn=0

Home / Statutes of Pennsylvania / Consolidated Statutes / Title 42

## Title 42

🖶 Print

§ 323.   Powers.
   Every court shall have power to issue, under its judicial seal,
every lawful writ and process necessary or suitable for the
exercise of its jurisdiction and for the enforcement of any order
which it may make and all legal and equitable powers required for
or incidental to the exercise of its jurisdiction, and, except as
otherwise prescribed by general rules, every court shall have
power to make such rules and orders of court as the interest of
justice or the business of the court may require.

*[Handwritten annotations:]*

in Accordance to Genor Rules by Law Statue to Pennsilar Stat

→ ① 1981 Attorney General Act

② Crminal Record informatio Act "chrie"

② Office of Attorny Genal Act
to inforce by Court may require
to inforce the pennsylvania General Assembly rite
as the only Author to the Law Statue that
was the Supreme Court mandatry rite 2016



fact that the alleged leak involved secret information from an earlier grand jury is irrelevant because supervising judges have an ongoing duty to protect the secrecy of grand jury proceedings.

*Dauphin County* therefore applies to the present case. Presented with "colorable allegations or indications that the sanctity of the grand jury process ha[d] been breached and those allegations warrant[ed] investigation," Supervising Judge Carpenter's appointment of Carluccio as special prosecutor to investigate the alleged leak of secret grand jury information was appropriate under this Court's holding in *Dauphin County. Id.* at 504.

In addition, Section 323 of the Judicial Code and 4548 of the Grand Jury Act authorized Judge Carpenter to appoint Carluccio as special prosecutor in this case. *See* 42 Pa. C.S. §§ 323 and 4548.

Finally, Attorney General Kane's reliance on *Smith v. Gallagher* is misplaced. The Court in that case held that the Judge who directed the empanelment of a "special grand jury" in that case had no authority to do so. There is no allegation in the present matter that the Thirty-Fifth Statewide Grand Jury was improperly empanelled or that Supervising Judge Carpenter had no authority to oversee it. *Smith* is thus inapplicable to the matter before the Court. That Court's *dicta* regarding special prosecutors in the Commonwealth is no longer valid: special prosecutors have been appointed in numerous cases in the six



*15 Oct 10 2012

*to ask only who to ask him to Investigate Has the first Right to the time based on the Investigation + Not the Voting Right Not to i off violation

Closed 4 10 2014 Violation

✓ end of case

8. The Attorney General of the Commonwealth of Pennsylvania, or her designee in charge of the Thirty-Fifth Statewide Investigating Grand Jury, may apply, if necessary, to the Supervising Judge for an extension of the term of the Thirty-Fifth Statewide Investigating Grand Jury for an additional period of up to six months, if, at the end of its original term, the investigating grand jury determines by majority vote that it has not completed its business. The grand jury's term, including any extension thereof, shall not exceed 24 months from the date it was originally impaneled by the Supervising Judge.

Violation

✓ Important

Oct - 5 - 2012 → +
Oct - 5 - 2014

Ronald D Castille
RONALD D. CASTILLE
Chief Justice of Pennsylvania

don't have any time to pursue the filling charges because the Existence end in Justice from the time the start wrong

SAVIOR Nova order of Seculari 2015 Right of way Authority

Liberty

Harrisburg

12 CoM Right of Way

Freedom

Trustor

**TRUE & CORRECT COPY**

ATTEST OCT - 5 2012
ELIZABETH E. ZISK
CHIEF CLERK

salt comes from earth is also Ashes to Ashes

*[handwritten annotations: "end of the case 2016", "pattasda Mission", "History 1922", "PRRYAC", "2015", "Read", "Dale"]*

First Assistant Attorney General  Bruce Beemer, former Senior Executive Deputy Attorney General Linda Dale Hoffa,  former First Assistant Attorney General Adrian R. King, Jr,  Agent Peifer, and Chief Deputy Attorney General in charge of Appeal and Legal Services James  Barker – all of whom agreed that the contents of the 2009 Memorandum and information from the 2009 Grand Jury investigation were subject to grand jury secrecy protection.  Multiple witnesses also testified that the release of the materials was a clear violation of the Criminal History Records Information Act 18  Pa.C.S.A. §9106 (CHRIA).

It is noted that the 2009 Grand Jury investigation concluded without a presentment or indictment of Mondesire.

*[handwritten: "It is a prosecutor job not judge"]*

(ii)  **MEETING WITH FIRST DEPUTY ATTORNEY GENERAL BRUCE BEEMER**  *[handwritten: "BC3 min"]*

After Agent Peifer's initial conversation with Agent Miletto, a meeting was held with then Chief Deputy Attorney General Beemer (now First Assistant) who testified he reviewed the 2009 Memorandum and the information during the meeting and determined that the concerns of Agent Miletto were not worthy of additional attention.  In reaching his conclusion, Chief Deputy A.G. Beemer acknowledged that there was no ongoing criminal investigation of Mondesire, as warranted by the conclusions reached by the 2009 Grand Jury, and there were issues with bringing charges against him due to the applicable statute of limitations.

Beemer testified,   *[handwritten: "The Right call"]*

> *"I remember thinking to myself I don't see how this is a problem for this Administration at all.  In fact, what was being described to me seemed to be what I will call a 'dead case.'  I mean, it was a grand jury investigation that as I understood it for what he was saying had led to one arrest.  The individual, this Jerome Mondesire, had not been charged with anything."*

*[handwritten: "V.1", "the Answer", "Court", "publicity", "dead case"]*

*[handwritten: "232", "2015", "Very impoortant"]*



## Unofficial Purdon's Pennsylvania Statutes from WestlawNext

Home Table of Contents

### § 4544. Convening multicounty investigating grand jury
Purdon's Pennsylvania Statutes and Consolidated Statutes
Title 42 Pa.C.S.A. Judiciary and Judicial Procedure

Purdon's Pennsylvania Statutes and Consolidated Statutes
  Title 42 Pa.C.S.A. Judiciary and Judicial Procedure (Refs & Annos)
    Part V. Administration of Justice Generally
      Chapter 45. Juries and Jurors (Refs & Annos)
        Subchapter D. Investigating Grand Juries (Refs & Annos)

42 Pa.C.S.A. § 4544

### § 4544. Convening multicounty investigating grand jury

Currentness

**(a) General rule.**--Application for a multicounty investigating grand jury may be made by the Attorney General to the Supreme Court. In such application the Attorney General shall state that, in his judgment, the convening of a multicounty investigating grand jury is necessary because of organized crime or public corruption or both involving more than one county of the Commonwealth and that, in his judgment, the investigation cannot be adequately performed by an investigating grand jury available under section 4543 (relating to convening county investigating grand jury). The application shall specify for which counties the multicounty investigating grand jury is to be convened. Within ten days of receipt of such application, the court shall issue an order granting the same. Failure by an individual justice to grant such application shall be appealable to the entire Supreme Court.

**(b) Contents of order.**--An order issued under subsection (a) shall:

(1) convene a multicounty investigating grand jury having Statewide jurisdiction, or jurisdiction over all counties requested in the application by the Attorney General;

(2) designate a judge of a court of common pleas to be the supervising judge over such multicounty investigating grand jury and provide that such judge shall with respect to presentations, presentments, reports, and all other proper activities of said investigating multicounty grand jury, have jurisdiction over all counties in the jurisdiction of said multicounty investigating grand jury;

(3) designate the counties which shall supply jurors and in what ratios;

(4) designate a location or locations for the multicounty investigating grand jury proceeding; and

(5) provide for such other incidental arrangements as may be necessary including the Commonwealth's share of expenses. All matters to be included in such order shall be determined by the justice issuing the order in any manner which he deems appropriate, except that the Supreme Court may adopt general rules, consistent with the provisions of this section, establishing standard procedures for the convening of multicounty investigating grand juries.

**(c) Manner of impaneling.**--The multicounty investigating grand jury shall be impaneled in the manner provided or prescribed by law.

