Exhibt # 4

Superior Court     Re: Commonwealth v. Ibrahim Aly

CP - 51- CR- 0006077- 2013

2856 EDA 2013

England Bill of Middlesex,  established by the Court of King's Bench to gain jurisdiction over cases in the remit of the Court of Common Pleas under Here Majesty Warrant and order of pay Fine  or . Once the defendant was in custody the trespass complaint was dropped and other complainant would be substituted. the Court of Common Pleas and Court of Kings Bench were two of the central common law courts in England from the 13th century until their dissolution in 1875.  in which the Common Pleas jurisdiction was over cases where the King had no further interest "

the United States of America Law is a Statutory Law , made by Legislatures through Legislation,  the law  " Statute" in Pennsylvania State is author only by  Pennsylvania elective General Assembly, whom established  rite be enforced by Court Order against any violation to the law Statue.

in the Matter of the Appeal Submitted to the Superior Court  of Pennsylvania, Eastern District of Pennsylvania in which Mr Baker Karl summited to file in the Court in the Matter of Petition for Mr. Victor Rauch to withdrew as  Counsel form representing Mr Ibrahim Aly

the Appellant Brief file Represented to the Superior Court  was in the Name of Mr Robert Thomas, Represented by Owen W. Larrabee, Darl Baker, Ellen t. Greenlee, and Robert Thomas and Victor .

 instated of Mr Aly name and his assign Lawyer on the  Brief  appeal, thereafter the Superior Court Opinion was for Mr Rober Thomas Case, but not for  Mr Aly Case, furthermore Mr Aly never sing for those Counsel Name above, thereafter Superior Court issue its Opinion and Find Mr. Aly Guilty based on the Wrong Brief appellant Name, submitting by unknown Lawyer's instead of Mr Aly, theifore the Superior Court Opinion for Finding that Mr. Aly is Guilty is Moot and should not be affirmed.

Exhibit No. #  55555 .

 inforce of case law Anders vs. California  violated Mr. Aly as explaining:

In Ander's brief , the attorney who decides to withdraw the case must identify anything in record that might support the appeal, after that the court decides based on law Statue,  the Common Pleas Court Cannot enforced the Defendant Lawyer Mr. Victor to testify against his Client and Prosecuting Him , instead of defending his Client right, that was not the Spirit of the United States Law in which Philadelphia Common Pleas Court Enforced in opposite to interpretation of the Original Statue .

Pennsylvania States Law Granted the right of the Defendant to choose his counsel to Terminated him and or to Fire his Council and also granted the, Defendant Right to Represented his case court " Pro Se

See Id. No. # Pennsylvania Rules of Appeal

Application for Extension of time to file Brief Pro Se requested in statements dated on May 19, 2014

Mr Victor Rauch violated Mr Aly right by File an Extension to File a Brief with the court Even in the Court filling Explain as Evidence that Mr Aly has Summiting a Request in Statement as a Proved to Represented his Case Pro Se without interference from Mr Victor Ruck,   the Superior Court Violated Mr Aly Right by accepting Mr Victor Rauch Exchange to File a Brief after Mr Aly inform the Superior Court administration in written declaring that the fire lawyer Victor Rauch .

Superior Court Administration, inform Mr Aly that Mr Victor did not file for Extension of Time to file Mr Aly Brief that was 5 Pm on the Date of July 18, 2014 then Mr Aly submit in a written statement stated that :Mr. Aly fire Victor Rauch and Pre Se.

The Superior Court Administration Personal  accepted Mr Victor Application to withdraw as Counsel after the Date and Hour of filling ended in Superior Court at 5pm on the date of July 18, 2014,  no right granted to Superior Administration  to accepted Mr. Victor Brief after 5 P.M and Court date to File ended on July 18, 2014.   the Administration informed Mr aly that  no one is summit a Brief in his Name. as explaining :

Superior Court of Philadelphia appeal cade No. #
Commonwealth v. Ibrahim Aly
CP- 51- CR- 0006077- 2013r
2856 EDA 2013
Mr Aly, submitted a Letter to Superior court Stated that Mr Aly, Fire His attorney Victor Rauch on the Date of May 19, 2014 because Mr Rauch fale to Submit his Brief
in time as requesting by the Superior Court and stated that Mr Aly will Pro se without an attorney. See Id No. # 52

1- Superior Court Violation to Accepted Mr Victor brief after Mr. Aly submitting a motion to Superior Court Stated That Mr. Aly pro se.

2- Mr Aly inform Mr Victor that only his Job is limited to file an appeal applications to  the Court and Mr Aly will pro sea
the issue with United States of America Right to land due to Hudson's Bay violation to Charter law in which King Charles II limited Hudson's Bay Charter grant to Fur Trade and only in Hudson's Bay Bacin, the issue with Mr Aly, He had set a limited to Mr Victor, to file a Superior Court appeal application without file a Brief in which MR. Victor violated, case No. EDA 2013  No. # 2856
in Attorney General Kane Case No. # MD 1424-2014 in Which the Supreme Court put Parameter's to Judge Carpenter and Judge Carpenter Violated the Supreme Court PARAMITER'S Order, no right to extend contract without permission from the Parties involving in contracting.

3-  Mr Aly inform the Superior Court in written that Mr Aly is Pro se,
But the Superior Court violated Pro se
the Superior Court doesn't have any right to enforcement of Mr Victor brief appellant due to limited of contract in represented Mr. Aly

4-  the Superior Court Judge Mound Dicky Sally Opinion based on in Mr Victor brief and denying Mr Aly brief, under Her Court Order in which Stated that no Right to grant Mr Aly pro se if he represented by a Lawyer, by Her Judgment only the Lawyer brief is accepted by the Superior Court rather than Mr Aly brief
that was a clear violation to Mr. Aly right to pro se after he fire his lawyer and limited His contract. violation to Right of defendant to appeal

5- Mr Victor violation to interpretation of Law in Anders brief which Mr Victor Stated in His VI. Argument No.(3) set forth counsel's conclusion that the appeal is
frivolous and No. ( 4) state counsel's reasons for concluding that the appeal is frivolous, Counsel should articulate the relevant facts of record, controlling case law, and or statutes on point that have led to the appeal is frivolous.
violation Id. No.# Anders v. California

 " Upon granting leave to withdraw, the court shall determine whether new counsel is entering an appearance, new counsel is being appointed to represent the defendant, or the defendant is proceeding without counsel."

***

Judge Diana unhalt Opinion to Superior Court Stated that " Appellant did admit to asking Mr. Radwan

for a thousand dollars that day"
<u>Judge unhalt Statements is Part of Her Court Opinion is Wrong,</u> because Appellant Mr. Aly never admit to asking Mr. Radwan for a thousand dollars that day.
Q. okay and did you ask him for $ 1000 that deny
A. Never. I asked him on that date for $ 1000
See Id. No N.T 9/12/13 p 8


Judge Dian Unhalt at  Philadelphia  Common Pleas trail Court  violated Mr Aly Civil Right by Enforcing Mr Aly to be supervised under mental health unit in violation to his Constitution Right as Explain in Exhibit No:

 Appellant's Pro Se Brief including discernable legal arguments supported by applicable law " the law of the land " and not only the trial court violation in determine the weight and credibility of the testimony at the trail when credit Mr. Radwan a federal  convicted felony in which no right by law to make Mr. Radwn a witness on the stand Mr Radwan couldn't be a credible witness  because the complainant prior record shoed his engagment in federal Criminal activity and the United States Department of Immigration charged Mr Radwan with felony and Perjury after Mr Rawians confess, Mr Radwan had been found guilty, detained, jailed and  had been release on bail.

Second Mr. Radwan had comets second perjury in trail court of Common Pleas at Philadelphia under Judge Diana Unhalt opinion,  Mr Radwan Testimony had been Credit during the Trail, Mr Radwn violated State of Pennsylvania, General Assembly, the law legislator Authority to State of Pennsylvania Under Voting Right Act is not only Protect but it is enforced by federal Law Enforcement  in Accordance to the Supreme Law in the land

" the United States of America Constitution and the bill of Right"  against any violation on United States Union Land  after July 4, 2015 on the owner of the United States of America Chapter Land City of Philadelphia is Under the Right of Way Authority against any Corruption Public and or Private to the owner land, Declared the Independent form England to the Charter land of  Railroad chapter Proprietor ship owned by Reading Company.


Mr Radwn is committing Perjury in trail Court as explain on Trail Court for Mr Radwan testimony:

| | | |
|---|---|---|
| Police Report | Mr Aly ask Mr Radwan for 1000 to flay to Egypt | ( 4\10\2013) |
| ID | Q-   He asked you for some money for a plain tiket to Correct | ( N.T 5\07\2013 P.8-9) |
| | A-   No He asked for for money and I'm the coming Christ | |
| | | |
| ID | Q-   do you remember given a statement to police | (N.T 6\27\2013 P. 19) |
| | A-   the same thing I said no | |
| | | |
| Police Report | Q-  has Ibrahim asked for money in the past | ( 4\10\2013) |
| | A-  three time before | |
| ID | Q-  how many time prior to April 10 has he asked you for money | (N.T 8\27\2013 P.14) |
| | A-   Two Time | |
| | | |
| Police Report | Mr Aly Punched Mr Radwan in the chaste | ( 4\10\2013) |
| ID | Q-  So, once, he never hit you or he did hit you, just yes or no sir | ( N. T. 5\7\2013 P. 7) |
| | A- I don't know | ( N. T. 5\7\2013 P. 7) |

A- No respone                                    ( N. T. 5\7\2013 P. 10)
in question by Ms Veranica Wiliams              N.T. 8\27\2013  P. 15

Mr Radwan answer is "Don't even Speak English, I cannot even go to police station and put a report"

in question by Ms.  Sin                         N.T. 5\7\2013  P. 9

Mr Radwan answer is  "   don't even speak English to call the cop  "


 that was the court incredible witness and in which the trail court judge Daina Anhult opinion based on.

the court of Common Pleas did abuse its discretion in ruling because there was no evidence and no credible witness who Committed Perjury.

Judge Anhalt J. Opinion Stated that; " Here, the court found that the testimony of Mr. Radwan was entirely reasonable and credible more so that the testimony of the appellant" Judge Anhalt opinion violated  Federal Law for finding fact that Mr Radwan not a credible witness based on the fact which Commonwealth persecution and Judge opinion not taken in consideration based on law and fact but based on Mr Radwan the wittiness  prior record showed that Mr Radwan commit a Federal Crimes which Mr Radwan charge felony and perjury in accordance to federal law  Mr Mohmed had contest to his crime, found guilty, contained, jailed and release by federal immigration Authority the Common Pleas Court Judge Cannot change the fact on the ground that the Federal Perjury in which Mr Radwan Committed could not make him a credible witness on the Stand against Mr Ibrahim Aly the Hight United States decorative Law enforcement officer, Federal Railroad Chief  of Police,  owner of United States Charter land for the Commonwealth and Private States land, the owner of the City of Philadelphia  "Revelation" , he who inforced the Supreme law of the land and inforce the Freedom and Independent from England on Julu4, 2015 and the end of the Bill of the Middlesex law

Since Mr. Radwan had violated the Federal Law, and had been charged with Perjury and felony then the Trail court  in violation for not enforced Federal Law  and was not  free to credit the testimony of Radwan and disbelieve the testimony of Mr Ibrahim .

Mr Radwan statements not bear of trust of reliability as a government wittiness on the stand the complainant had no credibility based on his Federal record toward law and order by the Federal government in which the Pennsylvania States is Part of the Federalize and the federal law enforced on the Court of Common Pleas .Philadelphia Charter Land Philly and Reading, the owner of the Northeastern Railroad Land, the Owner of Federal Land and Title who grant to investigation of fraud and false claim tile. Mr Aly is the Federal Auditing General against Financial fraud. Mr Aly is the Owner to New York Chapter and Railway the Owner of Railroad, Grid system, telephone system and Gas Pipe line systems.


Judge Anhalt J. Opinion Stated that;     " Here, the court found that the testimony of Mr. Radwan was entirely reasonable and credible more so that the testimony of the appellant Mr Aly "   See Id no. # 2856 EDA 2013  judge Anhalt Opinion Page [5]
Judge Anhalt opinion based on  Mr Radwan testimony as Credible witness however Mr Radwan, doesn't have any credibility as witness,  Judge opinion not taken in consideration that  Mr Radwan prior Federal  record showed that He committed  perjury, United States  federal immigration Authority found  Him guilty, Mr Radwan had contest to his crime,, detained, jailed and release on bill,  Judge Anhalt Opinion violated Mr. Ibrahim Aly Right because Mr. Radwan had no credibility, that was before the Trail .
in accordance to Court file and Statement by Judge Diana Unhalt stated that ;
"That's the key to this . If you are successful then your probation can be non- reporting. if  you are successful in the beginning, by staying away from the complainant .  do you understand ! "
See Id.  17, 18, 19, 20, 21, 22    trail September 12, 2013

Mr. Aly requesting a Probation hearing, but due to the Lack of Applications in Philadelphia Common Pleas Court Admiration , Mr. Aly filed 4 notice with the Office of Judge Unhalt requesting a Court Hearing for the Matter of Mr Aly Right to a non-reporting probation, however Mr Aly never received a respond from the Court,  Mr. Aly file a complaint with the Court Administration on the date of September 2, 2014 regarding His right to a Court Hearing in violation to Mr Aly Right =========

Mr. Aly, following a Court Order, had been Supervised under Probation for time up to 12 Month,  Mr Aly, who ask the Court Judge for Liberty to United States land and Freedom to all Private Citizen including Him,  however Judge Anhalt enforced a Court Order as Stated that Mr. Aly be Supervision under a Mental Health with the assumption that Mr Aly is Creasy otherwise He will not be Supervised by Mental Health Unite.  Court Opinion violated  Mr Aly Civil Right.

Mr Aly had been arrested by Harrisburg Police While doing his Federal Investigating , Mr Aly send to Jail, and after 40 day's , Mr. Aly committed to Common Pleas Court, Under Judge  Anhult proceeding , Mr Aly explain to Judge Anhult about His right in non-Reporting to Probation which was in the Court Order  and granted to Mr. Aly on September 12, 2013 however Judge Anhalt Said " I don't Said That " , Judge Anhalt Deni Her Court Statement Under Oath. thereafter Judge Anhalt Violation to Court Order of   September 12, 2013 in which Mr Aly initial thereafter Mr. Aly deserved a relived.

Mr. Aly Never inform Court Judge of His ongoing Federal investigating due to the procedures of His Job and due to the secrecy of the ongoing investigation under Federal Seal,
U.S.
Right of Way Authority
Reading Company Railroad Charters Chief of Police
Federal Land & Title Registry against Fraud and False Claim to Property Land and or Building.
Federal Financial Auditing to Debts Public and Private due to the Financial Meltdown.
Reading Company, owner of Railroad Charter Land of Original 13 Commonwealth States and the Federal Privet Purchase  in North America Continent, in which England Holding unlawfully Claim by God Save the Queen of England.
Mr Aly, the owner of Railroad Charters land in the City of Philadelphia, United States First Capital, and the owner to Washington D.C. Charter Railroad Land including the  Right of Way, in which Mr. Aly  is on ongoing duty to defend the Federal Capital Land,  the Federal Union 50 Stars, and United States Federal Union Land  against fraud and false Claim by the Privree of Great Britain under the District of Columbia Flag, the law of England Family Flag follow the law of England Law .
See Id, No. #


   18 Pa. C.S. $ 3921 (a)  a person is guilty of [ receiving stolen property ]
   18 Pa. C.S. $ 3925 (a)  a person is guilty if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen
Mr Aly never Admit taken Money from the Complainant Mr Radwan, and the police never found Mr Aly receives, retains or disposes a movable property, Mr Radwan not presented any evidence at the trial except his word of mouth, since Mr Radwan is Committed perjery befor the trail in lie to United State Federal Government, theirafter He Cannot be a credible witness and since Mr.Radwan, lie by changing his testimony under oath at the trail theirafter Mr Radwan committed perjury, Had no credibility, there is no testimony to preserve, and to support Mr Aly conviction, Mr Aly, the Defendant deserve a relive.  the Court of Middle Sex no longer enforced by her Majesty of the Bench warrant Court, the Court of fine in her Providence, Territorial, and dominion in North America after the enforcement of Declaration of Independence from England in the Second time in history July 4, 2015.

Judge Diana anhalt Opinion to Superior Court Stated that " On October 21, 2013, this  Court ordered Appellant to file a concise statement of the matters complained of on appeal pursuant to Rule 1925(b) of the Pa. R.A.P."

Mr Aly explaining in His brief to Superior Court that Mr. Aly in no longer under the Jurisdiction Of Philadelphia Common Pleas Court thereafter Mr. Aly is Not obligated to answer to Rule 1925(b) of the Pa. R.A.P, because it is not only violation to Court Jurisdiction ( Mr Aly is not Under the jurisdiction of two Court the Common pleas and the Superior at the Same time but Mr Aly only obligated to file brief appeal to Superior Court.


" On November 5, 2013, Appellant's counsel requested an extension of time to file a Supplemental 1925(b) and the court granted his request. Appellant did not file a 1925(b) Statement with the Court but rather on March 10, 2014 Counsel for Appellant notified the Court that he intends to file an Andres/Santiago brief in this case as there are no non- frivolous issues for appeal.
Mr Aly Contract with Mr. Victor is limited to file only an application of appeal and no not permitted Mr. Victor to file any other Statement or brief in which Mr. Victor violated the Contact term and in which the Superior Court violated Mr Aly Right to appeal in accepted Mr. Victor Brief while there is declaration by Mr. Aly filed in Superior Court instated that Mr Aly is Pro se and other filed instated that Mr. Aly [F]ire Mr. Victor. thefore the Superior Court Opinion Violated Mr. Aly:
1- the Right to Appeal
2- Contract Term with Mr Victor


The arrest warrant issue by Philadelphia Common Pleas Court is unconstitutional because Mr Aly was under the Jurisdiction of Philadelphia Municipal Court in which the Municipal Court Issue a Subpoena directed Mr. Aly for appearance on the Date of April 18, 2013 Time 12:58 am.
Stated to bring a notice with Me.
Common Pleas Court Violated Mr Aly Right, in issuing order of arrest, and arrested Mr. Aly  on  the Date of April, 17 2013 thereafter Common Pleas Court violation to Mr. Aly Right :
1- False Arrest
2- False Imprison


including an application from Lancaster County Common pleas Court instruction of proceeding in which County of Philadelphia Common Pleas Court violation to Pennsylvania Unified Court System, in Delaware County the Court Administration Had taken in Consideration to Correct the Violation  of Federal employment Act in Mandating not less than a 15 % Minority work force out of the totality , plus other law violation, need to be updated.

COURT OF COMMON PLEAS OF LANCASTER COUNTY, PA
Standards for Courtroom Decorum

Attorneys always should bear in mind that they are officers of the court and they should conduct themselves accordingly

violation in which Philadelphia Common Pleas Court enforced Mr. Victor, the Attorney for the defendant to be a Court Prosecution by Submitting a brief notified the Court that there are no non-frivolous issues for appeal.

Philadelphia Common Pleas Court violation to rule of law ,as explaining:
Rules of Criminal Procedure
2. Held by the arresting police department at a location designated by the Court as an approved Advanced Communication Technology Site for the purpose of video conferencing until preliminary arraignment is conducted by the assigned Duty Court Magisterial District Judge by video conference.

III. Required

B. Withdrawal of Appearance
1. Counsel for a defendant may not withdraw his or her appearance except by leave of court.
2. A motion to withdraw shall be:
a. filed with the clerk of courts, and a copy concurrently served on the attorney for the Commonwealth and the defendant; or
b. made orally on the record in open court in the presence of the defendant.
3. Upon granting leave to withdraw, the court shall determine whether new counsel is entering an appearance, new counsel is being appointed to represent the defendant, or the defendant is proceeding without counsel.
A. In all cases where a bench warrant is executed, the case shall proceed in accordance with the following procedures:
1. In all cases where the Defendant is lodged in the Lancaster County Prison pursuant to the bench warrant, the Warden or his designee shall notify the District Court Administrator within twelve hours of commitment.
2. After notice from the Warden or his designee, the District Court Administrator shall schedule a hearing within the time permitted by Pa.R.Crim.P. 150.

3. The District Court Administrator shall give prompt notice of the hearing to the Office of the Public Defender, District Attorney's Office, and the Clerk of Courts for Lancaster County. The District Attorney and Public Defender shall each assign an attorney for the hearing.
4. The daily Business Judge shall conduct hearings on bench warrants held pursuant to this Rule.
This Rule shall be effective for individuals detained on or after August 1, 2006.
Revised 6-30-06
RULE 202. Approval of Search Warrant Applications by Attorney for the Commonwealth -The District Attorney

**   Common Pleas Court, County of Philadelphia never implying this Rules as Lancaster County Common Plea Court did, First Mr. Aly had been Judge by the Bail Bond, under which Mr Aly never Granted His basic legal Right to an Attorney as Mandated by State statue, Federal Statue and Constition Artical====
and Mr Aly First Appearance is Granted with Judge theirafter the Judgment issued by Philadelphia Baill Bond violated due Prosess of Law.

Commonwealth of Pennsylvania Articale 1&9 provide as follows " in all criminal prosecution the accused has a right to be heard by himself and or by his council to demand the nature and case of the accusation against him, nor he be deported of his life liberty or property without the due process of law. Mr Aly never grant a right by the Bail bond nor by Philadelphia Municipal Court.

·

RULE 530. Duties and Powers of a Bail Agency
A. Pursuant to Pa.R.Crim.P. 530, the Court designates the Office of Bail Administration and Pre-Trial Services as the bail agency.
B. The bail agency, after investigating and concluding that a defendant is appropriate for release on bail, may present a motion to modify or reinstate bail. The bail agency may act on behalf of defendants who are incarcerated on bench warrants or who are unable to post the monetary amount of bail.
C. If the issuing authority sets bail which includes supervision by the bail agency, the issuing authority

shall require the defendant to complete the bail agency's supervision form.

RULE 570B. Pretrial Conference
B. Information Provided at Pretrial Conference
1. The general purpose of the pretrial conference is to apply and enforce the letter and spirit of Pa. R. Crim. P. 570, and the comments thereto, and to ascertain the information contemplated thereby, in order to determine the readiness of a criminal case for trial or the likelihood of and timeframe for a nontribal
disposition. Accordingly, at the time of the pretrial conference, the parties
shall be prepared to provide, at a minimum, the information enumerated in Pa.
R. Crim. P. 570, and the official comment thereto.
2. A Pretrial Conference Memorandum in the form approved by the President
Judge shall be submitted to the court by the assigned attorney for the
Commonwealth and by the defense attorney at the time of the pretrial
conference. At the discretion of the court, a pro se defendant who intends to
remain pro se throughout the pendency of the case may also be required to
complete and submit a Pretrial Conference Memorandum.
3. A pro se defendant who has not yet retained legal counsel and does not intend
to remain pro se throughout the pendency of the case shall advise the court at
the Pretrial conference of the status of the defendant's efforts to secure legal
representation. Absent compelling circumstances, a continuance to obtain legal
representation shall not be granted more than once.4.The

RULE 620. Waiver of Jury Trial
A waiver of jury trial shall be in compliance with Pa.R.Crim.P. 620 and on the
form provided by the District Attorney.
Philadelphia Common Pleas Court Violation to  Pa.R.Crim.P. 620 in which the Form had been provide
from the Public Attorney but not by the District Attorney, the Unified Court System is one System of
rules and regulation does not defer from one Court to Other, a change in County location doesn't
Change the State law System.

```
COPY
ORIGINAL FILED IN SUPERIOR COURT

JUL 18 2014

EASTERN DISTRICT
```

IN THE SUPERIOR COURT OF PENNSYLVANIA
EASTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA          :          EDA 2013

VS.          :

IBRAHIM ALY          :          No. 2856

PETITION TO WITHDRAW AS COUNSEL

TO THE PRESIDENT JUDGE AND JUDGES OF THE SUPERIOR COURT OF PENNSYLVANIA:

Victor Rauch, Assistant Defender, Owen W. Larrabee, Assistant Defender, Deputy Chief, Appeals Division, Karl Baker, Assistant Defender, Chief, Appeals Division, and Ellen T. Greenlee, Defender, appointed counsel for Robert Thomas, appellant in the captioned matter, request permission to withdraw as counsel in the captioned appeal and represent: *Violation*

1.      The captioned appeal was filed by appellant from the judgment of sentence imposed on September 12, 2013, by the Honorable Diana Anhalt, of the Court of Common Pleas, on CP-51-CR-0006077-2013.

