SIXTH

## CONCLUTION

Mr Aly, Counsel Vernica William opnion stated   " So the complainant would have reason to come in and say that my client took money from him because he is humilited and abset about what went on , on April 10 th. So i ask that you find my client story credible, and I would ask that you find him not guilty "    ( N.T. 9\12\2013 P. 15 )

Judge ANHALT, J. OPINION in violation to Mr Aly RIGHT
i) Judge Anhalt, J Opinion to the Superior Court  stated that : " Appellant did admit to asking Mr Radwan for a thousand dollor that day " .  that is wrong Mr Aly did not admit to aske Mr Radwan for money that day , dated  04\10\2013 as a fact from Mr Aly testimony to the Court  of Common pleas the court record indecated
Q. okay  and did you ask him for $ 1000 that day
A. Never . I asked him on that date for $1000       (N.T  9\12\2013 P. 8 )

ii) Judge  Anhalt, J  Opinion to the Superior Court  stated that  : " when Mr. Radwan told him that day that he was not going to give him any money , Appellant started to insult him and his family,  appellant then reached into Mr Radwan's left breasr pocket and took out the money "  (N.T. 9\27\2013 P. 13 )
INVESTIGATION INTERVIEW RECORD FROM THE POLICE REPORT
" I told him no i'm giving you a thousand dollars , I stood up and told him to go, that when he punched me one time in the chest "  (04\18\2013 )
*( Appellant started to insult him and his family) **** ( I  stood up and told him to go )*
there is no part of the word  family and insulting at all as Mr Radwan  statment's in the police report dated  ( 4\10\13)  Mr Radwan don't have any right  to change his testements and  timeliness by telling other story  or whatsoever action and the Court cann't blieve in him basd on his own making of deferant story  it should fellow the rule of law , the Judge should  perceeding based on fact from the probablele cause not from a story
Mr Radwan given two different  version of  statment's story , first version in Police Investigation record *( I  stood up and told him to go )* and the secound  version to the Court in accordance to his testimony *( Appellant started to insult him and his family)*,
Mr Radwan can not give a contradictory  statment's , the statment's version of the Police report must mach his statment's to the Court  in exact word , sentence and timeliness , Mr Radwan statment's not bear of trust and its not only consider unreliable but wrong,  upon which the case , the cause, the charges and  the Court judge Anhalt J. Opinion for the out come of the case a guilty convection of Mr Aly.
**Mr Radwan change his statment's and testemoney as explain above**

As  judge Anhalt J. Opinion stated that :
(" what Mr. Radwan testified and that made up the crimes of theft by unlawful taking as well as receiving stolen proberty "
"Here, the Court found that the testimony of Mr Radwan was entirely reasonable and credible more so than the testimony of the Appellant ")

Conclusion that "Mere suspicion "allegation"  alone will not support a finding of probablele cause and the Court cannot simply conclude that probablele cause can existed based upon false allegation and lying rather than fact from his own statment's and testimony as all the record indecated ,    Mr Radwan the complainant had given contradictory and wrong testimony of fact, he has no credibility and there is no testimony to preseve.

16

forthermore, in accordance to Mr Radwan testimony his not only sbuject to the penalties for unsworn falsification to authorities under Tital 18§ 4904 of pennsylvaina Crime Code but also his is liable to Mr Aly for pain and suffring.

wherefore, petitioner respectfully requests that violation of the due process, the confrontation clause plus violation to state,federal rules of law, the united states constitution law and  amendment rights  considered, petitioner also respectfully requests that a date for the argument be scheduled and motion to quash be granted

RESPECTFULLY SUBMITTED                                                          date

IBrAHiM Aly                                                          10-1-2014

C.

17



*Exhibit #* ~~T-B~~

*Exhibit A page7*

*A1*

..uth of Pennsylvania
.. Court
..ity of Philadelphia
1st Judicial District

**NOTICE OF
PRELIMINARY ARRAIGNMENT**

Commonwealth of Pennsylvania
v.
Ibrahim Aly

Active Criminal Records Department
1301 Filbert Street
Philadelphia, PA 19107
PH: 215-683-7290

Docket No: MC-51-CR-0014843-2013

*Subpoena*

You are hereby DIRECTED to appear for a/an Preliminary Arraignment in the above-captioned case to be held on/at:

| | |
|---|---|
| Date: April 18, 2013 | Location: B08 - Criminal Justice Center |
| Time: 12:58 am | 1301 Filbert Street<br>Philadelphia, PA 19107 |

**To the Defendant:**

You should discuss this matter promptly with your attorney. If you fail to appear as required or comply with the conditions of the bail bond, if any, then the bond shall remain in full force, and the full sum of the monetary condition of release may be forfeited and your release may be revoked. In addition, a warrant for your arrest may be issued. Bring this notice with you.

