Exhibt #5

COMMONWEALTH OF PENNSYLVANIA

V

REBECCA RUNKLE

COURT OF COMMON PLEAS
COUNTY OF LEBANON
CRIMINAL TRIAL
CP-38-JV0000190-2000
CHARGES:
Burglary   18§ 3502 §§ A
Theft by unlaw Taking Movable Prop.

18 § 3921 §§ A
Conspiracy- Burglary     18 § 903 §§ C

TO THE HONORABLE SAMUEL A, KLINE RESIDING IN COURT OF COMMON PLEAS FOR THE COUNTY OF LEBANON

Petitioner Rebecca Runkel by her counsel Ibrahim Aly respectfully represents that :

1- On the years of 2000, Rebecca Runkel was 16 years old, a minors under the supervision of the state of pennsylvania Juvenile probation at maple street girls group home, Rebacca Runkel did completed its assignment program under Juvenile Probation Authority, and she was release on 2002 as requires by state law.

2- Three Juvenil, Rebecca Runkel and two Juvenil run from Maple Street Group Home, where they reside as Juvenil under Pennsylvania State Juvenile Probation, the three juvenile broke into home, Damage the door and Steal some Money, On 2002 Petitioner was arrested and charged with one count of each Burglary, Theft by unlaw Taking movable Prop, and Conspiracy-Burglary.

3- Petitioner Rebecca Runkel receiving a letter in mail instated that :
 Lebanon County Probation Charge Petitioner Rebecca Runkel on November 18, 2014 after a trial in this matter, this court found Petitioner guilty of one count of each Burglary, Theft by unlaw Taking movable Property, and Conspiracy- Burglary

4- On November 18, 2014 petitioner order to pay for fine and cost up to $ 4035.29

5- The Fifth and Sixth Amendment to the U.S. Constitution granted a criminal defendant the right to counsel and cross-examination in which judge Samuel a Kline violation

U.S
Right of Way Authority
Mr. Ibrahim Aly
Represented His Ex Wife Petitioner Rebecca Runkel
Judge Samuel Kline asked Mr. Aly if He Has any Money to pay the Court Fine.
Mr Aly, answer no
Judge Samuel Kline, told Mr. Aly that :  " You only allow to talk if You bring money with You,
otherwise keep quiet"
Mr. Aly Protest Judge Samuel Kline, then Judge Kline order the lebanon Sharif Police to remove
Mr. Aly from the Courtroom.

Ⓐ

6- the court of Common Pleas violation to Rebecca Runkel civil rights Amendment XIV  section
1 of the United States Constitution " nor shall make or enforce any law which shall abridge the
privilege of citizens of the United States nor shall any state deprive any person of liberty without
due process of law" in which Judge Kline Violated the Due Process of Law, for not Allow the
Petitioner to testify, nor Judge Kline Allow Her Counsel to testify as mandated by civil rights
Amendment XIV  section 1 of the United States Constitution.
the Court under Judge Kline Never explaining why the Petitioner Mss. Rebecca is Guilty of or
Why She Have to Pay the fine Up to $ 4035.29.

Ⓑ their is No one from the probation officer
nor their is a proscutor - Judge can't take the matter in his
7- there wasn't any court agreement with signature of the Petitioner Rebecca Runkel admitted a   procedin
guilty peal or She ever informed that She, must bring money for payment of fines , she was in   C
court to prove her innocent plea.
The Court of Common Pleas relied on the record of Lebanon county Juvenile Court year 2000
when determining the verdict in violation to:
I- the statute of limitation for the prosecution of both the state of pennsylvania is five years and
the county of lebanon is two years
See. Exhibit No. #

8 -  the FiFth Amendment to the U.S. Constitution provides " No person shall... be subject for
the same offence... to be put in jeopardy of  life or limb" the double jeopardy clause by law keep
defendant from facing prosecution more than once for the same offence'
Petitioner Rebecca, had been charge while under the supervision of Pennsylvania State
Juvenile Probation, since the year of 2000 when she was 16 years,  minor and She finished her
time at maple street Juvenile group home and release on the years 2002

9-  when the Petitioner Rebecca Runkel at the time of the commission of offence or delinquent
act is a child , age 16 years old , the period of time during which the juvenile crime will be
prosecuted as to Misdemeanor charges but not as a criminal charges as the city of lebanon
charge Rebecca runkel on november 18,2014 , Rebecca Runkel is no longer under the

Commonwealth of Pennsylvania juvenile probation since 2002 and never be under any state propation supervision after the year of 2002.

So Why the Petitioner Rebecca Runkel Name, come under Lebanon Adult Probation Department, and Why Rebecca Runkel Should Pay Adult Probation Fine, no Answer for the Common Pleas Court only pay the Fine as Judge Kline instated or " Jail"

10- Rebecca Runkel juvenile record must be protected by the commonwealth of Pennsylvania as mandated by law in which Lebanon Common Pleas Court violated.

11-   42 PA CONS. STAT.  § 5552 ( 2012 ) OTHER Offences

I-  the statute of limitation of statue for the State of Pennsylvania Commonwealth Prosecution office must be commenced within five years after it is committed , the Commonwealth of Pennsylvania time from the year 2000 to year 2014 it equal to 14 years it is consider as 7 years later after the statute of limitation running out for the right of Prosecution

II-  The Commonwealth of pennsylvania doesn't have any right to  prosecuted Rebecca Runkle after seven years passing the statute of limitation of 5 years.      See EXHIBIT 1

12-  Lebanon, Common Plea Court violated  Petitioner's Rebecca Runkel in
 A - Fulse Arrest
B- False  Imprisonment.

Wherefore,  Petitioner respectfully requests that violation to the due process of law, violation to pennsylvania state constitution and violation to the United States Constitution Amendments rights be considered , Petitioner also respectfully requested that the motion for reconsideration be granted

Respectfully submitted

U.S
Right of Way Authority
Ibrahim  Aly

in Matter of Ms. Rebecca file
will be Completed and Send by mail
- in matter of Rebecca Driver Lising
file will be Completed and Send
by mail

U. S
Right of Way Authority
Reading Company Chief of police
Ibrahim Aly


 a notice of Appeal filed with Pennsylvania Superior Court  on February 4, 2015
in behalf of Ms. Rebecca
Case No. # 158 MDA 2015
 Mr. Aly give's all the time to the Federal Investigation to enforced the Declaration of Independence
from England, the Order to defend the Capital Washington, the United States Land, the Union Flag and
the Law of the Flag follow the law of the land, the United States of America Constitution.
Mr. Aly submitted Miss. Rebecca as Part of Pennsylvania Court of Common Pleas Violation as
explaining in the matter above.