**(d) Effect on district attorneys.**--The impaneling of a multicounty investigating grand jury shall in no way diminish the responsibility and the authority of the district attorneys within their jurisdictions to investigate and prosecute organized crime or public corruption or both.

**Credits**
1980, Oct. 5, P.L. 693, No. 142, § 216(a)(2), effective in 60 days.

42 Pa.C.S.A. § 4544, PA ST 42 Pa.C.S.A. § 4544
Current through 2015 Regular Session Acts 1 to 61

END OF DOCUMENT

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

© 2015 Thomson Reuters

*[handwritten: There were no grand jury in pance in Accordence to the law] [circled: 171] [circled: we] [handwritten: fraud + false]*

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, PENNSYLVANIA

*[handwritten: Date]* [circled: 2012]

IN RE:

THE THIRTY-FIFTH STATEWIDE

INVESTIGATING GRAND JURY

> SUPREME COURT OF PENNSYLVANIA
> NO. 171 M.D.D MISC. KT 2012
>
> MONTGOMERY COUNTY COMMON PLEAS
> M.D. 2644-2012
>
> NOTICE No # 123

TO THE HONORABLE WILLIAM R. CARPENTER, SUPERVISING JUDGE:

*[handwritten: who Writ to the Judge]* *[handwritten: fruad]*

PRESENTMENT No. # **60**

*[handwritten: Name]* *[handwritten: Extra Wide in 2015]*

We, the Thirty-Fifth Statewide Investigating Grand Jury, duly charged to inquire into offenses against the criminal laws of the Commonwealth, have obtained knowledge of such matters from witnesses sworn by the Court and testifying before us. We find reasonable grounds to believe that various violations of the criminal laws have occurred. So finding with no fewer than twelve concurring, we do hereby make this Presentment to the Court.

*[handwritten: who wed The 35]* *[handwritten: who we]*

_____
Foreperson – The Thirty-Fifth Statewide
Investigating Grand Jury

*[handwritten: No Mach in date violation fruad]*

[boxed & circled: DATED: The 18 day of December, 2014] → [circled: 2014]

*[handwritten: who writed the P.N # 60]*

**EXHIBIT B**

*[handwritten: violation old file date of old date cant change ta can't chang to be used with a new date]*



*fraud — who in word*
*of we Has A authorize the*
*Amendment* →

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| IN RE: | : SUPREME COURT OF PENNSYLVANIA<br>: NO. 171 M.D. MISC DKT. 2012 |
| THE THIRTY-FIVE STATEWIDE | : |
| | : MONTGOMERY COUNTY COMMON PLEAS |
| INVESTIGATING GRAND JURY | : M.D. 2644-2012 |
| | : |
| | : NOTICE NO. 123 |

*Very important*

## TO THE HONORABLE WILLIAM R. CARPENTER, SUPERVISING JUDGE:

### PRESENTMENT #60

We, the Thirty-Fifth Statewide Investigating Grand Jury, authorize the Amendment of Presentment # 60 to properly reflect the name and citations to Obstructing Administration of Law or other Governmental Function 18 Pa. C.S.A. §5101 (pages 26, 27) and Official Oppression 18 Pa. C.S.A. §5301 (page 27).

_____
**FOREPERSON – The Thirty-Fifth Statewide
Investigating Grand Jury**

DATED: The 19th day of December, 2014

*who sign*
*violation*
*fourge signature*

*no Court record*
*found To Suport*
*Judge Carpent claim*
*5 years pres.*

*No Right To Amendment by*
*any one in Accordance To supreme*
*Court order parameter Exept the Att.*

No 176 not 171

Look for

violation

171
2012
to
Date
2012
2644

# IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:

THE THIRTY-FIFTH STATEWIDE

INVESTIGATING GRAND JURY

SUPREME COURT OF PENNSYLVANIA
NO. 171  M.D.D MISC.  KT 2012

MONTGOMERY COUNTY COMMON PLEAS
M.D. 2644-2012

NOTICE No # 123

ORDER SEALING PRESENTMENT NO. # 60

The Court has accepted Presentment No # 60. This Presentment shall be sealed and no person shall disclose a return of the Presentment except when necessary for issuance and execution of process, or as otherwise directed or permitted by Order of the Supervising Judge.

False
Fraud
Forge

SO ORDERED this 19 day of December 2014.

12-19-2014

_____
Hon. William R. Carpenter
Supervising Judge

No Right ever granted in Accordance to the Law in which the Grand Jury investigation start

Presentment (35th Grand Jury)                    Page #1 of 27

to grant extencen of time by the Judge of the Set Court

→ No Right for Judge carpenter to sign + Extend the time of PRESENTMENT No. 60 →

## Violation

No Right ever granted for exten
of time since the investegation grand
Jury started on october 4, 2012
   Judge carpenter Violated the Rules
of law by Sign the order of presement
No. 60 from Date of 19 - December
2014 from the Date of 2012 to
to         the Date of 2014
No Right To Exten  of tim
No Right To Sien  Must Have
Abroval from the Attorney General
After the Date of March 4, 2014
because Judge Supervis time Had been expir on
March 4, 2014 (unless their prior a)

furd Siegn

No Right for the Court To accepted
presentment #60 because tim for Judge

*Can we by petition* *Equiter*
*Abrove by some one Else*

*to Himself not as the Law requir* **???**

### IN THE COURT OF COMMON PLEAS
#### MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:                              : SUPREME COURT OF PENNSYLVANIA
                                    : NO. 171 M.D. MISC DKT. 2012
THE THIRTY-FIVE STATEWIDE           :
                                    : MONTGOMERY COUNTY COMMON PLEAS
INVESTIGATING GRAND JURY            : M.D. 2644-2012
                                    :
                                    : NOTICE NO. 123

**ORDER ACCEPTING PRESENTMENT NO #60**

I accept and approve of the Amendments to Presentment No #60.

SO ORDERED this 19th day of December, 2014.

**BY THE COURT:**

_____    J.
**WILLIAM R. CARPENTER,**
**Supervising Judge**

*as The Supreme Court order*

*The Amendment to Extend for what Equiter*
*Accepted violated Supreme Court order*
*Because The Right for Attorney General for Her disqualization by the Above*

*Violation*
*No Right to The Amendments only granted to the Attorney General + Here Desison*
*because His term as a supervising Judge*
*Has ended*
*No Right to Accepet*

*INTRODUCTION*

*Page 3*

*[handwritten: Xm 55]*

*[handwritten: + this papper is Forge XXXX]*
*[handwritten: this papper that case]*
*[handwritten: + False]*

**FILED UNDER SEAL**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

*[handwritten: ??? ?? 197]*

IN RE:

THE THIRTY-FIFTH STATEWIDE
INVESTIGATING GRAND JURY

*[handwritten: Timmy]*

SUPREME COURT DOCKET
NO. 197 MM 2014

MONTGOMERY COUNTY
COMMON PLEAS
NO. 2644-2012

*[handwritten: because limition of statue Authority]*
*[handwritten: + because Limition of]*
*[handwritten: HE CaN Not]*

**OPINION**

CARPENTER J.

*[handwritten: attatch His caseToo old CasefiLike that]*

**DECEMBER 30, 2014**

FACTUAL AND PROCEDURAL HISTORY

On May 29, 2014, this Court in its capacity as Supervising Judge of the Thirty-Fifth Statewide Investigating Grand Jury, found that there were "reasonable grounds to believe a further more substantive Investigation" into allegations that statewide Grand Jury secrecy may have been compromised was warranted, and on that date this Court appointed Thomas E. Carluccio, Esquire as Special Prosecutor.

*[handwritten: - No Right Expire]*
*[handwritten: - No Right to Apot at special prosecuter]*
*[handwritten: I see you]*

Specifically, the May 29, 2014 Order followed an *in camera* proceeding which established that there was a leak of secret Grand Jury information and that the leak most likely came from the Office of the Attorney General. Accordingly, I determined that the appointment of a Special Prosecutor was necessary and appropriate.