2.      Counsel for appellant has made a conscientious examination of the record and has determined the appeal is wholly frivolous.

3.      Counsel has notified appellant of his request to withdraw as counsel, furnished appellant with a copy of the petition to withdraw as counsel and the brief prepared by counsel, and advised appellant of his right to retain new counsel, proceed *pro se* and raise additional points that he may deem worthy of consideration.   A copy of the letter to appellant is attached.

*Exhibit # 55555   Violation*
*Superior court, reject the appeal of IBRAHIM ALY*
*used Robert thomas, but not IBRAHIM ALY*
*on a                                                  Appeal*

Respectfully submitted,


VICTOR RAUCH, Assistant Defender
OWEN W. LARRABEE, Assistant Defender
        Deputy Chief, Appeals Division
KARL BAKER, Assistant Defender
        Chief, Appeals Division
ELLEN T. GREENLEE, Defender

2

# DEFENDER ASSOCIATION
# OF PHILADELPHIA

1441 Sansom Street
Philadelphia, PA   19102
(215) 568-3190

ELLEN T. GREENLEE
**DEFENDER**

July 18, 2014

Mr. Ibrahim Aly
425 ½ N. Broad St.
Philadelphia, PA  19123

       Re: <u>Commonwealth v. Ibrahim Aly</u>
          CP-51-CR-0006077-2013
          2856 EDA 2013

Dear Mr. Aly,

     In accord with <u>Commonwealth v. McClendon</u>, 495 Pa. 467, 434 A.2d 1185 (1981), and
<u>Anders v. California</u>, 386 U.S. 738 (1967), you are hereby informed that after making a
conscientious examination of the record in your case, counsel has determined the appeal would
be wholly frivolous and is filing a request to withdraw from further representation of you in the
above-captioned matter.

     You have the right to retain new counsel or to proceed *pro se*, and may raise any
additional points that you may deem worthy of consideration, by writing directly to the Superior
Court. A copy of the <u>Anders</u> – compliant brief is enclosed, as well as a copy of our petition to
withdraw as counsel.

                             Sincerely,

                             Victor Rauch
                             Assistant Defender
                             Appeals Division

IN THE SUPERIOR COURT OF PENNSYLVANIA
EASTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA        :        EDA 2013

VS.                                 :

IBRAHIM ALY                         :        No. 2856

**PROOF OF SERVICE**

    I hereby certify that I am this day, by personal service and/or fax, serving upon

HUGH BURNS
CHIEF, APPEALS UNIT
DISTRICT ATTORNEY'S OFFICE
WIDENER BUILDING
3 SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

a copy of the Petition to Withdraw as Counsel being filed in the above-captioned matter.

                                    Victor Rauch, Assistant Defender
                                    Defender Association of Philadelphia
                                    1441 Sansom Street
                                    Philadelphia, PA 19102

Date:  July 18, 2014

*Exhibit E Page 13*

FILED
09/19/2013 03:46:41 PM
Post Trial Unit
By: P. GRA

**DEFENDER ASSOCIATION OF PHILADELPHIA**
BY:   ELLEN T. GREENLEE, Defender and
        Veronica Williams, Assistant Defender

| A COPY OF THIS DOCUMENT HAS BEEN RECEIVED BY THE DISTRICT ATTORNEY |
|---|
| SIGNATURE_____ |
| DATE _____ |

**RECEIVED**

OCT 01 2013

ACTIVE CRIMINAL RECORDS
CRIMINAL MOTION COURT

Identification No. 00001
1441 Sansom Street
Philadelphia, Pa. 19102
(215) 568-3190                                        Attorney for Ibrahim Aly

---

| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS |
|---|---|---|
| | : | COUNTY OF PHILADELPHIA |
| V. | : | CRIMINAL TRIAL DIVISION |
| | : | |
| IBRAHIM ALY | : | CP-51-CR-0006077-2013 |
| | : | CHARGES: Theft – Unlawful Taking |

M1, Receiving Stolen Property M1

---

### ORDER

AND NOW, this _1_ day of _October 2013_, it is HEREBY ORDERED that a

hearing be granted on the Motion for Reconsideration, to take place on the        day of

2013, in Courtroom        of the Criminal Justice Center.

*Denied Without a Hearing*

BY THE COURT:

*Diana L Anhalt*

HONORABLE DIANA L. ANHALT

CP-51-CR-0006077-2013 Comm. v. Aly, Ibrahim
Order Denying Motion for Reconsideration of Sentence

*[barcode]* 7073605891

1

what is the criminal motion court
+ How the Country never give the citizen Right to
Apple and every one gete motion of ReConsideration
See How many ( Key )

11/05/2013  14:47   2156837114   JUDGE JOHN YOUNGE   PAGE  02/05

*Exhibit #57. API* *The Court of Quater Sessions it's in 2010* *Violation Exhibit A page 12*

FILE COPY

Commonwealth of Pennsylvania
Court of Common Pleas
County of Philadelphia
1st Judicial District

**Release of Prisoner**

Commonwealth of Pennsylvania
v.
Ibrahim Aly

Philadelphia County Clerk of Quarter Sessions
1301 Filbert Street
TD1101
Philadelphia, PA 19107

Docket No: CP-51-CR-0006077-2013
OTN: N 857508-1
DOB: 05/29/1960

| Charge(s) | |
|---|---|
| 18 § 3701 §§ A1V (Lead) | Robbery-Take Property Fr Other/Force |
| 18 § 3921 §§ A | Theft By Unlaw Taking-Movable Prop |
| 18 § 3925 §§ A | Receiving Stolen Property |

*Additional charges are listed on separate page.*

To the Warden/Director of House Of Corrections:

You are ordered/directed to release Ibrahim Aly on Docket No. CP-51-CR-0006077-2013 for the charges listed, for the following reasons:

☐ Hearing to be held at:

| Date: | Location: |
|---|---|
| Time: | |

☐ Acquitted/Found Not Guilty by (Jury/Court)

☐ Case Dismissed

☐ Charges withdrawn by Prosecution

☐ When Bail is Posted

☐ Ibrahim Aly has been placed on (Probation/Parole)

☒ Other:  SENTENCE: TIME SERVED TO 23 MONTHS. CREDIT TIME SERVED IMMEDIATE PAROLE. CONCURRENT 2 YEARS REPORTING PROBATION

**This release does not apply to any other commitment, hold order, or detainer against Ibrahim Aly.**

BY THE COURT:

_Diana L. Anhalt_

_____          _____
Date                                                    Judge Diana L. Anhalt

Exhibit # F   page 13

FILE COPY

**Commonwealth of Pennsylvania**
**v.**
**Ibrahim Aly**

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

| | |
|---|---|
| DOCKET NO: | CP-51-CR-0006077-2013 |
| DATE OF ARREST: | 04/17/2013 |
| OTN: | N 857508-1 |
| SID: | 398-62-14-0 |
| DOB: | 05/29/1960 |
| PID: | 1123899 |

# ORDER

AND NOW, this 12th day of September, 2013, the defendant having been convicted in the above-captioned case is hereby sentenced by this Court as follows:

**Count 2 - 18 § 3921 §§ A - Theft By Unlaw Taking-Movable Prop (M1)**

To be confined for Time Served to 23 Months at County Prison.

The following conditions are imposed:
Credit for time served: Credit to be calculated by the Phila. Prison System

Immediate Parole: Defendant paroled immediately.

This sentence shall commence on 09/12/2013.

To be placed on Probation - County Regular Probation - for a maximum period of 2 Year(s) to be supervised by APPD-MENTAL HEALTH.

The following conditions are imposed:
Drug screens: To submit to random drug screens.

Mandatory Court Costs - Court Costs: Defendant is to pay imposed mandatory court costs.

Restitution: To make restitution of the fruits of his crime or to make reparation, for the loss or damage caused thereby.

Supervision - Supervision Under Mental Health Unit: Defendant to be supervised under the Mental Health Unit.

Stay Away Order: To stay away from victim(s).

This sentence shall commence on 09/12/2013.

**Count 3 - 18 § 3925 §§ A - Receiving Stolen Property - Merged with Ct. 2 - (M1)**

CP-51-CR-0006077-2013 Comm. v. Aly, Ibrahim
Order - Sentence/Penalty Imposed

| LINKED SENTENCES: |
|---|
| Link 1 |
| CP-51-CR-0006077-2013 - Seq. No. 2 (18§ 3921 §§ A) - Confinement is Concurrent with |
| CP-51-CR-0006077-2013 - Seq. No. 2 (18§ 3921 §§ A) - Probation |

7062858961

The defendant shall pay the following:

| | Fines | Costs | Restitution | Crime Victim's Compensation Fund - | Total Due |
|---|---|---|---|---|---|
| Amount: | $0.00 | $367.00 | $200.00 | $60.00 | $627.00 |
| Balance Due: | $0.00 | $367.00 | $200.00 | $60.00 | $627.00 |

CPCMS 2066

Printed: 09/12/2013  3:38:04PM


Diana L. Anhalt

*new*

# First Judicial District of Pennsylvania

*51CR00060772013*
*Ibrahim Ali*

*Trial (Waiver) Volume 1*
*August 27, 2013*

*date*
*sign*
*+ Recived*



*First Judicial District of Pennsylvania*
*100 South Broad Street, Second Floor*
*Philadelphia, PA 19110*
*(215) 683-8000   FAX:(215) 683-8005*

*credibile*

*Original File IBRAHIM^ALI^T08-27-13.txt  0 Pages*
*CRS Catalog ID: 13120939*

*Then He reach in my Pocket*

51CR00060772013                                                   Trial (Waiver) Volume 1
Ibrahim Ali                                                            August 27, 2013

Page 1

[1]
[2]        IN THE COURT OF COMMON PLEAS
       FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
[3]             CRIMINAL TRIAL DIVISION
[4]                    ___
[5] COMMONWEALTH          :

[6]                       :
       vs.      :CP-51-CR-0006077-2013
[7]                       :
                          :
[8] IBRAHIM ALI        :
[9]                    ___
[10]   Courtroom 904, Criminal Justice Center
[11]        Philadelphia, Pennsylvania
[12]                   ___
[13]        Tuesday, August 27, 2013
[14]                   ___
[15] BEFORE: THE HONORABLE DIANA ANHALT, J.
[16]                   ___
[17]     BIFURCATED WAIVER TRIAL VOL. I
[18]                   ___
[19] APPEARANCES:
[20]    TRACY PALMER, ESQUIRE
        Assistant District Attorney
[21]     For the Commonwealth
        VERONICA WILLIAMS, ESQUIRE
[22]     Attorney for the Defendant
[23]
[24]
[25]

Page 2

[1]
[2]                   INDEX
[3]         COMMONWEALTH'S EVIDENCE
[4] WITNESS          DR.  CR.  RDR.  RCR.
[5] BIKHIT RADWAN          11  19  22
[6]
[7]             EXHIBITS
              FOR    IN
[8] NO.      DESCRIPTION   IDENT.  EVD.
[9] (None presented.)
[10]
[11]
[12]         DEFENDANT'S EVIDENCE
[13] WITNESS          DR.  CR.  RDR.  RCR.
[14] (None presented.)
[15]
[16]             EXHIBITS
              FOR    IN
[17] NO.      DESCRIPTION   IDENT.  EVD.
[18] (None presented.)
[19]
[20]
[21]
[22]
[23]
[24]
[25]

Page 3

[1]             COMMONWEALTH VS ALI
[2]        THE COURT: Before we do this,
[3] however, I think I should -- actually, I have
[4] to give you this back. He has one more place
[5] to initial on the third page.
[6]        And before we do the colloquy,
[7] I'd like to -- well, first, we can do that and
[8] then we'll address whatever motions Mr. Ali's
[9] had.
[10]             - - -
[11]        (Brief pause.)
[12]             - - -
[13]        THE COURT: All right.
[14]        Ms. Williams, what motion does
[15] defense have for me to take a look at before
[16] we begin the trial.
[17]        MS. WILLIAMS: Your Honor, the
[18] defendant has filed two pro se motions. The
[19] first of which, I think, is a motion to
[20] quash. Essentially because the Commonwealth
[21] did not make out a prima facie case due to the
[22] fact that the complainant is not a citizen of
[23] the United States, so the Commonwealth does
[24] not have the ability to go forward with this
[25] case.

Page 4

[1]             COMMONWEALTH VS ALI
[2]        THE COURT: Okay.
[3]        And what is the other motion?
[4]        MS. WILLIAMS: And the second
[5] motion was a bail motion.
[6]        THE COURT: Okay. All right.
[7]        So I'm going to hold off on the
[8] bail motion until later because that doesn't
[9] have to be addressed prior to beginning the
[10] trial.
[11]        Okay, Mr. Ali?
[12]        THE DEFENDANT: Okay.
[13]        THE COURT: And with respect to
[14] your first motion, the beauty of this United
[15] States of America is that the law protects
[16] everybody.
[17]        THE DEFENDANT: That's correct,
[18] Your Honor.
[19]        THE COURT: All right.
[20]        And so people who are
[21] immigrants or people who are in this country
[22] legally or illegally --
[23]        THE DEFENDANT: Yeah, but under
[24] the Constitution of the United States, the --
[25] is not allowed anyone, whoever not citizen, or

Qadriyyah  Taylor, O.C.R          Court Reporting System          1 (page 1 - 4)

51CR00060772013
Ibrahim Ali

Trial (Waiver) Volume I
August 27, 2013

Page 5

COMMONWEALTH VS ALI

[1]
[2] not a legal resident.
[3]    THE COURT: That is actually
[4] false. The law --
[5]    THE DEFENDANT: That's what the
[6] Constitution says.
[7]    THE COURT: No, it doesn't. I
[8] respectfully and wholeheartedly disagree with
[9] your interpretation of the United States
[10] Constitution. I am proud of the fact that the
[11] Constitution protects everyone. And people
[12] have lost their lives fighting for it. So I
[13] recognize everyone's right to be free of
[14] crime.
[15]    THE DEFENDANT: Sure.
[16]    He has the right under the
[17] federal law, what he has. The constitution
[18] give all the rights to everybody, and should
[19] never prevent anybody from not taking his
[20] right. So he has the right -- anybody have
[21] right. And he have the right only to file,
[22] not in a regular court to Philadelphia, but to
[23] file in a federal law. And that's in the
[24] Constitution of the United States.
[25]    THE COURT: Thank you.

Page 6

COMMONWEALTH VS ALI

[1]
[2]    THE DEFENDANT: You're welcome.
[3]    THE COURT: All right.
[4]    So, Mr. Ali, you also as --
[5] have the absolute constitutional right to have
[6] a jury trial in this matter.
[7]    THE DEFENDANT: I waive my
[8] right. I give it to the Court.
[9]    THE COURT: Excellent. I
[10] appreciate that. I'm -- I have to ask you a
[11] couple of questions regarding that right that
[12] you're giving up. I want to make sure that
[13] you understand the charges against you.
[14]    You're charged with robbery a
[15] felony of the third degree. The maximum
[16] penalty is seven years imprisonment and a
[17] $15,000 fine; two misdemeanors involving
[18] theft, one theft by unlawful taking, one by
[19] receiving stolen property. Those are
[20] punishable five years in prison and a $10,000
[21] fine. And you're charged with simple assault,
[22] a misdemeanor of the second degree, punishable
[23] by two years in prison and $5,000 fine.
[24]    Any questions about the charges
[25] or the maximums that you face?

Page 7

COMMONWEALTH VS ALI

[1]
[2]    THE DEFENDANT: None of them,
[3] no.
[4]    THE COURT: Okay.
[5]    I'm holding in my hand a
[6] Written Jury Trial Waiver Colloquy. Did you
[7] go over this with your attorney?
[8]    THE DEFENDANT: The attorney
[9] she has the waiver of the trial form, so she
[10] should know.
[11]    THE COURT: No. Did you talk
[12] to her about it? I know she knows what it is,
[13] but did you talk to her about it?
[14]    THE DEFENDANT: Yes, we talk.
[15] Like mostly -- like, we -- she said, like --
[16]    THE COURT: You don't have to
[17] tell me what she said. I just want to make
[18] sure you understand --
[19]    THE DEFENDANT: I understand
[20] every word.
[21]    THE COURT: Perfect.
[22]    And you signed this document on
[23] the last page?
[24]    THE DEFENDANT: Yes.
[25]    THE COURT: And you did so

Page 8

COMMONWEALTH VS ALI

[1]
[2] knowingly, intelligently, and voluntarily?
[3]    THE DEFENDANT: Yes.
[4]    THE COURT: Excellent.
[5]    So then I will accept your
[6] waiver of your jury rights and make a
[7] finding that it's knowing, intelligent, and
[8] voluntary. And we can proceed.
[9]    THE DEFENDANT: Thank you.
[10]    THE COURT: All right. Thank
[11] you.
[12]    So would you like to waive
[13] formal arraignment and enter a plea of not
[14] guilty on behalf of your client?
[15]    MS. WILLIAMS: That's correct,
[16] Your Honor.
[17]    THE COURT: Very well.
[18]    Commonwealth, call your first
[19] witness. And move for sequestration on both
[20] sides.
[21]    MS. PALMER: Commonwealth calls
[22] Radwan Bikhit.
[23]    THE COURT CRIER: Remain
[24] standing.
[25]    Start with the probation

51CR00060772013
Ibrahim Ali

Trial (Waiver) Volume 1
August 27, 2013

Page 9

[1] COMMONWEALTH VS ALI
[2] officer, first --
[3] **THE COURT**: No.
[4] **THE JUDICIAL STAFF**: The
[5] interpreter.
[6] State your full name. Spell
[7] your last name, your title for the record,
[8] please.
[9] **THE INTERPRETER**: My name is
[10] Fathi Tounsi. The first name is F-A-T-H-I;
[11] last name is T-O-U-N-S-I.
[12] **THE JUDICIAL STAFF**: And your
[13] title?
[14] **THE INTERPRETER**: My title?
[15] I'm the interpreter -- Arabic interpreter for
[16] his language.
[17] - - -
[18] (FATHI TOUNSI, Arabic
[19] Interpreter, sworn.)
[20] - - -
[21] **THE JUDICIAL STAFF**: Sir, I
[22] need you to raise your right hand.
[23] State your full name. Spell
[24] your last name for the record.
[25] **MR. RADWAN**: Radwan, Bikhit.

Page 10

[1] COMMONWEALTH VS ALI
[2] The last name is R-A-D-W-A-N.
[3] - - -
[4] . . . BIKHIT RADWAN, having
[5] been duly sworn, was examined and testified as
[6] **follows**:
[7] - - -
[8] **THE COURT**: What's the first
[9] name?
[10] **MS. PALMER**: B-I-K-H-I-T.
[11] **THE COURT**: Got it.
[12] **THE JUDICIAL STAFF**: Sir, you
[13] can have a seat.
[14] The parties have been sworn,
[15] Your Honor.
[16] **THE COURT**: Thank you.
[17] **MS. PALMER**: May I remain
[18] seated, Your Honor?
[19] **THE COURT**: You may.
[20] **MS. PALMER**: Thank you.

Page 11

[1] COMMONWEALTH VS ALI
[2] - - -
[3] COMMONWEALTH'S EVIDENCE
[4] - - -
[5] DIRECT EXAMINATION
[6] - - -
[7] BY MS. PALMER:
[8] **Q.** Good afternoon. Thank you for your
[9] patience today.
[10] **A.** No problem.
[11] **Q.** Sir, how are you currently employed?
[12] **A.** My job?
[13] **Q.** Yes.
[14] **A.** I have two jobs. Daytime, I work in my
[15] stand; and night time, I work for a supermarket.
[16] **Q.** Okay.
[17] And where is your stand located, sir?
[18] **A.** Spring -- corner of Spring Garden and
[19] Broad Street.
[20] **Q.** And is that a newsstand, sir?
[21] **A.** This is since 2005.
[22] **Q.** Is that how long -- that's when you
[23] opened it? 2005?
[24] **A.** Yes.
[25] **Q.** And it's a newsstand, correct?

Page 12

[1] COMMONWEALTH VS ALI
[2] **A.** Yes.
[3] **Q.** Okay.
[4] And were you working at your newsstand
[5] back on April 10th of this year, 2013?
[6] **A.** Yes.
[7] **Q.** And were you working at almost noon
[8] around, 11:50 in the morning?
[9] **A.** Before noon, a little bit before noon.
[10] **Q.** Were you alone in the newsstand or were
[11] you with somebody else?
[12] **A.** Myself.
[13] **Q.** Okay.
[14] Do you usually work alone in the
[15] newsstand?
[16] **A.** Yes.
[17] **Q.** And did you have any interaction that
[18] day with anyone you see here in the courtroom
[19] today?
[20] **A.** That's him, Ibrahim. He came to me.
[21] **MS. PALMER**: Indicating the
[22] defendant at the bar of the court by name and
[23] by point of finger.
[24] BY MS. PALMER:
[25] **Q.** And have -- prior to that day of April

Page 13

COMMONWEALTH VS ALI

[2] 10th, had you ever seen the defendant before?

[3] A. Yes. He used to make sandwiches like a
[4] block away from me.

[5] Q. How long have you known him for?

[6] A. Two years. Two years and a little bit.

[7] Q. Okay.

[8] What happened when you and the defendant
[9] interacted on April 10th?

[10] A. Before or that day?

[11] Q. That day. What happened on that day?

[12] A. He came to ask me for a thousand
[13] dollars. Then I said no. So he started insulting
[14] my father, my mother. Then he reach with his hand,
[15] I thought he was going to hit me, but actually he
[16] took the money out of my pocket.

[17] Q. Okay.

[18] Now, I want to back you up for a
[19] second. He asked you for a thousand dollars. Did
[20] he say why he needed a thousand dollars?

[21] A. It's not the first time he asked for
[22] that.

[23] Q. We'll get to that. But did he say why?
[24] Did he say why on that day he needed a thousand
[25] dollars?

Page 14

COMMONWEALTH VS ALI

[2] A. To loan him from me. Give me a thousand
[3] dollars.

[4] Q. Okay.

[5] Has he asked for money before from you?

[6] A. Yes. Yes, because he needed for his
[7] message because he's telling me that he is the
[8] messenger of God. He is the common messenger of
[9] God.

[10] Q. How many times prior to April 10th has
[11] he asked you for money?

[12] A. Two times. Once when he -- first time
[13] came with the messenger of God story. Then the
[14] second time was to fix -- pretend to fix my
[15] electric.

[16] Q. Okay.

[17] And does he ask for different amounts of
[18] money or always a thousand dollars?

[19] A. Always a thousand dollars.

[20] Q. So on April 10th when he asked for a
[21] thousand dollars, what did you say?

[22] A. I told him I don't have. I told him
[23] what bring you to me over here. And I went to his
[24] family and I asked them to keep him away from me
[25] and they promised that they're going to keep him

Page 15

COMMONWEALTH VS ALI

[2] away from me. They told me that --

[3] MS. WILLIAMS: Objection, Your
[4] Honor. Objection to what the family told
[5] him.

[6] THE COURT: Overruled.
[7] You can keep going, sir.

[8] THE WITNESS: That's it.

[9] That's what happened. I told him go away,
[10] what bring you to me now. He insult my mom.
[11] He insult my father. He humiliate my
[12] relationship with my wife. Then he reach in
[13] my pocket. And I thought he was going to hit
[14] me. Then he was -- he was -- his intention to
[15] grab the money out of my pocket. And he
[16] always, like, telling me that I'm not -- I
[17] don't even speak English, so I'm not going to
[18] do nothing to him. I cannot even go to the
[19] police station and put a report. So I close
[20] the stand and I went to the police station.

[21] MS. PALMER: Okay.

[22] BY MS. PALMER:

[23] Q. I want to back up for a second.

[24] When the defendant reached out, you
[25] thought he was going to hit you. Which side was

Page 16

COMMONWEALTH VS ALI

[2] that? Your right side or your left side?