If you fail to appear without cause at any proceeding for which your presence is required, including trial, your absence may be deemed a waiver of your right to be present, and the proceeding, including the trial, may be conducted in your absence.

If you are disabled and require a reasonable accommodation to gain access to the Philadelphia County Municipal Court and its services, please contact the Philadelphia County Municipal Court at the above address or telephone number. We are unable to provide transportation.

Recipient: (Ibrahim Aly)

Primary Participant Name and Address:
Aly, Ibrahim
4251/ N Broad St
Philadelphia, PA 19123

*Arrest/ 4-17-20*
*Dated: ??????*



*to the united states of America Exhibit B*
*A constitution and its Bill of Rights Page 8*

HOME    CONTACT US    COURTS OF THE DISTRICT    JURY SERVICE    ONLINE SERVICES    SEARCH COURT RECORDS    MOBILE

🏠  Courts of the District    Municipal Court

## Municipal Court

### Search

[                    ] Go

### Stay Connected to the Court



Share    More

For general Court information, contact (215) 686-7000.

The Philadelphia Municipal Court is a court of limited jurisdiction with 25 law-trained Judges, and as such is responsible for trying criminal offenses carrying maximum sentences of incarceration of five years or less; civil cases where the amount in controversy is $12,000 or less for Small Claims; unlimited dollar amounts in Landlord and Tenant cases; and $15,000 in real estate and school tax cases. Municipal Court has initial jurisdiction in processing every adult criminal arrest in Philadelphia, and conducts preliminary hearings for most adult felony cases. Because, by statute, an individual does not have the right to a jury trial in Municipal Court, cases may be appealed to the **Court of Common Pleas** for a trial de novo. The current appeal rate averages approximately 3% or less. The Philadelphia Municipal Court has experienced many changes since its inception. The Court continues its growth towards its goal of excellence in providing timely and equal justice to all persons who have contact with the Court.

In June 2013, the Pennsylvania General Assembly abolished the Philadelphia Traffic Court and transferred jurisdiction for moving violations of the Pennsylvania Vehicle Code to the Municipal Court. Moving violations are now adjudicated in the **Municipal Court's Traffic Division**, which continues to be overseen by Common Pleas Judge Gary S. Glazer as the Supreme Court's Administrative Judge for reforming the operations of the former Traffic Court.

### Interpreter Services

To contact Court Interpreter Administration, **click here**.
Para contactar a la Oficina Administrativa de Intérpretes de los Juzgados, **haga un clic aquí**.

Para solicitar un intérprete, **haga un clic aquí**.

Interpreter Request Forms. Please select a Language:

English
ខ្មែរ (Cambodian)
中国 (Chinese)
한국 (Korean)
Русский (Russian)
Español (Spanish)
VIỆT (Vietnamese)

**Make Payments**

**Court Locations**

**Court News**

**Court Fees**

**Courthouse Room Reservations**

**Departments of the First Judicial District**

**Employment**

**Judicial Art and History**

**Phone Directory**

**Publications**

**Public Access Policy**

**ADA Accommodations**

**Request for Proposals (RFP)**

**How Do I?**



President Judge Marsha H. Neifield, was elected as President Judge of the Philadelphia Municipal Court effective January 16, 2009. Judge Neifield's chambers are located in the **The Juanita Kidd Stout Center for Criminal Justice, 1301 Filbert Street, Philadelphia, PA 19103**, Room 1303. She and her staff can be reached by phone at (215) 683-7200 or by FAX at (215) is 683-7203.

In addition to the President Judge, Municipal Court has two Supervising Judges. Judge Frank T. Brady has been appointed to supervise the **Criminal Division** and Judge Bradley K. Moss has been appointed to handle all matters related to the supervision of the **Civil Division**.

**Civil Court** Administration is located in Room 1020, **1339 Chestnut Street**. The Civil Deputy Court Administrator, Patricia R. McDermott can be reached by phone at (215) 686-2910 and FAX at (215) 569-9254.

**Criminal Court** Administration is located in the **Criminal Justice Center**, 1301 Filbert Street, Suite 208. The Criminal Deputy Court Administrator, Kathleen M. Rapone, can be reached by phone at (215) 683-7290 and FAX at (215) 683-7293.

**Traffic Division** Administration is located at **800 Spring Garden Street**. The Traffic Division Deputy Court Administrator, Robert T. DeEmilio, can be reached at 215-686-1645 and FAX at 215-686-1641.