The Matter relating to Rebecca Runkel Driver License Suspension
Ms.. Rebecca Runkel stated that "she never consent Her Right to police officer who stop Rebecca while
she was walking in a Private Parking Lots, she wasn't driven a Car. And she is not considered her Right
to Lebanon Police Office.


Notice of Impending bench warrant
Commonwealth of Pennsylvania
            v.
Rebecca S Runkel


Docket No.   MJ - 52201- TR - 0002299 - 2013
Case filed 10/25/2013

On June 09, 2014 Magisterial District Court   MDJ- 52-2-01 Judge Thomas M. Capello send a letter to
the Defendant Rebecca,  notified with the violation in accordance with Pa. R. Crim. P. 430 and 455

in accordance to Pa R. Crime P. 430 and 455   is related to rules and regulation under public school
code of 1949 ,  this Act used  for persecution of a Juvenile under the age of 18 years old in which
Rebecca is above 18 years old, not a Juvenile and no longer under public school code.
This rules if a cases involving a child as defined in the Public school code of 1949, 24 P.S.  1- 102et seq.
the Supreme Court does not adept this Rules and the Pennsylvania General Assembly need to adapt
new law  " Mr. Aly a private citizen will notify his district represented "  .

Thereafter Magisterial District Court   MDJ- 52-2-01 Judge Thomas M. Capello does not have any
right to persecuted Rebecca under this Rules and the Order for miss. Rebecca to reinstate her driver
license, a copy of the appeal case will be sent to Penn dot.

FIRIST JUDICIAL DISTRICT OF PENNSYLVANIA

Court of common pleas of Lebanon, criminal trial division

Offence tracing number

CP-38-JV-0000190-2<sub>ag</sub>

COMMONWEALTH OF PENNSYLVANIA

VS

REBECCA RUNKLE

NOTICE OF APPEAL

NOTICE THAT HERBY GIVEN THAT REBECCA RUNKEL DEFENANDNT APPEALS TO SUPERIOR Court of Pennsylvania on date for verdict and fine pursuant to pa R.A.P. 1762, HAS the defendant been released on bill pending appeal

Notice of appeal and proof of service to be served on the following

Counsel for Defendant

SARAH IBRAHIM BEY
12-17-2014
Right of Way Authouty RaiLRoad
Congress Act S.4617, 1972
Reading Company INSPECTOR Lebanon Branch
AKA 425½ North Broad street
Philadelphia, PA 19123

23 2653300
U.S.A Federal #

SUPERIOR Court of PENNSYLVAN

AFFIDAViT of INDIGENCY

**IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA          :
                                      :
                             v.       :
                                      :    Action No. CP-38-JV0000190-2
REBECCA RUNKEL                        :

---

### IX. AFFIDAVIT OF INDIGENCY

I, __REBECCA RUNKEL__ (applicant or alleged delinquent child) being duly sworn, state:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.

2. I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.

3. I understand that if it is determined by the county or the court that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided. Any action filed by the county to collect legal fees hereunder must be brought within two years from the last date legal representation was provided.

4. I understand that I am subject to criminal charges for providing false financial information in connection with this application for legal representation, pursuant to __PENNSYLVANIA Law.__

5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

        __REBECCA RUNKLE  12-17-14__
        Affiant's signature          Date

---

### X. JUDGE CERTIFICATION

I hereby certify that above-noted applicant is unable to fill out and / or sign this financial disclosure / affidavit for the following reason: _____. I have determined that the party represented meets the criteria for receiving court-appointed counsel.

        _____    _____
        Judge's signature              Date

Judge

COMMONWELTH OF PENNSYLVANIA

V

REBECCA RUNKEL

COURT OF COMMON PLEAS
COUNTY OF LEBANON
CRIMINAL TRAIL
CP-38-JV0000190-2000
CHARGES:  Burglary   18§ 3502 §§ A
Theft by unlaw Taking Movable Prop.
                         18 § 3921 §§ A
Conspircy- Burglary    18  §  903 §§ C

APPEL :                              OF VERDICT AND FINE

TO THE HONORABLE  SAMUEL A, KLINE  RESIDING IN COURT OF COMMON PLEAS FOR
THE COUNTY OF LEBANON
Petitioner Rebecca Runkel by her counsel Ibrahim Aly respectfully represents that :

1- Rebacca Runkel Plea is not guilty of the charges in the above captioned charges
CP-38-JV0000190-2000the Court

2-  The Fifth and Sixth Amendement to the U.S. Constitution granted a criminal defendent the right to
counsel and cross-examination

3-  On 2002  Petitioner was arrested and charged with one count of each Burglary, Theft by unlaw
Taking movable Prop, and Conspircy- Burglary

4-  On November 18,2014 after a trail in this matter , this court found Petitioner guilty of one count of
each Burglary, Theft by unlaw Taking movable Property, and Conspircy- Burglary

5- On November 18, 2014 petitioner order to pay for fine and cost up to $ 4035.29

6- the court of Common Pleas violation to Rebacca Runkel civil rights Amendement XIV  section 1 of
the United States Constitution " nor shall make or inforce any law which shall a bridge the privilege of
citizens of the United States nor shall any state deprive any person of liberty without due process of
law"

7- there wasn;t any court agreement with signature of the Petitioner Rebacca Runkel that she admite
guilty and must bring money for payment of fines , she was in court to prove here inocent plea.
The Court of Common Pleas relied on the record of Lebanon county Juvenile Court year 2000  when
determing the verdict in violation to
I- the statue of limation for the prosecution of both the state of pennsylvainia is fife years and the
county of lebanon is two years

8- the double jeoperdy since years 2000 Rebecca Runkel was 16 years old, a minors under the
supervision of the state of pennsylvania Juvenil propation at maple street girles group home ,Rebacca

Runkel did completed its assignement program as requires by state law, the juvenile Propation group home of maple street supervision and she was release on 2002

9 - Rebacca Runkel has been charged as juvenil and the FiFth Amendement to the U.S. Constitution provides " No person shall... be subject for the same offence... to be put in jeopardy of life or limb" the double jeopardy clause by law keep defendant from facing prosecutial more than once for the same offence as in Rebacca case it have been charge on year 2000 when she was 16 years as minor and finshed her time at maple street group home by years 2002.

☐

10 - when the Petitioner Rebecca Runkel at the time of the commission of offence or delinquent act is a chiled , age 16 years old , the period of time during which the juvenile crime will be prosecuted as to Misdemeanor charges but not as a criminal charges as the city of lebanon charge Rebacca runkel on november 18,2014 , Rebacca Runkel is no longer under the Commonwealth of Pennsylvainia juvenil propation since 2002 and never be under any state propation supervision after the year of 2002.

11- Rebacca Runkel juvenile record must be protected by the commonwealth of Pennsylvainia as mandated by law.