**ISSUES**

*[handwritten: INProper]*

I.     Whether the appointment of a Special Prosecutor was proper.     *[handwritten: yes Moto]*

II.    Whether the Quo Warranto Action is now moot.

*[handwritten: 5]* *[handwritten: who is]* *[handwritten: the time Has Expire for #197 MM 2014]*

*No Right Ended on october 5, 2014 if Judge carpenter need any Extinsion of time, He then Must Aske the Attorney General for Exten of time — (No Extension of Time found in Accordce to Supreme Court Judge order*

## IN THE SUPREME COURT OF PENNSYLVANIA
### MIDDLE DISTRICT

IN RE:

THE THIRTY-FIFTH STATEWIDE
INVESTIGATING GRAND JURY

PETITION OF: ATTORNEY GENERAL,
KATHLEEN G. KANE

SUPREME COURT OF PENNSYLVANIA
NO. 197 MM 2014

*???? OR ( 171 MM*

*????*

---

## CERTIFICATE OF SERVICE

I, Thomas E. Carluccio, Esquire do hereby certify that a true and correct copy of the *Brief of Special Prosecutor in Opposition to the Quo Warranto Action of Attorney General Kathleen G. Kane* has been filed of record with the Pennsylvania Supreme Court , and a copy of which has been directed on the 18ᵗʰ day of February, 2015 by first class U.S. Mail, postage prepaid to all parties in interest, and to Petitioner's legal counsel via email on this date by agreement evidenced by the email exchange accompanied hereto, as follows:

*No Right*

| Amil M. Minora, Esq. | Gerald L. Shargel, Esq. | The Hon. William R. Carpenter |
|---|---|---|
| 700 Vine Street | 200 Park Avenue | Court of Common Pleas of Montgomery County |
| Scranton, PA 18510 | New York, NY 10166 | P.O. Box 311 |
| | | Norristown, PA  19404-0311 |

Thomas E. Carluccio, Esquire
Attorney I.D. No.  # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
*Special Prosecutor of Investigating Grand Jury No. #35*

*the — interpertation of Law never granted the interperter to over rule nor over seded the authority of Law by the elective General Assembly as Reveiw of Law in writing*



*[handwritten annotations:]* from English baron... to future carpenter titles 2009 violation No Right to claim part of the Exctive Name including the word, Sentan +Inforcement not Authorized in new formation

# AFFIDAVIT

**COMMONWEALTH OF PENNSYLVANIA**

29 From → 35

: ss

**COUNTY OF MONTGOMERY**

*[handwritten:]* → is part Local # of state tritory of Commonwealth of pa.

**BEFORE ME**, the undersigned, personally appeared <u>Thomas E. Carluccio, Esq.</u> ("Affiant"), who upon first being duly sworn by me, deposed upon her/his oath and stated as follows:

*[margin: information start - end 29 No Right for 35 investigation grand jury]*

1. I, Thomas E. Carluccio, Esquire, <u>am the Special Prosecutor to the 35th Statewide Grand Jury</u> ("35th Investigating Grand Jury"), and the Affiant hereunder. *[margin: No Right]*

2. **Memorandum prepared by William Davis, Esq. Deputy Attorney General and assigned Prosecutor to the 29th Investigating Grand Jury** I hereby state that the 35th Investigating Grand Jury received testimony from one or more witnesses that a Memorandum prepared by William Davis, Esq. Deputy Attorney General and assigned Prosecutor to the 29th Investigating Grand Jury was made available within an office environment to staff and/or others, where the Memorandum was subsequently reviewed and delivered to unauthorized persons, including members of the press *[handwritten:]* → There was no Right

*[margin: 1- Extent... 2- old Dow in Accordance to Law]*

3. **Recorded and Transcribed Statement of Special Agent Michael Miletto** - Moreover, I hereby state that 35th Investigating Grand Jury received testimony from one or more witnesses that a recorded and transcribed statement of Special Agent Michael Miletto pertaining to his activities and knowledge of particulars associated with the subject matter of the 29th Investigating Grand Jury was procured by one or more persons who did not participate in the said the 29th Investigating Grand Jury, and was subsequently reviewed and delivered to unauthorized persons, including members of the press. *[handwritten:]* → Thomas E Carluccio

*[margin: must sumit a request first]*

4. For purposes of this Affidavit, I define the aforesaid Memorandum, and Recorded and Statement to be collectively referenced hereinafter as *"Confidential Records"* and are subject to prohibitions on their singular and collective disclosure to third persons by operation of 42 Pa.C.S. §4549(b).

5. The *Confidential Records* contain information which clearly identifies <u>facts, witnesses and events</u> which are part of the <u>29th Investigating Grand Jury</u>, all of which is deemed part of the <u>sealed record of such Grand Jury, and as such is secret and confidential, subject to disclosure upon application to the appropriate overseeing court.</u> *[handwritten:]* No Longer under AMERican Law

*[margin: Sun Shine Act people citizen Right to Know]*

6. Any disclosure of the *Confidential Records* or information thereto to unauthorized persons may represent criminal act(s) under 42 Pa.C.S. §4549(b). and/or 18 Pa.C.S. §5101.

*[margin: No one upon]*

7. It was disclosed to the 35th Investigating Grand Jury ████████████

8. Further, ████████████

*[handwritten bottom:]* in England chapter the English word charter under which judge carpenter violated every ALL ASSEMBLY & statue of Law...

v4b

Page # 1



law or other governmental function, breach official duty, or engage in any other unlawful act.

As stated above, Attorney General Kane engaged in conduct which permitted the release of 2009 Grand Jury investigatory information which was subject to grand jury secrecy protection. This Investigating Grand Jury heard testimony from many senior staff members of the OAG, both former and present, who stated that it was clear to them that the 2009 Memorandum and Miletto Transcript were both subject to grand jury secrecy.

Attorney General Kane's disclosure of Grand Jury information constituted a breach of her official duty and constituted an unlawful act that impaired or perverted the administration of law or other governmental function.

Attorney General Kane also committed obstruction of justice by disclosing the Mondesire information by violating the Criminal History Records Information Act.

## IV.   CONCLUSION

Based upon the evidence we have obtained and considered, which establishes reasonable grounds and a *prima facie* case on the recommended charges above, we the members of the Thirty-Fifth Statewide Investigating Grand Jury, recommend that the District Attorney for Montgomery County institute appropriate criminal charges as recommended in this Presentment on the following charges:

- Perjury – 18 Pa.C.S.A. §4902

- False Swearing – 18 Pa.C.S.A. §4903

- Abuse of Office / Official Oppression - 53 Pa.C.S.A. §5301

- Obstructing the Administration of Law or
  Other Governmental Function – 53 Pa.C.S.A. §5101

- Contempt of Court – 42 Pa.C.S. §4549



*Handwritten annotations at top:* No Right to issue Subpoena "aginst A Hornay General" — to be issue with attorney General — Violation to the highest — Independ Exctive order

9. The purpose in seeking the testimony of Attorney General Kane under the subject subpoena, is to determine if Attorney Kane maintains direct or inferential information on matters pertaining to the unauthorized disclosure of the existence and contents of the *Confidential Information* including without limitation: (a) what persons were present at the subject staff meetings and/or conferences; (b) whether she or others were aware of the presence of the *Confidential Information* at such staff meetings and/or conferences; (c) whether she or others were aware that the *Confidential Information* was at all times deemed private and confidential due its inclusion into the evidence of the 29th Investigating Grand Jury; (d) to explore whether Attorney General Kane maintains information to assist the Grand Jury in determining if the *Confidential Information* was reviewed, copied, possessed, discussed and/or distributed among one or more unauthorized third persons; and (e) the identity of those person(s) who impermissibly disclosed the *Confidential Information* to members of the press or the general public.

10. Upon reasonable information and belief, the Affiant hereby asserts that Attorney General Kane be compelled to testify and subject herself through the issued subpoena to a reasonable line of questioning on those issues as aforementioned, together with questions on concerns that may arise in the development of her testimony and such testimony is proper and warranted under the circumstances.

*Handwritten:* Violation to the Law

11. The Affiant hereby certifies that the testimony of Attorney General Kane is either: directly relevant and material to the investigation undertaken by 35th Investigating Grand Jury; or upon information and reasonable belief will lead to relevant and material information relating to the unauthorized disclosure of the *Confidential Information*.