[3] A. This one.

[4] THE COURT: Indicating for the
[5] record, the left breast pocket.

[6] Correct?

[7] THE WITNESS: Yes, the same
[8] pocket.

[9] BY MS. PALMER:

[10] Q. Okay.

[11] So you have a shirt on today that has a
[12] pocket on the left side. Was it a similar shirt to
[13] the one you're wearing today?

[14] A. The same design.

[15] Q. Okay.

[16] And is your money in your left breast
[17] pocket?

[18] A. Usually, I don't carry money in my
[19] pocket like that, but that day I was waiting for a
[20] cab driver, my friend. His name Wajih Zikry. And
[21] I always give him the money to buy me cigarettes
[22] for my stand from the south side.

[23] THE COURT: Please give me the
[24] name again. Spell it for the record, please.

[25] THE WITNESS: First name Wajih,

51CR00060772013
Ibrahim Ali

Trial (Waiver) Volume 1
August 27, 2013

Page 17

[1]          COMMONWEALTH VS ALI
[2]  W-A-J-I-H; Zikry, Z-I-K-R-Y.
[3]          THE COURT:  Okay.
[4]      How much money did you -- did
[5]  you have in your pocket?
[6]          THE WITNESS:  Two hundred
[7]  dollars.
[8]  BY MS. PALMER:
[9]      Q.   So, sir, after you realized that the
[10]  money had been taken from your pocket, what did you
[11]  do, if anything?
[12]      A.   I went up to him.  And I asked him it's
[13]  a shame to do stuff like this.  So he started
[14]  insulting me, my -- insulting my mother, my
[15]  father.  I was telling him that I'm going to call
[16]  the cops on him.  He said whatever you want to do.
[17]  Go do it.
[18]      I have a question.  What bring him to me
[19]  after we have promise from his family that he's not
[20]  supposed to get near my stand?
[21]      Q.   Okay.  I understand, sir, your
[22]  frustration.
[23]      Did the defendant say anything else to
[24]  you when you told him you were going to go to the
[25]  police?

Page 18

[2]      A.   He said to me, you don't even speak a
[3]  couple words together in English.  Go.  Whatever
[4]  you want to do.  Go do whatever you want to do.
[5]      Q.   Now, sir, did you ever get that money
[6]  back?
[7]      A.   No.
[8]      Q.   And you went to the police that day?
[9]      A.   When I went to the police station, they
[10]  show me some pictures and they -- and I point on
[11]  that and I knew him.  He was in the picture.  And
[12]  they gave me a bunch of pictures and I knew -- and
[13]  one of the pictures was his.
[14]      Q.   And was this on the same day that this
[15]  happened, sir?
[16]      A.   The same day, they took me to a building
[17]  in Philly underground.  They showed me an album of
[18]  pictures.  And -- to find which one is which.  And
[19]  I knew that his picture over there.
[20]      Q.   Now, sir, you weren't injured at all
[21]  when he reached for the money, right?
[22]      A.   I cannot lie to you, no.
[23]      Q.   All right.
[24]      Thank you, sir.  I don't have any
[25]  questions for you right now anymore, but counsel's

Page 19

[1]          COMMONWEALTH VS ALI
[2]  going to have a couple.
[3]          - - -
[4]          CROSS-EXAMINATION
[5]          - - -
[6]  BY MS. WILLIAMS:
[7]      Q.   Sir, on April 10th, it's your testimony
[8]  today that my client asked you for money to loan
[9]  him; is that right?
[10]      A.   Yes.  He asked me for a thousand
[11]  dollars.  I told him why.  He said give me a
[12]  thousand dollars.
[13]      Q.   Okay.
[14]      And he asked you for a thousand dollars
[15]  to fly back to Egypt, didn't he?
[16]      A.   No.
[17]      Q.   Okay.
[18]      Do you remember giving a statement to
[19]  police?
[20]      A.   The same thing I said now.
[21]      Q.   Okay.
[22]      You gave a statement to the police on
[23]  the 10th day of the incident, didn't you?
[24]      A.   I don't remember, but it was the same
[25]  day.

Page 20

[1]          COMMONWEALTH VS ALI
[2]      Q.   Okay.
[3]      And do you remember signing that
[4]  statement?
[5]          MS. PALMER:  I'll stipulate
[6]      that he said in the statement that the
[7]      defendant asked for a thousand dollars.  It
[8]      says, "Ibrahim walked up to me and said give
[9]      me one thousand dollars.  I asked for what.
[10]      He said to fly to Egypt."
[11]          THE COURT:  Okay.
[12]          THE WITNESS:  I don't care
[13]      about Egypt.
[14]  BY MS. WILLIAMS:
[15]      Q.   Okay.
[16]      After you said that you weren't going to
[17]  give him a thousand dollars, that's when you two
[18]  got into a verbal argument; is that correct?
[19]      A.   After this, he started talking a lot of
[20]  bad things that I cannot -- it's a shame to bring
[21]  it up in a court for the respect of the Court as
[22]  I'm Palestinian and I'm not -- he humiliate me.
[23]      Q.   Okay.
[24]      He cursed your mother and father, didn't
[25]  he?

Qadriyyah  Taylor, O.C.R

5 (page 17 -

51CR00060772013
Ibrahim Ali

Trial (Waiver) Volume 1
August 27, 2013

Page 21

COMMONWEALTH VS ALI

[1]
[2]    A.   Yeah.  He insult my mother, my father.
[3] He insult my personality.  He humiliate me.  He
[4] call me even gay.
[5]    Q.   Okay.
[6]        And in your culture, these things are
[7] serious insults, aren't they?
[8]    A.   Yes.  It's more -- more important than
[9] money.
[10]    Q.   Okay.
[11]        And you were upset that he said these
[12] things to you, weren't you?
[13]    A.   I'm still sick from hearing that word --
[14] these insults.
[15]    Q.   Okay.
[16]        And you remember testifying at the
[17] preliminary hearing in this case, don't you?
[18]    A.   I don't say nothing out of -- besides
[19] what I say last time and this time.  I don't have
[20] no problem with nobody.
[21]    Q.   That's right.
[22]        And you told the judge at the
[23] preliminary hearing that you weren't -- that you
[24] weren't upset about the money here, right?  Do you
[25] remember saying that?

Page 22

COMMONWEALTH VS ALI

[1]
[2]    A.   I was upset about the humiliation he did
[3] to me, not about the money.
[4]        MS. WILLIAMS:  I have no
[5] further questions.
[6]        MS. PALMER:  If I may?
[7]        - - -
[8]        REDIRECT EXAMINATION
[9]        - - -
[10] BY MS. PALMER:
[11]    Q.   Sir, on the 10th, was this the first
[12] time the defendant said humiliating things to you?
[13]    A.   Yeah, it was the first time.  He used to
[14] come before and tell me some stupid stories that if
[15] you want your land back, Palestine, you would not
[16] get your land back and some stories not -- it's
[17] funny if I say it.  It really doesn't -- doesn't
[18] have -- I don't feel that I'm comfortable saying it
[19] over here in the court.
[20]    Q.   Okay.
[21]        MS. PALMER:  I have nothing
[22] further.
[23]        THE COURT:  Anything based on
[24] that?
[25]        MS. WILLIAMS:  I have nothing

Page 23

COMMONWEALTH VS ALI

[1]
[2] based on that.
[3]        THE COURT:  Thank you,
[4] Mr. Radwan.
[5]        THE WITNESS:  I want to ask a
[6] question.
[7]        THE COURT:  I think you can ask
[8] the DA when you're finished and then we'll
[9] answer your question later.
[10]        THE WITNESS:  I don't want him
[11] to come near me.  That's it.
[12]        THE COURT:  Okay.  Thank you.
[13]        THE WITNESS:  Thank you.
[14]        THE COURT:  You're welcome.
[15]        - - -
[16]        (Witness excused.)
[17]        - - -
[18]        THE COURT:  Commonwealth.
[19]        MS. PALMER:  Nothing further,
[20] Your Honor.  I rest.
[21]        THE COURT:  Defense.
[22]        MS. WILLIAMS:  Your Honor, this
[23] is my motion for judgment of acquittal on the
[24] simple assault charge.
[25]        MS. PALMER:  No argument.

Page 24

COMMONWEALTH VS ALI

[1]
[2]        THE COURT:  Granted.
[3]        MS. WILLIAMS:  Thank you, Your
[4] Honor.
[5]        And that brings me to my side
[6] of the case.  For the character issue, may I
[7] see you sidebar very briefly?
[8]        THE COURT:  Sure.
[9]        - - -
[10]        (Discussion held off the
[11] record.)
[12]
[13]        THE COURT:  Okay.
[14]        Do you want me to do -- do you
[15] think -- I think it's probably better --
[16] okay.  I'm go to take over.
[17]        Mr. Ali, so, your lawyer has
[18] informed me that she wanted to call character
[19] witnesses on your behalf, correct?
[20]        THE DEFENDANT:  Sure.
[21]        THE COURT:  And you and she
[22] have talked about this, correct?
[23]        THE DEFENDANT:  Yes.
[24]        THE COURT:  And she has asked
[25] you to provide phone numbers in your

51CR00060772013
Ibrahim Ali

Trial (Waiver) Volume 1
August 27, 2013

Page 25

[1]       COMMONWEALTH VS ALI
[2] telephone, which I believe -- you know where
[3] the phone is, Ms. Williams?
[4]       THE DEFENDANT:  My phone is
[5] right in my business because the time the
[6] police come, I wouldn't have no time to take
[7] anything, even my pants --
[8]       THE COURT:  Of course not.
[9]       And your lawyer has told me
[10] that you do not wish to share those phone
[11] numbers?
[12]       THE DEFENDANT:  No, if I have
[13] it, I wish to share it.  However, in the same
[14] time, he say he contacted three of my family.
[15]       THE COURT:  I'm not asking you
[16] about those facts.  Do you want her to get
[17] those phone numbers?
[18]       THE DEFENDANT:  Yes.  She can
[19] have the phone number.
[20]       THE COURT:  Okay.
[21]       MS. WILLIAMS:  But I believe
[22] what he just stated was that his phone is in
[23] his property at his business.  So I'm not sure
[24] how we would procure that.
[25]       MS. PALMER:  Does he have the

Page 26

[1]       COMMONWEALTH VS ALI
[2] names of the people?
[3]       THE DEFENDANT:  The best way,
[4] he has a phone number for the three persons he
[5] said contact from my family, but he can get it
[6] out of him, and none of them he will say
[7] anything about.
[8]       THE COURT:  All right.
[9]       Why don't we -- would you like
[10] to bifurcate then, so you can investigate the
[11] phone number issue?
[12]       MS. WILLIAMS:  Yes.
[13]       THE COURT:  Or you want to talk
[14] to Ms. Yunis (ph) about how we can best
[15] accomplish --
[16]       MS. WILLIAMS:  Well, I will
[17] talk to Ms. Yunis, first and foremost, before
[18] I make any determination.
[19]       THE COURT:  Okay.  All right.
[20]       And do you have the names of
[21] folks?
[22]       THE DEFENDANT:  Yeah.
[23] Yassir Amore (ph).  He said the
[24] three, whoever he called, anyone, it doesn't
[25] make a difference to me.

*[handwritten note: → the Court agree]*

Page 27

[1]       COMMONWEALTH VS ALI
[2]       THE COURT:  All right.
[3]       MS. PALMER:  Can I make a
[4] request that we colloquy him on if these
[5] people would be able to come and speak on his
[6] behalf?  Does he understand that's what's
[7] being asked?
[8]       THE COURT:  Would those people
[9] come into court for you?
[10]       THE DEFENDANT:  I wouldn't have
[11] no chance, like, no number to call anybody, so
[12] I --
[13]       THE COURT:  So if we called
[14] them, are they -- would they be willing to
[15] come in, you think?
[16]       THE DEFENDANT:  I won't give
[17] you assurance because it depends on the
[18] people --
[19]       THE COURT:  Okay.  That's
[20] fair.
[21]       THE DEFENDANT:  Unless you
[22] voice -- write in a statement, I will call
[23] some other people and like some authorized
[24] write statement from whatever people you
[25] requested.

Page 28

[1]       COMMONWEALTH VS ALI
[2]       THE COURT:  You got it.  All
[3] right.
[4]       So why don't we -- I think
[5] that's probably the better way to handle it.
[6] We'll just bifurcate for the defense's case.
[7] Okay.
[8]       MS. WILLIAMS:  Okay.  Thank
[9] you.
[10]       THE COURT:  So we're going to
[11] try to get those phone numbers the best way we
[12] can.  Unless you want a second?  Okay.
[13]       - - -
[14]       (Brief pause.)
[15]       - - -
[16]       MS. WILLIAMS:  All right.
[17]       THE COURT:  All right.
[18]       THE JUDICIAL STAFF:  Looking
[19] like two weeks, Judge?
[20]       THE COURT:  Two weeks.
[21]       THE JUDICIAL STAFF:  9/13 or I
[22] could do 9/9.
[23]       THE COURT:  Whatever you want.
[24]       THE JUDICIAL STAFF:  9/9.
[25]       THE COURT:  Okay.

51CR00060772013
Ibrahim Ali

Trial (Waiver) Volume 1
August 27, 2013

Page 29

[1]     COMMONWEALTH VS ALI
[2]       Do you understand what's
[3] happening, Mr. Ali?
[4]       **THE DEFENDANT**:  Yes.  Thank
[5] you.
[6]       **THE COURT**:  Fantastic.
[7]       We'll give you a chance to call
[8] those witnesses.  We're going to try to get
[9] the phone numbers.
[10]      **THE DEFENDANT**:  Sure.
[11]      **THE COURT**:  Okay.
[12]      See you back here on the 9th.
[13]      **THE DEFENDANT**:  So long.
[14]       - - -
[15]      (Hearing adjourned.)
[16]       - - -
[17]
[18]
[19]
[20]
[21]
[22]
[23]
[24]
[25]

Page 30

[1]       C E R T I F I C A T I O N
[2]       I hereby certify that the proceedings
[3] and evidence are contained fully and accurately in
[4] the notes taken by me on the trial of the above
[5] cause, and this copy is a correct transcript of the
[6] same.
[7]
[8]
[9]
[10]
[11]      _____
[12]      Qadriyyah Taylor
[13]      Court Reporter
[14]
[15]
[16]
[17]
[18]      (The foregoing certification of
[19] this transcript does not apply to any reproduction
[20] of the same by any means unless under the direct
[21] control and/or supervision of the certifying
[22] reporter.)
[23]
[24]
[25]



*Handwritten annotations: "the Court", "Judge", "personally", "Lawyer"*

Page 31

[1]       C E R T I F I C A T I O N
[2]
[3]
[4]
[5]
[6]
[7]
[8]
[9]
[10]
[11]
[12]
[13]
[14]
[15]
[16]
[17]
[18]
[19]
[20]
[21]
[22]
[23]
[24]

Court Reporting System (Generated 2013/12/17 15:17:24)

Lawyer's Notes



# First Judicial District of Pennsylvania

*51CR00060772013*
*Ibrahim Aly*

---

*Trial (Waiver) Volume 1*
*September 12, 2013*





**CRS**
**Court Reporting System**

---

*First Judicial District of Pennsylvania*
*100 South Broad Street, Second Floor*
*Philadelphia, PA 19110*
*(215) 683-8000   FAX:(215) 683-8005*

Pennsylvania Rules of Appellate Procedure

Supersedeas

Original File ialy.txt, 0 Pages
CRS Catalog ID: 14010154

51CR00060772013
Ibrahim Aly

Trial (Waiver) Volume 1
September 12, 2013

Page 1

[1]
[2]         IN THE COURT OF COMMON PLEAS
[3]   FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
[4]         CRIMINAL TRIAL DIVISION
[5]
[6]              - - -
[7]
[8] COMMONWEALTH        :
                        :
[9]   vs.               :
                        :
[10] IBRAHIM ALY        :CP-51-CR-0006077-2013
[11]
[12]             - - -
[13]       September 12, 2013
[14]   Courtroom 904, Criminal Justice Center
[15]      Philadelphia, Pennsylvania
[16]             - - -
[17]
[18]             - - -
[19]      BIFURCATED TRIAL/SENTENCING
[20]             - - -
[21]
[22] BEFORE:  THE HONORABLE DIANA ANHALT, J.
[23]
[24]
[25]

Page 2

[1]
[2] APPEARANCES:
[3] TRACIE PALMER, ESQUIRE
     Assistant District Attorney
[4] For the Commonwealth
[5] VERONICA WILLIAMS, ESQUIRE
    MEGAN WILLIAMS, ESQUIRE
[6] Counsel for the Defendant
[7]
[8]
[9]
[10]
[11]
[12]
[13]
[14]
[15]
[16]
[17]
[18]
[19]
[20]
[21]
[22]
[23]
[24]
[25]

Page 3

[1]
[2]            I N D E X
[3]      COMMONWEALTH'S EVIDENCE
[4] WITNESS    DIR.  CR. REDIR. RECR.
[5]      (None called.)
[6]      E X H I B I T S
[7] NUMBER  DESCRIPTION      FOR ID
[8]      (None marked.)
[9]      DEFENSE EVIDENCE
[10] WITNESS    DIR.  CR. REDIR. RECR.
[11] Ibrahim Aly    6   9
[12]      E X H I B I T S
[13] NUMBER  DESCRIPTION      FOR ID
[14]      (None marked.)
[15]
[16]
[17]
[18]
[19]
[20]
[21]
[22]
[23]
[24]
[25]

Page 4

[1]         COMMONWEALTH VS. ALY
[2]    THE COURT:  Okay.  If we could go on
[3] the record?
[4]    MS. PALMER:  Your Honor, this was a
[5] continuation of Commonwealth vs. Aly,
[6] A-l-y, CP-51-CR-0006077-2013.  The
[7] Commonwealth has already rested its
[8] case in chief.
[9]    MS. WILLIAMS:  And, Your Honor,
[10] before I begin my case, I would just
[11] like to explain.  Again, this case was
[12] bifurcated so that I could attempt to
[13] track down character witnesses for my
[14] client.
[15]    My client's phone is in his basement
[16] which I investigated and the basement
[17] is boarded up, and I actually was
[18] thinking about -- I actually was
[19] planning on going, at one time, to the
[20] basement to try to find the phone, but
[21] my supervisors informed me that that
[22] would be a bad idea.
[23]    So, I spoke with the complainant.
[24]    THE COURT:  Did the complainant give
[25] you --

51CR00060772013
Ibrahim Aly

Trial (Waiver) Volume 1
September 12, 2013

Page 5

[1]     COMMONWEALTH VS. ALY
[2]     **MS. WILLIAMS:**  Yes.  The complainant
[3]  gave me a phone number.  I called it
[4]  and it was a wrong number and that was
[5]  pretty much the only lead that I had.
[6]     You know, I did try to track down a
[7]  physical body to come in here and
[8]  testify about my client's character.
[9]     **THE COURT:**  Okay.  Thank you.  I
[10]  appreciate the effort.
[11]     **MS. WILLIAMS:**  And, Your Honor, the
[12]  defense would call Ibrahim Aly.
[13]     **THE COURT:**  Okay.  You can stay
[14]  right where you are, Sir.  Keep your
[15]  hands up.  Like the sheriff said, he
[16]  tells you what you can do with your
[17]  body, and whatever he says goes, okay?
[18]     **THE DEFENDANT:**  Yes.
[19]     **THE COURT:**  So you are already under
[20]  oath.  We swore you in the last time
[21]  you were here.
[22]     And you can proceed.
[23]     **MS. WILLIAMS:**  Thank you, Your
[24]  Honor.
[25]

Page 6

[1]     COMMONWEALTH VS. ALY
[2]     DIRECT EXAMINATION
[3]     - - -
[4]  **BY MS. WILLIAMS:**
[5]  **Q.**   Mr. Aly, what do you do for a living?
[6]  **A.**   I own a business at 425 North Broad Street
[7]  in Philadelphia.
[8]  **Q.**   Okay.  And 425 North Broad Street, the
[9]  location of your business, is this how you know
[10]  the complaining witness?
[11]  **A.**   Yes, it is.
[12]  **Q.**   And how long have you known him for?
[13]  **A.**   About two years.
[14]  **Q.**   Have you two had any altercations or
[15]  anything like that in the past?
[16]  **A.**   Never.
[17]  **Q.**   Okay.  Do you remember April 10th, of 2013?
[18]  **A.**   The date of the incident?
[19]  **Q.**   Yes.
[20]  **A.**   Yes.
[21]  **Q.**   What happened that day between you and the
[22]  complainant, Bikhit?
[23]  **A.**   I went to the -- I was going to the Library
[24]  of Philadelphia.  So, while I'm walking, I say,
[25]  "Hi, how are you?"  I see him coming from out the

Page 7

[1]     COMMONWEALTH VS. ALY
[2]  door, so there's a window side towards Spring
[3]  Garden, towards the west.  So I said, like, "Are
[4]  you still hearing like sounds in your head?"
[5]  Because he thinks I'm crazy.  I don't like the
[6]  way he told me I'm crazy, because I'm not crazy.
[7]     I preach and I promote justice, and
[8]  whatever, so he was like -- what I do, so he
[9]  said, "Are you still crazy?  I said "I'm not
[10]  crazy."  So I did curse at him because I'm not
[11]  crazy.  And he cursed at me back.
[12]     I cursed at him and he cursed at
[13]  me, so when we come outside the door towards me
[14]  and he pushed me, and I push him back and he have
[15]  like, a glass bottle, and he said, "If you're not
[16]  going to leave," I'm going to hit you with this
[17]  glass bottle.
[18]     It was a thin almost like -- 20, 25
[19]  feet, and I start like close at him, because I
[20]  never would let somebody I know for a couple
[21]  years call me crazy.  He pushed me and he
[22]  threatened to hit me with the black bar, for ten
[23]  minutes almost, ten minutes, he said I'm going to
[24]  call the cops on you.
[25]     I said "You have the right to

Page 8

[1]     COMMONWEALTH VS. ALY
[2]  explain yourself.  I didn't do anything to break
[3]  the law," and I don't do nothing.  And he said,
[4]  "Wait for the police."  And I told him I didn't
[5]  have to wait for the police.  "I didn't do
[6]  nothing here," and I didn't have to wait.
[7]  **Q.**   Okay.  Mr. Aly, did you take $200 from the
[8]  complainant's pocket that day?
[9]  **A.**   Never in my life.  Not take nothing from
[10]  anybody in my life.  Never I do that.  That's not
[11]  the way I raised, never ever.
[12]  **Q.**   Okay.  And did you ask him for $4,000 that
[13]  day?
[14]  **A.**   Never.  I asked him on that date for
[15]  $1,000.  I did ask him like a couple of years
[16]  ago, for $1,000 and he said he's not going to
[17]  leave the money.  And I take my son, in that
[18]  year, in 2011, I take my son and I went home with
[19]  him.
[20]     **MS. WILLIAMS:**  I have no further
[21]  questions.
[22]     **THE DEFENDANT:**  And I never see him,
[23]  like before, like the first day I ever
[24]  see him, almost one year.  I never see
[25]  him until one year.

51CR00060772013
Ibrahim Aly

Page 9

[1]          COMMONWEALTH VS. ALY
[2]      That was the first day, almost one
[3] year.
[4]      MS. WILLIAMS:  Okay.  No further
[5] questions.
[6]      THE COURT:  Thank you.
[7]      MS. PALMER:  May I, Your Honor?
[8]      THE COURT:  Yes.
[9]      MS. PALMER:  May I remain seated?
[10]      THE COURT:  Yes.
[11]      MS. PALMER:  Thank you.
[12]            - - -
[13]          CROSS-EXAMINATION
[14]            - - -
[15] BY MS. PALMER:
[16] Q.    Good afternoon, Sir.
[17] A.    Good afternoon.
[18] Q.    Sir, the diner that you own at Broad
[19] Street, that's not open anymore, correct?
[20] A.    It's closed.
[21] Q.    It's closed, right?
[22] A.    Yea, I've been here, and I have a case, but
[23] a sheriff take me, so it's closed.
[24] Q.    How long ago did the store close?
[25] A.    Almost one year.