Many programs are offered to the community, which enhance the Court's operational efficiency while preserving its accessibility to the people. The court-annexed mediation program was one of the first established in the country, in 1969, for the resolution of landlord & tenant cases and small claims. The tax court program generates revenue for the city of Philadelphia through its collection enforcement efforts. Diversion programs are offered to first-time summary offenders to expedite certain summary offenses. The Court's educational programs for its judges have been recognized on the national level. Its participation in justice training programs has maintained it as

Office of Court Compliance @ The Philadelphia Courts - First Judicial District

*[handwritten top right]* Exhibit C page 12

*[handwritten top]* The Court denial have any Right to Pholaballell in matter Court

HOME   CONTACT US   COURTS OF THE DISTRICT   JURY SERVICE   ONLINE SERVICES   SEARCH COURT RECORDS   MOBILE

Departments of the First Judicial District    Office of the Court Administrator    Office of Court Compliance

## Office of Court Compliance

### Search

[ ] [Go]

### Stay Connected to the Court

Share    More

The collection effort of the First Judicial District of Pennsylvania is part of the Criminal Justice Reform Initiative directed by Chief Justice Ronald D. Castille, under the guidance of Justice Seamus P. McCaffery.

In an effort to introduce consequences and to change criminal defendants' behavior, and as part of the Reform Initiative, the First Judicial District of Pennsylvania ("FJD") has launched a series of corrective measures, including the establishment of a bench warrant court where a defendant's failure to appear for a hearing results in contempt charges and other consequences such as incarceration and, for the first time, the collection of bail judgments and fees, fines, court costs and restitution.

The measures seek to prevent the continuing failure on the part of criminal defendants to appear for scheduled hearings. These failures to appear cause trials to be delayed and risk witnesses' loss of memory, inconvenience victims, waste judicial, court staff and police time, and result in increased police over-time.

The collection effort was initiated after the FJD's assumption of the duties and functions of the previously independently elected Clerk of Quarter Sessions which was abolished by City Council in 2010. The Court established the Office of Court Compliance, funded by the City of Philadelphia, to lead the charge in the collection of outstanding bail judgments and mandated fees, fines, court costs and restitution. The collection of this money benefits the City of Philadelphia, the Commonwealth of Pennsylvania and victims of crimes both directly, through restitution orders, and indirectly.

*[handwritten] No More Court or Clerk*

Upon assumption of the duties and functions of the Clerk of Quarter Sessions, the FJD has utilized the statewide Common Pleas Case Management System ("CPCMS") to inform defendants about their financial obligations, to establish payment plans, to record payments made, and to refer cases to collection agencies and collection attorneys.

The description below highlights the process followed by the First Judicial District.

Bail Forfeiture and Bail Judgments are systematically entered after a defendant who is released on bail and who signed a bail bond fails to appear for a scheduled court hearing. The Bail Bond signed by the defendant requires appearance at every court hearing and cautions that a judgment will be entered for the full amount of the bail if the defendant fails to appear for a court hearing. The bail judgment may be vacated if the defendant can show that the failure to appear for the hearing was not voluntary (e.g., because of the defendant's incarceration on the date of the hearing for which defendant failed to appear) or reduced if "justice does not require the full enforcement of the forfeiture order." To seek vacation or reduction of the bail judgment, the defendant must file a motion which will be initially decided upon a review of the case file but the defendant may also request a hearing and judicial review.

Immediately after sentencing, FJD Compliance Officers meet with defendants to establish an appropriate payment plan for the payment of fees, fines, court costs and restitution consistent with the sentencing judge's order. Compliance Officers also hold conferences when defendants seek reduction of their monthly payment due to a change in financial circumstances, and conduct delinquency conferences when defendants fail to make their monthly installment payments. If appropriate, the monthly amount may be decreased when the defendant demonstrates reduced income after presenting the necessary information.

Finally, the FJD refers cases to collection agencies or collection attorneys when defendants fail to pay their outstanding fees, fines, court costs and restitution, fail to appear for scheduled payment plan conferences, or fail to update their addresses with the court as required. Upon referral to a collection agency or collection attorney, the defendant must pay a 25% collection fee, as allowed by law, in addition to the outstanding balance.

The goals of the FJD collection effort are to foster respect for court orders, to insure that those defendants who have the financial ability to pay court imposed financial obligations do so, and to

Interpreter Services

Make Payments

Court Locations

Court News

Court Fees

Courthouse Room Reservations

Departments of the First Judicial District

   Office of Court Administrator
   Court Reporter and Interpreter Services
   Human Resources
   Law Library
   Office of Court Compliance
   Office of Financial Services
   Office of the Prothonotary
   Clerk of Court
   Procurement Department

Employment

Judicial Art and History

Phone Directory

Publications

Public Access Policy

ADA Accommodations

Request for Proposals (RFP)

How Do I?

*[handwritten right margin] No Fed Police Court*

*[handwritten bottom right] The office of the Court Compliance dont have*

*[handwritten left margin] prove... A constitution what state which court... A constitution what state which court*

*[handwritten bottom right]* 3/27/2014