12- *42 PA CONS. STAT. § 5552 ( 2012 ) OTHER Offinces*

I- the statue of limation for the city of lebanan as a charter incorporation to prosecuted Rebacca runkel is two years.
II- the statue of limation of statue for the State of Pennsylvania Commonwealth Prosecuttion offince must be commenced within five years after it is committed , the Commonwealth of Pennsylvainia time from the year 2000 to year 2014 it equal to 14 years it is consider as 7 years later after the statue of limation runing out for the right of Prosecuttion
III- The Commonwealth of pennsylvainia doesn't have any right to prosecuted Rebecca Runkel after seven years passing the statue of limation of 5 years.

EXHIPIT 1

Wherefore, Petitioner respectfully repuests that violation to the due process of law, violation to pennsylvainia state constitution and violation to the United States Constitution Amendements rights be consisered , Petitioner also respectfully requested that the motion for reconsideration be granted Respectfully submitted

JBRAHIM ALy
12/17/14

EXHIBIT A

## 42 PA. CONS. STAT. § 5552 (2012). Other offenses

(a) General rule.--Except as otherwise provided in this subchapter, a prosecution for an offense must be commenced within two years after it is committed.

(b) Major offenses.--A prosecution for any of the following offenses must be commenced within five years after it is committed:

(1) Under the following provisions of Title 18 (relating to crimes and offenses):

Section 901 (relating to criminal attempt) involving attempt to commit murder where no murder occurs.

Section 902 (relating to criminal solicitation) involving solicitation to commit murder where no murder occurs.

Section 903 (relating to criminal conspiracy) involving conspiracy to commit murder where no murder occurs.

Section 911 (relating to corrupt organizations).

Section 2702 (relating to aggravated assault).

Section 2706 (relating to terroristic threats).

Section 2713 (relating to neglect of care-dependent person).

Section 2901 (relating to kidnapping).

Section 3301 (relating to arson and related offenses).

 Section 3502 (relating to burglary).

Section 3701 (relating to robbery).

Section 3921 (relating to theft by unlawful taking or disposition) through section 3933 (relating to unlawful use of computer).

Section 4101 (relating to forgery).

Section 4107 (relating to deceptive or fraudulent business practices).

Section 4108 (relating to commercial bribery and breach of duty to act disinterestedly).

Section 4109 (relating to rigging publicly exhibited contest).



(b) If the offense is based upon misconduct in office by a public officer or employee, prosecution may be commenced at any time while the defendant is in public office or employment or within two years thereafter, but in no case shall the period of limitation otherwise applicable be extended by more than three years; or

(c) If the offense is an invasion of personal privacy under ORS 163.700, prosecution may be commenced within one year after discovery of the offense by the person aggrieved by the offense, by a person who has a legal duty to represent the person aggrieved by the offense or by a law enforcement agency, but in no case shall the period of limitation otherwise applicable be extended by more than three years.

(9) Notwithstanding subsection (2) of this section, if the defendant is identified after the period described in subsection (2) of this section on the basis of DNA (deoxyribonucleic acid) sample comparisons, a prosecution for:

(a) Rape in the first degree, sodomy in the first degree, unlawful sexual penetration in the first degree or sexual abuse in the first degree may be commenced at any time after the commission of the crime.

(b) Rape in the second degree, sodomy in the second degree or unlawful sexual penetration in the second degree may be commenced within 25 years after the commission of the crime.

(10) Notwithstanding subsection (9) of this section, if a prosecution for a felony listed in subsection (9) of this section would otherwise be barred by subsection (2) of this section, the prosecution must be commenced within two years of the DNA-based identification of the defendant.


# PENNSYLVANIA

## 18 PA. CONS. STAT. § 108 (2012). Time limitations

(a) General rule.--Except as set forth in subsection (b), a prosecution for any offense under this title must be commenced within the period, if any, limited by Chapter 55 of Title 42 (relating to limitation of time).

(b) Offenses against unborn child.

(1) A prosecution for criminal homicide of an unborn child may be commenced at any time.

(2) A prosecution for an offense under section 2606 (relating to aggravated assault of unborn child) must be commenced within five years after it is committed.

# IN THE COURT OF COMMON PLEAS FOR

## THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

### CITY OF PHILADELPHIA

Commonwealth of Pennsylvania case ⠀⠀⠀⠀⠀⠀⠀⠀ : ⠀ CP-38-JV0000190-2000

V. ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ :

REBECCA RUNKEL ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ :

_____

I, Abrahim Aly, verify that I am the petitioner in the foregoing Petition, and that the facts set forth therein are true and correct to the best of my knowledge, information and belief; and that this verification is subject to the penalties of *18 Pa. Cons. Stat. Ann. 4904* relative to un-sworn falsification to authorities.

_____ ⠀⠀⠀ 12-17-2014
IBRAHIM ALY, Petitioner ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ Date
(pp# 1123899)

Commonwealth of Pennsylvania



Lebanon County Court of Common Pleas 52nd Judicial District

06/20/2014

Rebecca Runkel                                          Lebanon County Probation
436 N Spruce Street                                            508 Oak Street
Lebanon, PA  17046                                        Lebanon, PA  17042

RE:    CP-38-JV-0000190-2000     In the Interest of: Runkel, Rebecca, ɛ        Payment Plan #: 38-2008-P000000531

Rebecca Runkel:

Our records indicate that you are now more than two thousand three hundred thirty-one (2331) days past due concerning the payment of the court-ordered costs, fines, restitution, and fees in the above-captioned case(s).

As of the date of this letter, you owe a total of $4035.29.  Please forward payment immediately.

If you are unable to pay three (3) days PRIOR to your court date, you must appear for a court hearing scheduled for 08/19/2014,  9:00AM in Courtroom No. 2.

Failure to pay this amount will result in adverse action being taken against you including but not limited to:

1) Being Found in Contempt of Court
2) A warrant for your arrest being issued

Please contact the Collections Supervision Division at (717) 273-1557 ext. 130 or 138 regarding any questions you have about this notice.

Sincerely,

Lebanon  County Court of Common Pleas

Payment Methods:  Cash, Certified Check, Check, Master Card, Money Order, and Visa

NOTE: Checks and Money Orders are made payable and sent to: Lebanon County Probation Department, 508 Oak Street, Lebanon PA 17042

Master Card and Visa payments may be made in person at the payment window, or online at: http://ujsportal.pacourts.us using the eCommerce, ePay feature.

Recipient: Rebecca Runkel (Responsible Participant)
CPCMS 2229

Printed: 06/20/2014   8:44:38A´



## Superior Court of Pennsylvania

Middle District

Joseph D. Seletyn, Esq.
Prothonotary
Jennifer Traxler, Esq.
Deputy Prothonotary

Pennsylvania Judicial Center
P.O. Box 62435
601 Commonwealth Avenue, Suite 1600
Harrisburg, PA 17106-2435
(717) 772-1294
www.pacourts.us/courts/superior-court

February 4, 2015

### In the Superior Court of Pennsylvania

In the Interest of: R.R., a Minor | 158 MDA 2015

Appeal of: R.R., a Minor

Trial Court Docket No: CP-38-JV-0000190-2000

### <u>ORDER</u>

The trial court record has been filed in this office in the above-captioned matter.