12. The Affiant hereby states that the service of a subpoena upon Attorney General Kane for her testimony is warranted under the circumstances, represents a good-faith basis for compelling such testimony, and that Affiant seeks such testimony for no other inappropriate basis.

13. Affiant herein verifies that the statements in this Affidavit are both truthful and correct to the best of his knowledge, information and belief. Further, Affiant acknowledges that the statements made herein may be subject to the penalties of 18 Pa. C.S.A. 4904 relating to the falsification to authorities.

Thomas E. Carluccio, Esquire - Affiant
Special Prosecutor for the 35th Statewide Grand Jury

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 17 DAY

OF OCTOBER, 2014

The Hon. William R. Carpenter

*Handwritten left margin:* it is by Law → it is an employed by the voting Right people of the State of Pennland — She trust her caracter and granted Here the postion with the Cannon power oath person Law

*Handwritten bottom circle:* Law order — Violation

*Handwritten bottom:* every and each investegation is opon send by Law of public Record + No Longer a Secret Law

v4b

Page # 2

*Only Judge Carpenter is granted a one Jude Tareplac him — No Right ter Inparle*

2. Further investigation that would be required by the Special Prosecutor, without the investigative and prosecutorial resources available to the District Attorney, would be wasteful and duplicative;

3. Attorney General Kane's Memorandum in Response raises issues of fact and law which are better left for determination by the District Attorney after she completes her investigation, and, in the event she determines to file charges for violations of the Crime Code, by the regular criminal trial process, rather than for the Special Prosecutor to proceed on the charge of Indirect Criminal Contempt now.

*Must Have a case File a complan by Some one No Right ever Given to Referrer*

*(+) Referyin GAME with out permision*

*agins*

**BY THE COURT:**

*Will R. Carpte*

**WILLIAM R. CARPENTER,**                                    **J.**
**Supervising Judge**

**RICHARD P. HAAZ,**                                         **J.**
**Judge**

**WILLIAM T. NICHOLAS,**                                     **J.**
**Senior Judge**

*No Right tw inpanal you don,t own the Court.*



*March 4, 2015*

**FILED UNDER SEAL**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN RE: THE THIRTY-FIFTH STATEWIDE     :     NO. 197 MM 2014
INVESTIGATING GRAND JURY               :
                                        :
                                        :
PETITION OF: ATTORNEY GENERAL,         :
KATHLEEN G. KANE                       :

*Violation   Authority*

**OPINION**

*Carpenter → Limited the Supreme Court by order of*

**CARPENTER  J.**   *agree*          **March 4, 2015**

        I agree with the Special Prosecutor's request that certain materials be

unsealed or at a minimum disclosed to the Pennsylvania Supreme Court prior to

argument on March 11, 2015.

        Disclosure is necessary in order to rebut certain arguments which are not

founded on the true facts.  Disclosure is necessary out of the fundamental necessity for

a fair argument.

*DISCLOSURE*
*, All the information*
*is permited*
*under the Law as Author by the General*

*Lie*

**BY THE COURT:**

*All Court Record file are public*

_____
**WILLIAM R. CARPENTER**          **J.**
SUPERVISING JUDGE OF THE
THIRTY-FIFTH STATEWIDE
INVESTIGATING GRAND JURY

*Investigatis grand Jury as set by law*

FILED
3/4/2015
Supreme Court
Middle District

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

UNSEALED PER ORDER OF
THE COURT DATED
AUGUST 26, 2015

IN RE:

THE THIRTY-FIFTH STATEWIDE

INVESTIGATING GRAND JURY

:   SUPREME COURT OF PENNSYLVANIA
:   NO. 197 MM 2014
:
:
:
:

### SEALING ORDER

AND NOW, this <u>4th</u> day of March, 2015, it is hereby ORDERED, that the attached Opinion be filed under seal with the Supreme Court of Pennsylvania until further Order of this Court.

BY THE COURT:



_____
**WILLIAM R. CARPENTER,                    J.**
**Supervising Judge**

*[handwritten: County Court + Attorney General]*

NOT FILED UNDER SEAL

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:                                    :

THE THIRTY-FIVE STATEWIDE                 :

INVESTIGATING GRAND JURY                  :

CP-46-MD-0000926-2015

*[handwritten: Violation time]*

### ORDER

AND NOW, this 27th day of April, 2015, The Grand Jury Act providing that the

Supervising Judge "may" seal a presentment, but is not required to do so; and the reasons

for sealing Presentment # 60 no longer existing; and the unsealing of Presentment # 60

having been requested;

Therefore, Presentment # 60 is ORDERED to be UNSEALED, and filed as a public

document with the Clerk of Courts.

*[handwritten: → no Right to file in Court as Supervis Judge time Expir by Supreme Court order]*

**BY THE COURT:**

*[signature: William Carpenter]*

**WILLIAM R. CARPENTER,**                 J.
**Supervising Judge**

*[handwritten: Violation no Right]*

*[handwritten: Violation Expire]*

*[handwritten: only 2 years June 2013 January 2015]*

*[handwritten: 2 — file int violated Supre...]*

*[handwritten, top:]* 1-7-2015

*[handwritten:]* FMC Advantaged Precision made ourtages

*[handwritten, left margin vertical:]* No write unless it is grant by law in which Judge Carpenter

FILED UNDER SEAL

## IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PA

IN RE: : SUPREME COURT OF PENNSYLVANIA
: NO. 197 M.D.D MISC. KT 2012

THE THIRTY-FIFTH STATEWIDE : MONTGOMERY COUNTY COMMON PLEAS
INVESTIGATING GRAND JURY : M.D. 2644-2012

*[handwritten, right:]* 1-7-15

### ANSWER OF SPECIAL PROSECUTOR
### TO THE MOTION TO FILE UNDER SEAL THE QUO WARRANTO ACTION
OF ATTORNEY GENERAL KATHLEEN G. KANE, INDIV.

Thomas E. Carluccio, Special Prosecutor to the Investigatory Grand Jury hereby answers the *Motion to File under Seal the Quo Warranto Action* filed by, Attorney General Kathleen G. Kane, Indiv., and states in support thereof as follows:

1. Admitted in part and Denied in part. It is admitted that Attorney General Kane, Indiv., has filed a Quo Warranto Action seeking, among other things, to quash the appointment of a Special Prosecutor to the Thirty-Fifth Statewide Investigating Grand Jury. However, any assertion that the said Action, and legal arguments thereunder, represents law that is dispositive to the underlying claims are denied.

*[handwritten:]* Violation

2. Admitted in part and Denied in part. It is admitted that all proceedings associated with the Thirty-Fifth Statewide Investigating Grand Jury together with pleadings presented to both the Court of Common Pleas, Montgomery County, Pennsylvania and this Honorable Court, which all effectively seek to challenge the establishment of the said Investigating Grand Jury and the appointment of the Special Prosecutor - are under seal. It is denied that in the public interest

*[handwritten, right margin vertical:]* No Risk to Court

Page:1

*[handwritten, bottom:]* Building, you must Have a person who His civil Right Have been Violated. first nota Building The Court is a

all such pleadings should remain under seal, and the Special Prosecutor advocates that such pleadings be made available to the public.

3.  The representation in this Paragraph 3 merely references the Attorney Verification annexed to the Motion, and no response is required.

**WHEREFORE**, the Special Prosecutor advocates that the *Motion to File under Seal the Quo Warranto Action (and its accompanying Memorandum of Law in Support thereof)* be denied, *and that* all pleadings of record challenging the establishment of the said Investigating Grand Jury and the appointment of the Special Prosecutor be made available to the public.