Page 10

[1]          COMMONWEALTH VS. ALY
[2] Q.    One year ago, okay.
[3]      And you don't live near where the
[4] store is, right?
[5] A.    I did live there.
[6] Q.    You used to live near where the store is?
[7] A.    I live at 425 North Broad -- I mean, 351
[8] South Springfield Road, Clifton Heights, PA.
[9] Q.    Okay.  That's not close to the store,
[10] right?
[11] A.    No.  That's a half-an-hour.
[12] Q.    Okay.  You said you were going to the
[13] library that day?
[14] A.    Yes.
[15] Q.    Okay.  And so you hadn't had any reason to
[16] deal with the complainant if you don't have a
[17] store where his cart is, right?
[18] A.    Can you say that same question again,
[19] please?
[20] Q.    You don't have any reason to deal with the
[21] complainant anymore because your store isn't
[22] where his food stand is?
[23] A.    Uh, he always come and like we say "Hi" to
[24] each other, with each other.
[25] Q.    Well, that's when your store was open,

*news stand*

Page 11

[1]          COMMONWEALTH VS. ALY
[2] correct?
[3] A.    Even if the store is not open, it's nothing
[4] for me to say "Hi" to anybody.
[5] Q.    That's not what I'm asking, Sir.
[6] A.    All right, go ahead.
[7] Q.    So you said you preach law and justice; is
[8] that correct?
[9] A.    Yes.
[10] Q.    And you tell him all the time that you
[11] don't like where he's from, and you have
[12] conflicts about where he's from?
[13] A.    No.
[14] Q.    No.  And you don't believe he has any
[15] rights to come to this county?
[16] A.    Everybody has the right.  My message, is
[17] justice, liberty and freedom for everybody else.
[18] Q.    Okay.  But you brought a motion for this
[19] case, that it shouldn't be heard because he's not
[20] a United States citizen, correct?
[21] A.    He has the right to -- any person born in
[22] the United States, or come from any other place
[23] in the United States, we have the same right as
[24] citizen in the United States.
[25]      The United States is one of the most

Page 12

[1]          COMMONWEALTH VS. ALY
[2] freedom countries in the whole entire earth.  We
[3] do agree about that.
[4]      THE COURT:  Are you and the
[5] complainant from the same country?
[6]      THE DEFENDANT:  I'm not quite sure.
[7] He's living in my country but I'm not
[8] quite sure where he's from originally.
[9]      THE COURT:  He lived in your
[10] country at some point?
[11]      THE DEFENDANT:  Yes.
[12]      THE COURT:  You speak the same
[13] language?
[14]      THE DEFENDANT:  Yes.
[15]      THE COURT:  So when you have
[16] interactions with him -- when you have
[17] interactions with him, do you speak in
[18] English, or do you speak in your
[19] language?
[20]      THE DEFENDANT:  In my language.
[21]      THE COURT:  Got it.
[22] BY MS. PALMER:
[23] Q.    What you're saying, you just tell him that
[24] your people own his people, you didn't tell him
[25] that?

51CR00060772013
Ibrahim Aly

Trial (Waiver) Volume 1
September 12, 2013

Page 13

COMMONWEALTH VS. ALY

[1]
[2] **A.**  Oh, no.
[3] **Q.**  Okay.  You didn't tell him --
[4]     THE COURT:  Can you hang on, one
[5] second?
[6]     (Brief pause to status another
[7] matter telephonically.)
[8] **BY MS. PALMER:**
[9] **Q.**  Sir, you asked the complainant for $1,000
[10] in the past, correct?
[11] **A.**  Yes, like two years ago.
[12] **Q.**  And you asked him a couple times, correct?
[13] **A.**  No.
[14] **Q.**  You only asked him one time?
[15] **A.**  One time.
[16] **Q.**  All right.  So you didn't say, you didn't
[17] say anything bad about his family, his wife, or
[18] nothing like that?
[19] **A.**  Not because if I say something bad I
[20] already take him to the lawyer to ask that, his
[21] interpretation, so if I say something bad about
[22] his marriage, I would not take Bikhit to the
[23] lawyer.
[24]     But I help him.  I take him to the
[25] lawyer.  He cannot speak English, so I take him

Page 14

COMMONWEALTH VS. ALY

[1]
[2] to the lawyer.  If I do that I will not take him
[3] to the lawyer.
[4]     MS. PALMER:  All right.  I don't
[5] have anything further.
[6]     COURT REPORTER:  Can I get the
[7] complainant's name spelled, please?
[8]     THE COURT:  It's B-i-k-h-i-t, is the
[9] first name, and the last name is
[10] R-a-d-w-a-n.
[11]     Okay.  Anything else?
[12]     MS. WILLIAMS:  With that, the
[13] defense rests.
[14]     THE COURT:  Okay.  Very good.
[15] Argument.
[16]     MS. WILLIAMS:  Your Honor, you heard
[17] two different stories.  I ask that you
[18] find Mr. Aly not guilty.  There was two
[19] very different stories.  The
[20] complainant said that my client took
[21] $200 out of his pocket after asking for
[22] $1,000.
[23]     My client told you a different
[24] version.  He told you that they got in
[25] an argument that day, and that this

Page 15

COMMONWEALTH VS. ALY

[1]
[2] complainant was actually arrested with
[3] my client pushing him in -- pushed him
[4] and threatened to hit him with a
[5] bottle, and that was it.
[6]     My client was credible today.  On
[7] cross-examination when I was asking the
[8] complainant about what happened here,
[9] what he was upset about, he mostly said
[10] that he was upset about the humiliation
[11] he felt from my client.
[12]     My client admitted today that he
[13] cursed him; that he was yelling at him.
[14] He was yelling things at him, and this
[15] complainant was very offended by them.
[16] He was hurt and I ask that you take
[17] into consideration, that my client said
[18] he didn't do this.
[19]     So the complainant would have reason
[20] to come in and say that my client took
[21] money from him because he is
[22] humiliated and upset about what went on
[23] on, on April 10th.  So I ask that you
[24] find my client's story credible, and I
[25] would ask that you find him not guilty.

Page 16

COMMONWEALTH VS. ALY

[1]
[2]     THE COURT:  Ms. Palmer?
[3]     MS. PALMER:  Thank you, Your Honor.
[4] Your Honor, I'd ask that you find
[5] the defendant guilty.  I'm sure that
[6] Your Honor remembers the complainant's
[7] testimony.  It was upsetting, it was
[8] moving.  He was so honest with Your
[9] Honor, and candid about how he was
[10] offended by this defendant's actions
[11] that day.
[12]     It is not -- it wasn't about the
[13] money.  He lost $200, but he was so
[14] hurt by the things that the defendant
[15] said during the course of this robbery,
[16] and he was ashamed to get up and repeat
[17] them.  He was ashamed to talk to me
[18] about them.
[19]     And I think that that goes to his
[20] character as a person, why it cut that
[21] deeply but not in any way negating the
[22] fact that the defendant robbed him that
[23] day.
[24]     The defendant's story is not
[25] credible.  He owns up to it as much as

51CR00060772013        Trial (Waiver) Volume 1
Ibrahim Aly        September 12, 2013

Page 17

[1]        COMMONWEALTH VS. ALY
[2] he has to, and that's it. He's also
[3] quite a bit more pleasant today, as
[4] opposed to the other day, when he asked
[5] you not to hear this trial because of
[6] the complainant's citizen status. I
[7] ask that Your Honor find the defendant
[8] guilty.
[9]     THE COURT: All right. I do find
[10] the defendant not guilty of robbery, a
[11] felony of the third degree, and guilty
[12] of theft by unlawful taking, and RSP,
[13] which is a misdemeanor of the second
[14] degree, I believe? Two-hundred dollars
[15] would be an M2. I think that's right.
[16] It's not an M1, I don't think.
[17]     MS. PALMER: I think that it's 200
[18] or over.
[19]     THE COURT: It's an M1?
[20]     MS. PALMER: It is.
[21]     THE COURT: Okay. M1.
[22]     I think that taking money out of
[23] somebody's pocket is a different
[24] situation than a robbery. I think
[25] that's like a pick-pocket situation.

Page 18

[1]        COMMONWEALTH VS. ALY
[2]     MS. WILLIAMS: Thank you.
[3]     THE COURT: So are we going to go to
[4] sentencing today?
[5]     MS. WILLIAMS: I think that would be
[6] appropriate, Your Honor.
[7]     THE COURT: Miss Palmer?
[8]     MS. PALMER: Sure, Your Honor.
[9]     THE COURT: This defendant has a
[10] prior record score of zero?
[11]     MS. PALMER: Correct, Your Honor.
[12]     THE COURT: And an offense gravity
[13] score of 4, 3?
[14]     MS. PALMER: That would be a 3, Your
[15] Honor.
[16]     THE COURT: Guidelines are RS to --
[17]     MS. PALMER: The guidelines are RS
[18] to one, plus or minus three.
[19]     THE COURT: Okay.
[20]     What would anyone like to tell me
[21] about Mr. Aly before I impose sentence?
[22]     THE DEFENDANT: Your Honor, I plead
[23] not guilty. He's saying --
[24]     THE COURT: Let me stop for a
[25] second.

Page 19

[1]        COMMONWEALTH VS. ALY
[2]     MS. WILLIAMS: Mr. Aly.
[3]     THE DEFENDANT: What do I say?
[4]     MS. WILLIAMS: She found you guilty.
[5]     THE DEFENDANT: What are you asking
[6] me to do?
[7]     THE COURT: I'm asking you to tell
[8] me something about you, so that I
[9] know --
[10]     THE DEFENDANT: Oh, about myself?
[11]     THE COURT: Yes, so that I know how
[12] to sentence you.
[13]     THE DEFENDANT: I live here in the
[14] United States 28 years. In my mind I
[15] never violated any law.
[16]     THE COURT: Okay. Thank you.
[17] Anything else anybody wants to say?
[18]     MS. WILLIAMS: No, Your Honor.
[19]     THE COURT: Okay. It's time served
[20] to 23 months.
[21]     MS. PALMER: Your Honor, would a
[22] dual diagnosis FER be appropriate here?
[23]     THE COURT: I'm going to make it the
[24] Mental Health Unit.
[25]     MS. PALMER: And, Your Honor, the

Page 20

[1]        COMMONWEALTH VS. ALY
[2] complainant in this case was emphatic
[3] to me that this defendant stays away
[4] from him.
[5]     THE COURT: Okay.
[6]     MS. PALMER: And he is extremely
[7] fearful for himself and his wife, and
[8] he just really, really wants the
[9] defendant to be barred from his store,
[10] from his home.
[11]     THE COURT: Okay.
[12]     It's time served to 23 months plus
[13] two years concurrent probation.
[14] So, Mr. Aly?
[15]     THE DEFENDANT: Yes.
[16]     THE COURT: Do you have any
[17] problems using drugs or alcohol?
[18]     THE DEFENDANT: No, I don't.
[19]     THE COURT: Okay. So the main thing
[20] that you're going to need to do with
[21] respect to this probation, and it can
[22] be transferred, to Del -- you live in
[23] Delaware County?
[24]     THE DEFENDANT: Yea, I stay here in
[25] Philadelphia, at this time.

51CR00060772013
Ibrahim Aly

Page 21

[1]     COMMONWEALTH VS. ALY
[2]     THE COURT:  Where do you stay in
[3]  Philadelphia?
[4]     THE DEFENDANT:  At 425 North Broad
[5]  Street, Your Honor.
[6]     THE COURT:  Why are you staying
[7]  there; do you own that property?
[8]     THE DEFENDANT:  Yes, I do.
[9]     THE COURT:  And where is the
[10]  complainant's store; right there,
[11]  right?
[12]     MS. WILLIAMS:  At 500.
[13]     THE COURT:  At 500, okay.
[14]     All right.  So the key to this
[15]  probation, what you need to do with
[16]  this probation is stay away from the
[17]  complainant.  That means that you can
[18]  have no contact with him whatsoever.
[19]  Do you understand what I mean when I
[20]  say "no contact"?
[21]     THE DEFENDANT:  Yes, I know.
[22]     THE COURT:  You can't look at him,
[23]  you can't email him, you can't contact
[24]  him via the computer on any social
[25]  network.  You can't walk past his store

Page 22

[1]     COMMONWEALTH VS. ALY
[2]  and eyeball him; do you know what I
[3]  mean by "eyeball"?
[4]     THE DEFENDANT:  Yes.
[5]     THE COURT:  You know.  You need to
[6]  look the other way and walk the other
[7]  way, on the other side of the street.
[8]  Do you understand what I'm saying?
[9]     THE DEFENDANT:  Yes.  I understand.
[10]     THE COURT:  I will put you in prison
[11]  for a very long period of time if you
[12]  violate that condition.
[13]     Do you understand?
[14]     THE DEFENDANT:  Yes, I understand.
[15]     THE COURT:  I'm not playing with
[16]  that.
[17]     That's the key to this.  If you can
[18]  do that successfully then your
[19]  probation can be non-reporting.  If you
[20]  are successful in the beginning, by
[21]  staying away from the complainant.
[22]     Do you understand?
[23]     THE DEFENDANT:  Yes, I understand.
[24]     THE COURT:  All right.  You can
[25]  advise.

Page 23

[1]     COMMONWEALTH VS. ALY
[2]     MS. PALMER:  Can we also ask for the
[3]  $200?
[4]     THE COURT:  Two-hundred dollars
[5]  restitution.
[6]     MS. WILLIAMS:  May I advise?
[7]     THE COURT:  Yes.
[8]     MS. WILLIAMS:  Mr. Aly, you have
[9]  just been found guilty and sentenced by
[10]  the Honorable Judge Anhalt.
[11]     She has sentenced you to time served
[12]  to 23 months incarceration plus two
[13]  years of reporting probation to run
[14]  concurrent to that.
[15]     She also has stipulated that you
[16]  must stay away from the complaining
[17]  witness and that you pay $200
[18]  restitution.
[19]     You have ten days from today to ask
[20]  Her Honor to reconsider her sentence.
[21]  You have 30 days to appeal to a higher
[22]  court.  Either of those things must be
[23]  done in writing and through an
[24]  attorney.
[25]     If you would like to do either of

Page 24

[1]     COMMONWEALTH VS. ALY
[2]  those, please contact my office and we
[3]  will advise you whether that would be
[4]  in your best interest, and we would
[5]  file the appropriate motions.  Do you
[6]  understand?
[7]     THE DEFENDANT:  Yes, I understand.
[8]     THE COURT:  Thank you.
[9]     Good luck, Mr. Aly.
[10]     THE DEFENDANT:  Thank you, Your
[11]  Honor.
[12]     I have something to put towards my
[13]  case.
[14]     THE COURT:  Speak to your lawyer.
[15]     MS. WILLIAMS:  Thank you very much,
[16]  Your Honor.
[17]        - - -
[18]     (Bifurcated trial concluded.)
[19]        - - -
[20]
[21]
[22]
[23]
[24]
[25]

Page 25

[1]
[2]    C E R T I F I C A T I O N
[3]
[4]
[5]        I hereby certify that the
[6]    proceedings and evidence are contained
[7]    fully and accurately in the notes taken
[8]    by me on the matter of the above cause,
[9]    and this copy is a correct transcript
[10]   of same.
[11]
[12]
[13]
[14]       KIM TOWARNICKI
[15]         Official Court Reporter
[16]
[16]       (THE FOREGOING CERTIFICATION OF THIS
[17]   TRANSCRIPT DOES NOT APPLY TO ANY
[18]   REPRODUCTION OF THE SAME BY ANY MEANS,
[19]   UNLESS UNDER THE DIRECT CONTROL AND/OR
[20]   SUPERVISION OF THE CERTIFYING
[21]   REPORTER.)
[22]
[23]
[24]
[25]



Court Reporting System (Generated 2014/01/06 17:41:47)

Lawyer's Notes



Appeal Docket Sheet

**Superior Court of Pennsylvania**

Docket Number: 2856 EDA 2013

Page 3 of 3

July 18, 2014



| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| May 19, 2014 | Application for Extension of Time to File Brief - First Request | | |
| | | Appellant | Aly, Ibrahim |
| May 21, 2014 | Order Granting Application for Extension of Time to File Appellant Brief | | |
| | | | Per Curiam |
| | Comment: Briefs are due by 7/18/14. | | |

the First Time

MR. IBRAHIM ALY
submited a writen request, to the Court clerk
infor the court that MR IBRAHIM ALY, Fire
His Attorney MR _____
and MR IBRAHIM Aly will prose

COMMONWEALTH OF PENNSYLVANIA      : COURT OF COOMON PLEAS

         V.        **RECEIVED**      : COUNTY OF PHILADELPHIA

                                    : CRIMINAL TRIAL DIVISION

        IBRAHIM ALY      APR 1 0 2014      : CP-51-CR-0006077-2013

                  **ACTIVE CRIMINAL RECORDS**    : CHARGES: THEFT- UNLAWFUL TAKING M1
                  **CRIMINAL MOTION COURT**

                                       RECEIVING STOLEN PROPERTY M1

<u>MOTION FOR RECONSIDERATION OF NON-REPORTING TO PROBATION</u>

TO THE HONORABLE DIANA L. ANHALT RESIDING IN COURT OF COMMON PLEAS FOR THE COUNTY OF PHILADELPHIA

PETITIONER IBRAHIM ALY

HAS BEEN COMPLY WITH THE PROBATION TERMS AND CONDITION SET FORTH IN THE DOCKET OF THE ABOVE –ENTITLED COURT.

FROM THE BEGINNING OF THE COURT ORDER ON September 12-2013 PETITIONER HAS SUCCESSFULLY STAYING A WAY FROM THE COMPLANING.

PETITIONER REQUEST RELIEF FOR NON- REPORTING PROBATION TO BE GRANTED BY THE COURT AS CONFERMED IN COURT REPORTING CRS CATALOG ID: 14010154 PAGE 22 (15-25)

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF PENNSYLVANIA THAT THE FOREGOING IS TRUE AND CORRECT.

EXCUTED ON

            Date   *04/05/2014*        signature of petitioner

ADRESS   *AKA 425 North Broad street*
           *Philadelphia, PA 19123*

*A1*

Commonwealth of Pennsylvania
Municipal Court
County of Philadelphia
1st Judicial District



**NOTICE OF
PRELIMINARY ARRAIGNMENT**

Commonwealth of Pennsylvania
v.
Ibrahim Aly

Active Criminal Records Department
1301 Filbert Street
Philadelphia, PA 19107
PH: 215-683-7290

Docket No:      MC-51-CR-0014843-2013

*subpoena*

You are hereby DIRECTED to appear for a/an Preliminary Arraignment in the above-captioned case to be held on/at:

| | |
|---|---|
| Date: April 18, 2013 | Location: B08 - Criminal Justice Center |
| Time: 12:58 am | 1301 Filbert Street |
| | Philadelphia, PA 19107 |

**To the Defendant:**

**You should discuss this matter promptly with your attorney. If you fail to appear as required or comply with the conditions of the bail bond, if any, then the bond shall remain in full force, and the full sum of the monetary condition of release may be forfeited and your release may be revoked. In addition, a warrant for your arrest may be issued. Bring this notice with you.**

**If you fail to appear without cause at any proceeding for which your presence is required, including trial, your absence may be deemed a waiver of your right to be present, and the proceeding, including the trial, may be conducted in your absence.**

**If you are disabled and require a reasonable accommodation to gain access to the Philadelphia County Municipal Court and its services, please contact the Philadelphia County Municipal Court at the above address or telephone number. We are unable to provide transportation.**

Recipient:  (Ibrahim Aly)

Primary Participant Name and Address:
Aly, Ibrahim
4251/ N Broad St
Philadelphia, PA 19123

*Violation   False Arrst*

*Arrest / 4-17-2013
Dated : ? ? ? ? ?*

Superior Court of Pennsylvania

To the honorable Judge of the Said Court

In case: EDA 2013    NO:    2856

COMMONWEALTH VS:  IBRAHIM ALY

PETITIONER   PRO SE WITHOUT AN ATTORNEY, PETITIONER FILE AN APPEAL WITH THE SUPERIOR COURT
DATED ON 9\12\2013 REQUESTING IN HIS APLEAS TO CHALANG BOTH THE JUDGEMENT AND THE
SENTENCE, IBRAHIM ALY NO LONGER UNDER THE JURY DICTION OF THE Court of the COMMON PLEAS
FORE HE ASK THE HONORABLE JUDGE TO LEFT HIS PROBATION UNTILE THE SUPERIOR COURT FINAL
DESSION ON THE VENUE OF THE CAUSE

RESPECTFULLY SUBMITED

IBRAHIM ALY

10\08\2014

6077 - 13

Tracy Palmer

8|27|13
904

# First Judicial District of Pennsylvania

- Copy of Police Arrest
- Copy of Pre Trail
- Copy of My papper

*51CR00148432013*
*Ibrahim Aly*

*Preliminary Hearing Volume 1*
*May 07, 2013*



**CRS**
**Court Reporting System**

*First Judicial District of Pennsylvania*
*100 South Broad Street, Second Floor*
*Philadelphia, PA 19110*
*(215) 683-8000   FAX:(215) 683-8005*

Original File 0507aly.V1, 13 Pages
CRS Catalog ID: 13070898

51CR00148432013
Ibrahim Aly

*Preliminary Hearing Volume 1*
*May 07, 2013*

*[handwritten: Can a Presclitor find the Defendant Guity based on testimony police and complenent cross Examit and investerent witness]*

**Page 1**

[1]        IN THE MUNICIPAL COURT
[2]    FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
[3]        CRIMINAL TRIAL DIVISION
[4]            - - -     *[handwritten: and cross excem the 2 or oth]*
[5]                    *[handwritten: and side of the case]*
[6] COMMONWEALTH         *[handwritten: and it happen in]*
[7]
[8]    vs.
[9]                     *[handwritten: my case based on]*
[10] IBRAHIM ALY    :   MC# 0014843-2013
[11]                    *[handwritten: false]*
[12]                    *[handwritten: + Lie allegation]*
[13]    Tuesday, May 7, 2013
[14]
[15]        Courtroom 903
[16]        Criminal Justice Center
[17]        Philadelphia, Pennsylvania
[18]
[19]                    *[handwritten: Judge]*
[20]
[21] **BEFORE:** THE HONORABLE MARVIN L. WILLIAMS, J.
[22]
[23]        PRELIMINARY HEARING
[24]                    *[handwritten: Court!]*
[25]

**Page 2**

[1] **APPEARANCES:**    *[handwritten: find the Defendant]*
[2]
[3] DAVID LIM, ESQUIRE
        Assistant District Attorney
[4] Counsel for the Commonwealth  *[handwritten: on testimon]*
[5] PAULA SEN, ESQUIRE            *[handwritten: police and]*
        Defender Association of Philadelphia
[6] Counsel for the Defendant
[7] FATHI TOUNSI          *[handwritten: cross Examinat]*
        Interpreter             *[handwritten: and investerent witness]*
[8]                     *[handwritten: what the Name of the Judge]*
[9]
[10]
[11]                    *[handwritten: The state of PA]*
[12]                    *[handwritten: Why the commonwealth]*
[13]
[14]                    *[handwritten: involv in MUNICIPAL court]*
[15]
[16]                    *[handwritten: philadelphia city -]*
[17]                    *[handwritten: Philadelphia County]*
[18]
[19]
[20]
[21]
[22]
[23]                    *[handwritten: they call it what is + why?]*
[24]
[25]

**Page 3**

[1]            INDEX
[2]    COMMONWEALTH'S EVIDENCE
[3] **WITNESS:**   DR  CR  RDR  RCR
[4] RADWAN BIKHIT   *[handwritten: what that Distric Realation]*
[5]        - - -
[6]            EXHIBITS
[7] NO.    DESCRIPTION    MARKED  ADMIT.
[8] (None presented)
[9]
[10]    DEFENDANT'S EVIDENCE
[11] **WITNESS:**   DR  CR  RDR  RCR
[12] (None presented)      *[handwritten: CB_?]*
[13]
[14]            EXHIBITS
[15] NO.    DESCRIPTION    MARKED  ADMIT.
[16] (None presented)
[17]
[18]
[19]
[20]                *[handwritten: DR - Criminal matter]*
[21]
[22]
[23]
[24]                *[handwritten: CR]*
[25]

**Page 4**

[1]    **THE CRIER:** Your Honor, this is Case
[2] No. 27, Ibrahim Aly.
[3]    Interpreter, state your name for the
[4] record, spell your name, please.
[5]    **THE INTERPRETER:** Fathi Tounsi,
[6] F-A-T-H-I, T-O-U-N-S-I.
[7]        - - -
[8]    (The interpreter was sworn.)
[9]        - - -
[10]    **THE CRIER:** Commonwealth.
[11]    **MR. LIM:** The Commonwealth calls Mr.
[12] Bikhit.
[13]    **THE CRIER:** Sir, state your name for
[14] the record, spell your name, please.
[15]    **THE WITNESS:** Radwan Bikhit,
[16] R-A-D-W-A-N, B-I-K-H-I-T.
[17]        - - -
[18]    RADWAN BIKHIT, having been first duly
[19] sworn, was examined and testified as follows:
[20]        - - -
[21]    **THE CRIER:** Thank you. Please be
[22] seated.
[23]    Commonwealth.
[24]    **MR. LIM:** May I, Your Honor?
[25]    **THE COURT:** Yes.