**It is your responsibility to review the record inventory list and make sure that the certified record forwarded to this court contains those documents necessary to the issues raised on appeal; failure to do so may result in waiver. Pa.R.A.P. 1926,1931 (d); *Bennyhoff v. Pappert*, 790 A.2d 313 (Pa.Super.2001); *Commonwealth v. Wint*, 730 A.2d 965 (Pa.Super.1999).**

Pursuant to Pa.R.A.P. 2185(a) briefs for the appellant must be filed on or before March 16, 2015.

Upon failure to timely file briefs for the appellant, the court will, on its own motion and without further notice, dismiss the appeal. If the briefs are filed late but before the appeal is dismissed counsel shall not be permitted to argue but shall be available to answer any questions the court may ask.

**Pursuant to Pa.R.A.P. 2111(B), copies of the trial court opinion must be appended to the appellant's brief. Briefs will not be accepted for filing unless you comply with this request.**

Seven (7) copies of briefs, together with four (4) copies of the reproduced record, if applicable, must be filed and opposing parties must be served.

If this is a cross appeal, your attention is directed to Pa.R.A.P. 2136 to determine which party is considered the appellant for the purpose of establishing the briefing schedule.

Per Curiam

/ca
cc:  David J. Arnold Jr., Esq.

FIRIST JUDICIAL DISTRICT OF PENNSYLVANIA

Court of common pleas of Lebanon, criminal trial division          Offence tracing number

CP-38-JV/000190-2c

COMMONWEALTH OF PENNSYLVANIA

VS

REBECCA RUNKLE

NOTICE OF APPEAL

NOTICE THAT HERBY GIVEN THAT REBECCA RUNKEL DEFENANDNT APPEALS TO SUPERIOR Court of
Pennsylvania on date for verdict and fine pursuant to pa R.A.P. 1762, HAS the defendant been released
on bill pending appeal

Notice of appeal and proof of service to be served on the following

Counsel for Defendant

SAINA
IBRAHIM PEN          U. S. A
12-17-2014          Right of Way Authority RailRoad
Congress Act  S.4617, 1972
Reading Company INSPECTOR
AKA 425 1/2 North Broad Street
Philadelphia, PA 19123

**SUPERIOR COURT OF PENNSYLVANIA**
**Family & Domestic Relations Docketing Statement**

Pursuant to Pa.R.A.P. 3517, you *must* complete and return this form and attachments to the Prothonotary of the Superior Court by February 09, 2015. A completed copy of this form *must* also be provided to each appellee. THIS FORM IS FOR **FAMILY AND DOMESTIC RELATIONS** APPEALS ONLY, as indicated on the trial court docket and/or order from which you are appealing.

**FAILURE TO COMPLETE THIS DOCKETING STATEMENT IN ITS ENTIRETY AND PROVIDE NECESSARY ATTACHMENTS IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THE APPEAL.**

**A. CASE IDENTIFICATION**

1. Case Caption:    In the Int. of: R.R. a Minor

2. Superior Court Docket No:    158 MDA 2015

3. Party or parties filing appeal:    Runkel, Rebecca

**B. TIMELINESS OF APPEAL** (check and complete **ONLY** those which apply)

( ) Date of order appealed from _____

( ) Date notice of appeal filed    *12-17-2015*

( ) Was reconsideration in lower court requested? ( ) Yes (✗)No

     If yes, was it expressly granted? ( ) Yes (give date) _____ ( ) No

**C. APPEAL FROM THE TRIAL COURT**

1. Is the order appealable from a final order? (✗)Yes ( ) No

   a. If yes, specify rule and subsection governing finality:

     *Lack of jurisdiction* — *double jeoperdy* — *civil Right* —

   b. If the order is not a final order:

     i. Is the order appealable as of right under Pa.R.A.P. 311?
     (✗)Yes (specify which subsection) *civil Right, double jeoperdy*
     ( ) No   *Court of common pleas, Lack of jurisdiction*

     ii. Was permission to appeal granted pursuant to:
       A. Pa.R.A.P. 1311?    ( ) Yes ( ) No
         Misc. Docket No. _____
       B. Pa.R.A.P. 1501 *et seq*? ( ) Yes ( ) No
         Misc. Docket No. _____

2. How have issues been preserved? (e.g. pre-trial motions, exceptions, objections at trial)
   *No the Judge Refuse for the chosen consel to supmit the*
   a. INCLUDE date of filing *filg objections at Trial*
   b. INCLUDE date of decision

3. Did the trial court order the filing of a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)?    ( ) Yes (give date) _____ (✗)No *they never Requested*

   a. Date Appellant filed the Pa.R.A.P. 1925(b) statement with the trial court prothonotary

     _____

   b. Date Appellant filed the Pa.R.A.P. 1925(b) statement with the trial judge

     _____

   c. If this case is Children's Fast Track Appeal, was the Pa.R.A.P. 1925(b) statement filed with the notice of appeal? ( ) Yes ( ) No

**D.  TYPE OF CASE (check as many as apply)**

( ) Adoption Act (Termination/parental rights)
      Date of final decree _____

( ) Common-law marriage

( ) Custody/visitation
      Date of next hearing _____

( ) Divorce (Check those which apply)
    1.  Date of Decree _____

    2.  Divorce Decree **MUST** be provided (if any categories under this section are checked)
      ( ) Alimony *pendente lite*
      ( ) Alimony
      ( ) Bifurcation
      ( ) Counsel fees
      ( ) Enforcement
      ( ) Equitable distribution
      ( ) Validity of marital agreement

    3.  List any issues pending

      a.  _____

          _____

      b.  Other (specify)

          _____

    4.  Date of next hearing _____

( ) Support
    ( ) Child support
    ( ) Guideline controversy
    ( ) Spousal Support
    ( ) Education expenses
      1.  Is the order allocated?    ( ) Yes  ( ) No
        or unallocated?    ( ) Yes  ( ) No
      2.  Was spousal support instituted by separate complaint?  ( ) Yes  ( ) No
      3.  Date of Divorce Decree _____

(✗) Habeas Corpus

( ) Juvenile Act (Dependency proceedings)
    1.  Has there been a disposition?    ( ) Yes  ( ) No
    2.  Has there been a goal change?    ( ) Yes  ( ) No

( ) Paternity
    1.  Has support order been entered?    ( ) Yes  ( ) No
    2.  Have blood tests been ordered?    ( ) Yes  ( ) No
    3.  Date of next hearing _____

( ) Protection from abuse (attach order)
    Order entered on _____

( ) Adjudication of Contempt
    1.  Date of next hearing _____
    2.  Fine $ _____
    3.  Imprisonment _____
    4.  Judgement of sentence after bench trial _____
    5.  Other (specify) _____
    6.  Sentence imposed _____

*[Handwritten annotation:]* The Suprem court of United states of America Recognized Habeus corupso as a safe GAAT against Lawless stat Action. as the Pennsylvania Court of Common Pleas set at Lebanon County.