Thomas E. Carluccio, Esquire
Attorney I.D. No.  # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
*Special Prosecutor of Investigating Grand Jury No. #35*

DATED:

Page:2



Supreme Court never order Tomas E
to Act as Special prosecutor to the
investigating Grand Jury No #35

2016

**VERIFICATION**

I, Thomas E. Carluccio, Esq. as Special Prosecutor to the Investigating Grand Jury No #35

appointed by the Pennsylvania Supreme Court, hereby state that after due diligence and investigation into

the operative events underlying the subject matter of the *Motion to File under Seal the Quo Warranto*

*Action (and its accompanying Memorandum of Law in Support thereof)* filed of record with the

Court by Attorney General Kathleen G. Kane, Indiv., I hereby represent that the averments set forth in the

foregoing Answer to the said Motion are true and correct to the best of my knowledge, information and

belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904

relating to unsworn falsification to authorities.

Thomas E. Carluccio, Esquire
Attorney I.D. No. # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
*Special Prosecutor of Investigating Grand Jury No. #35*

the order +
the permission
never grant by
the supreme court
and or from the
Supreme Court
in Appointed
the persecution
violation

Fraud + False
Appointed by the
Supreme court unauthorize Position
the claim + lie in to the law suit

Justice

crack
all seeing eye

Harrisburg
Pennsylvania
Law & order Charges

Liberty    freedom

U.S
Right of way Authority          5:10
IBRAHIM ALY                11-27-2015
Reading Company
Owner & Trustor to United States
State Road No trasspass    Union Land
Jhonestown    Colonial Road
Road    Dulphin County Road

## IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PA

IN RE:                                    :        SUPREME COURT OF PENNSYLVANIA
                                          :        NO. 176 M.D.D MISC.  KT 2012
THE THIRTY-FIFTH STATEWIDE                :        *End on June first*
INVESTIGATING GRAND JURY                  :
                                          :        MONTGOMERY COUNTY COMMON PLEAS
                                          :        M.D. 2644-2012
                                          :

## CERTIFICATE OF SERVICE

I, Thomas E. Carluccio, Esquire do hereby certify that a true and correct copy of the *Answer of Special*

*Prosecutor to the Motion to File under Seal the Quo Warranto Action* has been filed of record with the Pennsylvania

Supreme Court , and a copy of which has been  directed on the 7th day of January, 2015 by first class U.S. Mail,

postage prepaid, to all parties in interest, as follows:   *No Right for judge on*

| Amil M. Minora, Esq. | Gerald L. Shargel, Esq. | The Hon. William R. Carpenter |
|---|---|---|
| 700 Vine Street | 200 Park Avenue | Court of Common Pleas of Montgomery County |
| Scranton, PA 18510 | New York, NY 10166 | P.O. Box 311 |
| | | Norristown, PA  19404-0311 |

Thomas E. Carluccio, Esquire
Attorney I.D. No.  # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
*Special Prosecutor of Investigating Grand Jury No. #35*

*any order by judge carpenter is trash*

CP 46-MD - 0000926-2015
(http://www.newsworks.org)

NOT FILED UNDER SEAL

## IN THE COURT OF COMMON PLEAS
### MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CP-46-MD-0000926-2015 |
| | : | |
| THE THIRTY-FIVE STATEWIDE | : | |
| | : | |
| INVESTIGATING GRAND JURY | : | |
| | : | |

### ORDER

AND NOW, this 27th day of April, 2015, after consideration of Attorney General Kathleen G. Kane's MEMORANDUM IN RESPONSE TO THE ORDER DATED APRIL 10, 2015 AND THE AMENDED ORDER DATED APRIL 17, 2015, and after oral argument before the undersigned panel on April 27, 2015, the circumstances surrounding the termination of James P. Barker, Esquire from his position in the Office of the Attorney General of Pennsylvania by Attorney General Kane is hereby referred to the District Attorney of Montgomery County for further investigation of possible violations of the Crimes Code[1] for the following reasons:

1. The District Attorney is currently investigating the criminal charges presented by the Grand Jury against Attorney General Kane and the termination of Mr. Barker may well come within the scope of the District Attorney's ongoing investigation;

[1] 18 Pa CSA § 5301 – Official Oppression – Presented by the grand jury

18 Pa CSA § 4953.1 – Retaliation Against Prosecutor

*[handwritten margin notes: "No grand jury ever found", "Only violation", "Court of Common Pleas superior court", "when and start the case? and why not filed"]*

grand jury has the authority to appoint a special prosecutor to oversee a grand

jury's investigation into a breach of grand jury secrecy, and it has not filed any

papers in the present action to the contrary.  The OAG is also well aware that

independent counsels have customarily been appointed to investigate allegations of

criminal conduct by members of the OAG.  A thorough review of the OAG's

positions on the appointment of special prosecutors—both in the media and in the

courts—has revealed only one member of the OAG that has ever argued that in the

absence of the ICAA a special prosecutor cannot be appointed to investigate the

individuals that were covered by the statue: Kathleen Kane, *in her individual*

*capacity.*

It is telling that the OAG did not bring this *Quo Warranto* Action despite

having the authority to do so.[13]  *Reed v. Harrisburg City Council*, 995 A.2d 1137,

1139 (Pa. 2010).  The OAG could not have done so with a straight face.  Instead,

this *Quo Warranto* Action was brought by Kathleen Kane the individual, not

Attorney General Kane, based on arguments that starkly contrast the positions of

*[handwritten margin note: "working violation of the statue"]*

---

13 After all, the Grand Jury investigation that Carluccio oversaw included testimony from several members of the
OAG.  All things being equal, each of those individuals—as well as the OAG— has the same interest as Kathleen Kane in
the lawfulness of Judge Carpenter's appointment of Carluccio as special prosecutor.  But all things are not equal.  Kathleen
Kane is the only employee of the OAG who was found to have allegedly committed perjury before the Grand Jury and
leaked secret grand jury information.  This inequality between Kathleen Kane and the members of the OAG who followed
the law likely explains why Kathleen Kane had to hire private counsel to bring her *Quo Warranto* Action.  Getting caught
breaking the law is the only "special right or interest," (id.), that Kathleen Kane has apart from her colleagues and the office
she heads in asking this Court to determine that Judge Carpenter's appointment of Carluccio was unlawful.

*[handwritten note: "fulse charges & accusation"]*

-53-

*[handwritten note at bottom: "private person — Kane individual", "public person — Kane attorney general"]*

no Right to in pen

Studey

see parante

Copies sent on April 27, 2015
By Electronic and Interoffice Mail to:

District Attorney Risa Vetri Ferman

Honorable William J. Furber, Jr., President Judge

Honorable Richard P. Haaz, Judge

Honorable William T. Nicholas, Senior Judge

**By Electronic and Certified Mail to:**

Attorney General Kathleen G. Kane

Pennsylvania Office of the Attorney General

16th Floor, Strawberry Square

Harrisburg, PA 17120

**By Electronic and First Class Mail to:**

Amil M. Minora, Esquire

700 Vine Street

Scranton, PA 18510

Gerald L. Shargel, Esquire

200 Park Avenue

New York, NY 10166

Thomas E. Carluccio, Esquire

1000 Germantown Pike

Suite D3

Plymouth Meeting, PA 19462

2015

every Authority
is
as individual Working in a frame
Based and Rules and Regulation
Set by Law for
as directed and permitted by
Chique + Balance

*(handwritten across top)* Violation

# POLICE CRIMINAL COMPLAINT
## COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONTGOMERY

VS.