51CR00148432013
Ibrahim Aly

Preliminary Hearing Volume 1
May 07, 2013

Page 5

RADWAN BIKHIT - DIRECT                5

[1]        MR. LIM:  Thank you.

[2]              - - -

[3]        DIRECT EXAMINATION

[4]              - - -

[5] BY MR. LIM:

[6]    Q.   Good morning, sir.

[7]    A.   Good morning.

[8]    Q.   Thank you for your patience today.

[9]        Sir, I have some questions about

[10] something that happened on April 10, 2013.  Were you

[11] working at your newsstand which is located at 500 North

[12] Broad Street here in Philadelphia?

[13]    A.   Yes.

[14]    Q.   At around lunchtime, at 12:00 p.m., did you

[15] see anyone you see in the courtroom today?

[16]    A.   It's before noon, 10 minutes before noon.

[17]    Q.   Did you see someone you see in the

[18] courtroom today before noon?

[19]    A.   Yes.

[20]    Q.   And who is that person, sir?

[21]    A.   Ibrahim (indicating).

[22]        MR. LIM:  Identifying the defendant by

[23] point of finger and name.

[24] BY MR. LIM:

[25]    Q.   Sir, please explain to His Honor what

Page 6

RADWAN BIKHIT - DIRECT                6

[1] happened that brings you into court today.

[2]    A.   Ibrahim came to me three times.  First time

[3] he said that he's the coming Christ.  He was telling me

[4] that he's the coming Christ.

[5]    Q.   Okay.  Sir, I just want to focus about the

[6] things that happened between the two of you.  Okay?

[7]    A.   Do you want me to say things step-by-step

[8] or do you want me to tell you just --

[9]    Q.   Let's get straight to the point.

[10]    A.   He came to me, and I talked to his family

[11] that he's not supposed to come towards me or towards my

[12] stand.

[13]    Q.   And what happened after that?

[14]    A.   He came to me and he asked me for $1000.

[15] He started insulting me, telling me a lot of bad words.

[16]    Q.   Okay.

[17]    A.   He punched me with his hand in my chest,

[18] and there was a plastic bag in his hand.

[19]    Q.   Let's talk about that punch very quickly,

[20] sir.  Okay?

[21]        That punch, where did it hit you on

[22] your body?

[23]    A.   The reason of his hand going towards my

[24] chest it's for the money in my pocket.

[25]    Q.   We'll get to the money in a second.

Page 7

RADWAN BIKHIT - DIRECT                7

[1]        So it hit you in the chest?

[2]    A.   I thought he was going to hit me, but

[3] actually he was reaching for the money in my pocket.

[4]    Q.   How much money did you have in your pocket?

[5]    A.   $200.

[6]        THE COURT:  Are you saying that he

[7] punched you or he was trying to reach for the

[8] money?

[9]        THE WITNESS:  I thought he was going to

[10] punch me.

[11] BY MR. LIM:

[12]    Q.   So he never punched you?

[13]    A.   It was only once.  He just reach my chest

[14] to grab the money from my pocket.

[15]    Q.   So, once again, he never hit you or he did

[16] hit you?  Just yes or no, sir.

[17]    A.   I thought he was going to hit me, but he

[18] was going to get the money.

[19]    Q.   Sir, yes or no.

[20]        MS. SEN:  It's asked and answered.

[21]        MR. LIM:  Your Honor, I'm asking for

[22] clarification at this point.

[23] BY MR. LIM:

[24]    Q.   Yes or no?

[25]    A.   I don't know.  He was going to take the

Page 8

RADWAN BIKHIT - CROSS                8

[1] money.  I don't know what is his intention.

[2]    Q.   Okay.  How much money was in your pocket?

[3] You said $200?

[4]    A.   Yes, 200.

[5]        MR. LIM:  Court's indulgence.

[6]        (Pause.)

[7] BY MR. LIM:

[8]    Q.   Did he say anything to you afterwards?

[9]    A.   He insult me a lot of things, bad words.  I

[10] cannot say.  It's shameful to say it in a court.

[11]        MR. LIM:  Nothing further.

[12]        THE COURT:  Cross-examine.

[13]        MS. SEN:  Thank you.

[14]              - - -

[15]        CROSS-EXAMINATION

[16]              - - -

[17] BY MS. SEN:

[18]    Q.   Good morning, sir.

[19]    A.   Good morning.

[20]    Q.   I just have a few questions for you.

[21]        So you've known my client for a little

[22] while.  Correct?

[23]    A.   Yes.

[24]    Q.   And he asked you for some money for a plane

[25] ticket.  Correct?

51CR00148432013
Ibrahim Aly

Preliminary Hearing Volume 1
May 07, 2013

Page 9

RADWAN BIKHIT - CROSS          9

[1]  A.  No.  He was asking me for the money and I'm.
[2] the coming Christ and you have to help me.  Everybody
[3] has to help me over here.
[4]  Q.  All right.  The money was in your shirt
[5] pocket.  Is that right?
[6]  A.  Yes.  I was having him ready to give him to
[7] pay something with.
[8]  Q.  Okay.  And you called the police after he
[9] took your money?
[10]  A.  I told him I'm going to call the cops.  He
[11] said, you don't even know how to speak English to call
[12] the cops.
[13]  Q.  That's not what I asked.  This is a yes or
[14] no question, sir.
[15]  Did you call the police afterwards?
[16]  A.  I went to the cops.  I went to the cops.
[17]  Q.  You went to the police?
[18]  MS. SEN:  I actually don't have any
[19] further questions for this witness.
[20]  MR. LIM:  Your Honor, if I may just
[21] have one more question?
[22]  THE COURT:  Okay.
[23]  - - -
[24]
[25]

Page 10

RADWAN BIKHIT - REDIRECT          10

[1]  - - -
[2]  REDIRECT EXAMINATION
[3]  - - -
[4] BY MR. LIM:
[5]  Q.  Sir, I'm going to ask you one more time.  I
[6] need you to say this yes or no, nothing else.  Okay?
[7]  Did the defendant ever hit you?
[8]  A.  (No response.)
[9]  Q.  Yes or no, sir?  Yes or no?
[10]  A.  It was one punch.
[11]  Q.  Okay.  So he did hit you?
[12]  A.  Yes.
[13]  Q.  Was that before or after he took the $200
[14] from you?
[15]  A.  The punch was a punch and a taking of the
[16] money all at the same time.
[17]  MR. LIM:  No further questions, Your
[18] Honor.
[19]  MS. SEN:  May I, Your Honor?
[20]  THE COURT:  Certainly.
[21]  MS. SEN:  Thank you.  Just a couple
[22] more questions.
[23]
[24]
[25]

Page 11

RADWAN BIKHIT - RECROSS          11

[1]  - - -
[2]  RECROSS EXAMINATION
[3]  - - -
[4] BY MS. SEN:
[5]  Q.  Did you get your money back, sir?
[6]  MR. LIM:  Objection.
[7]  THE WITNESS:  He was insulting me.  I
[8] didn't see him again anymore.
[9] BY MS. SEN:
[10]  Q.  So yes or no question, did you ever get
[11] your money back?
[12]  A.  No.
[13]  Q.  Okay.  And were you hurt?  Yes or no?
[14]  A.  It's not about the money.  It's about me
[15] getting attacked like that and I feel bad about it.
[16]  MS. SEN:  Okay.  Nothing further.
[17] Thank you.
[18]  THE WITNESS:  I don't want him to come
[19] towards me, next to me, and I don't want him to
[20] come to my stand anymore.
[21]  MS. SEN:  Thank you, sir.
[22]  THE COURT:  All right.
[23]  MR. LIM:  Thank you, sir.
[24]  - - -
[25]

Page 12

[1]  - - -
[2]  (Witness excused.)
[3]  - - -
[4]  MR. LIM:  Your Honor, just prior to
[5] resting, the Commonwealth would amend the
[6] gradation of the theft and RSP to M1s
[7] respectively.
[8]  With that, the Commonwealth would rest.
[9]  THE COURT:  All right.  Defense.
[10]
[11]  (Whereupon, argument heard at this
[12] time.)
[13]  - - -
[14]  THE COURT:  I think we'll go with the
[15] F3, force however slight.
[16]  MR. LIM:  Yes, Your Honor.
[17]  And, Your Honor, I do have a stay-away
[18] order if Your Honor would sign it.
[19]  THE COURT:  I certainly will.
[20]  MS. SEN:  And the REAP is dismissed,
[21] Your Honor?
[22]  THE COURT:  REAP is dismissed.  Robbery
[23] is an F3.  Held for court.  May 28th, 11:00 a.m.
[24] in 1104.
[25]  MS. SEN:  Thank you, Your Honor.

51CR00148432013
Ibrahim Aly

Preliminary Hearing Volume 1
May 07, 2013

Page 13

[1]      **THE COURT:**  Do you understand, sir,
[2] that there's to be no contact whatsoever?
[3]      **THE DEFENDANT:**  Yes, sir, I understand.
[4]      **THE COURT:**  All right.  I just want to
[5] make sure there are no language issues.
[6]      (Whereupon, proceedings concluded.)
[7]        - - -
[8]
[9]
[10]
[11]
[12]
[13]
[14]
[15]
[16]
[17]
[18]
[19]
[20]
[21]
[22]
[23]
[24]
[25]

*the only ① I ever had and That the Answer without knowing what Happen .*

*the Municipal court Violation !*

Page 14

[1]
[2]              CERTIFICATION
[3]
[4]      I hereby certify that the proceedings
[5] and evidence are contained fully and accurately
[6] in the stenographic notes taken by me upon the
[7] foregoing matter on Tuesday, May 7, 2013, and
[8] that this is a correct transcript of same.
[9]
[10]
[11]
[12]
[13]
[14]
[15]
              KRISTINE A. VARGAS
[16]          Registered Professional Reporter
[17]
[18]
[19]
      (The foregoing certification of this
[20] transcript does not apply to any reproduction of the
      same by any means, unless under the direct control
[21] and/or supervision of the certifying reporter.)
[22]
[23]
[24]
[25]
Court Reporting System (Generated 2013/07/17 13:42:19)

Lawyer's Notes



Commonwealth of Pennsylvania          **RECEIVED**

COMMON PLEAS COURT                    APR 3 0 2015          case n# 20150303245 HBG

V.                                   ACTIVE CRIMINAL RECORDS
                                     CRIMINAL MOTION COURT
U.S

RIGHT WAY AUTHORITY
AKA 425½ North Broad street, philadelpia, PA 19123
IBRAHIM ALY

MOTION FOR RECONSEDERATION

Mr. aly civil right had been violated first the court judge can't issue an order for MR Aly to the probation parole officer to be report to Mental Health United as instated in the arrest warrant warning exhibit 22

Only the doctor can determine Mr. aly evaluation not the judge who interrupted the statue of law to imply against any violation to personal right mental , fiscal and or to property right violation unless the theirs is contract violation it is civil law, in those cases the plaintiff initial to relief for the upper court against the judge own decision that the court will grant Mr. Aly termination to his probation will not granted because judge an Hault doesn't remember, furthermore Mr. Aly has the evidence to summited to the court but judge An Hult has refuse to honor her own decision that Mr. Aly is granted relief for the first judgment as the court instated.

Can adult probation and parole department and Charles J. Hoyt the chief probation officer and all the employee under his supervisory also grant the right to act as judge and issue ARREST WARRANT WARNING against any one any time or as require by the statue which passed by the elected official by we the peoples and voting right granted the change in any law statue to we the peoples not I OR AND Y
                                                                                M        AH Rights

" UN EQUAL JUSTICE FOR ALL " THAT WAS THE LAW OF GOD AND AS A PROPHICEY FOR THE TREE OF FATHER ABRAHAM THE CREATOR PLESS HIM AND HIS FAMILY INCLUDING IBRAHIM ALY FOR THE SAME TREE , THE TREE OF LIFE AND THE RIGHT TO LIVE IN PEACE AND LOVE ON EARTH, BUT THERE IS SPARATION BETWEEN CHURCH AND STATE SO ONLY THE LAW  THE UNITED STATES OF AMERICA CONSTITUTION AND THE BILL OF RIGHT IS THE PRINCIPEL  CORNER  STATUE TO THE LAW OF THE LAND AND THE UNION FLAGE OF FIFTY STATES MUST IMPLAY.
                                                         5o stars
Only the court of common pleas has the right to issue the arrest warrant warning not the probation department or any other government department public or and privet that was the law and no judge ever has the right to grant any authority as the statutory law must Imply first toward civil right violation

The arrest warrant warning granted Mr. aly instated that " when you receive this letter you are instructed to call your probation officer immediately "  mr aly never inform with the arrest warrant warning while he was at the Potsda mission in 6 and rely street Harrisburg, dauphin county, pa  I always was under the government control supervise system

windaw

THE COMMONWESLTH OF PENNSYLVANIA

V.

U.S

RIGHT WAY AUTHORITY

AKA 4251/2 north Broad Street Philadelphia, pa 19123

IBRAHIM ALY

The commonwealth of Pennsylvania Magisterial District Court number # 12104

MDJ: Marsh's C Stewart at Harrisburg, pa docket no: MJ-12104- MD-0000002-2015   CASE FILE; 3/19/15

- Mr. Aly probable cause for his arrest as instated " FELONY WARRANT FIR ROBBERY OUT OF PHILADELPHIA "

THE FALSE ARREST VIOLATED MR Aly right because Mr. Aly had been tray for the same case number # CP-51-CR-0006077-2013 IT IS a RECORD FAILER FOR NCLC

Double jeopardy is a procedural defense that forbids a defendant from being tried again on the same (or similar) charges following a legitimate acquittal or conviction.

The arrest warrant must be issue form the judge  not any other Party

Charles j. Hoyt  never grant to issue arrest warrant  violation to Mr. Aly right because only the court of common pleas judge granted by law statue  to issue the warrant of arrest and no one else

There is no warrant of arrest ever issue by the court of common pleas and the judge cannot change the venue of the case  since the warrant of arrest as instructed above matter in Harrisburg  serve is fuls

- Right to counsel never provided by the set court in violation to state, federal, and U.S. constitution  law
- The date and time for Mr. Aly to testify never granted as require by law statue in Harrisburg district court

The acts committed by the Harrisburg P.O Joshua I. Eruhwirth badge # 138 violated Mr. Aly Right because:        In part 2 EHXIBIT 11

"I ASK THAT A WARRANT OF ARREST OR A SUMMONS ISSUED AND THAT THE DEFENDANT BE REQUIRED TO ANSWOR THE CHARGES I HAVE MADE"

FALSE ARREST

Mr. Aly never grant his right to testify for the charges must be done first in county where the warrant has been issue first ACCORDING TO THE JUERDICATION to see if their order of the warrant of arrest is lawfully executed. And second the right to testify never granted to Mr. Aly

FALSE IMPRISOINMENT

Mr. Aly Race is not Black as instructed in police complain violated Mr. Aly Right because first Mr. Aly skin color not a part of his race and the police is a part of the government violated The **Civil Rights Act** of **1964**, which ended segregation in public places and banned discrimination on the basis of race, color, religion, sex or...

The police have the right to described Mr. Aly Body Color to insure public safety but the color of the skin no part of Mr. Aly race whatsoever.

And hereafter, were against the peace and dignity of the commonwealth of Pennsylvania Citizen of the United States of America and were contrary to the acts of the Assembly or in violation of PA statue of law.

IBRAHIM ALY
4-29-2015



FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
**COURT OF COMMON PLEAS**
TRIAL DIVISION CRIMINAL

ADULT PROBATION & PAROLE DEPARTMENT
1401 ARCH STREET
PHILADELPHIA, PA 19102
215-683-1000
FAX 215-683-1492
WEBSITE. HTTP //COURTS.PHILA.GOV
EMAIL: CHARLES.HOYT@COURTS.PHILA.GOV

CHARLES J. HOYT
CHIEF PROBATION OFFICER

*No Right to issue*
*an*
## ARREST WARRANT WARNING
*only preserve to Judge only*

Name:  **IBRAHIM ALY**          PP #:  **1123899**          SID:  **39862140**
CASE #:   **CP-51-CR-0006077-2013**

Address:   **425 1/2 N. Broad Street**
           **Philadelphia, PA 19123**

YOU HAVE FAILED TO REPORT TO YOUR PROBATION OFFICER AS REQUIRED, AND WE HAVE
BEEN UNABLE TO CONTACT YOU.  IT IS A CONDITION OF YOUR SENTENCE THAT YOU
REPORT, AND BE AVAILABLE AT THE ADDRESS ABOVE, WHICH YOU PROVIDED.

THIS IS OUR LAST ATTEMPT TO CONTACT YOU BEFORE WE ISSUE A **WARRANT FOR YOUR
ARREST.**

WHEN YOU RECEIVE THIS LETTER, YOU ARE INSTRUCTED TO CALL YOUR PROBATION
OFFICER AT THE NUMBER BELOW IMMEDIATELY, AND REPORT IN PERSON ON THE NEXT
WORK DAY.  WHEN CALLING, BE SURE TO LEAVE A MESSAGE, INCLUDING YOUR NAME,
ADDRESS, AND PHONE NUMBER.

THE ARREST WARRANT WILL BE ISSUED ON **2/11/2015.**
THE PHILADELPHIA POLICE DEPARTMENT, COURT'S WARRANT UNIT, AND OTHER LAW
ENFORCEMENT AGENCIES WILL HAVE THIS WARRANT TO SERVE.

OFFICER:   **Nelson Parrish**          UNIT:   **Mental Health**          PHONE #:   **(215) 683-1347
                                                                                   2129**

DATE OF THIS NOTICE:  1/28/2015

Probation/Parole Officer

ARREST WARRANT WARNING REV 6/2013



FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
**COURT OF COMMON PLEAS**
TRIAL DIVISION CRIMINAL

CHARLES J. HOYT
CHIEF PROBATION OFFICER

ADULT PROBATION & PAROLE DEPARTMENT
1401 Arch Street
PHILADELPHIA, PA 19102
215-683-1000
FAX: 215-683-1492
WEBSITE: HTTP://COURTS.PHILA.GOV
EMAIL: CHARLES.HOYT@COURTS.PHILA.GOV

## ARREST WARRANT WARNING

Name:  **IBRAHIM ALY**          PP #:  **1123899**          SID:  **39862140**
CASE #:  **CP-51-CR-0006077-2013**

Address:  **425 1/2 N. Broad Street**
**Philadelphia, PA 19123**

*MR. Aly Recived the Arrest warrant after ReLese from Jail on date of 4-21-2015*

YOU HAVE FAILED TO REPORT TO YOUR PROBATION OFFICER AS REQUIRED, AND WE HAVE BEEN UNABLE TO CONTACT YOU.  IT IS A CONDITION OF YOUR SENTENCE THAT YOU REPORT, AND BE AVAILABLE AT THE ADDRESS ABOVE, WHICH YOU PROVIDED.

THIS IS OUR LAST ATTEMPT TO CONTACT YOU BEFORE WE ISSUE A **WARRANT FOR YOUR ARREST.** *other Method of Convication in future is (a) Phone (B) Email (C) Letter*

WHEN YOU RECEIVE THIS LETTER, YOU ARE INSTRUCTED TO CALL YOUR PROBATION OFFICER AT THE NUMBER BELOW IMMEDIATELY, AND REPORT IN PERSON ON THE NEXT WORK DAY.  WHEN CALLING, BE SURE TO LEAVE A MESSAGE, INCLUDING YOUR NAME, ADDRESS, AND PHONE NUMBER. *MR Aly Has an Emergancy Issue*

THE ARREST WARRANT WILL BE ISSUED ON 2/11/2015.
THE PHILADELPHIA POLICE DEPARTMENT, COURT'S WARRANT UNIT, AND OTHER LAW ENFORCEMENT AGENCIES WILL HAVE THIS WARRANT TO SERVE.
*Related to the Court of Common pleas Violation to His Ex wife Right as IN WOMEN Right to equal Rights Two*

OFFICER:  **Nelson Parrish**          UNIT:  **Mental Health**          PHONE #:  **(215) 683-1347 2129**

DATE OF THIS NOTICE: 1/28/2015

*Violated Mr Aly Right the Court Judge is Not a doctor in a Hospotal but His is a Judge in a court room Abid by the Law statue of the Voting right elected official by the Peoples granted by the Constitution & the united State of America the Voting Right Act Violation Bill of rights incloding by Montagenry County Judge carpenter + philadelphia Logo violation No Right to carry a cross for gov. tester Sperati + fleteen church estate carluccio from philadelphia District Attorny + Seth Williams + State Commetting conspiracy against U.S. Civil elected tiffer Federal charges*

Probation/Parole Officer

ARREST WARRANT WARNING REV 6/2011

2015 3:13PM   MDJ KEN LENKER 12-2-02                          NNO. 3979   pr. 4
2015 12:50PM   Dauphin County Booking                        No. 7000   P. 5

### 🜉 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| M02-15 | 3-19-15 | L 92.9266.5 | 20150303245 HBG |
| Defendant Name: | First: Ibrahim | Middle: El | Last: Aly |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered __1__ through __2__.

Harrisburg police

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited. (Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)

citizen of the United state of America

_____3/9/15_____              _____
(Date)                            (Signature of Affiant)

AND NOW, on this date    3-19-15    I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

_____12-202_____              _____
(Magisterial District Court Number)    (Issuing Authority)

THIS LEGAL PROCESS WAS
CONDUCTED THROUGH D.C.V.A
ORIGINAL SIGNATURE
DOCUMENTS ON FILE

*[seal: COMMONWEALTH OF PENNSYLVANIA MAGISTERIAL DISTRICT JUDGE DISTRICT COURT 12-202 COUNTY OF DAUPHIN]*

the defendant MR. ALY Never granted His
Rights
    first — from Hrrisburg police Department
Second — county of DAuphin
    MDJ-12-1-04 case # MJ-12104-MD
                    000000-2015
            case filed 3-19-2015
→ The case must goes back
    to Harrisburg
        Required federal observation
            by the Department
                of Justice

AOPC 412A – Rev. 12/14
20150319 104640

Page 3 of 3



## Unified Judicial System of Pennsylvania
### Non-Discrimination & Equal Employment Opportunity Complaint Form

### Complainant Information (Person Filing the Complaint)

**Name**

Last Name: ALY

First Name: IBRAHIM

Middle Initial: E

**Address**

Address: AKA 425 ½ North Broad Street

City: Philadelphia

State: PA

Zip: 19123

**Phone**

Home Phone: 215 459 60 44

Work Phone: 

Email: Philly Express 10 @ Gmail.co

**Position**

Job Title: Owner of Business

Court/County: Philadelphia

☐ Personnel of the System    ☐ Related Staff    ☐ Court User    ☐ Other

If you checked "other", please specify: 

### Respondent Information (Person Complained Against)

Name: MARIA DICARPIO

Job Title: Securtary

Organization / Unit: COURT of COMMON pealse

Name: 

Job Title: 

Organization / Unit: 

Name: 

Job Title: 

Organization / Unit: 

### Basis of Complaint (Check applicable box or boxes)

☐ Race   ☐ Color   ☐ Sex   ☐ Sexual Orientation   ☐ National Origin   ☐ Age   ☐ Disability   ☐ Religion   ☐ Retaliation

### Description of Complaint

Describe in detail the alleged harassment or discrimination including the date and location of incident(s) if known.  Attach additional pages if necessary.