**E. RELATED CASES**

List all related cases pending in any court (e.g., divorce, support, custody, protection from abuse, etc., co-defendants, cross appeal, cross-claims, counterclaims, bankruptcy proceedings or other appeals):

| CASE NAME | COURT | CASE NO. | TYPE OF CASE |
|-----------|-------|----------|--------------|
| Citation # C2116 Trafic | Lebanon Magisterial # 52-1-01 | | Subsequent Offenses |

**F. DESCRIPTION OF APPEAL**

1. **Brief** description of action and result below:

The Court of Common Please of Lebanon Does not Have any Authority over Rebacca Runkel at the age of 30 as of 12-17-14

2. Issues to be raised on appeal:

I - Fifth and Sixth Amendment to u.s constitution

II - Double Jeoperedy

III - Lack of Jurisdiction

3. If proceeding *pro se*, list all prior counsel in the instant case:

IBRANIM ALY

4. **IF** you are incarcerated and *pro se*, does the application of the prisoner mailbox rule make this appeal timely?

( ) Yes   ( ) No

If yes, explain why and attach any supporting evidence.

**HAVE YOU ATTACHED (REQUIRED):**

| | | |
|---|---|---|
| Order/judgment/decree from which appeal is taken? | ( ) Yes | ( ) No |
| Notice of appeal? | ( ) Yes | ( ) No |
| Up-to-date trial court docket? | ( ) Yes | ( ) No |
| Trial court opinion (if available)? | ( ) Yes | ( ) No |

Signature _SAVOR_

E-Mail Address _philly express@g.mail.com_

Print Name _IBRANIM ALY_

Atty. I.D. No. _federal #23265334_

Address _New Mailing Address_

Date _2/6/2015_

5 werni Dr
Lebanon, PA 17042-8013

AOPC 3020                                                    01/26/2015  11:40 am



# Superior Court of Pennsylvania

Middle District

Joseph D. Seletyn, Esq.
Prothonotary
Jennifer Traxler, Esq.
Deputy Prothonotary

Pennsylvania Judicial Center
P.O. Box 62435
601 Commonwealth Avenue, Suite 1600
Harrisburg, PA 17106-2435
(717) 772-1294
www.pacourts.us/courts/superior-court

January 26, 2015

Rebecca Runkel
436 N Spruce Street
Lebanon, PA 17046

RE:    In the Int. of: R.R. a Minor
       158 MDA 2015

*Rebecca Runkel is 31 years old is not a Minor*

Dear Rebecca Runkel:

Pursuant to Pennsylvania Rule of Appellate Procedure 3517, a Superior Court Docketing Statement is enclosed. Please confirm that the Docketing Statement you received corresponds with the type of case from which the appeal has been taken (i.e., civil, criminal, or family) and that the pre-printed information is correct.  If the enclosed Docketing Statement does not correspond with your case type or the information is incorrect, please contact this office before the Docketing Statement due date and a new Docketing Statement will be sent to you.  If the Docketing Statement is correct, complete the Docketing Statement and return it to this office by February 9, 2015.

Failure to file a timely completed Docketing Statement may result in dismissal of the appeal. See Pa.R.A.P. 3517, amended June 5, 2001, effective September 1, 2001.

Respectfully,

Jennifer Traxler, Esq.
Deputy Prothonotary

/alv
Enclosure

Commonwealth of Pennsylvania
Lebanon County Court of Common Pleas
52nd Judicial District



**PAYMENT AGREEMENT**

| | |
|---|---:|
| **Fines / Costs:** | $22.40 |
| **Restitution:** | $3,910.29 |
| **Total Due:** | **$3,932.69** |

11/20/2014
Runkel, Rebecca
436 N Spruce Street
Lebanon, PA  17046

| | |
|---|---|
| **Payment Plan No:** | 38-2014-P000002449 |
| **Schedule Type:** | Regular Installments |
| **Frequency:** | Monthly |
| **Docket(s):** | CP-38-JV-0000190-2000 |

I, Rebecca Runkel, do hereby agree to comply with the following payment schedule:

### PAYMENT SCHEDULE

I agree to make an initial payment to Lebanon County Probation Services in the amount of  $250.00 due on or before 11/18/2014. Thereafter, a minimum payment of  $50.00 shall be made  to Lebanon County Probation until all monies owed to Lebanon County Probation in the above referenced case(s) are paid in full.

I understand that the above amounts may change as a result of additional court proceedings or enforcement actions.
I fully understand my obligations under this payment schedule and have been given the opportunity to ask any questions that I have about it.

I understand that it is my responsibility to:

　　　1) Make all payments consistently and upon entering into a wage attachment, make all payments as per this agreement until my employer deducts it from my paycheck completely.

　　　2) If, at any time, I am unable to work due to a medical condition, I shall provide verification of said condition to my supervising officer immediately.  This includes a letter form my physician indicating specific work restrictions and duration of those retrictions.

Failure to comply with my payment plan may result in contempt of court and the following sanctions may apply: violation of ARD/IPP/Probation/Parole supervision, issuance of a bench warrant and/or incarceration.

I have read or have had read and explained to me the above information.  I fully understand my obligations under this payment schedule and have been given an opportunity to ask any questions that I have about it.

CPCMS 2231

*Exhibit 225*

# IN THE COURT OF COMMON PLEAS
## OF LEBANON COUNTY, PENNSYLVANIA

### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :
:
vs.             :    CP-38-~~CR~~- *Jr-190-2000*
:
*Rebecca Runkel*        :    FINES & COSTS

### ORDER OF COURT

AND NOW, this *18th* day of *November*, 20 *14*,

after hearing, the Court finds the Defendant has failed to pay the amount previously

ordered and, therefore, is in contempt.  Accordingly, he is remanded to the Lebanon

County Correctional Facility for a period of _____ *6 months* _____ effective today.

He may purge himself of this contempt by paying the sum of $ *250.00*

on the account and by making the regular payments ~~as previously ordered.~~ *of $50.00 per month thereafter.*

[ ✓ ] The Court has no objection to the Defendant's placement on the Work

Release Program.