Magisterial District Number: *(handwritten)* Court of Common Pleas 38-1
MDJ-Hon. *(handwritten)* William R. Carpenter
Address *(handwritten)* Court House, Norristown PA - 19404
Telephone: (610) 278-5xx

*(handwritten)* who is this?  8/6/2015  I

DEFENDANT (NAME and ADDRESS):
PATRICK — First Name   ROCCO — Middle Name   REESE — Last Name   Gen
939 MEADE STREET, DUNMORE, PA 18512

NCIC Extradition Code Type:
- [ ] 1-Felony Full
- [ ] 2-Felony Ltd.
- [ ] 3-Felony Surrounding States
- [ ] 4-Felony No Ext.
- [ ] 5-Felony Pend.
- [ ] 6-Felony Pend. Extradition Determ.
- [ ] A-Misdemeanor Full
- [ ] B-Misdemeanor Limited
- [ ] C-Misdemeanor Surrounding States
- [ ] D-Misdemeanor No Extradition
- [ ] E-Misdemeanor Pending
- [ ] F-Misdemeanor Pending Extradition Determ.
- [ ] Distance: _____

## DEFENDANT IDENTIFICATION INFORMATION

| Docket Number | Date Filed 08/06/2015 | OTN/LiveScan Number | Complaint/Incident Number 2015-1173 | SID | Request Lab Services? [ ] YES [ ] NO |
|---|---|---|---|---|---|

| GENDER | DOB 08/14/1967 | POB | | | Add'l DOB / / | Co-Defendant(s) [ ] |
|---|---|---|---|---|---|---|
| [X] Male | First Name | Middle Name | Last Name | | Gen. | |
| [ ] Female | AKA | | | | | |

RACE / ETHNICITY:
- [X] White
- [ ] Hispanic
- [ ] Asian
- [X] Non-Hispanic
- [ ] Black
- [ ] Native American
- [ ] Unknown

HAIR COLOR:
- [ ] GRY (Gray)
- [ ] BLK (Black)
- [ ] BLN (Blonde / Strawberry)
- [ ] RED (Red/Aubn)
- [ ] ONG (Orange)
- [ ] SDY (Sandy)
- [ ] WHI (White)
- [ ] BLU (Blue)
- [X] XXX (Unk/Bald)
- [ ] PLE (Purple)
- [ ] GRN (Green)
- [ ] BRO (Brown)
- [ ] PNK (Pink)

EYE COLOR:
- [ ] BLK (Black)
- [ ] HAZ (Hazel)
- [ ] BLU (Blue)
- [ ] MAR (Maroon)
- [X] BRO (Brown)
- [ ] PNK (Pink)
- [ ] GRN (Green)
- [ ] MUL (Multicolored)
- [ ] GRY (Gray)
- [ ] XXX (Unknown)

| State PA | License Number 21646639 | Expires: 08/15/2016 | WEIGHT (lbs.) |
|---|---|---|---|
| DNA [ ] YES [ ] NO | DNA Location | | HEIGHT (ft. in.) 5 6 |
| FBI Number | MNU Number | | |
| [ ] YES [ ] NO | | | |

## DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat | Registration Sticker (MM/YY) / | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. [ ] |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | |

Office of the attorney for the Commonwealth  [X] Approved  [ ] Disapproved because: *(handwritten)* Attorney General

*(handwritten)* Violation VII

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507.) *(handwritten)* see

District Attorney Risa Vetri Ferman
(Name of the attorney for the Commonwealth)

*(handwritten signature)*   08/06/2015 (Date)  *(handwritten)* No Right

*(handwritten)* Violation   County persecutor   49

I, DETECTIVE PAUL M. BRADBURY
(Name of the Affiant)   (PSP/MPOETC-Assigned Affiant ID Number & Badge #)

of MONTGOMERY COUNTY DETECTIVE BUREAU
(Identify Department or Agency Represented and Political Subdivision)
do hereby state: (check appropriate box)

PA0465200
(Police Agency ORI Number)

*(handwritten)* a Municipality is Gov.

1. [X] I accuse the above named defendant who lives at the address set forth above
   - [ ] I accuse the defendant whose name is unknown to me but who is described as *(handwritten)* not a sing as part of Supreme Court order
   - [ ] I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe
   with violating the penal laws of the Commonwealth of Pennsylvania at [208]
   (Subdivision Code)   LOWER PROVIDENCE TWP.
   (Place-Political Subdivision)
   AND/OR NORRISTOWN BOROUGH AND/OR HARRISBURG

   in MONTGOMERY AND [46,22]   on or about SEPTEMBER 9TH - DECEMBER 30TH 2014
   DAUPHIN County   (County Code)   (Offense Date)

*(handwritten)* Police Have a Limited   Fury Diktion

*U.S. of*
*Right of Way Authority*

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 08/06/2015 | OTN/LiveScan Number | Complaint/Incident Number 2015-1173 |
|---|---|---|---|
| Defendant Name | First: PATRICK | Middle: ROCCO | Last: REESE |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered 1 through 3.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

AUGUST                           06, 2015                                      Paul M Bradley
_____                 _____                               _____
                                     (Date)                                    (Signature of Affiant)

AND NOW, on this date  AUGUST 6, 2015  I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY                    Wilh R. Carpent
_____             _____
(Magisterial District Court Number)   (Issuing Authority)

[                    ]
[      SEAL          ]
[                    ]

38-1       *Void*    *to sign*
           *No Right after the*
*Date of June, 2014 to Act*
*as Supervising Judge*
    *No Authority is inforce*
*to issuing any Court order*
*after the Day of termination.*
                    *June, 2014*

AOPC 412A – Rev. 12/14                                      Page ___ of ___

**[J-17-2015]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.**

IN RE: THE THIRTY-FIFTH STATEWIDE : No. 197 MM 2014
INVESTIGATING GRAND JURY :

PETITION OF: ATTORNEY GENERAL, :
KATHLEEN G. KANE : ARGUED: March 11, 2015

**OPINION ANNOUNCING THE JUDGMENT OF THE COURT**

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED: March 31, 2015**

Through the filing of an action in *quo warranto*, Pennsylvania Attorney General Kathleen G. Kane has asked this Court to quash the appointment of a special prosecutor investigating violations of grand jury secrecy requirements.

In the Spring of 2014, the supervising judge for the Thirty-Fifth Statewide Investigating Grand Jury found that there were reasonable grounds to believe that an investigation should be conducted into allegations that grand jury secrecy had been compromised. *See generally* 42 Pa.C.S. §4549(b) (providing that jurors, attorneys, interpreters, stenographers, recording-device operators, or typists shall be sworn to secrecy and may disclose matters occurring before an investigating grand jury only when so directed by the court, on pain of sanctions for contempt). The supervising judge proceeded to appoint Thomas E. Carluccio, Esquire (the "Special Prosecutor"), to investigate and prosecute any illegal disclosures. The work of the Special Prosecutor culminated in a grand jury presentment recommending the filing of criminal charges against Attorney General Kane.

*[handwritten annotations: "Statue Violation (1) inforce. Section 323", "(1) State", "Writ Not in a Constitution", "Right to use in Court in Pennsylvania", "a Law to only Pennsylvania Generally", "in Accordance to Pennsylvania Constitution", "The Author of the Law is Assembly No Law Pervision From other States"]*

grand jury. *See id.* §4548(a). Finally, supervising judges enjoy general powers required

for or incidental to the exercise of jurisdiction. *See* 42 Pa.C.S. §323.

We view these provisions, collectively, as affording sufficient authorization to a

supervising judge – and, in fact, as creating the necessity -- to appoint a special

prosecutor in scenarios in which a grand jury may be considering potential criminal

conduct on the part of an Attorney for the Commonwealth (as defined in the

Investigating Grand Jury Act, *see* 42 Pa.C.S. §4542) or a closely affiliated official.