September / 02 / 2014

Shrif Depty BOWMAN At the 13 floor of Court of COMMON Please call Maria DICARPIO and she said that Judge Diana ANhuLt is in Vaccation, but the Second floor information Desk said the Judge is present Today sep, 02, 14



**Unified Judicial System of Pennsylvania**
*Non-Discrimination & Equal Employment Opportunity Complaint Form*

**Description of Complaint (con't)**

at ROOM 801 and the Judge not in Vaccation that mean Maria is Lieying wittness

Shirf BowMan information Desk

**Remedy Complainant is Seeking**

their is No Lie in Court House from any employee what was the Reson for Her to Lie?

**Signature**

Complainant Signature: SAVGRII

Date: 9-2-2014

Please refer to the applicable *Policy on Non-Discrimination & Equal Employment Opportunity*
Complaint Procedures for submission of this form.

COPY
ORIGINAL FILED IN SUPERIOR COURT
JUL 18 2014
EASTERN DISTRICT

# IN THE SUPERIOR COURT OF PENNSYLVANIA
## SITTING AT PHILADELPHIA

EDA 2013                    NO. 2856

COMMONWEALTH OF PENNSYLVANIA

VS.

IBRAHIM ALY,
                    Appellant

## BRIEF FOR APPELLANT

Appeal From The Judgment Of Sentence Of The Court Of Common Pleas Of Philadelphia County, Trial Division, Criminal Section, Order Entered September 12, 2013, Imposed On CP-51-CR-0006077-2013.

VICTOR RAUCH, Assistant Defender
OWEN W. LARRABEE, Assistant Defender
Deputy Chief, Appeals Division
KARL BAKER, Assistant Defender
Chief, Appeals Division
ELLEN T. GREENLEE, Defender

Defender Association of Philadelphia
1441 Sansom Street
Philadelphia, Pennsylvania  19102
Identification No. 00001
(215) 568-3190

July, 2014

*[handwritten: "2 page 5 7"]*

*[handwritten: "17 the a"]*

## TABLE OF CONTENTS

**PAGE**

I.      STATEMENT OF JURISDICTION                        1

II.     STATEMENT OF SCOPE AND STANDARD                  2
        OF REVIEW

III.    STATEMENT OF QUESTION INVOLVED                   3

IV.     STATEMENT OF THE CASE        *4-5*              4-6

V.      SUMMARY OF ARGUMENT          *6*                 7

VI.     ARGUMENT          *7-15*                         8-11

        THERE   ARE   NO   NON-FRIVOLOUS   ISSUES
        PRESERVED FOR APPEAL.

VII.    CONCLUSION        *15-16*                        12

*I swear to tell the truth the whole truth and nothing but the truth*

*Intervene*

*perjury 18 U.S. Code §1621 section 1746 tital 28*

## TABLE OF AUTHORITIES

### FEDERAL CASES

Anders v. California, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

### STATE CASES

Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981) . . . . . . . . . . . 2, 4, 5, 7

Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009) . . . . . . . . . . . 2, 7, 8, 9, 11, 12

Commonwealth v. Torres, 630 A.2d 1250 (Pa. Super. 1993) . . . . . . . . . . . . . . . . 8

perjury

# I. <u>STATEMENT OF JURISDICTION</u>

This Court's jurisdiction to hear an appeal from the judgment of sentence of the Philadelphia Court of Common Pleas is established by §2 of the Judiciary Act of 1976, P.L. 586, No. 142, §2, 42 Pa. C.S.A. §742.

## II. STATEMENT OF SCOPE AND STANDARD OF REVIEW

The scope of review in reviewing a request by counsel to withdraw extends to the entire record.  The court is to conduct independent review to decide whether the appeal is, in fact, wholly frivolous.  Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981); Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).

oNLy the truth will Set you free
So Help Me God find the thruth is fact based on
the word by the CounSeL MR:
«the scope of Review in Reviewing a request by
CounSeL to with draw extend to the entire
record it II
it is [scratched out] seal to Lawyer cliNt 2014
Violation
CoNVidiality
to the
the CounSeL of
what → 2015
perjury Means
Philaddpia

III. <u>STATEMENT OF THE QUESTIONS INVOLVED</u>

Was the evidence sufficient to support Mr. Aly's convictions for theft and

receiving stolen property?   "was any evidence first"

(Answered in the affirmative by the court below)

Truthful and reliable — False alibi

the out come of the case

perjury

physicians   perjury   disputed   confidentiality

Elbi   perjury   false   permission   case of ---

favor   Contradictory

Bill Bond   offerd   Plea = deal   sentencing mandatories

involve   innocent

follow — steps   Authorization

proceed pro-se   decide

field   Filed

3

*Missing*

## IV. STATEMENT OF THE CASE

*to trial before → Mr Aly went The Honorable of Philad Court of Municipal first*

A. Procedural History

Appellant Ibrahim Aly was arrested on April 18, 2013, and charged with

robbery, theft by unlawful taking, receiving stolen property, and simple assault.  He

was informed against at CP-51-CR-0006077-2013.  On August 27, 2013, Mr. Aly

proceeded to trial before the Honorable Diana Anhalt of the Philadelphia Court of

Common Pleas, sitting without a jury.  The trial commenced that day, but was then

recessed mid-trial to afford Mr. Aly time to locate a witness.  The trial resumed, and

*was in the Jail and Had No Acces to any telephone + don't Have any*

concluded, on September 12, 2013.  At the conclusion of trial Mr. Aly was convicted

*but I was have a face in My Lawyer Vironica williams Contact #*

of theft by unlawful taking and receiving stolen property, both as first degree

misdemeanors.  Mr. Aly was sentenced that day to time-served to twenty-three

months incarceration, followed by two years probation.  A post-sentence motion was

filed on September 19, 2013, and denied without a hearing on October 1, 2013.  This

*If the Court of Common pleas granted*

timely appeal followed.  *a hering the judge in viplation to the Rules of Court proseding + Rules of Law!*

The post-sentence motion is attached as Exhibit "A."  The statement of intent

*which protect that grant!*

to file a brief pursuant to Anders v. California is attached as Exhibit "B," and the trial

court's opinion is Exhibit "C."  A copy of the letter sent to appellant, in compliance

with the requirements of Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981)

and Anders v. California, 386 U.S. 738 (1967), is attached as Exhibit "D."  A petition

4

*Scince I finied No Justice in Regardless of to peopele Blieve in creation + ALL the ☒ send*

*the counsel Have been fire by Aly for falier to summet the brief after aske for Extention to Summit the prief*

by counsel to withdraw is being filed contemporaneously with this brief, in

compliance with the requirements of Anders and McClendon.

*Judge the Revelation 2015   witness 2016   write   forgivene*

B. Factual History

*police Report*

Bikhit Radwan was the only witness to testify for the Commonwealth.  Mr.

*they Judge in the common pleas 2015 time to Aske for meantal Treatment*

Radwan testified that he owns and operates a newsstand at the corner of Broad and

Spring Garden Streets in Philadelphia, and that on April 10, 2013, he was working *xtra Bill   No mor right for the stand*

at the newsstand at 11:50 a.m.  At that time, Mr. Aly approached him.  Mr. Aly *Air right*

*2015 own Reading Company Down the Right way to*

worked nearby, and Mr. Radwan had known him for about two years.  Mr. Aly asked *that*

*Violation to the City of philadelphia Revelation*

Mr. Radwan to loan him money.  Mr. Radwan refused.  Mr. Aly began to insult Mr. *not what*

*the police Report never said nothing about the Family   in*

Radwan and his family.  They argued, and Mr. Aly reached up to Mr. Radwan's shirt *police Report 2014*

pocket and took money from it.  The total taken was two hundred dollars.  Mr. Aly

had approached Mr. Radwan before to ask for money, but Mr. Radwan had refused

*He Lie   He give a fack telphon #*

and asked Mr. Aly's family to keep him away.  Mr. Radwan went to the police that

day and told them what happened, and identified a picture of Mr. Aly (N.T. 8/27/13,

*I do not have a Lawyer from philadelphia Defender*

10–23). *Association Her Name is Vranica williams*

Mr. Aly testified on his own behalf at trial.  He testified that he owned a

business at 425 North Broad Street.  On April 10, 2013, he was walking to the library

when he passed Mr. Radwan.  They began arguing, because Mr. Radwan had

previously called Mr. Aly "crazy."  Mr. Aly did curse at Mr. Radwan, and they

*to them by their creators stil it is imposi to Find Not only Juctice as manduted by thier own order of the Law of their own Sacity by thier own Citizen*

exchanged words for a time, but Mr. Aly testified that he never took anything from

Mr. Radwan (N.T. 9/12/14, 5–14).

*No first & No Last*

No other evidence was presented.  The trial court found Mr. Aly guilty of theft

by unlawful taking and receiving stolen property, and acquitted him of the other

charges (N.T. 9/12/14, 17).

*MR ALY Granted*

*MR ALY*

6

## V. SUMMARY OF ARGUMENT

*[handwritten: you don't understo the Law]*

There are no non-frivolous issues preserved for appeal. Counsel has satisfied the requirements of Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009), and its precursor, Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981), including a thorough review of the record and the notes of testimony, and should be allowed to withdraw.

*[handwritten: Revelation 2015]*

*[handwritten: Why it is a requirement violated MR ALY Right for]*

*[handwritten: 1 -]*
*[handwritten: 2 -]*
*[handwritten: 3 -]*

*[handwritten: probable]*

7

*[handwritten: Violation]*

*[handwritten: The court doesnot Has any Right to choose my Lawyer]*

## VI. ARGUMENT

### THERE ARE NO NON-FRIVOLOUS ISSUES PRESERVED FOR APPEAL.

The Pennsylvania Supreme Court has set forth the requirements counsel must

satisfy pursuant to <u>Commonwealth v. Santiago</u>, 978 A.2d 349 (Pa. 2009), and its

federal precursor <u>Anders v. California</u>, 386 U.S. 738 (1967).

*[handwritten: Not the Philadelpia Defender Associatio is a diferen choise by Law]*

> [I]n the <u>Anders</u> brief that accompanies <u>court-appointed counsel's</u> petition
> to withdraw, counsel must: (1) provide a summary of the procedural
> history and facts, with citations to the record; (2) refer to anything in the
> record that counsel believes arguably supports the appeal; (3) set forth
> counsel's conclusion that the appeal is frivolous; and (4) state counsel's
> reasons for concluding that the appeal is frivolous. Counsel should
> articulate the relevant facts of record, controlling case law, and/or
> statutes on point that have led to the conclusion that the appeal is
> frivolous.

*[handwritten: 1 based on non-conc 2015]*

<u>Santiago</u>, at 361.

*[handwritten: Learn the Languish and Lets Speeck Emglish]*

This Court must then conduct its own review of proceedings and make an

independent judgment to decide whether the appeal is, in fact, wholly frivolous.  <u>See</u>

<u>also</u> <u>Commonwealth v. Torres</u>, 630 A.2d 1250 (Pa. Super. 1993) (*en banc*).

Counsel made a conscientious examination of the record, the <u>controlling case</u>

<u>law</u> and the applicable statutes and asserts that there is nothing in the record that

counsel has identified that has any chance for appellate relief.  Counsel has identified

for the Court <u>those issues that</u> counsel has <u>identified</u> as arguably <u>supporting the</u>

appeal and the <u>testimony</u> that would arguably support them and that he has identified

*[handwritten: Start in the Beg first the Counsel turn out from His Job as a Lawyer to defend His clint Mr Aly → and end to be persicutien]*

*[handwritten: After He get farreg when?]*

for the Court those issues that appellant would have raised on appeal and the

testimony that would arguably support them.  Counsel has notified appellant of the

request to withdraw (attached as Exhibit "D"), furnished appellant with a copy of the

brief prepared by counsel, and advised appellant of his right to retain new counsel,

or proceed *pro se* and raise any additional points that he may deem worthy of

consideration. Having complied with the requirements of Santiago, counsel petitions

the court for leave to withdraw.[1]

*[handwritten: Shoud counsel aske the Court or Aske the appellant]*

WAS THE EVIDENCE LEGALLY SUFFICIENT TO SUPPORT MR. ALY'S *[handwritten: first]*

CONVICTIONS FOR THEFT BY UNLAWFUL TAKING AND RECEIVING

STOLEN PROPERTY?

Bikhit Radwan was the only witness to testify for the Commonwealth.  Mr.

Radwan testified that he owns and operates a newsstand at the corner of Spring

Garden and Broad Streets in Philadelphia, and that on April 10, 2013, he was working

at the newsstand at 11:50 a.m.  At that time, Mr. Aly approached him.  Mr. Aly

worked nearby, and Mr. Radwan had known him for about two years.  Mr. Aly asked

Mr. Radwan to loan him money.  Mr. Radwan refused.  Mr. Aly began to insult Mr.

Radwan and his family.  They argued, and Mr. Aly reached up to Mr. Radwan's shirt

*[handwritten: insult to MR Aly. Police Report, no word family, the matter MR Radwan nor his, the public Defender can inforce]*

[1] Counsel is filing a separate Petition to Withdraw contemporaneously with this brief.

*[handwritten: any new word which distract the case]*

9

pocket and took money from it.  The total taken was two hundred dollars.  Mr. Aly

had approached Mr. Radwan before to ask for money, but Mr. Radwan had refused

*MR Radwan Lie*

and asked Mr. Aly's family to keep him away.  Mr. Radwan went to the police that

day and told them what happened, and identified a picture of Mr. Aly (N.T. 8/27/13,

10–23).  *what the name of My Lawyer*

    Mr. Aly testified on his own behalf.  He testified that he owned a business at

425 North Broad Street.  On April 10, 2013, he was walking to the library when he

passed Mr. Radwan.  They began arguing, because Mr. Radwan had previously called

Mr. Aly "crazy."  Mr. Aly did curse at Mr. Radwan, and they exchanged words for

a time, but he testified that he never took anything from Mr. Radwan (N.T. 9/12/14,

5–14).

    No other evidence was presented.  The trial court found Mr. Aly guilty of theft

by unlawful taking and receiving stolen property, and not guilty of the other charges

(N.T. 9/12/14, 17).

    The crime of theft in Pennsylvania is defined by the following language: "A

person is guilty of theft [by unlawful taking] if he unlawfully takes, or exercises

unlawful control over, movable property of another with intent to deprive him

thereof." 18 Pa. C.S. §3921(a).  Similarly, the offense of receiving stolen property is

defined: "A person is guilty of [receiving stolen property] if he intentionally receives,

10

*MR Radwan Not a credibal stolen*

*filed property about MR Aly ever receive a stolen property in a theft*

*(handwritten top)* every one take about the evidence but no one ever said what is it ??? *(and)* trail MR Radwan *(crossed out)* retains

retains, or disposes of movable property of another knowing that it has been stolen . . ." 18 Pa. C.S. §3925(a). *(handwritten)* ↑ what is the trail evidence which

Here, Mr. Radwan, the complainant, testified at trial that Mr. Aly took $200 *(handwritten)* common pleas court + 2618

from him and kept it. This trial evidence clearly satisfies the statutory elements of *(handwritten)* what kind (what) ???

both theft by unlawful taking and receiving stolen property. Therefore, after *(handwritten)* He should consider the Abtacible Law ??? what is the statue

considering the appropriate legal authority, as well as all the facts on record, counsel *(handwritten)* what they get or have against MR Aly *(and)* if He don't know the Law

has determined that any challenge to the sufficiency of the evidence for those offenses *(handwritten right margin)* the Law deals He know the fact

would be frivolous. *(handwritten)* per sec ution *(and)* what is the evidence

Counsel states that pursuant to the requirements of Commonwealth v. Santiago,

978 A.2d 349, 361 (Pa. 2009), counsel has reached the conclusion, after a detailed

review of the record and the applicable law, that there are no non-frivolous issues to

appeal. *(handwritten)* You don't know the Law!

*(handwritten bottom)*
facte ☆ Counsel should reached the conclusion after study MR Aly cause from police Record, wittness court Record a missrepres evidence No entered No / Consedation in dient

but to study a record and to reached to conclusion based in any other record it is aginst the Law, you are the Lawyer by court choise not by MR Aly , choise you must study MR Aly court Record first

11

## VII. CONCLUSION

After making a conscientious examination of the record, the controlling case law and the applicable statutes, counsel has determined that this appeal would be wholly frivolous, and having complied with the requirements of Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009), counsel petitions this Court for leave to withdraw.

Respectfully submitted,

VICTOR RAUCH, Assistant Defender
OWEN W. LARRABEE, Assistant Defender
Deputy Chief, Appeals Division
KARL BAKER, Assistant Defender
Chief, Appeals Division
ELLEN T. GREENLEE, Defender

FILED
09/19/2013 03:46:41 PM
Post Trial Unit
By: P. GRA

DEFENDER ASSOCIATION OF PHILADELPHIA
BY:   ELLEN T. GREENLEE, Defender and
      Veronica Williams, Assistant Defender

> A COPY OF THIS
> DOCUMENT HAS BEEN
> RECEIVED BY THE
> DISTRICT ATTORNEY
>
> SIGNATURE_____
>
> DATE _____

Identification No. 00001
1441 Sansom Street
Philadelphia, Pa. 19102
(215) 568-3190

RECEIVED

OCT 01 2013

ACTIVE CRIMINAL RECORDS
CRIMINAL MOTION COURT   Attorney for Ibrahim Aly

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS |
| | : | COUNTY OF PHILADELPHIA |
| V. | : | CRIMINAL TRIAL DIVISION |
| | : | |
| IBRAHIM ALY | : | CP-51-CR-0006077-2013 |
| | : | CHARGES: Theft – Unlawful Taking |
| | | M1, Receiving Stolen Property M1 |

### ORDER

AND NOW, this 1 day of October 2013, it is HEREBY ORDERED that a

hearing be granted on the Motion for Reconsideration, to take place on the          day of

2013, in Courtroom          of the Criminal Justice Center.

*Denied Without a Hearing*

BY THE COURT:

*Diana L Anhalt*

HONORABLE DIANA L. ANHALT

Who granted the Motion "hearing"
for the Motion   if can the judge denies what
(A) it is the Court   the court and the rules of
(B) it is the judge   Law granted
                      then why they   Reveloton 1
                                       5-5
**Exhibit "A"**   Cull it Appeal   2015

**DEFENDER ASSOCIATION OF PHILADELPHIA**
BY:   ELLEN T. GREENLEE, Defender and
         Veronica Williams, Assistant Defender

Identification No. 00001
1441 Sansom Street
Philadelphia, Pa. 19102
(215) 568-3190

Attorney for Ibrahim Aly

*[handwritten: who So __ to Defend His Clint MR Aly in Accordance to the Statue of Law explain]*

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS |
| | : | COUNTY OF PHILADELPHIA |
| V. | : | CRIMINAL TRIAL DIVISION |
| | : | |
| IBRAHIM ALY | : | CP-51-CR-0006077-2013 |
| | : | CHARGES: Theft – Unlawful Taking |
| | : | M1, Receiving Stolen Property M1 |

*[handwritten: the Judge can not denies what the Court grant in Accordance to the Law]*

**MOTION FOR RECONSIDERATION OF VERDICT AND SENTENCE**

*[handwritten: is it the Judge dission to Accepet or Refuse what]*

**TO THE HONORABLE DIANA L. ANHALT, RESIDING IN COURT OF COMMON
PLEAS FOR THE COUNTY OF PHILADELPHIA:**

*[handwritten: the Court granted a Hearing in Acordance to the]*

Petitioner, Ibrahim Aly, by his attorneys, Veronica Williams, Assistant Defender, and with her,
Ellen Greenlee, Defender, respectfully represents that: *[handwritten: Law ?]*

1. On April 18, 2013, Petitioner was arrested and charged with one count each of Robbery

   as a felony of the third degree, Theft – Unlawful Taking, Theft – Receiving Stolen

   Property, and Simple Assault.

2. On September 12, 2013, after a trial in this matter, this court found Petitioner guilty of

   one count each of Theft – Unlawful Taking as a misdemeanor of the first degree as well

   as Receiving Stolen Property as a misdemeanor of the first degree.

3. On September 12, 2013, this court sentenced Petitioner to time served to 23 months

   incarceration plus two years of probation to run concurrent to that sentence, along with

*[handwritten: then there is the Right to Appeal Has gon If the Judge granted to Himself with the agreement of All other parties including My Lawyer]*

*the complaining — Cannot be witness the Don't know any*

$200 restitution and a stay away order.

4. This court relied on the testimony of the complaining witness when determining the verdict and sentence. This testimony was unreliable, Petitioner testified on his own behalf and denied taking anything from the complaining witness.

WHEREFORE, Petitioner begs this Court to grant an appropriate hearing date for this motion.

*Petitioner never begs the court it is the Law no begs in Law it is granted by the supree Law of the Land the United State of AMERICA Constitution + the Bill of Rights to grant a hearing*

Respectfully Submitted,

_____

Veronica Williams, Assistant Defender,
and with her,
ELLEN T. GREENLEE, Defender

3

<u>**VERIFICATION**</u>

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities under Title 18, § 4904 of the Pennsylvania Crimes Code.

_____

Veronica Williams, Assistant Defender,
and with her,
ELLEN T. GREENLEE, Defender
**ATTORNEYS FOR PETITIONER**

September 19, 2013

4

*[Handwritten at top: If the Appeals with the SUPERIOR Court where My Record at and there is No More issue with the Lower Court (the COMMON Pleas) then Why they Right write to that Court ???]*

FILED
03/10/2014 11:22:03 AM
Post Trial Unit
By: P. MCI

DEFENDER ASSOCIATION OF PHILADELPHIA
BY: Ellen T. Greenlee, Defender, and
Victor Rauch, Assistant Defender
Identification No. 00001 *[handwritten: a Brief ?]*
1441 Sansom Street
Philadelphia, PA 19102
(215) 568-3190

Attorney for IBRAHIM ALY

| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS |
|---|---|---|
| | : | CRIMINAL TRIAL DIVISION |
| v. | : | CP-51-CR-0006077-2013 |
| | : | |
| | : | SUPERIOR COURT |
| IBRAHIM ALY | : | 2856 EDA 2013 |

*[Handwritten: → it is Require by Law to write to the Higher or Lower or both ?]*

STATEMENT OF INTENT TO FILE A BRIEF PURSUANT TO *ANDERS/McCLENDON*

TO THE HONORABLE JUDGE DIANA L. ANHALT:

The above defendant, Ibrahim Aly, by counsel, Victor Rauch, Assistant Defender, Appeals

Division, Owen Larrabee, Assistant Defender, Deputy Chief, Appeals Division, Karl Baker,

Assistant Defender, Chief, Appeals Division, and Ellen T. Greenlee, Defender, respectfully

represents: *[handwritten: No Right to Direct + order My Lawyer abandont New ord 2013]*

1. On October 21, 2013, this Court issued an order pursuant to Pa. R.A.P. 1925(b) for counsel

to file a Concise Statement of Errors Complained of on Appeal within 21 days. On

November 6, 2013, this Court granted counsel's request for an extension of time to file the

statement of errors, to within twenty-one days of counsel's receipt of the completed notes of

testimony. Counsel received the completed notes of testimony on February 21, 2014. *[handwritten: Need copy of it. How Long by Law]*

2. Counsel has reviewed the available record and has determined that there are no non-frivolous

issues preserved for appeal in this matter. Consequently, pursuant to Pa. R.A.P. 1925(c)(4),

counsel hereby gives notice of his intent to file a brief compliant with the requirements of *[handwritten: what is]*

*[Handwritten left margin: Revelin 2015 V. brief for Appellant order Enter September 12 2003]*

*[Handwritten bottom: Why it taks For Month to completed notes of testimony]*

**Exhibit "B"**

Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981) and Anders v. California, 386

U.S. 738 (1967).

Respectfully Submitted,


/S/
_____
Victor Rauch, Assistant Defender
Owen Larrabee, Assistant Defender
    Deputy Chief, Appeals Division
Karl Baker, Assistant Defender
    Chief, Appeals Division
Ellen T. Greenlee, Defender

My Lawyer found Me Gilty befor COMMON please Court opinion I 2014 wander time

<u>VERIFICATION</u>

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief, and are verified subject to the penalties for unsworn falsification

to authorities under Pennsylvania Crimes Code Section 4904 (18 Pa.C.S. §4904).