BY THE COURT,

_____ J.

2014 NOV 18  PM 4 10

CLERK OF COURTS
LEBANON, PA

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LEBANON



# Notice of Impending Bench Warrant

| Mag. Dist. No: | MDJ-52-2-01 |
|---|---|
| MDJ Name: | Honorable Thomas M. Capello |
| Address: | 502 State Drive |
| | Lebanon, PA  17042 |
| Telephone: | 717-279-0400 |

Commonwealth of Pennsylvania
v.
Rebecca S Runkel

Rebecca S Runkel
436 Spruce St Apt 2
Lebanon, PA  17046

Docket No:   MJ-52201-TR-0002299-2013
Case Filed:   10/25/2013

| Charge(s) | |
|---|---|
| 75 § 1786 §§ F (Lead) | Oper Veh W/O Req'd Financ Resp |

## TO THE DEFENDANT:

You have:

1. entered a guilty plea by mail and the money forwarded with the plea is less than the amount of fine and costs specified in the citation or summons;

   **OR**

2. been sentenced to pay restitution, a fine, or costs and have defaulted on the payment;

   **OR**

3. in your absence, been tried and sentenced to pay a fine and costs, and the collateral deposited by you is less than the amount of fine and costs imposed, or the issuing authority imposes a sentence of restitution.

| Fines: | $300.00 |
|---|---|
| Costs: | $92.00 |
| Other: | $27.50 |
| Restitution: | $0.00 |
| **Total:** | $419.50 |
| Paid to Date: | -$31.02 |
| Adjustments to Date: | $0.00 |
| **Case Balance:** | $388.48 |

In accordance with Pa.R.Crim.P.430 and 455, you are hereby being notified that failure to pay the full amount due or to appear for a payment determination hearing within 10 days of this notice may result in the issuance of a bench warrant for your arrest.

If you have any questions, please call this office immediately.

Make check payable to Magisterial District Court MDJ-52-2-01.  You can make case payments online through Pennsylvania's Unified Judicial System web portal.  Visit the portal at http://ujsportal.pacourts.us to make a payment.

June 09, 2014

Date

_Thomas Capello_

Magisterial District Judge Thomas M. Capello

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LEBANON



| | |
|---|---|
| Mag. Dist. No: | MDJ-52-2-01 |
| MDJ Name: | Honorable Thomas M. Capello |
| Address: | 502 State Drive |
| | Lebanon, PA  17042 |
| Telephone: | 717-279-0400 |

Commonwealth of Pennsylvania

v.

Rebecca S Runkel

Rebecca S Runkel
436 Spruce St Apt 2
Lebanon, PA  17046

Docket No:   MJ-52201-TR-0002299-2013
Issued Dt:    06/09/2014

### REQUEST FOR SUSPENSION OF DRIVING PRIVILEGE FOR
### FAILURE TO PAY FINES AND COSTS IMPOSED

You have failed to pay fines and costs imposed for a violation of the section of the Pennsylvania Vehicle Code shown below. Unless you pay the fine, costs and penalties shown within 15 days of the above date, or enter into an agreement with this court to make installment payments for the fines, costs, and penalties shown, your name will be referred to the Department of Transportation which will suspend your driving privilege until you pay all fines, costs, and penalties imposed. If the Total Due is not specified, you will need to contact the District Court. If your license is suspended, you will be required to pay additional costs to restore your operating privileges.

THIS NOTICE DOES NOT PERTAIN TO ANY PARKING VIOLATIONS

Driving while under suspension mandates at least a fine of $200.00 and additional 1 year suspension of your driving privilege.

| CITATION NO. | DATE OF VIOLATION | LOCATION OF VIOLATION | CHARGE, SECTION AND SUBSECTION VIOLATED |
|---|---|---|---|
| C 1141656-5 | 10/22/2013 | 8TH & RR | 75 § 1786 §§ F |

| DESCRIPTION OF VIOLATION | FINE, COSTS AND RESTITUTION |
|---|---|
| Oper Veh W/O Req'd Financ Resp | $ 388.48 |

| DRIVERS LICENSE NUMBER | CDL | STATE | DATE OF BIRTH |
|---|---|---|---|
| 27002825 | ☐ | PA | 05/26/1984 |

| LAST NAME | FIRST NAME | MI | SEX |
|---|---|---|---|
| Runkel | Rebecca | S | Female |

| STREET ADDRESS |
|---|
| 436 Spruce St Apt 2 |

| CITY | STATE | ZIP CODE |
|---|---|---|
| Lebanon | PA | 17046 |

| REGISTRATION NO. | STATE | REG. YEAR | MAKE | VEHICLE TYPE |
|---|---|---|---|---|
| JFX0302 | PA | 2014 | Mazda | Sedan, 4 Door |

OFFENSE OCCURED WHILE DRIVING/TRANSPORTING

☐ HAZARDOUS MATERIALS   ☐ COMMERCIAL VEHICLE

### SUBMIT CHECK OR MONEY ORDER PAYABLE TO "MAGISTERIAL DISTRICT NO MDJ-52-2-01"

You can make case payments online through Pennsylvania's Unified Judicial System web portal.  Visit the portal at *http://ujsportal.pacourts.us* to make a payment.

June 09, 2014

Date

*Thomas Capello*

Magisterial District Judge Thomas M. Capello

Commonwealth of Pennsylvania
Juvenile Court
County of Lebanon
52nd Judicial District

**RELEASE OF PRISONER**

In the Interest of: Runkel, Rebecca, a Minor

| | |
|---|---|
| Lebanon County Clerk of Courts<br>Lebanon County Courthouse<br>400 South Eighth Street<br>Room 102<br>Lebanon, PA  17042<br>PH: 717-228-4419 | Docket No:  CP-38-JV-0000190-2000<br>OTN:<br>SID:<br>DOB:  05/26/1984 |

Charge(s)

| | |
|---|---|
| 18 § 3502 §§ A (Lead) | Burglary |
| 18 § 3921 §§ A | Theft By Unlaw Taking-Movable Prop |
| 18 § 903 §§ C | Conspiracy - Burglary |

To the Warden/Director of _____:
(name of institution)

You are ordered/directed to release Rebecca Runkel on Docket No. CP-38-JV-0000190-2000 for the charges listed, for the following reasons:

☐ Hearing to be held at:

| | |
|---|---|
| Date: | Location: |
| Time: | |

☐ Acquitted/Found Not Guilty by (Jury/Court)

☐ Case Dismissed

☐ Charges withdrawn by Prosecution

☒ Bail Posted

☐ Rebecca Runkel has been placed on      (Probation/Parole)

☐ Other: _____
_____
_____

**This release does not apply to any other commitment, hold order, or detainer against Rebecca Runkel.**

BY THE COURT:

_____          _____
Date                             Judge Samuel A. Kline

**_ BOND**

In the Interest of: Runkel, Rebecca, a Minor

| OTN: | Docket No: CP-38-JV-0000190-2000 | Date of Charges: 07/14/2000 |
|---|---|---|
| | Lower Court No: | Lower Court Docket No: |

| Def Name/Address: Rebecca Runkel<br>436 N Spruce Street<br>Lebanon, PA 17046 | Next Court Action:<br>Fines and Costs<br>11/18/2014  9:00 am | Courtroom No. 2 - Lebanon County<br>Municipal Building<br>Lebanon County Courthouse<br>400 South Eighth Street<br>Lebanon, PA 17042 |
|---|---|---|

**LEAD OFFENSE**

18 § 3502 §§ A Burglary

**ADDITIONAL CHARGES MAY EXIST, PLEASE SEE ADDITIONAL CHARGES PAGE**

**TYPE(S) OF RELEASE:**

[X] ROR    [ ] Unsecured Bail    [ ] Nonmonetary Condition(s) (see additional page(s))

[ ] Nominal Bail    [ ] Monetary Condition(s) in the amount of _____

**THE CONDITIONS OF THIS BAIL BOND ARE AS FOLLOWS:**

1. The defendant must appear at all times required until full and final disposition of the case(s).
2. The defendant must obey all further orders of the bail authority.
3. The defendant must provide a current address and must give written notice to the bail authority, the clerk of courts, the district attorney, and the court bail agency or other designated court bail officer, of any change of address within 48 hours of the date of the change.
4. The defendant must neither do, nor cause to be done, nor permit to be done on his or her behalf, any act as proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses or victims) or by Section 4953 (relating to  retaliation against witnesses or victims), 18 Pa.C.S. § 4952, 4953.
5. The defendant must refrain from criminal activity.
6. The defendant must comply with any fingerprint order, if any is issued by this court.

I verify that the above conditions of bail have been imposed.

_____     _____

Date                                      Judge Samuel A. Kline

| **TYPES OF SECURITY:** | | |
|---|---|---|
| [ ] Cash/Equivalent | [ ] Gov't Bearer Bond | [ ] Realty within Commonwealth |
| [ ] _____% Cash | [ ] Surety Bond | [ ] Realty outside Commonwealth |

**TOTAL AMOUNT BAIL SET (IF ANY): $0.00**   (see sureties page)

**BAIL DEPOSITOR(S)**

| Depositor Name | Amount |
|---|---|
| Runkel, Rebecca | $ 0.00 |

This bond is valid for the entire proceedings and until full and final disposition of the case including all avenues of direct appeal to the Supreme Court of Pennsylvania.

**I AGREE THAT I WILL APPEAR AT ALL SUBSEQUENT PROCEEDINGS AS REQUIRED AND COMPLY WITH ALL THE CONDITIONS OF THE BAIL BOND.**

**THIS BOND SIGNED ON** Nov 10, 2014

at LEBANON COUNTY , Pennsylvania

_____
Signature of Defendant

_____
Signature of Witness

_____ (Surety)

Defendant's Address:

_____ (Surety)     _____

_____ (Surety)     _____

PLEASE SEE ATTACHED PAGES FOR ADDITIONAL INFORMATION.

| OTN: | Docket No: CP-38-JV-0000190-2000 | Date of Charges: 07/14/2000 |
|------|-----------------------------------|------------------------------|
|      | Lower Court No: | Lower Court Docket No: |

| Def Name/Address: | Rebecca Runkel<br>436 N Spruce Street<br>Lebanon, PA 17046 | Next Court Action:<br>Fines and Costs<br>11/18/2014  9:00 am | Courtroom No. 2 - Lebanon County<br>Municipal Building<br>Lebanon County Courthouse<br>400 South Eighth Street<br>Lebanon, PA 17042 |

**I, Rebecca Runkel, the undersigned surety, have posted security in the amount of $0.00.**

**TYPES OF SECURITY:**

☐ Cash/Equivalent   ☐ Gov't Bearer Bonds   ☐ Realty within Commonwealth

☐ _____ % Cash   ☐ Surety Bond   ☐ Realty outside Commonwealth

I, Rebecca Runkel, verify that the facts set forth in this form are true and correct to the best of my knowledge, information and belief.  This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. Section 4904) relating to unsworn falsification to authorities.

_____
(Signature of Defendant or Surety)

436 N Spruce Street
Lebanon, PA 17046
_____
(Address of Surety, Surety Company or Defendant)

_____
(Witness / Bail Authority)

* Refund of all bail (less any bail-related fees or commissions allowed by law and reasonable costs, if any, of administering the percentage cash bail program) will be made within 20 days after full and final disposition (Pa.R.Crim.P. 535).
* Bring Cash Bail Receipt to Clerk of Courts or Issuing Authority.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
Bureau of Driver Licensing
Mail Date: FEBRUARY 02, 2015

REBECCA SUSAN RUNKEL
436 SPRUCE ST APT 2

LEBANON PA  17046

WID #  150269232428408 001
PROCESSING DATE  01/26/2015
DRIVER LICENSE #  27002825
DATE OF BIRTH  05/26/1984

Dear MS. RUNKEL:

This is an Official Notice of the Suspension of your Driving Privilege as authorized by Section 1533D of the Pennsylvania Vehicle Code.  Your driving privilege was **suspended effective 02/02/2015 at 12:01 a.m.** for failing to make regular payments on fines, costs, and restitution for **citation number C11416565** (Amount Owed $68.94) issued on 10/22/2013. The citation was a result of your violation of Section 1786 of the Pennsylvania Vehicle Code.

**PLEASE READ THIS LETTER IN ITS ENTIRETY.  THIS IS A FINAL ORDER OF SUSPENSION.  YOU DID NOT RECEIVE A GRACE PERIOD FOR THIS SUSPENSION SINCE YOUR DRIVING PRIVILEGE IS CURRENTLY UNDER SUSPENSION.  IF YOU HAVE ALREADY RESUMED YOUR PAYMENT SCHEDULE AND IT WAS ACCEPTED BY THE COURT BEFORE THE SUSPENSION DATE, PENNDOT WILL RECEIVE NOTICE OF YOUR RESPONSE FROM THE COURT.  YOU WILL THEN RECEIVE NOTICE FROM PENNDOT EXCUSING YOU FROM THIS SUSPENSION.**

This suspension is in addition to any other suspensions already on your record.

RESUMING YOUR PAYMENT SCHEDULE
**In order to resume your payment schedule, you must follow the steps below:**

1.  Contact the Court: DISTRICT COURT
                       502 STATE DRIVE
                       LEBANON PA  17042
                       (717) 279-0400
2.  Make arrangements with the Court to resume your payment schedule or pay the entire balance.
    a.  **Do not mail or bring your payment to PennDOT.**
    b.  It is your responsibility to contact the Court and resume payment BEFORE 02/02/2015.
3.  Contact the Court if this letter does not list an amount owed for this violation.