Indeed, as the supervising judge and the Special Prosecutor presently argue, Section

323 serves to codify aspects of the courts' non-particularized powers, often referred to

as inherent, implied, and/or incidental in nature. Notably, these have been relied upon,

in many other jurisdictions, as support for the court appointments of special

prosecutors.[6] Although the structure imposed by the now-lapsed Independent Counsel

*[handwritten left margin: "J Jay", "use", "I", "authorization in a State of Pennsylvania Law", "only a law in PA", "1987"]*

---

[6] *See, e.g., Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 795, 107 S. Ct.
2124, 2131-32 (1987); *In re Disqualification of Cirigliano,* 826 N.E.2d 287, 288 (Ohio
2004) ("[C]ourts of common pleas possess inherent power to appoint special
prosecutors in criminal matters." (quoting *State ex rel. Master v. Cleveland,* 661 N.E.2d
180, 184 (Ohio 1996))); *State ex rel. Friedrich v. Circuit Court for Dane Cnty.,* 531
N.W.2d 32, 38 (Wis. 1995) (explaining that, "despite the existence of statutes
authorizing circuit courts to appoint special prosecutors, the courts' power to appoint
special prosecutors is gleaned from the courts' inherent power" (citation omitted)); *State
v. Hoegh,* 632 N.W.2d 885, 890 (Iowa 2001) ("We confirm the inherent power of district
courts to appoint special prosecutors when necessary for the administration of justice.");
*State ex rel. Goodwin v. Cook,* 248 S.E.2d 602, 607 (W. Va. 1978) ("Other jurisdictions
confronted with the problem of the temporary disqualification of the prosecuting attorney
have generally sanctioned the authority of the court, under its inherent power to
administer the judicial system, to appoint a special prosecutor. . ..  This appears to be
the common law rule." (citations omitted)); *Weems v. Anderson,* 516 S.W.2d 895, 898
(Ark. 1974) (observing that a circuit court had the inherent power to appoint a special
prosecutor, notwithstanding the lack of specific statutory authority); *State v. Ellis,* 112
N.E. 98, 102 (Ind. 1916) (collecting cases for the proposition that a court has authority
to appoint a special prosecutor, where the regular one was disqualified); *Taylor v. State,*
38 So. 380, 383-85 (Fla. 1905) (same); *State v. Eckelkamp,* 133 S.W.3d 72, 74 (Mo. Ct.
App. 2004) ("[T]he power to appoint a special prosecutor is not limited by the statutory
(continued...)

*[handwritten right margin: "State of Pennsylvania Law", "Law Cases (Citation omitted)"]*

*[handwritten bottom: "Young V US, Ohio 1996 Iowa - W.Va and (916)"]*

*first letter* (handwritten)

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>08/06/2015 | OTN/LiveScan Number | Complaint/Incident Number<br>2015-1173 | *Violation* (handwritten) |
|---|---|---|---|---|
| Defendant Name | First:<br>PATRICK | Middle:<br>ROCCO | Last:<br>REESE | *No Right* (handwritten) |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.
(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated. The age of the victim at the time of the offense may be included if known. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§ 213.1 – 213.7.)

**Inchoate Offense**   ☐ Attempt 18 901 A   ☐ Solicitation 18 902 A   ☐ Conspiracy 18 903

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☒ | 1 | 4955 | *of the* | 18 PA C.S.A | 1 | | | |

PennDOT Data (if applicable)   Accident Number   ☐ Interstate   ☐ Safety Zone   ☐ Work Zone

Statute Description (include the name of statute or ordinance): 18 PA. C.S.A. 4955 VIOLATION OF PROTECTIVE ORDERS

Acts of the accused associated with this Offense: Violated Protective Order issued on 27th day of August, 2014 by William R. Carpenter, Supervising Judge that, among other things, provided "(4) Employees of the Office of the Attorney General shall not have have access to transcripts of proceedings before the Grand Jury or Supervising Judge, exhibits, or other information pertaining to the Special Prosecutor's investigation" by gaining access to information pertaining to the Special Prosecutors investigation. The Protective Order issued by Judge Carpenter was issued pursuant to section 4954.

*No Right to issue protective order after this date to be Judge ? ?* (handwritten)
*to Terminated.* (handwritten)
*Violation of Record Act* (handwritten)

**Inchoate Offense**   ☐ Attempt 18 901 A   ☐ Solicitation 18 902 A   ☐ Conspiracy 18 903

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | | | *of the* | | | | | |

PennDOT Data (if applicable)   Accident Number   ☐ Interstate   ☐ Safety Zone   ☐ Work Zone

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

**Inchoate Offense**   ☐ Attempt 18 901 A   ☐ Solicitation 18 902 A   ☐ Conspiracy 18 903

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | | | *of the* | | | | | |

PennDOT Data (if applicable)   Accident Number   ☐ Interstate   ☐ Safety Zone   ☐ Work Zone

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

*[handwritten: Federal   find them is NO state wide   After Magerment]*

*[handwritten: A222]*

*[handwritten, circled: flager for cover]*

*[handwritten: No # Right Violation]*

**IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA**

IN RE:                                    :

THE STATEWIDE                             :

INVESTIGATING GRAND JURIES               :        **MONTGOMERY COUNTY COMMON PLEAS**

*[handwritten: No Right too order based on contract]*

*[handwritten: Violation Date Expire 18 Month start from]*

                                          :
                                          :    **In Re: Powers and Responsibilities of**
                                          :    **Special Prosecutor Exercising**
                                          :    **Extraordinary Jurisdiction; on Allegations that**
                                          :    **Secret Grand Jury or Related Information was**
                                          :    **Unlawfully and/or Negligently**
                                          :    **Accessed/Released/Compromised**

## <u>ORDER</u>

AND NOW, this 29th day of May, 2014, after "preliminary investigation"; this

court in its capacity as Supervising Judge of the 35th Statewide Investigating Grand Jury,

finds there are reasonable grounds to believe a further more substantive investigation is

warranted into allegations that statewide Grand Jury secrecy may have been compromised:

It is therefore ORDERED and DIRECTED by this Court in accordance with the authority

vested in it by the 1078 Pennsylvania Investigating Grand Jury Act of 1978, 42 Pa. C.S. §

4541, et seq. and the procedural rules that followed (Pa.R.Crim.P 220, et seq.) as well as

relevant case law; that **THOMAS E. CARLUCCIO, ESQUIRE,** be and is hereby

appointed Special Prosecutor with full power, independent authority and jurisdiction to

investigate and prosecute to the maximum extent authorized by law any offenses related to

any alleged illegal disclosure of information protected by the law and/or intentional and/or

*[handwritten left margin: Violation in every word]*

*[handwritten annotations in text: granted (1)  (2) Directed  (3) granted by law  (4) No Right to Index or Auten unless is Jis  violation not A Backl-]*

*[handwritten: (5)]*

*[handwritten bottom: 3.- it is further order by the court next]*

*[handwritten: that Rick Jurisdiction to view  Jurisdiction to prosecute]*

*[handwritten: What the Law authorized for the state in Accordance to All the Law]*

*This is a violation of the Court order*
*the Law of the General ASSEMBLY*

negligent violations and rules of Grand Jury secrecy as to a former Statewide Investigating

Grand Jury, such as; *not on Attorney General*

1. 42 Pa. C.S. § 4549(b) Disclosure of proceedings by participants other than

   *not apply to Ken because* witnesses…"all such persons shall be sworn to secrecy, and shall be in contempt

   of court if they disclose/reveal any information which they are sworn to keep

   secret." *not on Attorney General*

2. 18 Pa. C.S. § 5101 Obstructing administration of law or other governmental

   function – "a person commits a misdemeanor of the second degree if he

   intentionally obstructs, impairs or perverts the administration of law or other

   governmental function by force, violence, physical interference or obstacle,

   breach of official duty.

3. Any other applicable offense. *not apply on Attorney General*

*ARE3* *3*

It is FURTHER ORDERED by the Court that the Special Prosecutor:

1. Shall use any appropriate currently empaneled Grand Jury to investigate any

   alleged or suspected violations of secrecy or concomitant crimes related to such.

2. Shall have the right to request an application for an immunity order from the

   Attorney General.

3. Shall have the right to employ all appropriate resources including a minimum of

   one investigator and if necessary, one support staff.

*All violation because it must be as Judge of Supreme Court order in Kelly*

4. Shall have day-to-day independence and will be free to structure the investigation as he wishes and to exercise independent prosecutorial discretion whether, which and when any potential witness should be brought before the Grand Jury and/or whether, which and when charges should be brought, including contempt of court.

5. Shall be permitted, while serving as Special Prosecutor, to consult with past and present members of the Office of Attorney General and take such action as is necessary to ensure that matters he is investigating and/or prosecuting in his role as Special Prosecutor are brought to a successful conclusion, so long as such consultation/action does not present a conflict of interest with his duties as Special Prosecutor and/or violate the secrecy oath.

6. Shall be empowered to respond to interference with his investigation by also having authority to investigate and prosecute crimes committed in the course of, and with the intent to interfere with the Special Prosecution's investigation such as Perjury, Intimidation of witnesses and other applicable and relevant violations of the law.