/S/
_____
Victor Rauch, Assistant Defender

Date:  March 10, 2014

in philadelphia the city of Revelation

Why My Counsel never inform that Aly that He will be leving so He give Him enouf time

— did My Counsel Which I Conseder Him as My prosecution not a Lawyer in My case! but that How the public Defender work never give Me enouf time scince He Know His own intend to Leve on Date March 10, 2014 ony He send His Letter on date of 7-22-2014

*[handwritten:]* violation
No Right for contact between Lawyer + Judges
to agree to violat the Law not only to MR ALY Right
Cout

**DEFENDER ASSOCIATION OF PHILADELPHIA**
BY:   Ellen T. Greenlee, Defender, and
      Victor Rauch, Assistant Defender
Identification No. 00001
1441 Sansom Street
Philadelphia, PA 19102
(215) 568-3190

**Attorney for IBRAHIM ALY**

COMMONWEALTH OF PENNSYLVANIA    :    COURT OF COMMON PLEAS
                                :    CRIMINAL TRIAL DIVISION
                                :    CP-51-CR-0006077-2013

*[handwritten:]* you are in violation to MR Aly Right, Right to defend is not right to incriminat but the Law but not MR ALY the Law is not co. ration between two party aginst the first fondion to the Law in Moral + trust to the spirt not only the

                                     SUPERIOR COURT
IBRAHIM ALY                          2856 EDA 2013
        v.
                    **PROOF OF SERVICE**
IBRAHIM ALY

*[handwritten:]* never ask my Layyer to file a statement of Errors on behalf of MR the was the Court Judge order

I hereby certify that I am this day, via E-File, serving upon

HONORABLE DIANA L. ANHALT
1405 CRIMINAL JUSTICE CENTER
1301 FILBERT ST.
PHILADELPHIA, PA 19107

HUGH BURNS
CHIEF, APPEALS UNIT
DISTRICT ATTORNEY OF PHILADELPHIA
WIDENER BUILDING
3 SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

a copy of the Statement of Errors Complained of on Appeal being filed on behalf of the
defendant in the captioned matter.

*[handwritten:]* Judical system + ALL Governerment employee but also to the DEFENEer Lawyers as to the District Attorni did Victor Rauch Represent MR ALY in What Court?

                                     /S/
                                     Victor Rauch, Assistant Defender
                                     Defender Association of Philadelphia
                                     1441 Sansom Street
                                     Philadelphia, PA 19102

Date:   March 10, 2014

*[handwritten:]* U.S Right way No one Abov the Law Authority 5-5-15

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL DIVISION TRIAL

COMMONWEALTH                    :       NO.: CP-51-CR-0006077-2013
OF PENNSYLVANIA                 :
                                :
                                :
v.                              :       Superior Court No.:
                                :       2856 EDA 2013
                                :
IBRAHIM ALY                     :

FILED
APR 0 2 2014
Criminal Appeals Unit
First Judicial District of PA

**OPINION**

ANHALT, J.

Appellant in the above-captioned matter appeals his conviction for Theft By Unlawful

Taking and Receiving Stolen Property. The Court submits the following Opinion in accordance

with the requirements of Pa. R. A. P. 1925. For the reasons set forth herein, this Court's decision

should be affirmed.

**PROCEDURAL HISTORY**

On April 10, 2013, Appellant Ibrahim Aly, was arrested and charged with Robbery,

Simple Assault, Recklessly Endangering Another Person, Theft By Unlawful Taking and

Receiving Stolen Property. Appellant went to trial before this Court on August 27, 2013, and

the trial was bifurcated until September 12, 2013 where the Court found Appellant guilty of

Theft By Unlawful Taking and Receiving Stolen Property. On that date, the Court sentenced

Appellant to time served to 23 months of incarceration plus two years of concurrent probation.

Appellant filed this timely appeal of the Court's decision on October 11, 2013. On

October 21, 2013, this Court ordered Appellant to file a concise statement of the matters

complained of on appeal pursuant to Rule 1925(b) of the Pa. R. A. P. On November 5, 2013,

Appellant's counsel requested an extension of time to file a Supplemental 1925(b) Statement of

**Exhibit "C"**

*[handwritten: Can this MR Aly Counsel Leve this case on March 10, 2014 ??? before Having]*

Matters Complained of on Appeal because all the notes of testimony had not yet been transcribed *[handwritten: (1)]* and the Court granted this request. Appellant did not file a 1925(b) Statement with the Court but rather on March 10, 2014, Counsel for Appellant notified the Court that he intends to file an Anders/Santiago brief in this case as there are no non-frivolous issues for appeal.

*[handwritten: How He notified the court on April 2, 201]*

**FACTUAL HISTORY** *[handwritten: the Judge opinion]*

*[handwritten: → what He Save & what Happen]*

At the trial for the Appellant the complainant, Bikhit Radwan, testified that on April 10, 2013, around 11:50 in the morning, he was working at his newsstand located at Broad and Spring Garden Street which he has operated since 2005. (N.T., 8/27/13, pp. 11-12). He went on to testify that he was working alone that day which he usually does when he was approach by the Appellant who he had known for about two years or so from Appellant owning a sandwich store a block down from him located at 425 North Broad Street. (N.T., 8/27/13, pp. 12-13). Mr. Radwan testified that Appellant came to him that day and asked him for a thousand dollars which Appellant had done on previous occasions. (N.T., 8/27/13, p. 13). Mr. Radwan had never given him any money before and when Mr. Radwan told him that day that he was not going to give *[handwritten: (2)]* him any money Appellant started to insult him and his family. Appellant then reached into Mr. Radwan's left breast pocket and took out money. (N.T., 8/27/13, p. 13). Mr. Radwan specifically testified that he thought Appellant was going to hit him but Appellant was reaching to grab the money out of his pocket and Appellant told him that you don't speak English so he could not do anything about it. (N.T., 8/27/13, p. 15). Mr. Radwan testified that Appellant had taken two hundred dollars from his pocket which he never got back. (N.T., 8/27/13, pp. 17-18). Afterwards Mr. Radwan went down to the police station to make a report about the incident and he was able to identify the Appellant from pictures that police showed him. (N.T., 8/27/13, p. 18).

*[handwritten: page 2]*

*[handwritten: Lesson History]*

2

*[Handwritten annotations: "in the Court Record I denied asking MR Redwan for 1000 Doller NT" — "need prove of admited" — "page 3"]*

Appellant testified at trial that his sandwich store at 425 North Broad Street had closed

about a year ago and he testified that he was in that location that day to go to the library. (N.T.,

9/12/13, p. 8, 10). Appellant testified that there was some type of altercation between him and

Mr. Radwan that day where he was yelling and cursing at him but that he did not take any money

from Mr. Radwan. (N.T., 9/12/13, pp. 6-8). Appellant did admit to asking Mr. Radwan for a

*[Handwritten: "not that day — 2 years befr."]*

*[Handwritten: "NT 9/12/13 p 8 [147]+[15]"]*

thousand dollars that day and on a previous occasion but testified that he did not take any money

from him that day. (N.T., 9/12/13, p. 8).

*[Handwritten: "never Happen" — "Violatios to Court Record" — "③"]*

**DISCUSSION**

*[Handwritten: "what was???" — "electo political" — "Democrat X Republic" — "how" — "what is the evidic?"]*

The evidence in this case was sufficient to sustain Appellant's conviction for Theft By

Unlawful Taking and Receiving Stolen Property. In evaluating a challenge to the sufficiency of

the evidence, the reviewing court must "determine, whether, viewing the evidence in the light

most favorable to the Commonwealth as the verdict winner, together with all reasonable

inferences therefrom, the trier of fact could have found that each and every element of the crimes

*[Handwritten: "what was that"]*

charged was established beyond a reasonable doubt." Cmmw. v. Lee, 956 A.2d 1024, 1027 (Pa.

Super. Ct. 2008). This standard of deference "is not altered in cases involving a bench trial,

because the 'province of a trial judge sitting without a jury is to do what a jury is required to

do.'" Id. (quoting Cmmw. v. Lambert, 765 A.2d 306, 362 (Pa. Super. Ct. 2000)). This standard is

"equally applicable to cases where the evidence is circumstantial rather than direct so long as the

*[Handwritten: "the law is Regard of set of Rules" — "the Judge can't choose for the and Pick what is Right or wrong all his" — "the law is not a matter of Personal opinion Rather is to follow" — "the persedes of Ablicable law set Rules which granted by the law"]*

combination of the evidence links the accused to the crime beyond a reasonable doubt." Cmmw.

v. Swerdlow, 636 A.2d 1173, 1176 (Pa. Super. Ct. 1994). "Unless the evidence presented at trial

is 'so weak and inconclusive that as a matter of law, no probability of fact can be drawn from the

*[Handwritten: "it is not Judge AN hult dissison To order what ↑ Higher Court"]*

combined circumstances,' the verdict should not be disturbed on appeal." Lee at 1027-28

*[Handwritten: "Should do in regardless to law statue" — "part - territora"]*

(quoting Cmmw. v. Davis, 799 A.2d 860, 866 (Pa. Super. Ct. 2002)).

*[Handwritten: "Violation to the Supreen Law of the Land the Judge. must uphold the law"]*

3

*the quistion is did MR ALY Commits the crime! what is the evidence.*

A person commits the crime of theft by unlawful taking if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof. *page 4*

18 Pa.C.S.A. § 3921(a). To uphold a conviction for theft by unlawful taking, the *S-S*

Commonwealth must establish the accused "unlawfully takes, or exercises unlawful control over, *is the DA but not Judge or Lawyer Revision. 2015* movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). A *5*

person is guilty of receiving stolen property if he intentionally receives, retains, or disposes of

movable property of another knowing that it has been stolen, or believing that it has probably

been stolen, unless the property is received, retained, or disposed with intent to restore it to the

owner. 18 Pa.C.S.A. § 3925. The elements of receiving stolen property may be stated as: (1)

intentionally acquiring possession, control or title, retaining, disposing, or lending on the security

of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3)

intent to deprive permanently. Cmmw. v. Young, 35 A.3d 54 (Pa Super. 2011); see also 18

Pa.C.S.A. § 3901. *No one ever talk about that evidence! what was it ??*

The Court in the instant case found that the evidence was sufficient to establish a theft by

unlawful taking as well as receiving stolen property. Viewing the evidence in the light most

favorable to the Commonwealth, as verdict winner, with all reasonable inferences drawn there

from, the Court concluded beyond a reasonable doubt that Appellant had taken the two hundred

dollars from Mr. Radwan left breast pocket which is what Mr. Radwan testified and that made up

the crimes of theft by unlawful taking as well as receiving stolen property. Furthermore, *S15* *MR Radwan Lie about the witness - fact* questions of witness credibility and the weight to be afforded the evidence are within the sole

province of the finder of fact, who is free to believe all, part, or none of the evidence.

Commonwealth v. Woods, 432 Pa. Super. 428, 638 A.2d 1013, 1015 (1994); Commonwealth v.

*the Judge explan Her opinion in Regard to the interpitation of the Law Regardless to case of MR Aly (A) witness credibility (B) weight Court conclods what Mr Radwan testi and that made up the crimes*

*page 5*

Mayfield, 401 Pa. Super. 560, 585 A.2d 1069 (1991). Here, the Court found that the testimony

of Mr. Radwan was entirely reasonable and credible more so than the testimony of the Appellant.

**CONCLUSION**   *He is Lying*

    For the foregoing reasons, the Court's finding of Appellant guilty of Theft By Unlawful

Taking and Receiving Stolen Property should be affirmed.

BY THE COURT:

*Diana L Anhalt*

DIANA ANHALT, J.

March 31, 2014

*Audit 5-5-2015*

*that why I pray task Justice for ALL created equal*

*ALL MEN equal*

*peace   Love*

*All seeing eye*

*Moshaia*

*Savior*

*Liberty*

*What was the Evidence ????????*

*Freedom*

*to every ONE*

*Who Believe ALL, Part or NON of the Evidence is free*

5



**PROOF OF SERVICE**

I hereby certify that on the date set forth below, I caused an original copy of the Judicial Opinion to be served upon the persons at following locations, which service satisfies the requirements of Pa.R.A.P. 122:

Victor Rauch, Esquire
Karl Baker, Esquire
1441 Sansom Street
Philadelphia, PA 19102

Hugh Burns, Esquire
Philadelphia District Attorneys Office
Three South Penn Square
Philadelphia, PA 19107

Date: _____4-2-14_____        By: _Diana Anhalt_____
                                       Diana Anhalt, Judge

*Handwritten annotations:*

the Law Retaliation R R Reading
the City of Philadelpia Company
Trust Right
you
Moskovi - owner
SAVOR owner Liberty Property 188
Liberty property Arch 2
chesterfield Pkwy
MALVern, PA 1935
Permit # 539 167
7/5/14
Violation 2015 521692 +
Audit 5-5-2015

owNer Liberty property 188 Arch, LP
"              "        188 Arch Hotel LLc
1010 DC/ DEVELOPMENT MaNagment corporation
C/o Liberty property turst   215 255 7644
500 chesterfield PARKWAY
MALVERN PA 19355
Developer Liberty Propert Limited
PARTNership. 215 255 7644
www Liberty property . Com

6

# DEFENDER ASSOCIATION
## OF PHILADELPHIA

1441 Sansom Street
Philadelphia, PA  19102
(215) 568-3190

ELLEN T. GREENLEE
**DEFENDER**

July 18, 2014

Mr. Ibrahim Aly
425 ½ N. Broad St.
Philadelphia, PA  19123

Date: —

Sorry I gave
you first
So you dont have to
withdraw

Re: Commonwealth v. Ibrahim Aly
CP-51-CR-0006077-2013
2856 EDA 2013

Dear Mr. Aly,

In accord with Commonwealth v. McClendon, 495 Pa. 467, 434 A.2d 1185 (1981), and Anders v. California, 386 U.S. 738 (1967), you are hereby informed that after making a conscientious examination of the record in your case, counsel has determined the appeal would be wholly frivolous and is filing a request to withdraw from further representation of you in the above-captioned matter.

You have the right to retain new counsel or to proceed *pro se*, and may raise any additional points that you may deem worthy of consideration, by writing directly to the Superior Court. A copy of the Anders – compliant brief is enclosed, as well as a copy of our petition to withdraw as counsel.

Sincerely,

Victor Rauch
Assistant Defender
Appeals Division

**Exhibit "D"**

215 - 560 - 5800

## IN THE SUPERIOR COURT OF PENNSYLVAINA
### SITTING AT PHILADELPHIA

EDA 2013 _____   NO. 2856

COMMONWEEALTH OF PENNSYLVAINA

VS.

IBRAHIM  ALY
APPELLANT

BRIEF  FOR  APPELLANT

APEAL FROM THE JUDGMENT OF SENTENCE OF THE COURT OF COMMON
PLEAS OF PHILADELPH  COUNTY , TRAIL  DIVISION , CRIMINAL  SECTION,
ORDER  ENTERED SEPTEMBER  12, 2013 , IMPOSED  ON CP – 51 – CR  0006077
– 2013

PRO SI
IBRAHIM  ALY
DEFENDENT
AKA  4251/2  NORTH BROAD  STREET
PHILADELPH , PENNSYLVAINA   19123
(215)  459 – 6044

DATE  : September , 2014

# TABLE OF CONTENTS

PAGE                                                              page

I. STATMENT OF JURISDICTION                                        1

STATMENT OF SCOPE AND STANDER OF REVIEW                            2
2

STATMENT OF QUESTION INVOLVED                                      3
3

STATMENT OF THE CASE                                           4- 5
5

SUMERY OF ARGUMENT                                                 6

II. ARGUMENT                                                    7- 15
7-15

CONCLUSION                                                     CONCLU
15-16                                                          15 - 16

## TABLE OF AUTHORITIES CASES

THE UNITED STATES OF AMERICA CONSTITUTION AND THE BILL OF RIGHT
amendment 14 civil right us cons
United States Constitution Amenedment 14
Amendment XIV section 1 cons.
Amendment VIII civil right United States cons. "Nor cruel and unusual punishments
inflicted"

FEDERAL LAW
rules 5 "  federal rules of criminal procredure"
Federal Title 28 of the United States Code U.S.C  right to due process

PENNSYLVAINA STATE LAW
simmons 336A.2d 624,233pa super 547, 1975."
the law of the Commonwealth of Pennsylvain Article 1&9
re cambria county cleark of courts 13D & C. 3 d710 -1980 ) and ( oblakovich vs, Mc
Cormic 7D.&C, 3d 590 (1970 )
Sate Rule of civil procedure  208.3 (a)
( quoting Cmmw.v.Lmbert 765A. 2D 306, 302  ( pa .Super. Ct  2000 )
( daddonar v. thind A.2d 786 pa commonwealth 2006)

COUNTY RULES AND REGULATION
Phiadelphia City Counsel order
        0.

I.                              **STATMENT OF  JURISDICTION**

This Court 's  Jurisdiction to hear an appeal from the judgment  :  verdict  and  sentence
of the Philadelphia Court of Common Pleas as established by § 2 of the Judiciary Act of
1976,P. L. 586 , No. 142, § 2 , 42 Pa. C.S.A. §742

*1*

## SCOPE  OF STATMENT'S AND STANDER OF REVIEW

THE SUPPERIOR  COURT HARNABLE JUDGE'S  TO CONDUCT INDEPENDENT
REVIEW TO DECIDE THE FACT ABOUT THE APPEAL

## STATEMENT OF THE QUESTIONS INVOLVED

Was the evidence sufficient to support Mr.  Aly's  convictions for theft and receiving stolen property as the  interpretation  to law and statue implyed

Qestion and Answered by all the parties involve in the case as follow

3

STATEMENT OF THE CASE

STATEMENT of THE CASE

## A. Procedural History

1 – Mr Radwan filed a Police Complaintt on Date of this encident : 4-10-2013 location 500 n.Broad street , phila. Stated that :
MrALY asked Mr Radwan for one thouthand dollor to fly to egypt
Mr Aly asked Mr radwan three times before everytime a thousand dollars all deferent reasons
Mr Aly punched Mr Radwan one time in the chest not real but he bunch and then reached into his shirt and took $ 200 .

2- philadelphia county district Attorney Mr R.Seth William charge Mr Aly without a probable cause and order of Mr Aly arrest without due prosess of the law Case N. 51CR00148432013 :
   Count 1 robbery – take property fr other /force (f3)
   Count 2 theft by unlaw taking movab prop (M1)
   Count 3 Receiving stolen property (M1)
   Count 4 simple assault (M2)

3- Philadelphia County Court of Common Pleas issue Warrant of Arrest on date:
   04 \16\2013

4- Philadelphia County Municipal Court issue a Supoena to appear on Municipal Court
     on date :      04\18\2013

5 - On April 17, 2013 time 10:30 AM Mr Aly was arrested by Det. Gallagher # 9218

6 - On April 17,2013 Mr Aly appear Before the Philadelphia Bill Bond Commission
     found Mr Aly guilty for all the charges and send him to jail

7- On May 7, 2013 Preminary Hearing At the Phiadelphia Municipal Court by the Honorable Judge Marvin L. Williams, J and The Commonwealth Prosecuter Divid Lim found Mr Aly Guilty and Judge Marvin L. Williams order Mr Aly while he was inconcerated in Jail that there's to be no contact whatsoever with Mr Radwan and Mr Aly to be held for Municipal Court On May 28th , 11:00 a.m. ( N.T. May 07,2013 P.12 )

8- Mr Aly had been instracted by Defendent Association of philadelphia Ms. Paula Sen that " He does not have any right for cross exemenation in the Preminary Hearing at the Municipal Court and only can be done at Trail in Court of Common Pleas"

9-the court date of May 28 th, 2013 nevr took place and there wasn't a any new or other date from the Municipal Court , Mr Aly found guilty without any right as Court requirment to be--- and the appeal to the Court of Common Pleas done without the need to file --------

10- while Mr Aly in the Jail he get offerd for a pela deal by the defender association of philadelphia and he refused the deal and he maintain his inoceont

4

11 - Mr Aly hold for Trail without a Jury do to the fact there is a long whaiting list demanding a joury trail  as his bublic defendantsVernica William adviced Mr Aly will he is in jail. Either to have a trail witout a jury is fast or waite for jury on 2014

12- on august  27, Mr Aly appeare at the Court of Common Pleas Before : the Honorable Diana Anhalt. J  She heared Mr Aly two pro se Motions the first to quash the  and the second to reduce the bill  . And the Judge will try to get the Witnesss phone number from Mr Radwan,   last  The court order Mr Aly to be back On 9-9 – 2013

13- On September 12, 2013 .   Mr Aly was convicted of theft by unlawful taking and recieving stolen property both as first degree misdemeanors . Mr Aly was sentenced that day to time served to twenty three months incarceration plus two yeas probation

14- On October 1,2013  Mr Aly filed for Motion for Reconsideration of Verdict and Sentence ,  Judge L.Anhult Denied Without a Hearing

15- Mr Aly filed for an Appeal To Superior Court on the date of october 04 - 2013

***B . Factual History***
Mr Radwan was the only witness to testify for the Commonwealth. And no evidence  was presented.

## SUMMERY OF ARGUMENT

AFTER REVIEW THE RECORD AND THE NOTES OF TESTIMONY , APPEALANT MR
IBRAHIM  ALY PRO SE :      THE ISSUES PRESERVED FOR APPEAL AS FOLLOW :

FIRST       THERE WAS NO EVIDENCE AT ALL TO  WARRANT THE ARREST
                    POLICE AND THE BILL BONDCOMMISSION VIOLATION TO RULE OF
LAW

SECOND    PHILADELPHIA COUNTY DISTRICT ATTORNEY AND
COMMONWEALTH
                    OF PENNSYLVAINIA PROSECUTER VIOLATION TO THE RULE OF LAW

THIRD      MR RADWAN  HAD GIVEN CONTRADICTORY AND FULSE TESTEMONY
                    IN COURT THAN HIS TESTEMENTS IN INCEDENT REPORT DATED
04\10\2013


FORTH     THE MUNICIPAL COURT , THE COMMON PLEAS COURT ABUSE ITS
                    DECRETION IN RULING AND PERSEDING

FIFTH       VIOLATION OF DEFENDER  ASSOCIATION OF PHILADELPH  ATTORNY
TO THE
                    RULE OF LAW

SIXTH        JUDGE OPNION VIOLATION TO  COMMON LAW STATE , FEDERAL , THE
UNITED         *Law + US*
                   STATE CONSTITUTION AND THE BILL OF RIGHT

6

*[handwritten top margin: 1981 ... Attorny General (Law pervision) Require that only the Notefecation First ----]*

# ARGUMENT

*[handwritten right margin: 3 issue by the Common pleas Coun on the Date of]*

## FIRST
### A- POLICE  violation to rule of law

   i)police report stated that no other Witnesses were present during this incident and no video,     but there other stands in 20 feet,  sales people Witnesses to what happen and there is a video located on septa elevator 15 feet from his news stand

*[handwritten left margin: 2015]*

   ii)  the arrest  warrant was unconstitution because Mr Aly under the jurisdiction of the Municipal Court in accordance to his subpoenia order.

   iii)iii)the investigation police report done in the date of 04\18\2013  after the arrest order in date of  04\16\2013.      police the investigation should done first before the request of arrest order  not after to establish the real fact about the allegation "The probable cause " in accordance to the due process of law

### B-  Phiadelphia Bill Bond Commission violation to Rules of law

i )  All adults arrested and charged with a felony or misdemeanor appear before a bail commission for a formal bail arraignment proceeding"
the is issue is who have the first right for Mr Aly to appear before is it the Bill bond Commission or the Municipal Court , in Mr Aly case this rule had been applayed as a proceures requiermnt by the county of philadelphia court system in violation to "Municipal Court  rules which has initial jurisdiction in processing every criminal arrest in phiadelphia " in accordance to first judicial district of pennsylvaina

ii )   violated to rules 5 "  federal rules of criminal procredure" as grantee requirement by federal statue for Mr Aly initial to lower court appearance which  must occurs first as federal law mandated  so the county of philadelpbyhia court procedure system can establish the fact about the allagation then it may fellow by the bill commission apperance to sets the amount of bill bond if Mr Aly found guilty first in accordance to his constitution right law

iii )   violation to the pennsylvaina General Assembly as  the only state law authority to establised court rules and regulation .