FINAL REPORT[1]

*Revisions of the <u>Comments</u> to Pa.Rs.Crim.P. 430, 455, and 456*

SUMMARY CASE RULES AND TRUANCY UNDER PUBLIC SCHOOL CODE
OF 1949

On January 17, 2013, effective May 1, 2013, upon the recommendation of the
Criminal Procedural Rules Committee, the Court approved the revisions to the
*Comments* to Pa.R.Crim.P. 430 (Issuance of Warrant), Pa.R.Crim.P. 455 (Trial in
Defendant's Absence), and Pa.R.Crim.P. 456 (Default Procedures:  Restitution, Fines,
and Costs) to clarify the treatment under the Criminal Procedural Rules of cases
involving a child, as defined in the Public School Code of 1949, 24 P.S. § 1-102 et seq.,
who has failed to pay fines and costs following a summary conviction for truancy.

## I. INTRODUCTION

As part of the recent re-design of the Magisterial District Judges System (MDJS),
a question arose concerning how to proceed under the Criminal Rules with cases in
which a defendant fails to pay fines following a summary conviction for truancy.  The
confusion centers on the differences in the statutory provisions in the Juvenile Act, 42
Pa.C.S. § 6301 *et seq.*, and the Public School Code of 1949, 24 P.S. § 1-102 et seq. for
summary offenses committed by defendants between the ages of 13 and 17.  Section
6302 of the Juvenile Act defines "delinquent act," and paragraph (iv) of the definition
specifically excludes "summary offenses unless the child fails to comply with a lawful
sentence imposed thereunder."  "Child" is defined, *inter alia*, as "an individual who is
under the age of 18 years" or is under the age of 21 years who committed an act of
delinquency before reaching the age of 18 years." 42 Pa.C.S. § 6302.  Section 13-1333
of the Public School Code of 1949, provides, *inter alia,* that a child, who has attained the
age of 13 years but is not yet 17, who fails to comply with the provisions of the Public

---

[1]  The Committee's *Final Reports* should not be confused with the official Committee
*Comments* to the rules.   Also note that the Supreme Court does not adopt the
Committee's *Comments* or the contents of the Committee's explanatory *Final Reports.*

School Code commits a summary offense and, upon conviction, will be sentenced to pay a fine.  The Code further provides that the failure to pay the fine is not a delinquent act, but the magisterial district judge may allege the child to be dependent under the Juvenile Act.

*Violation*

*Audit*

The Criminal Rules currently only provide procedures for defendants who fall within the scope of the Juvenile Act.  Pursuant to these procedures, if a defendant under the age of 18 does not pay the fines and costs, the magisterial district judge must send out a notice to the defendant that, if payment is not made or the defendant does not appear within 10 days, the case will be certified to the court of common pleas.  If the juvenile is 18 or older at the time of the default in payment, and the defendant fails to respond to the 10-day notice, a bench warrant is issued.

*It is civil not criminal*

The Committee reviewed the statutes and the rules.  The members agreed that, because the Public School Code creates what can be perceived as an exception to the Juvenile Act by carving out a special procedure for summary case defendants between the ages of 13 and 17 who have been found to be in violation of the Public School Code, the differences should be recognized in the rules.  The Committee agreed that the *Comments* to the rules dealing with summary case failures to pay should be revised to clarify the differences in the treatment of a defendant who has failed to pay fines and costs and would be subject to the Juvenile Act and a defendant who has failed to pay the fine and would be subject to the Public School Code of 1949.  Specifically, the revisions make it clear that the issuing authority would not certify the Public School Code cases to Juvenile Court because the failure to pay under the School Code is not a delinquent act, and that the issuing authority may allege the child dependent.

*violation*

## II. DISCUSSION OF RULE CHANGES

Rules 430 (Issuance of Warrant), 455 (Trial in Defendant's Absence), and 456 (Default Procedures:  Restitution, Fines, and Costs) require a 10-day notice before a bench warrant may be issued when a defendant defaults in the payment of fines and costs.  The *Comments* to all three rules include an explanation about the variation in procedure when the defendant is under the age of 18 years.  A revision has been added

-2-

Rules 430, 455, and 456 *Final Report*: 1/17/2013

to the beginning of each of these *Comment* provisions to state that "Except in cases under the Public School Code of 1949, 24 P.S. 1-102, *et seq.*, in which the defendant is at least 13 years of age but not yet 17," to make it clear that Public School Code summary cases are not treated in the same manner.

In addition, to further assist the bench and bar in understanding the procedures for Public School Code summary cases when the defendant is 13 but not yet 17 years of age, the following paragraph has be added to the *Comments* to Rules 430, 455, and 456.

> If the defendant is charged with a violation of the compulsory attendance requirements of the Public School Code of 194 9, 24 P.S. § 1-102, et seq.; has attained the age of 13 but is not yet 17; and has failed to pay the fine, the issuing authority must issue the notice required by paragraph (B)(4) to the defendant and the defendant's parents, guardian, or other custodian informing the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority may allege the defendant dependent under 42 Pa.C.S. § 6303(a)(1). Pursuant to 24 P.S. § 13-1333(b)(2), the defendant's failure to pay is not a delinquent act and the issuing authority would not certify notice of the failure to pay to the common pleas court.

Rule 403(B)(4) requires the issuing authority to issue a summons rather than an arrest warrant when the defendant under the age of 18 years fails to respond to a citation. The second paragraph of Rule 430 *Comment* elaborates on this summons procedure. The Committee concluded that this summons procedure also would apply to Public School Code summary cases, and therefore no changes were necessary in this regard. However, in recognition of the alternative course of action the Code gives to magisterial district judges of alleging the defendant dependent, this *Comment* paragraph is revised to include a citation to Section 13-333 of the Public School Code of 1949 explaining this option.

A final consideration of the Committee was that the application of the Public School Code penalties section, 24 P.S. § 13-333, is limited to defendants who have attained the age of 13 but are not yet 17, while the Juvenile Act application terminates

-3-

Rules 430, 455, and 456 *Final Report*: 1/17/2013

when a defendant reaches the age of 18 in general.  The Committee discussed how the
case would proceed when a defendant convicted of a summary offense under the
Public School Code turns 17 years of age, and, therefore, no longer is subject to the
Public School Code.  The Committee observed that, if the defendant had an outstanding
installment payment plan, the obligation to pay would remain.  If that defendant then
fails to pay on an installment payment plan, he or she would be subject to the Juvenile
Act.  If, on the other hand, the failure to pay occurs after the defendant turns 18 years of
age, the case would proceed under the rules.  The Committee concluded this process is
clear and no changes to the rules are necessary.

Rules 430, 455, and 456 *Final Report*: 1/17/2013