7. Shall comply with all relevant statutory and case law as well as all applicable canons of ethics.

8. Shall be removed from the position of Special Prosecutor only by the personal action of the Grand Jury Judge and/or the Pa Supreme Court.

*[handwritten: back to the Department of History 8 Dollar Bill 2016]*

9. Shall be appointed for a period not to exceed six months from today, unless the Special Prosecutor makes a written request to the Court for an extension setting forth the reasons for the extension.

*[handwritten: PLUS BON→Jail Time 2015]*

10. The Special Prosecutor shall be compensated at the rate of $65.00 an hour to be paid by the Commonwealth of Pennsylvania. The investigator/support staff chosen by the Special Prosecutor shall be compensated at the rate of $20.00 an hour. All those seeking compensation shall keep detailed records of time and services rendered. All shall provide the Supervising Grand Jury Judge with a monthly accounting of time/services rendered.

*[handwritten: Common Wealth of Pennsylvania]*

*[handwritten left margin: The Common wealth does not have any Right to pay All the money to paid colleed of special prosecutor]*

11. Shall provide the Supervising Grand Jury Judge with periodic summaries of any progress.

*[handwritten: No Right]*

12. Submit a report addressed to the Pennsylvania Supreme Court, and the Supervising Grand Jury Judge, setting forth any findings and recommendations on any proposed statutory, rulemaking or recommended practices that would preserve the critical requirement of secrecy in Grand Jury proceedings as well as insuring the rights of defendants to a fair trial and maintaining the integrity of our Grand Juries.

*[handwritten: only the Elected Official "Legeslator" Democrat Right by Law statue → Never granted to Judge]*

chief justice of supreme court
over sees His Assignment Job
to the supreme court cases but not
to judge carpenter

**BY THE COURT:**

W.R. Carpt

**WILLIAM R. CARPENTER,**            **J.**
**Supervising Judge**

2016

Copies sent on May 29, 2014
By First Class Mail to:                    Violation
Chief Justice Ronald D. Castille
Pennsylvania Attorney General Kathleen G. Kane
Thomas E. Carluccio, Esquire

about writen carpenter
Adress to supr.
Letter court Justice!

Not Right
granted to Common pleas court
Judge to contact in maile
fraud the office of
chief Justice of supreme court
in matter involving a
case in common pleas court
created problem of No right

SS

No Judge
Have any
Rights to
Use the
Court + Statue
in His own
benefits
with out Regard to
Rules of Law

that was
the Assinement to the Governor the order
the Diability commision to investegat only
The OAG
otherwise All other Investegation
be done by the OAG
As inacted
in 1980
Act

*[Handwritten annotations throughout the page, including: "ALL SEEING EYE", "New party not party", "County Common Pleas Supreme", "Copy", "in matter attorney General & Kane", "What Court end after 18 Month", "3 diff parts old Date", "Ahead false", "violation", "violation", "New date", "No Judge write a court order for Himself by Himself in order to Benifits Him & cuntry wide", "Land Constitution Flag federal state county municipal", "Month 18", "No Right", "October 5 2014 end of two years period", "NO to end the 35 grand jury investigation UNLESS Attorney General ken order for extension of time based on 35 A3 supreme court order by supervise supreme court jurisdiction Juristic"]*

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:                                    :    SUPREME COURT OF PENNSYLVANIA
                                          :    NO. 171 M.D. MISC DKT. 2012
THE THIRTY-FIVE STATEWIDE                 :
                                          :    MONTGOMERY COUNTY COMMON PLEAS
INVESTIGATING GRAND JURY                  :    M.D. 2644-2012
                                          :
                                          :    NOTICE NO. 123

**ORDER ACCEPTING PRESENTMENT NO #60**

A.     The Court finds Presentment No #60 of the Thirty-Fifth Statewide Investigating Grand Jury is within the authority of said Grand Jury and is in accordance with the provisions of this Investigating Grand Jury Act, 42 Pa.C.S. §4541, *et seq.* Further I find that the determination of the Thirty-Fifth Statewide Investigating Grand Jury is supported by Probable Cause and establishes a Prima Facie case against Attorney General Kathleen Kane. Accordingly, this Presentment is accepted by the Court.

B.     The County conducting the trial of all charges pursuant to this Presentment shall be Montgomery County.

C.     The District Attorney for Montgomery County, or her designee, is hereby authorized to prosecute as recommended in the Presentment by instituting appropriate criminal proceedings in the aforesaid County.

SO ORDERED this 19th day of December, 2014.

BY THE COURT:

_____
WILLIAM R. CARPENTER, J.
**Supervising Judge**

EXHIBIT C



IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

*[handwritten: ordered on December 19-2014]*

IN RE:

THE THIRTY-FIVE STATEWIDE

INVESTIGATING GRAND JURY

: SUPREME COURT OF PENNSYLVANIA
: NO. 171 M.D. MISC DKT. 2012
:
: MONTGOMERY COUNTY COMMON PLEAS
: M.D. 2644-2012
:
: NOTICE NO. 123

*[handwritten: that was under the order of the old]*

*[handwritten: Attorney General Name →]*

**ORDER ACCEPTING PRESENTMENT NO #60**

A.    The Court finds Presentment No #60 of the Thirty-Fifth Statewide
Investigating Grand Jury is within the authority of said Grand Jury and is in accordance
with the provisions of this Investigating Grand Jury Act, 42 Pa.C.S. §4541, *et seq.*  Further
find that the determination of the Thirty-Fifth Statewide Investigating Grand Jury is
supported by Probable Cause and establishes a Prima Facie case against Attorney General
Kathleen Kane.  Accordingly, this Presentment is accepted by the Court.

B.    The County conducting the trial of all charges pursuant to this Presentment
shall be Montgomery County.

C.    The District Attorney for Montgomery County, or her designee, is hereby
authorized to prosecute as recommended in the Presentment by instituting appropriate
criminal proceedings in the aforesaid County.

SO ORDERED this 19th day of December, 2014.

*[handwritten: This must be under the order first from the Kane the Attorney General]*

*[handwritten: Under the order]*

*[handwritten: No Right 1-4]*

BY THE COURT:

*[handwritten: B]*

_____
WILLIAM R. CARPENTER,                    J.
**Supervising Judge**

*[handwritten: ↓ Under Arrest]*

EXHIBIT C

*A1* [handwritten: Their was no Grand jury inpanling, in violation of the supreme court order paramiters 4,5,6,7]

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:                                    : SUPREME COURT OF PENNSYLVANIA
                                          : NO. 171 M.D. MISC DKT. 2012
THE THIRTY-FIVE STATEWIDE                 :
                                          : MONTGOMERY COUNTY COMMON PLEAS
INVESTIGATING GRAND JURY                  : M.D. 2644-2012
                                          :
                                          : NOTICE NO. 123

ORDER ACCEPTING PRESENTMENT NO #60

   A.   The Court finds Presentment No #60 of the Thirty-Fifth Statewide
Investigating Grand Jury is within the authority of said Grand Jury and is in accordance
with the provisions of this Investigating Grand Jury Act, 42 Pa.C.S. §4541, et seq.  Further
I find that the determination of the Thirty-Fifth Statewide Investigating Grand Jury is
supported by Probable Cause and establishes a Prima Facie case against Attorney General
Kathleen Kane.  Accordingly, this Presentment is accepted by the Court.

   B.   The County conducting the trial of all charges pursuant to this Presentment
shall be Montgomery County.

   C.   The District Attorney for Montgomery County, or her designee, is hereby
authorized to prosecute as recommended in the Presentment by instituting appropriate
criminal proceedings in the aforesaid County.

   SO ORDERED this 19th day of December, 2014.

[handwritten: 2015]
[handwritten: 4 - october 2012]
[handwritten: 4 - october 2014]
[handwritten: date right date EXPire]

                            BY THE COURT:

                            William R. Carpenter
                            WILLIAM R. CARPENTER,          J.
                            Supervising Judge

[handwritten: No Right To give order because His time as Super Judge Has Expire on JUNE 2014
→ only the Right granted to the Attorney Gener To Suppor & order the Judge & the case.]