*[handwritten right margin: 2016]*

the first judcial district of pennsylvaina composed of two courts which make up the philadelphia county court system the municipal court and the common pleas court. The bill bond commission
is not a part of the first judcial district assigen  judge plus the phiadelphia county cannot inforce any rules if this rules violated the state law, federal law and the united states of America constitution and the bill of rights. *[handwritten: which organted Voting right act + inforcemen]*

iv)   The Philadelphia Bill bond Commission does not have any legal right to act as a judge and also he lack the jurisdiction over the case becuse the due prosess law demand the apperace before a judge first, the bill bond commission lack the qulification to be a judge becuse it demand the knowledge of court procedure and due prosess of law

v)   the bill bond Commission in violation to the order of the Municipal Court which granted the defendants Ibrahim Aly the right to testifying on April 18, 2013 instead he act like judge , He found Mr Aly guilty and he issue a judgment of conviction and jail  in violation to defendants right to the due prosess of law as a safegurd due to the serious nature of the charges,

*[handwritten bottom center: 7]*

the rights for the defendants to defend himself aginest any allagation as set by the law of the

Commonwealth of Pennsylvain Article 1&9 provides as follows " in all criminal prosecution the accused has a right to be heard by himself  and or by his council to demand the nature and cause of the accusation against him , nor can he be deprived of his life liberty or property without  the due prosess of the law "

**_SECOND Philadelpbyhia County District Attorney and the Comonwealth violation to rule of law_** MR. Radwan Commet perjury He cannt be a Cridble witness. explain

i-equal justice for all that the United States law in the past , at present time and in the future  accordance to  all law statue, states, federal and constitution, the rules of law granted Mr Aly a preliminary hearing in a system designed as a safeguard against unresonable arrest and detention .    The hearing is condected to determine the probale cause and whether there is sufficient evidence to hold Mr Aly for trail , the question is do Mr Aly is an equal partner in his case and have equal right as granted by law ! In Mr Aly case,the Pennsylvaina Commonwealth prosecutor Divid lim violated  Mr Aly equal right as a defendants who granted an equal right as the plaintif had , Divid Lim establish his own probale cause based on one side of the case Mr Radwan only allegation Without any referance to Mr Aly part in the case. Mr Aly never claim his fifth amandement at that time and he never get his right for Cross-examintion as mandatories by the law.
Mr Aly had to prove  Mr Radwan false testimoney as explain
Mr ALY   asked Mr Radwan for one thouthand dollar to fly to egypt ( police report 4\10\2013)
Q-and He asked you for some money for a plane ticket .
A-no he was asking me for the money and i'm the coming Christ and you have to help me. ( N.T. 5 \07\2013 P. 8-9)

" Where testimonial evidence is an issue, the sixth amendment demands ~~what common~~ ~~law requires a~~ proper opertunity for cross-examintion " furthermore the Constitution statue doesn't put any limition on cross-examintion fore the law grantee equal right to all citizen regadles to the  Court name as  preliminary Hearing or location of Court as in Philadelpbyhia where the judge precced becuse Divid Lim charge Mr Aly without due process as a key stone requierment by State, Federal and Constitution law

Ms Palmer the Commonwealth Perseculter charge Mr Aly bsed on false probablele cause

**_" remembers the complainant testimoney it was upsetting , it was moving, candid and ashamed "_**  ( N.T. 9\12\2013 P. 16)

Ms Palmer cannot charge Mr Aly based on her feeling regadless to the rule of law as requierment  in Criminal preceeding and the rule of evidence.

MS PALMER act as a Physicians by asking the Court  accordance to her diagnosis if "dual diagnosis FER be appropriate ", the Judge ANHALT J. isuee order as a doctor "i'm going to make it the Mental health unit." by fact there is a Mental clinic in the basement of the Court of Common Pleas  and only in the city of Philadelpbyhia out of all the Court in the United States used this illigal behaviour

**_THIRD MR RADWAN Violation to rule of law_**
Mr. Radwan Bikhit the complainant has given a false and contradictory testimony miss led every one involve in the case as explained as follow:

8

Mr Radwan filed  a Police Complaint on Date of  4-10-2013 ,  location 500 n. Broad street , philadelphia , Mr Radwan statment's Stated that :

i – Mr ALY   asked Mr Radwan for one thouthand dollar to fly to egypt
Q-and He asked you for some money for a plane ticket .
A-no he was asking me for the money and i'm the coming Christ and you have to help me. ( N.T. 5 \07\2013 P. 8-9)
Q-----did he say why on that day he needed a  thousand dollars
A----   to loan him from me. Give me a thousand dollar .  ( N.T. 8\27\2013 P. 14
Q-----and he asked you for a thousand dollars to fly back to Egypt , did he
A-----  **No**   ( N.T.8\27\2013 P.19)
Q-----Do you remember giving a statement to police
A-----  the same thing i said now ( N.T.8\27\2013 P.19)
**Mr Radwan change his statment's and testemoney as explain**

ii- Mr Aly  aske  Mr Radwan THREE TIMES before everytime a thousand dollars all deferent   reasons :
A--┼  Ibrahim come to me **THREE TIMES .** First time  he said that he's the coming Christ ( N.T. 5 \07\2013 P.6)
A---  how many times prior to April 10 has he asked you for money -- **TWO TIMES** ( N.T. 8\27\2013 P 14 )
**Mr Radwan change his statment's and testemoney as explain**

iii - Mr Aly punched Mr Radwan one time in the chest not real but he bunch and then reached into his    shirt and took $ 200 .
**Q ---- so, once , he never hit you or he did hit you, just yes or no sir !**
A---     I dont know                   ( N.T. 5 \07\2013 P. 7)
A---     NO respone                   ( N.T. 5 \07\2013 P. 10
**Mr Radwan change his statment's and testemoney as explain**

iV- POLICE DEPARTMENT INVESTATIGATION REPORT  dated 4\18\2013
"that"s when he punched me one time in the chest not real but he punched me
he then reached into my shirt pocket and  took $200.00 out  of my pocket
accordance tog Mr Radwan testifying the action would take two times ,first time he
punched " he punch me "  and second time " he then reach into my shirt pocket and took
$ 200.00 "But in the court report He testify that  "the punch was a punch and a taking of
the money all at the same time".          in accordance to Mr Radwan testamony that
means  the time of the action done in one time when he said " all at the same time " there
is no then , their is no " time" ( N.T. 07, 2013 P.10 )
**Mr Radwan change his statment's and testemoney as explain**

V -Mr Radwan contradicted and falsifies his original testimony as stated in police report
A---  Mr Radwan said that *first time* Ibrahim  is the comming Christ
A---the day of the incident  accordance to Mr Radwan testimony was the *third times*
for Ibrahim to say that he is the comming Christ but not the first  time ( N. T. MAY 07,
2013 P.8,9 )
Q----- Sir, please explain to his honor what happend that brings you in the court todayl
  A----- Ibrahim come to me three times, **first  time he said that he's the comming
Christ**

9

(N.T. MAY 07,2013 P.5,6)
Q----- and he asked you for some money for a plan ticket . Correct !
A----- No . He was asking me for the money and I'm the coming Christ   ( N. T. MAY 07, 2013 P.8,9 )

**5**

Mr Radwan Contradect his testemony First , Third
   i)    *First was the comming Christ
          *Third time also was the comming Christ like the First  and no relation to police
          report when Mr Aly ask for $1000 to flay
**Mr Radwan change his statment's and testemoney as explain**

Vi- in regard to Mr Radwan family allegation even it was'nt a part of the case and should
not  have any gravity on the case becuse it was'nt reported in police complain  where the
case and  cause had been  established based in his alegation in a complaint testimony to
police about the incident ( detective GALLGHER    dated 04\10\2013 )
Mr Radwan statment's dosn't bear " adequate indication of reliability and trust in
accordance to his testemony in court at one point of time he said one story and in other
point of time he said other story explain as fellow:
a) Mr Radwan went to Ibrahim family after the day of the insident
"I told him what bring you to me over here . And I went to his family and I asked them to
keep him a way from me " ( N.T. 8\27\2013 P.14)
b) Mr Radwan went to Ibrahim family before the day of incident
"I have a question . What bring him to me after we have promise from his family that he's
not supposed to get near my stand ".  ( N.T. 8\27\2013 P. 17 )
c) the fact that Mr Radwan went to Ibrahim family after the day of the insident but not
before becuse there was no reason for complain before the day  of the insident
"Sir on the 10 th was this the first time the defendant said humiliating thing to you
Yes it was the first time." ( N.T. 8\27\2013 P.22 )
**Mr Radwan change his statment's and testemoney as explain**

Vii- Mr Radwan provide only one wrong telephone number to the judge and to public
defendants Veronica William for his own witness he claim to contact
so why he doesn't give the court all the three phone number, instead of  wrong one
"the court did the complainant give you, yes the complainant gave me a phone number i
called it and it was a wrong number " (N.T, 9\12\2013 P. 4,5 )
**Mr Radwan change his statment's and testemoney as explain**

Viii- Mr Radwan said "i contact three of his family "  this part of Mr Radwan tesitmony is
missing from  the court  report ( N.T.5\07\2013 )
**Mr Radwan change his statment's and testemoney as explain**

iX- question by MS Palmer
Q- And is your money in your left brest pocket
A- usually , I don't carry money in my pocket like that   (N.T.8\27\2013 P.16 )
**Mr Radwan change his statment's and testemoney as explain**

X--- question by MS Veranica Wiliams
" don't even speak  English, I cannot even go to the police station and put a report."
(N.T.8\27\2013 P.15 )

10

--- question by  MS Sin
" don't even speak English to call the cop "
( N.T.5\7\2013P. 9 )

**Mr Radwan change his statment's and testimoney as explain above furthermore**
*A witness under oath commits perjury by making a statment in court or other*
*preceeding that the witness knows is not true (18u.s. Code §1621 section 1746 tital*
*28 )*

## FORTH
### A- *Municipal Court system violation to rule of law*

i-the order of arrest was unconstitution becuse the Municipal Court issue a Subpoena
order not arrest order demanding Mr Aly appearance on the date of 4\18\2013 time :
12:58 am at the Municipal Court  as instructed on the Subpoena and in accordance to
Philadelphia County
Court system only the Municipal Court has initial jurisdiction in processing every
preliminary hearing for all felony cases not the bill bondCommission

ii-the Municipal Court is a limited jurisdiction court of record by statue the defendants do
not have the right to a jury trial in Municipal court, cases may appealed to the Court of
Common Pleas .Mr Aly  the petitioner had been charged with a serious crime, arrested,
and detained ,  in the case # 51CR001148432913 dates May 07\2013 in the Municipal
Court .  If  Mr Aly given the right to appealed that means the Municipal court find Mr Aly
guilty of the charges aginst him without the due prosess law  which requires a prior
opportunity for cross examination " right to testify " that not happen in Mr Aly Case.
— MR ALy never filed an Appeal with Common pleas Cour
iii-judge Marvinl Williams J. In Municipal Court grant the entire court time to the
commplainant Mr Radwan to testify but what about the defendants Mr Aly is he intial to to
equal rights as in whight and gravity by statue  the law is desigend as a safeguard aginst
unreasonable arrest and detention , there is no law can ever  strip Mr Aly from his grantee
right to equal protection under the same law in same Court , based in Mr radwan
allegation which grant him the right to file a commplain and Mr Aly have the the same
equal right to defend himself aginst those allegation but the only question he had been
asked in the end of the trail "do you understand sir that theirs to be no contact
whatsoever." The judge found the defendant guilty without  Mr Aly open his mouth to talk
and defend himself.
"A conviction of receiving stolen property bases on less than proof beyond a reasonable
doubt of guilty knowledge lacks due process of law and must be reversed com. simmons
336A.2d 624,233pa super 547, 1975."

iv- Mr Aly Quetion to the Superior Court of pennsylvaina sitting at Philadelphia In a
dispute involving a complaint and allegation without the burden of proof "evidence " and
or "wittness" as in my case which party have the right to the law is it the party who filed
the complain first based
on timeliness or the entire have the same right and protection of the law .
The due procces of law granted equal protection and to the significance of what the fact

finder observes "guilty" or " inocent" depends on the testimony given in court . " only  the truth will set you free "

vii- All the Municipal Court cases my be appealed to the Court of Common Pleas for a trail de novo,  Mr Aly never filed by him or by his counsel for an appealed to the common Pleas Court,



furthermore the appeal is done automatic to that fact is a  clear indication that the Municipal

Court is not separated court as the law requierment but it is a part of the Court of the Quater Session system which abolished by the city Council in 2010 , fore if Mr Aly found guilty without the right to  his six Ammendement against  Mr Radwan Allegation that means the Preliminary Hearing Court violated  Mr Aly  Constitution rights first by finding Mr Aly  guilty without the right

for cross-examintion as requierment grantee by the Constitution .

viii- the Clerk of the Quater Session Court had been  abolished by Philadelphia City Council in 2010 ,the Common Pleas Court  in violation to the law set by the  Philadelphia County legislatures and thier legislation by ussing illegal name on Mr Aly case file.

Ix -_Mr Aly have been instructed by the public defendants  PALUA SIN that "Mr aly doesn't have any right to object to any referance from Mr Radwan allegation in the Municipal court , Mr Aly right to objection can only be at the common pleas court. How a lawyer can defend Mr Aly right without the knowlede about the incident and Mr Radwan Allegation,    Mr Aly first time to meet MS SIN at the court without any preparation to  talke about his case point of view to object to any referance from Mr Radwan Allegation in violation to his six  Ammendement   ,  Ms SIN doesn't have the case file, the police report investigation at Court  Miss mange Mr Aly case.



### B-  Phiadelphia County  Court cleark system violation to rule of law

i- The court cleark in the Philadelphia  County Municipal Court never mail the case file, so Mr  Aly write a letter addressing the court cleark and demanding them to send his file to study the allegation in order to defend his right , the court never responds back. After  Mr Aly found guilty then the new public defendnts Counsel Veronica Williams mailed his file before the hearing at the common Pleas Court.
a- Violation to the pennsylvaina state Constitution requires that the the cleark of courts shall be responsible for the record ( re cambria county cleark of courts 13D & C. 3 d710 -1980 ) and ( oblakovich vs, Mc Cormic 7D.&C, 3d 590 (1970 )
b- Violation to Federal Title 28 of the United States Code U.S.C  right to due process " and to be informed of the nuture and cause of the accustion"
c-  Violation to amendment 14 civil right us cons "in all criminal prosecution, the accused shall enjoy the right a ascertain by the law, and to be informed of the nurture and cause of the accusation against them"

ii- the Municipal Court administrator limited the court doration becuse there was an order that Mr Aly to be held for Municipal court on May 28th ,2013 ( N.T.5\07\2013 P. 12)  that court date of May 28 th, 2013 nevr took place and there wasn't any new or other court date from the municipal court , Mr Aly demand investatigation but no one give any

12

attitntion to the law.

Mr Aly file a Complian about the Court administration stauff  becuse the Counsel had received the completed notes of testimony on February 21, 2013 very late, did it takes 4 month to transcribed Mr Aly case from the common Pleas Court.
And the notice of appeal had been filed on october 04, 2013 and the Common Pleas judge Anhult
J. Opinion had been received on date April 2, 2014 did it takes 6 month to had a judge opnion



## C-  *Philadelphia County Common Pleas Court violation to rule of law*

i- The court of the star chamber of England does not apply no longer in the United States of America since its independence July 4, 1776. The Philadelphia ~~Municipal~~ Court is a public Court, and Mr Aly trail is a Public trail  neither a secret nor a privet one. The side bar discussion and conference held of the record by Judge Diana Unhalt, persecutor Tracy Palmer , and public defenderer veronica Williams  ( T.N.7\8\2013 P.24)  violated Mr Aly grantee right as a bublic citizien's and as a  defendants, the United States Constitution never allow a secret in law, the right to know what was the side bar about it may be in faivor to Mr Aly side therfore it must be recorded by the court stenographer and become a part of the trail to be used for the future appeal.
Judge Unhalt J., in violation to United States Constitution Amendement 14  " no state may make or inforce any law that diminshes the privileges of citizen of the united state "

ii- the Court of Common Pleas granted Mr Aly the Motion for reconsideration, the hearing date set in 12, September 2013 . but judge Unhalt J.  Denied without a hearing ,  judge Anhult J. Violated  Mr Aly right to the Motion and also in violation to the court perseding system , the judge can not
deny what the court and the rule of law granted , Judge Anhult J. is an employee of the court and she must follow the court order for perseding first then she can issue her opinio for accepting or denying Mr Aly motion.
the motion for reconsideration can be used only in civil procedure trail only # 208.3 (a)  — *pennsylvan*
but not in a criminal trail frthermore no other county in the state of Pennsylvania except Philadelphia county use this kind of unlawful procedure.

Iii- The Common Pleas Court judge Unhalt J. Violated Mr Aly civil right becuse judge doesn't have any right to act as doctors,  Judge Unhalt J. inforce Mr Aly aginst his well , by ordering a supervision under a mental health unit as a part of his sentence for probation . Judge Diana I. unhalt doesn't  carry a state approval license to work as a doctor her job is a judge for law interpretation but not in a medical filed.  The Court Judge have the power withen its jurisdiction to order any citizen for medical evalution by only a doctor but can't be done by the judges
Violation to Mr Aly right in accordance to Amendment VIII civil right United States cons. "Nor cruel and unusual punishments inflicted"

iii-  Judge Anhalt J.  Violated  Mr Aly civil right fore inforcing illegal controling case as a law  stander in her opnion  stated that " This standard of deference — is not altered in cases involving a bench trial, becuse the province of a trail judge sitting without a jury is to do what a jury is required to do " Id ( quoting Cmmw.v.Lmbert 765A. 2D 306, 302 ( pa

13      *The wight of*  *1 is Less*
*we The J*
*more in ... wht tht I jud*

.Super. Ct  2000 )

Violation to Amendment XIV section 1 cons. " no state shall make or enforce any law which shall a bridge the privileges of citizien's of the united states,

the province is a word discrib ownership claim to smale territories of land  given by England king and Queen, the ruller of the land and their order was the only law without any objection that was the past before the independent Julay 4, 1776 ,  and word province is no longer used in America Law Dicshenary since the Civil War to out law the slavery,  the law  pass by the Congress on jun, 19,1862 and Lincoln sign the legislation into law fore no longer using of the word Master and Slaves , furthermore, in order to have a stander first start with unity of  the same as in union of fifty stats under one "law" , and the deference led to outlaw the stander if there is" so many

law" fore  only one stander is the Constitution law, combarring with many deference control cases and Million of changing opnion .the only informal law allow is the Union Constitution of the United  States of America as One Stander statue  accordance to whight and gravity, the Rules of law never change even the Leader Marten luther King fite to pass civil right law on  1964, but segregation never end for used the word white, the color of a skin to discrib Mr Aly race or Ethnicity  in the police report violated Mr Aly  civil right as in all men created equal by mentaining the stander rules, is not I  or You but it is we the people as a Constitution demand alwyes the whight of a few as in " jury " is more whight  toward right than the gravity inforcment of one opnion as in my case  . The deferance is the grantee  freedom and the right of choise under the one stander Statue law which mandating the use of the Jury trail in all Union terraitories including the County of philadelphia where the Common Pleas Court have to complied with those repuirement.

iv- Mr Aly demand a jury trail as granted by the statue of the United States constitution law,  civil right amendment VI United States cons. No court can deny a party's counsel the right to argue their cause before a jury ( daddonar v. thind A.2d 786 pa commonwealth 2006)

counsel Veronica Williams  inform Mr Aly at jail that " the trail will be delay, do to the long waiting list of defendants in jail who demanding a jury trail, fore Mr Aly has to accepted the bench trail or waite in jail until the new hearing date will be known by 2014 , Judge Unhalt J., first opnion stated that " Constitution right to have a jury trail in this matter"  ( N.T. 8\27\2013P.6 ) contradect to last opnion to the Superiop Court dated March 31,2014 fore inforce the bench trail on Mr Aly with out consent.

Verification of kwnoledge to counsel Veronica  "the deferance between  a story where no liablity under the law, but a statment's or and testimony is subject to the penallites under law , the charges is perjury  or and fals testimoney as in Mr Aly case .

### FIFTH Philadelphia Defender Association violaton to the rule of law

Philadelphia Defender Association Victor Rauch Assistant Defender, Appeals Division Owen Larrabee, Assistant Defender, Deputy Chief ,Appeals Division, Karl Baker Assistand Defender, Chief Appeals Division and Ellen T. Greenlee in violation to councel client confidentiality by furnished appellant copy to Judge Anhalt J.,    Mr Aly is no longer under unhalt J. Jurisdiction law and order ,  the case under the jurisdiction of the Superior Court . There is no mandatories by the law or by either court the lower or higher demanding all those Counsel's to furnished Mr aly personal case information without his

I4

to be

consent first learn as an Attorny  counsel that client case information is confdential as requierment mandate  by  all law.

Mr Victor Rauch in his Argument stated that " this trail evidence clearly satisfies the statury elements of both theft by unlawful taking and receiving stolen property." even my Councel persecuted  his client Mr Aly insted of definding him, that his right and his is free and  intital  to his opnion, but Mr Victor R. missrepresent the case for not inform Mr Aly what this evidence are which let Mr Victor  Rauch agree for Mr Aly convection.  the Court of common Pleas ordered appellant Counsel to file a concies statement of the matters complained of on appeal pursuant to rule 1925 (b) of the pa.R.A.P. On november 5,2013. even the court in---- violation for impossing rules 1925 (b) to Mr Aly case becuse by law their is no mandatory  requirment in the appel aplication  to the Superior Court,  forther the lower Court can not intervene by puting any

※

inforcment and limiation in how Mr Aly discovery of  improper procedure and new pertinent issue to appel his case as granted by All  law in United States of America,  to decide whether the trail was conducted properly it is only up to the Appellant Court Opnion.   even if the Court of  Common Pleas know about the subject matter ! The Lower Court can not chalange the venue of perceeding, judjement and Dession by the Superior Court.   The lord decision 1925 not only violated  Mr Aly right by impossing a rules of limation to Mr Aly case by mandating that any issue not raised in the 1925 (b) statment's shall result in waiver of that issue at the Higher Court .    Judge Unhalt J., Opnion as a verdict winner and demanding that the verdict should not be disturbed on appeal  but as a matter of Mr Aly right to prove his innocent and as a matter of up holing the law

" no state has any right to issue a law which deminish the citizen right as granted by the constitution "

appellant's counsel Victor Rauch requested an extension of time... becuse all the notes of testimony had not yet been transcribed. Forthermore  My Councel miss manage Mr Aly case becuse he  never filed for 1925 (b) as a requirment  by the Common Pleas Court Appellant counsel Victor Rauch filing a request to withdraw from representing Mr Aly, Counsel is initital to his right but why it takes him more than three monthes to notifay Mr Aly about his intintion ,from march 10,2014 to July 18,2014 . counsel Victor Rauch statment's stated that    " Bikhit radwan was the only witness to testify for the Commonwealth "( B . Factual History Superior Court ) , the police report record indecated that  " no other witnesses where present during this incident " ( police report affidavit of probable cause ) , but the Court record indecated that  "to afford Mr Aly time to locate a witness"  (A. Procedural History Superior Court  )       if there is no witness only the Complainant and the defendants at the time of the incident then where Mr Aly will  get a witness from !

Both Court granted Mr Radwan, the Complainant  titel witness , the Municipal Court ( (N.T  5\07\2013 P. 3 )  and the Common Pleas court (N.T  8\27\2013 P. 2 )  in violation to the law  becaue  MR Radwan Commet perjury befor and in the trail both the defendants and the complainant granted equel  right , then why the Courts consider the defendants not presented as witness ,  Both side must be equal under the same law, the Court canno't favor only one side under the eye of the justice law

**The Simple Assault charge must be lifted, it has been actual in the Court of Common Pleas**

Ice in federal court charger
Depart of Imegration
He cant b
wittness

15